**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

———————————————————————— )
TONY R. SELLMON, <u>et</u> <u>al</u>.,                  )
                                          )
                  Plaintiffs,             )
                                          )
         v.                               ) Civil Action No. 06-1650(ESH)
                                          )
EDWARD F. REILLY, Jr.,                    )
Chairman of the United                    )
States Parole Commission,                 )
<u>et</u> <u>al</u>.,                                  )
                                          )
                  Defendants.             )
                                          )
———————————————————————————— )

**ANSWER**

**FIRST DEFENSE**

The complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

The allegations of the initial unnumbered paragraph are plaintiffs' characterization of this law suit and plaintiffs' legal conclusions to which no response is required.  To the extent a response is deemed required, they are denied.

In response to the numbered paragraphs of the Complaint, the defendants respond as follows:

1.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed necessary, they are denied.

2.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed necessary, they are denied.

3.    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed necessary, they are denied.

4.    The allegation in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed necessary, it is denied.

5-15.    Admitted.

16.  Denied as stated.

17.  Admitted.

18.  Denied as stated.  The Revitalization Act became effective August 5, 1998.

19.  This paragraph is a characterization of the Act.  The Court is directed to the full text of the legislation for a complete and accurate statement of its contents.

20.  Admitted.

21.  Denied.

22.  This paragraph is a legal characterization of the regulations.  The is Court directed to the full text of the regulations for a complete and accurate statement of their contents.

23.  Admitted.

24.  This paragraph contains a legal conclusion and is a characterization of the law prior to 1998 to which no response is required.  The Court is directed to the applicable law and regulations in existence before 1998 for a complete and accurate statement of their contents and import.

25.  This paragraph contains a legal conclusion and is a characterization of the law prior to 1998 to which no response is required.  The Court is directed to the applicable law and regulations in existence before 1998 for a complete and accurate statement of their contents and import.

26.  This paragraph contains a legal conclusion and is a characterization of the law prior to 1998 to which no response is required.  The Court is directed to the applicable law and regulations in existence before 1998 for a complete and accurate statement of their contents and import.

27.  Denied as stated.

28.  This paragraph contains legal conclusions and characterizations of the law.  The Court is directed to the applicable law and regulations for a complete and accurate statement of their contents and import.  The defendants further aver that they presently have insufficient knowledge of information concerning the alleged "1991 Guideline" to either admit or deny.

29-34.   These paragraphs contains legal conclusions and characterizations of the law to which no response is required.

3

To the extent a response is deemed required, the Court is directed to the full text of the cited law or regulation for a complete and accurate statement of its contents and import.

35.   This paragraph contains legal conclusions and characterizations of the law.   The Court is directed to the applicable law and regulations for a complete and accurate statement of its contents and import.   The defendants further aver that they presently have insufficient knowledge of information concerning the alleged "1991 Guideline" to admit or deny.

36.   This paragraph contains legal conclusions and characterizations of the law to which no response is required. To the extent a response is deemed required the Court is directed to the full text of the cited law or regulation for a complete and accurate statement of its contents and import.

37-38.   This paragraph contains legal conclusions and characterizations of the law.   The Court is directed to the applicable law and regulations for a complete and accurate statement of its contents and import.   The defendants further aver that they presently have insufficient knowledge of information concerning the alleged "1991 Guideline" to admit or deny.

39-40.   There paragraph contains legal conclusions and characterizations of the law to which no response is required. To the extent a response is deemed required, the Court is

directed to the full text of the cited law or regulation for a complete and accurate statement of its contents and import.

41-42.    These paragraph contain legal conclusions and characterizations of the law.  The Court is directed to the applicable law and regulation for a complete and accurate statement of its contents and import.  The defendants further aver that they presently have insufficient knowledge of information concerning the alleged "1991 Guideline" to admit or deny.

43.  This paragraph is a characterization of the statute to which no response is required.  To the extent a response is deemed necessary, the Court is directed to the full text of the Revitalization Act for a complete statement of its contents and import.

