IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
TONY R. SELLMON, et al.,       )
                               )
            Plaintiffs,        )
                               )
    v.                         )  Civil Action No. 06-1650(ESH)
                               )
EDWARD F. REILLY, Jr.,         )
Chairman of the United         )
States Parole Commission,      )
et al.,                        )
                               )
            Defendants.        )
                               )
_____)
```

**DEFENDANTS' OPPOSITION TO THE MOTIONS TO INTERVENE**

**Introduction**

Troy A.X. Martin, a pro se prisoner incarcerated at the United States Penitentiary in Jonesville, Virginia and Daru Swinton, a pro se prisoner incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania have separately moved to intervene in this case. Both contend that the U.S. Parole Commission (Commission) violated their right to appeal their parole decisions, thereby denying their constitutional rights. Both Mr. Martin and Mr. Swinton seek compensatory and punitive damages and injunctive relief "as a class member" (R. 6, 9). They assert that they share the same issues and transactions as in the plaintiffs in the present case.[1]

---

[1] Both Mr. Martin and Mr. Swinton erroneously refer to this as a class action.

The motions to intervene should be denied because the movants do not qualify for intervention as of right under Rule 24(a) of the Federal Rules of Civil Procedure and because permissive intervention under Rule 24(b) is not warranted.

### Argument

I.   **Standard for Intervention of Right and Permissive Intervention**

An individual shall be permitted to intervene in an action: "(1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest..."  Fed. R. Civ. P. 24(a).  Such intervention of right must be clearly delineated in the law or the facts.

A party may be permitted to intervene under Rule 24(b) if a conditional right is granted to intervene or "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b).  Permissive intervention in this Circuit may lie only where there is "(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." Friends of Animals v. Kempthorne, 452 F.Supp. 2d 64, 68 (D.D.C. 2006).  However, "[a]s its name

would suggest, permissive intervention is an inherently discretionary enterprise" Equal Employment Opportunity Comm. v. Nat'l Children's Center, 146 F.3d 1042, 1046 (D.C. Cir. 1998), citing Hodgson v. United Mine Workers of America, 473 F.2d 118, 125 n. 36 (D.C. Cir. 1972).

Thus, to the extent that the movants do not have a clear entitlement to intervention under Rule 24(a), this Court exercises its discretion in determining whether or not to let movant intervene in this case.[2]

## II. There Is No Statutory Basis for Intervention of Right In this Case.

In their motions to intervene, movants merely assert that they "share the same issues relating to the transactions and occurrences in the present class action complaint in that, defendant United States Parole Commission (USPC) violated statutory enactments of the D.C. Code ... and denying movant the right to appeal its parole decisions" in violation of Ex Post Facto and the Fourteenth Amendment of the Unites States Constitution (R. 6, 9; Motions at page 1). Even assuming that they are both D.C. Code offenders who committed their crime(s) before the Parole Commission assumed the responsibility of making parole decisions for D.C. Code offenders, movants do not and

---

[2] Mr. Martin seeks intervention under Rule 24(b). Mr. Swinton, on the other hand, relies on Rule 5(e) which is not applicable here (R. 6, 9). We will assume both movants are seeking to intervene under Rule 24(a) and (b).

cannot establish that they are entitled, as a matter of right, to intervene in this case.

There is simply no statute or regulation entitling the movants to intervene as a matter of right, and they fail to identify a specific interest relating to a specific property or transaction raised in the instant complaint.  Additionally, as the named plaintiffs note in their amended complaint, one component of plaintiffs' claim is the specific factual circumstances of their particular cases.  Indeed, the named plaintiffs' have specifically alleged in their amended complaint how they believe their specific factual scenarios are affected by the actions of the defendants and attempt to illustrate their alleged entitlement to relief.  Movants fail to identify any particulars which would qualify them for specific relief under plaintiffs' theory of the case.  Nor do they allege that they are so situated that the disposition of this action would as a practical matter impede their ability to protect their interests.

Thus, the movants have completely failed to identify a basis for intervention as a matter of right.

### III. **Permissive Intervention Is Not Warranted.**

Movants appears to argue that, since they are in the same broad "class" of D.C. Code offenders as the named plaintiffs, they should be entitled to intervene.  Under movants' extraordinarily broad view of intervention, virtually any D.C.

prisoner who felt aggrieved with a decision from the U.S. Parole Commission would be permitted to intervene in this case. The logical extension of such a view would lead to automatic permissive intervention by D.C. Code offenders in any case filed against the U.S. Parole Commission. This broad view of intervention does not serve the public interest or judicial economy. Each offender has a unique combination of circumstances that pertain to him (or her) and the Commission's application of the laws and regulations to those particular circumstances may justifiably produce different results. To permit intervention under the circumstances presented here would make this litigation unwieldy and burdensome, and create undue delay which may prejudice the named plaintiffs.

Moreover, the motions to intervene seek to expand the scope of the relief sought by the named plaintiffs. Movants seek "compensatory and punitive damages in the amount demanded in the original complaint ..." (Motions at page 2). A review of the amended complaint (as well as the original complaint), however, reveals that the currently named plaintiffs seek injunctive and declaratory relief, in addition to attorney fees, not "compensatory" or "punitive" damages.

Finally, it well established that the traditional means for challenging a parole decision made by the U.S. Parole Commission is a petition for writ of habeas corpus, brought in the judicial

district in which the prisoner is located.  See Guerra v. Meese, 786 F.2d 414 (D.C. Cir. 1986). Chatman-Bey v. Thornburgh, 864 F.2d 804 (D.C. Cir. 1988)(en banc).  In this case, Mr. Martin is incarcerated in the U.S. Penitentiary in Lee County, Virginia, which is located in the Western District of Virginia.  Mr. Swinton is incarcerated in the U.S. Penitentiary in Lewisburg, Pennsylvania.  They are free to challenge the Commission's application of the D.C. parole statute, the regulations of the D.C. Board of Parole, or the Commission 2000 parole guidelines in a petition for writ of habeas corpus in their judicial district, and in any such action, they would not be prejudiced by the factual findings or legal determinations made in this case.  A finding that the Parole Commission properly applied the laws and regulations as to the circumstances of the named plaintiffs would not preclude the movants from filing a habeas petition in their district challenging the Commission's actions as to them.  Similarly, should the Court find that the Commission improperly applied the laws and regulations, the movants may file a habeas petition in their district challenging the Commission's actions as to them.

The movants have failed to demonstrate a basis for the Court to permit intervention.

## Conclusion

The motions to intervene should be denied.

Respectfully submitted,

__/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


__/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


__/s/_____
DIANE M. SULLIVAN, D. C. BAR # 12765
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530
(202) 514-7205


Of Counsel:
DOUGLAS W. THEISSEN
U.S. Parole Commission