UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TONY R. SELLMON, et al.**, | : <br> : <br> : |
| Plaintiffs, | : <br> : Civil Action No. 06-1650 (ESH) |
| v. | : <br> : |
| **EDWARD F. REILLY, JR.,** Chairman of the United States Parole Commission, **et al.**, | : <br> : <br> : |
| Defendants. | : <br> : |

**PLAINTIFFS' OBJECTION TO DEFENDANTS' NOTICE OF RELATED CASE**

Plaintiffs submit this objection and response to Defendants' Notice of Related Case ("Notice"), which asserts that this case is related to the case *Fletcher v. District of Columbia*, Civil Action No. 01-0601 ("*Fletcher*"). Not only did Defendants fail to identify a single basis under Local Civil Rule 40.5 for designating this case as related with *Fletcher*, but they also could not have done so, because none of the factors for relating cases under Rule 40.5 apply. It is, therefore, improper and contrary to the interests of judicial economy to treat this case as related to *Fletcher*.

Local Civil Rule 40.3 sets forth the Court's standard procedure for case assignments. That rule requires the random assignment of cases "'to ensure greater public confidence in the integrity of the judicial process.'" *Dale v. Exec. Office of the Pres.*, 121 F. Supp. 2d 35, 37 (D.D.C. 2000) (quoting *Tripp v. Exec. Office of the Pres.*, 196 F.R.D. 201, 202 (D.D.C. 2000)). "'The rule guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping.'" *Id.*

Defendants now ask this Court to exclude this case from the random assignment requirements of Rule 40.3 by treating it as related to *Fletcher* under Rule 40.5. Rule 40.5 generally allows assignment of a newly filed case to the same judge handling an earlier-filed case if both cases (1) relate to common property, (2) involve common issues of fact, (3) grow out of the same event or transaction, or (4) involve a patent infringement. *See id.*; Rule 40.5(a)(3).

Defendants, as the parties seeking to avoid the requirements of Rule 40.5, bear "the burden of showing that the cases are related under a provision of Rule 40.5(a)(3)." *Id.* Defendants' Notice, however, simply declares that this case and *Fletcher* are related, but identifies no basis for treating them as such. For that reason alone, the court should disregard the Defendants' Notice.

Furthermore, Defendants could not have even identified a basis under Rule 40.5(a)(3), because none exists. This case and *Fletcher* do not relate to common property, involve common issues of fact, grow out of the same event or transaction, or involve a patent infringement. As the United States Court of Appeals for the District of Columbia Circuit noted, *Fletcher* addresses the decisions of the United States Parole Commission (the "Commission") under its *reparole* guidelines and whether the Commission's application of those guidelines as opposed to the former guidelines, procedures, and practices of the District of Columbia Board of Parole (the "Parole Board") violates the Ex Post Facto Clause. *See Fletcher v. Reilly*, 433 F.3d 867, 878 (D.C. Cir. 2006). The reparole guidelines, the D.C. Circuit held, "are materially different" from the *parole* guidelines that Defendants applied in the initial *parole* decisions for Plaintiffs in this case. *Fletcher v. Reilly*, 433 F.3d 867, 878 (D.C. Cir. 2006).

The revocation and reparole procedures, decision-making regulations, and guidelines of the Parole Board and the Commission at issue in *Fletcher* are quite distinct from

2

those that the Parole Board and the Commission apply at initial parole determinations. For example, the Parole Board used a point assignment grid in calculating an inmate's suitability for *initial parole*, but used no such grid for *reparole* determinations. Furthermore, *Fletcher* does not involve the key issues in this case, which include: (1) whether Plaintiffs' service of their minimum sentence (i.e., the period of incarceration Plaintiffs had to serve before becoming eligible for parole) presumptively satisfies Plaintiffs' offense accountability; (2) whether Defendants, in accordance with the Commission's initial parole regulations, are permitted to use disciplinary reports, which the Parole Board could not have used under its initial parole guidelines, in their initial parole determinations; and (3) whether Defendants, in accordance with the Commission's initial parole regulations, are permitted to ignore program achievement that the Parole Board's guidelines obligated it to consider in initial parole determinations.

Because the reparole guidelines at issue in *Fletcher* are materially different from the guidelines applied in initial parole determinations like those at issue in this case, the discovery to date in *Fletcher*, which ends March 5, 2007, has not focused on the factors or analyses required for initial parole determinations; rather, the focus of discovery has been entirely on the decision to reparole an inmate after that inmate has had his or her parole revoked. None of the Plaintiffs in this case, however, are serving a sentence as a result of having their parole revoked.

The Court should find that this case is not related to *Fletcher* under the rules of this Court. As a result, this case should remain with the current member of the Court that was selected by the random assignment system of the Clerk of Court.

Dated: January 31, 2007				Respectfully submitted,

/s/ Jason D. Wallach
Jason D. Wallach, D.C. Bar No. 456154
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006-5403
(202) 420-2200
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiffs' Objection to Defendants' Notice of Related Case was sent on this 31st day of January, 2007 by electronic mail to Diane Sullivan, Counsel for Defendants Edward F. Reilly, Jr., Cranston J. Mitchell, Deborah A. Spagnoli, Patricia K. Cushwa, and Isaac Fulwood, Jr., and for the United States Parole Commission.

/s/Jason D. Wallach