**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **TONY R. SELLMON, <u>et al.</u>,**          :<br>                                                          :<br>            **Plaintiffs,**                       :<br>                                                          : **Civil Action No. 06-1650 (ESH)**<br>      **v.**                                           :<br>                                                          :<br>**EDWARD F. REILLY, JR., Chairman of the** :<br>**United States Parole Commission, <u>et al.</u>,**  :<br>                                                          :<br>            **Defendants.**                     :<br>                                                          : | |

<u>**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION
TO THE MOTIONS TO INTERVENE**</u>

Plaintiffs submit this reply in response to Defendants' Opposition to the Motions to Intervene. Currently, Plaintiffs lack sufficient information to determine whether Plaintiffs' claims and the claims of the parties wishing to intervene involve common questions of law or fact. Plaintiffs therefore urge the Court to inquire of those *pro se* parties as to the nature of their claims before acting on their motions to intervene.[1] If the Court determines that those claims do involve common questions of law or fact as the issues raised in this case, Plaintiffs do not believe this litigation will be made unwieldy or burdensome, as Defendants suggest, by permitting Daru Swinton and Troy Martin to intervene.

Nor do Plaintiffs believe that allowing parties satisfying the requirements of Federal Rule of Civil Procedure 24(b) to intervene at this point in the litigation will cause undue delay or prejudice Plaintiffs in any way. The legal issues raised by Plaintiffs potentially apply to all inmates convicted of violating the District of Columbia Code and sentenced prior to August 5,

---

[1]   Plaintiff's counsel is somewhat familiar with the claim of Daru Swinton, which Plaintiff's counsel believes raises the same issues of law and fact as those at issue in this case.

1998, when the District of Columbia Board of Parole ("Parole Board") conducted parole hearings for D.C. Code offenders in District of Columbia institutions and the United States Parole Commission, using the Parole Board's guidelines as required by a court order, conducted parole hearings for D.C. Code offenders in federal institutions. These issues focus primarily on the regulations, guidelines, policies, practices, and procedures of the Parole Board and the Commission. As a result, the basic scope of discovery is unlikely to change significantly by allowing other inmates in Plaintiffs' circumstances, i.e., D.C. Code offenders sentenced before August 5, 1998 for whom the Commission is using its own guidelines or misapplying or ignoring the Parole Board's guidelines, to intervene at this time.

| | |
|---|---|
| Dated: February 2, 2007 | Respectfully submitted,<br>/s/ Jason D. Wallach<br>Jason D. Wallach, D.C. Bar No. 456154<br>DICKSTEIN SHAPIRO LLP<br>1825 Eye Street NW<br>Washington, DC 20006-5403<br>(202) 420-2200<br>Attorneys for Plaintiffs |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiffs' Reply to Defendants' Opposition to the Motions to Intervene was sent on this 2nd day of February, 2007 by electronic mail to Diane Sullivan, Counsel for Defendants Edward F. Reilly, Jr., Cranston J. Mitchell, Deborah A. Spagnoli, Patricia K. Cushwa, and Isaac Fulwood, Jr., and for the United States Parole Commission, and by first class mail to Daru Swinton and Troy Martin.

/s/Jason D. Wallach