UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TONY R. SELLMON, et al.,** | : |
| Plaintiffs, | : |
| | : Civil Action No. 06-1650 (ESH) |
| v. | : |
| **EDWARD F. REILLY, JR.,** Chairman of the United States Parole Commission, **et al.**, | : |
| Defendants. | : |

**NOTICE OF RELATED CASE**

    Pursuant to Local Civil Rule 40.5(b)(3), Plaintiffs submit this Notice of Related Case. On February 8, 2007, Plaintiffs became aware of the attached complaint (Exhibit 1) in the case *Ali v. U.S. Parole Comm'n*, No. 1:06-cv-00235-RCL ("*Ali*"), currently pending before Judge Royce C. Lamberth. For the reasons set forth below, Plaintiffs believe that their case is related to the *Ali* case under Local Civil Rule 40.5.

    The attached *pro se* complaint appears to raise the same Ex Post Facto Clause claims as Plaintiffs herein assert based on the Defendants' use of their own parole guidelines as opposed to those of the District of Columbia Board of Parole ("Parole Board"). The legal issues in both cases include whether Defendants significantly increase the risk that an offender will serve a longer period of incarceration by using their parole guidelines to (1) add a period of months to an offender's minimum sentence (i.e., the period of incarceration the offender had to serve before becoming eligible for parole) to establish a new presumptive period of incarceration an offender must serve prior to being deemed suitable for parole where, under the Parole Board's guidelines and practices, no such additional period was added; and (2) refuse to give an offender credit for his program achievement where the Parole Board would have granted such credit under

2212896.01

its guidelines and practices.  These common legal issues turn, in part, on the Court's resolution of the following two factual issues:

1.  whether, in practice, the Parole Board considered an offender's minimum sentence, i.e., the period of incarceration the offender must serve before becoming eligible for parole, as satisfying offense accountability and, absent certain pre- and post-incarceration conduct and/or unusual circumstances, parole suitability; and

2.  whether, in practice, the Parole Board gave an offender credit for institutional programming even though the programming did not rise to the level of "superior programming".

Dated:  February 9, 2007

Respectfully submitted,
/s/ Jason D. Wallach
Jason D. Wallach, D.C. Bar No. 456154
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006-5403
(202) 420-2200
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Notice of Related Case was sent on this 9th day of February, 2007 to

1.  Diane Sullivan, Counsel for Defendants Edward F. Reilly, Jr., Cranston J. Mitchell, Deborah A. Spagnoli, Patricia K. Cushwa, and Isaac Fulwood, Jr., and for the United States Parole Commission in this case by electronic mail;

2.  Quan K. Luong, Counsel for Defendants in *Ali v. U.S. Parole Comm'n* by first class mail;

3.  the plaintiff in *Ali v. U.S. Parole Comm'n* by first class mail; and

4.  the Honorable Royce C. Lamberth by first class mail.

/s/ Jason D. Wallach

2212896.01