UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   :
TONY R. SELLMON, et al.,           :
                                   :
                Plaintiffs,        :
                                   :  Civil Action No. 06-1650 (ESH)
         v.                        :
                                   :
EDWARD F. REILLY, JR., Chairman of :
the United States Parole           :
Commission, et al.,                :
                                   :
                Defendants.        :
_____:

### INTERVENOR DARU SWINTON'S REPLY TO DEFENDANTS' OPPOSITION TO THE MOTION TO INTERVENE AND MOTION FOR LEAVE TO SUPPLEMENT HIS MOTION TO INTERVENE

Intervenor Daru Swinton submits this brief in reply to Defendants' opposition to his motion to intervene in this case and hereby moves the Court for leave to supplement his pro se motion to intervene with the attached complaint in intervention. As demonstrated below and in the attached complaint in intervention, Mr. Swinton's claims against the Defendants with respect to their actions when considering his requests for parole raise the same questions of law and fact as those at issue in this case, and he should be granted leave to intervene.

Contrary to Defendants' suggestion in their opposition, Mr. Swinton's claim does not only challenge the Defendants' failure to allow him to appeal their parole decisions; rather, Mr. Swinton's claim contends that Defendants

RECEIVED

FEB - 8 2007

NANCY MAYER WHITTINGTON, CLERK
   U.S. DISTRICT COURT

violated the Ex Post Facto Clause of the United States Constitution by ignoring the District of Columbia parole statutes, regulations, policies, practices, and procedures that the National Capital Revitalization and Self-Government Improvement Act of 1997 obligated them to apply in Mr. Swinton's parole hearings. Furthermore, the attached complaint in intervention identifies the specific facts and questions of law related to Mr. Swinton's claim that are common with the claims of Plaintiffs in this case.

In support of their opposition, Defendants note that Mr. Swinton fails to identify any basis for intervention as of right. Mr. Swinton is not seeking intervention as of right. As his motion clearly states, he seeks to intervene "pursuant to Federal Rules of Civil Procedure Rule 24(b) because his claim shares common questions of fact and law with the claims of Plaintiffs in this case.

Defendants also argue that allowing Mr. Swinton to intervene will make this litigation "unwieldy and burdensome, and create undue delay which may prejudice the named plaintiffs." There is no support for Defendants' argument.

As the complaint in intervention demonstrates, the issues raised by Plaintiffs are identical to those raised by Mr. Swinton's claim. Furthermore Mr. Swinton's request in his motion to intervene for compensatory and punitive damages in the

amount demanded in the original complaint did not expand the issues in this case. To the extent that the original complaint does not seek compensatory or punitive damages, Mr. Swinton is not seeking such damages in this case for his claim against Defendants.

Finally, Defendants argue that the Court should deny the motion to intervene because Mr. Swinton can file a petition for writ of habeas corpus challenging Defendants' decisions concerning his requests for parole. Mr. Swinton's right to file a habeas petition is not relevant to whether he should be permitted to intervene. See Mass. v. Microsoft Corp., 373 F.3d 1199, 1235 (D.C. Cir. 2004) (rejecting the U.S. government's argument that permissive intervention was inappropriate where the parties seeking to intervene could "protect their rights apart from this proceeding" and stating that "[n]o such policy suggests the would-be-intervenors in this case should be limited to another forum for airing their grievances").

Both the Supreme Court of the United States and the United States Court of Appeals for the District of Columbia Circuit have recognized that an inmate can bring a claim under 42 U.S.C. § 1983 challenging the constitutionality of parole procedures and seeking declaratory and injunctive relief regarding such procedures. See Wilkinson v. Dotson, 544 U.S. 74 (2005); Fletcher v. District of Columbia, 370 F.3d 1223 (D.C.

Cir.), <u>reversed on other grounds</u> 391 F.3d 250 (D.C. Cir. 2004). Thus, Mr. Swinton could have used more of the limited resources of the clerk's office and this Court by filing his own lawsuit in this Court asserting his claims under 42 U.S.C. § 1983. Instead, he chose to seek permission to intervene in an existing case in which the Court is already addressing the same questions of fact and law that are at issue in his case.

    Mr. Swinton also respectfully requests that the Court allow him to supplement his motion to intervene with the complaint in intervention accompany this brief. After reading Rule 24, Mr. Swinton realized that he was to file a pleading setting out the claim for which he is seeking to intervene with the motion. Mr. Swinton requests that the Court excuse this minor procedural defect and permit him to supplement his motion with the accompanying complaint in intervention. <u>See</u> <u>McCarthy v. Kleindienst</u>, 741 F.2d 1406, 1416 (D.C. Cir. 1984) ("procedural defects in connection with intervention motions should generally be excused by a court").

     Because the complaint in intervention submitted with this reply brief demonstrates that Mr. Swinton's claim involves questions of law and fact that are raised by Plaintiffs' case, the Court should permit Mr. Swinton to intervene.

Respectfully Submitted,

_____
Daru Swinton, <u>Pro se</u>
#48752-053
USP LEWISBURG
P.O. BOX 1000
LEWISBURG, PA  17837

CERTIFICATE OF SERVICE

     I, Daru Swinton, do certify on this 8 day of February 2007, I caused to be served copies of this brief by first class mail, postage prepaid, on the parties to this case at the following addresses:

Jason D. Wallach
Dickstein Shapiro LLP
1825 Eye Street, NW
Washington, DC 20006
Attorney for Plaintiffs

Diane M. Sullivan
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, NW
Room E4919
Washington, DC  20530
Attorney for Defendants

_____
Daru Swinton