44.  Admitted.

45-47.    These paragraph contain legal conclusions and characterizations of the law to which no response is required. To the extent a response is deemed required, the Court is directed to the full text of the cited law or regulations for a complete and accurate statement of its content and import.

48.  This paragraph contains legal conclusions and characterizations of the law to which no response is required. To the extent a response is deemed required, the Court is directed to the full text of the cited law or regulations for a

complete and accurate statement of its contents and import.  The
Court is directed in particular to 28 C.F.R. § 2.80.

49.  This paragraph contains legal conclusions and
characterizations of the law to which no response is required.
To the extent a response is deemed required the Court is directed
to the full text of the cited law or regulations for a complete
and accurate statement of its contents and import.  The Court is
directed in particular to 28 C.F.R. § 2.80 et seq.

50-54.  These paragraphs contain legal conclusions and
characterizations of the law to which no response is required.
To the extent a response is deemed required, the Court is
directed to the full text of the cited law or regulation for a
complete and accurate statement of its contents and import.  The
Court is directed in particular to 28 C.F.R. § 2.80 et seq.

55.  Denied.

56.  Admitted.

57.  The defendants admit the first sentence of this
paragraph.  The defendants admit the dates of Mr. Sellmon's
parole hearings, but the defendants deny that the Commission
failed to give Mr. Sellmon credit for his institutional
programming.

58.  Admitted.

59.  Admitted.

60.  The defendants admit that Mr. Sellmon had served the

"minimum sentence" for his offenses when he became eligible for parole.  The defendants deny the second sentence of this paragraph, as it contains legal conclusions and characterizations of law to which no response is required.

61.   The defendants admit the calculations of Mr. Sellmon's salient factor score in this paragraph.  The defendants deny that the Commission's calculation of the 2000 guideline increased the "minimum term at which he was eligible for parole."  The defendants admit the last sentence of this paragraph.

62.   The defendants admit in part and deny in part this paragraph.  The defendants deny that the Commission made a decision at Mr. Sellmon's initial parole hearing and that the Commission granted Mr. Sellmon "credit" for his institutional programming.  The defendants admit that the Commission denied Mr. Sellmon parole following his initial parole hearing and ordered a rehearing after the service of an additional 36 months in custody.

63.   Admitted.

64.   Admitted.

65.   The defendants admit that the Commission conducted a new initial parole hearing for Mr. Sellmon and that following the hearing, the Commission granted Mr. Sellmon a 50-month credit for superior program achievement.  The defendants deny that the Commission granted this award by order of the U.S. District Court.  The defendants admit that the Commission denied Mr.

Sellmon parole after this new initial hearing.  The defendants deny that the Commission denied Mr. Sellmon parole for reasons stated in this paragraph.

66.  Admitted.

67.  Admitted.

68.  The defendants admit that the Commission denied Mr. Sellmon parole but deny plaintiffs' characterization that the guidelines "indicated" that Mr. Sellmon should have been granted parole.

69.  Admitted.

70.  To the extent that this paragraph relies upon a legal conclusion or characterization of any parole guidelines, no response is required.  To the extent a response is deemed necessary, it is denied.

71.  Admit the first sentence fo the paragraph.  The remainder of the paragraph is denied.

72.  The defendants deny this paragraph, as it calls for speculation and contains legal conclusions and characterizations of law to which no response is required.

73.  No response is necessary, and the Court is directed to the 1987 guidelines of the D.C. Board of Parole.

74.  The defendants have insufficient information to either admit or deny these allegations.  Therefore, they are denied.

75.  The defendants deny the allegations in this paragraph,

as they are purely speculative, require administrative factual findings, and call for the application of law to factual findings.

76.  No response is necessary, and the Court is directed to the 1987 guidelines for a complete statement of the contents.

77.  Denied.

78.  The defendants admit Mr. West-El's twenty years - to life sentence noted in the first sentence of this paragraph.  The defendants deny the date of the commission of Mr. West-El's offenses.  The defendants have insufficient information to either admit or deny the fact that Mr. West-El's D.C. convictions at issue were his "first convictions of any sort."  Therefore they are denied.

79.  The defendants deny that the Commission determined that Mr. West-El. Would be eligible for parole after serving 227 months.  The defendants admit that Mr. West-El became eligible for parole after serving 240 months of his 24-year to life prison sentence.

80.  Admitted.

81.  The defendants deny that Mr. West-El was convicted and sentence at a time when the D.C. Board of Parole applied its 1987 guidelines.  The defendants admit that the Commission instructed its hearing examiner to utilize the 2000 guidelines in assessing Mr. West-El's case.

82.  The defendants admit the first sentence of this

paragraph.  The computation of the salient factor score is determined by the Commission's salient factor scoring manual, found at 28 C.F.R. § 2.20, the Court is directed to that regulation, and therefore no response is required with respect to the components of the score.  The defendants admit they used the base point score to determine a range of months that Mr. West-El would customarily be expected to serve, but the defendants deny that the Commission used Mr. West-El's base point score to increase his minimum sentence.

83.  The defendants admit this paragraph, except that the defendants deny that prior disciplinary reports would not have been considered by the D.C. Board, and the defendants deny that Mr. West-El was not serving his current sentence in 1983.

84.  The defendants admit this paragraph, but deny plaintiffs' characterization of the "minimum sentence."

85.  The defendants admit the first sentence of this paragraph.  The defendants deny that the Commission did not credit Mr. West-El with his program achievement.  The defendants deny that Mr. West-El's program achievement would have reduced his "D.C. grid score," as these allegations are purely speculative, require administrative factual findings, and call for the application of law to factual findings.

86.  Admitted.

87.  Denied.  The defendants incorporate herein their response to paragraph 79.

88.   Admitted.

89.   The defendants deny that they adjusted Mr. West-El's minimum sentence.  The defendants admit the second sentence of this paragraph.

90.   Admitted.

91.   The defendants admit the first sentence of the paragraph.  The defendants admit the remainder fo the paragraph, except that the defendants deny that Mr. West-El had met the offense accountability requirements, and that the Commission effectively increased Mr. West-El's minimum sentence.

92.   The defendants deny the first sentence of this paragraph and admit the second sentence.

93.   The defendants admit the first sentence and deny the second sentence of this paragraph.

94.   The defendants deny the first sentence of this paragraph, noting that it contains legal conclusions and characterizations of law to which no response is required.  The defendants deny plaintiff's characterization of its guidelines. The Court is directed to a full text of the guidelines for a complete and accurate statement of the contents and import.  The defendants admit the last sentence of this paragraph.

95.   This paragraph relies upon a legal conclusions and characterizations of parole guidelines and upon unfounded administrative factual findings, and no response is required.  To

the extent that any response is necessary, these claims are
denied.

96.  This paragraph contains legal conclusions and
characterizations of the parole guidelines and upon unfounded
administrative factual findings, to which no response is
required.  To the extent that any response is necessary, these
allegations are denied.

97.  This paragraph relies upon a legal conclusions and
characterizations of parole guidelines and upon unfounded
administrative factual findings, to which no response is
required.  To the extent that any response is necessary, they are
denied.

98.  Denied.

99.  Admitted.

100. The defendants admit the first sentence of this
paragraph. The second sentence contains legal conclusions and
characterizations of the law to which no response is required.
To the extent a response is deemed necessary, they are denied.

101. Admitted.

102. The defendants admit that Mr. Haworth applied the 2000
revised guidelines of the D.C. Board of Parole at Mr. Smith's
hearing.

103. The defendants admit that the Commission calculated Mr.

Smith's guidelines utilizing the base point score and Mr. Smith's minimum term. The defendants deny that the Commission's calculation was to satisfy offense accountability as implied.

104. Admitted.

105. The defendants admit that the Commission awarded Mr. Smith superior program achievement. The defendants deny that the Commission increased Mr. Smith's "minimum sentence."

106. The defendants admit that the hearing examiner recommended no departure from the guidelines. The defendants deny that this recommended non-departure was as a result of the number of months Mr. Smith had served. The defendants admit that the Commission denied Mr. Smith parole after exercising its discretion. The defendants deny that the Commission's decision was "based on the fact" that a decision outside the Total Guideline Range was not warranted.

107. This paragraph contains legal conclusions and characterizations of law to which no response is required. To the extent a response is deemed necessary, they are denied.

108. The defendants deny the factual assertions in this paragraph and incorporate herein the response to paragraph 107, supra.

109. The defendants direct the Court to the Parole Board Guidelines and note that the first sentence contains legal conclusions and characterizations of law to which no response is required. To the extent a response is deemed necessary, they are

denied.  The defendants admit that the Commission considered Mr. Smith's disciplinary infractions.  The defendants deny plaintiff's characterization of the Commission's application of the 2000 guidelines.

110. Denied.

111. Admitted.

112. The defendants have insufficient information to either admit or deny this paragraph.  Therefore, it is denied.

113. Admitted.

114. Admitted.

115. This paragraph contains legal conclusions and characterizations of law to which no response is required.  To the extent a response is deemed necessary, it is denied.

116. Admitted.

117. Admitted.

118. The defendants admit that the Commission applied the 2000 guidelines, which were a revision of the Board's guidelines. The Commission denies that it did not apply the D.C. parole statute.  Any allegation or inference to the contrary is denied.

119. Denied.

120. The defendants admit the first sentence of this paragraph.  The defendants admit that the Commission did not credit Mr. Martin for superior program achievement.  The defendants deny the last sentence of this paragraph, noting that

14

this sentence contains legal conclusions and characterizations of law to which mo response is required.

121. Admitted.

122. The defendants admit that Mr. Carlton incurred a disciplinary infraction that was included in his guidelines, but deny the characterization of the infraction.  The defendants deny that the Commission increased Mr. Martin's base "sentence" as a result of this infraction.

123. The defendants admit the first sentence of this paragraph.  The defendants deny the second sentence.  The last sentence of this paragraph contains legal conclusions and characterizations of law to which no response is required.  To the extent a response is deemed necessary, it is denied.

124. The defendants deny this paragraph, noting that it contains legal conclusions and characterizations of law to which no response is required.

125. The defendants admit the first two sentences of this paragraph.  The defendants deny the remainder of the paragraph, noting that it contains legal conclusions and characterizations of law to which no response is required.

126. The amended complaint contains no paragraph 126.

127. The defendants admit the first two sentences of this paragraph.  The defendants deny the remainder of the paragraph, noting that it contains legal conclusions and characterizations of law to which no response is required.

128. The defendants deny the first sentence of this paragraph and admit the parenthetical second sentence.

129. The defendants deny this paragraph, noting that the assertions are speculative and based upon no administrative findings of fact, and contain legal conclusions and characterizations of law to which no response is required.

130. Denied.

131. Admitted.

132. Admitted in part. Mr. Eason has had three parole hearings during his incarceration: February 20, 1998, March 30, 1999, and March 2, 2004. Mr. Eason's parole eligibility date is September 8, 1998 not September 9, 1998 as alleged.

133. The defendants admit that the D.C. Board of Parole denied Mr. Eason parole, but deny that the Board did so "based on the fact" of his guidelines computations. The defendants admit the last two sentences of this paragraph.

134. Admitted.

135. Admitted.

136. The defendants admit the factual assertions in this paragraph but deny the characterization of the D.C. Board's guidelines. The defendants admit that the Commission denied Mr. Eason parole following his March 1999 hearing.

137. The defendants admit that the Commission departed from the 1987 guidelines of the D.C. Board of Parole based upon the factors listed in the April 23, 1999 order, and admit that the

Commission ordered a rehearing on March 2004.  The defendants deny the characterization of the D.C. guidelines, noting that such characterization contains legal conclusions.

138. The defendants admit that the Commission denied Mr. Eason parole following Mr. Eason's April 2004 hearing.  The defendants admit that the Commission applied the guidelines of the D.C. Board of Parole and departed from the guidelines.  The defendants admit the factual assertions in this paragraph but deny the conclusion that parole "should have been granted."  The defendants admit the last two sentences of this paragraph.

139. The defendants deny this paragraph, noting that it contains legal conclusions and characterizations of law to which no response is required.

140. The defendants admit the time that Mr. Eason has served.  The other assertions in this paragraph are denied, as they contain legal conclusions and characterizations of law to which no response is required.

141. The defendants admit that the Commission has stated that Mr. Eason is a more serious risk than indicated by his Total Point Score under the 1987 guidelines of the D.C. Board of Parole.  The other assertions in the paragraph are denied, as they contain legal conclusions and characterizations of law to which no response is required.

142. The defendants deny this paragraph, noting that it

contains legal conclusions and characterizations of law to which no response is required.

143. The defendants deny this paragraph, noting that it contains legal conclusions and characterizations of law to which no response is required.  The Court is directed to the text of the 1987 guidelines of the D.C. Board of Parole for a complete and accurate statement of its contents and import.

144. Denied.

145. Admitted.

146. Denied.  According to Commission records, Mr. Gambrell became eligible for parole on his life sentence on November 26, 1999.

147. Admitted in part and denied in part.  The defendants admit that Mr. Gambrell received his initial hearing before the D.C. board of Parole in June 1998.  Mr. Gambrell had three other parole hearings, all before the U.S. Parole Commission, on the following dates: December 14, 1999, July 1, 2003, and July 25, 2006.

148. The defendants admit that Mr. Gambrell's "D.C. grid score" was 0 at each of the Commission's considerations of Mr. Gambrell's for parole.  The defendants deny that Mr. Gambrell has had "continuous superior program achievement" during his incarceration.

149. Denied.

150. Denied.  The defendants have consistently applied the

D.C. parole statute in Mr. Gambrell's case and have elected to exercise their discretion to depart from the 1987 guidelines of the D.C. Board of Parole based on the risk Mr. Mr. Gambrell poses to society.

151. Admit the first sentence of this paragraph.  Deny the second sentence of the paragraph.  Admit the last sentence of the paragraph.

152. Denied.

153. The defendants deny this paragraph, as it contains legal conclusions and characterizations of law to which no response is required.

154. The Court is directed to the full text of the guidelines of the D.C. Board of Parole for a complete and accurate statement of its contents and import.

155. The defendants admit Mr. Gambrell's prior convictions. The defendants deny the last two sentences of this paragraph, noting that they contain legal conclusions and characterizations of law.

156. The defendants deny this paragraph and note that it contains legal conclusions and characterizations of law to which no response is required.

157. The defendants incorporate by reference herein their answers to Paragraphs 1-156.

158. Denied.

159. This paragraph contains a conclusion of law to which no response is required.  To the extent a response is deemed necessary, the defendants deny that their actions have violated the Ex Post Facto Clause.

160-163.  Denied.

164. The defendants incorporate by reference herein their answers to Paragraphs 1-156.

165-168.  Denied.

The remainder of the Amended Complaint is the plaintiffs' request for relief.  The defendants deny that the plaintiffs are entitled to the relief requested or to any relief whatsoever.

WHEREFORE, it is respectfully requested that the complaint be dismissed with prejudice and that the Court grant such further relief as it deems appropriate.

Respectfully submitted,

__/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


__/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


__/s/_____
DIANE M. SULLIVAN, D. C. BAR # 12765
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530
(202) 514-7205

Of Counsel:
DOUGLAS W. THEISSEN
U.S. Parole Commission