UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TONY R. SELLMON, et al.,  :
:
        Plaintiffs,  : Case 1:06-cv-01650-ESH
    v.  :
:
EDWARD F. REILLY, JR., et al.,  :
:
        Defendants.  :
:

## DARU SWINTON'S COMPLAINT IN INTERVENTION

    Daru Swinton brings this complaint in intervention against Defendants Edward F. Reilly, Jr., Patricia K. Cushwa, Isaac Fulwood, Jr., Cranston J. Mitchell, and Deborah A. Spagnoli. Defendants are the Chairman and/or Commissioners of the United States Parole Commission and were and are responsible for reviewing and acting upon Mr. Swinton's requests for parole.

    Mr. Swinton, like Plaintiffs in this case, is an inmate convicted of violating the District of Columbia Code. He is currently confined in the United States Penitentiary in Lewisburg, Pennsylvania. Also like Plaintiffs in this case, Mr. Swinton has been and continues to be subjected to various injurious acts by the Defendants, who have improperly denied his requests for parole. The Defendants' acts violate the Ex Post Facto Clause and the Fifth and Fourteenth Amendments of the United States Constitution. Mr. Swinton, therefore, seeks

declaratory and injunctive relief under 42 U.S.C. § 1983 addressing the Defendants injurious acts.

Set forth below are the facts regarding Mr. Swinton's claim and the legal questions posed with respect to the Defendants' actions. As these facts demonstrate, there can be no question that Mr. Swinton's claim shares common questions of fact and law with the issues in this case.

## **FACTS**

1. The Superior Court of the District of Columbia sentenced Mr. Swinton on May 8, 1998 to serve between six years, eight months and life, based on convictions for armed robbery and attempted kidnapping that arose out an incident on September 19, 1996.

2. Mr. Swinton became eligible for parole in July 2004, after serving 80 months in prison. In December 2003, the Parole Commission gave Mr. Swinton his initial parole hearing.

3. Despite the fact that Mr. Swinton was convicted and sentenced at a time when the Parole Board applied its 1987 Guidelines and other policies and practices to parole determinations, Defendants applied their own parole guidelines in evaluating Mr. Swinton's request for parole.

4. Under the Defendants' guidelines, Mr. Swinton's Salient Factor Score at his initial parole hearing was 5 and his Base

Point Score was 5. His SFS was based on his one prior conviction for possession of a firearm when he was arrested for the instant offense, his lack of prior commitments, his recent commitment-free period (three years); and, his lack of a probation or escapee status. His Base Point Score was based upon the violence of the offense. Under the Defendants' Guidelines, Defendants used Mr. Swinton's Base Point Score to increase the range of months that Mr. Swinton was expected to serve to become eligible for parole from the minimum term (80 months) under the Parole Board's statutes, regulations, guidelines, policies, and practices to the minimum term plus an additional 18-24 months.

5. At the initial hearing, Defendants further increased Mr. Swinton's Total Guideline Range by 12-16 months by adding months under the "Disciplinary Guideline Range." Defendants based this increase in the period Mr. Swinton presumptively had to serve before being considered suitable for parole on a disciplinary report Mr. Swinton had received in January 2003 for allegedly possessing a weapon.

6. Defendants then reduced Mr. Swinton's Total Guideline Range by only eight months for his Superior Program Achievement. This amounted to almost 1/10th of the period Mr. Swinton had served, and Defendants failed to give Mr. Swinton credit for his

program achievement during the vast majority of time he served prior to his initial hearing.

7. At Mr. Swinton's 2004 initial parole hearing, Defendants denied parole, finding that a decision to grant parole outside of the guidelines was unwarranted. Defendants then gave Mr. Swinton a three year set-off.

8. In October 2006, Defendants conducted Mr. Swinton's parole rehearing. By this time, Mr. Swinton had served more than two years longer than his minimum sentence under the D.C. Board of Parole's statutes, regulations, guidelines, policies, and practices.

9. At the October 2006 parole rehearing, Defendants again evaluated Mr. Swinton's parole request using their guidelines as opposed to the D.C. Parole Board's guidelines.

10. At the October 2006 parole rehearing, Defendants took the Base Point Score Guideline Range and Disciplinary Guideline Range from Mr. Swinton's initial parole hearing and adjusted the range for disciplinary infractions since the initial hearing, of which there was one for a minor incident, and program achievement since the initial hearing.

11. For program achievement, Defendants awarded Mr. Swinton 4 months of credit for "Superior Program Achievement," which reflected Mr. Swinton's programming since his initial hearing.

12. At his parole rehearing, Defendants calculated Mr. Swinton's Total Guideline Range to be 98-110 months. Although Mr. Swinton had met his minimum sentence requirements (and thus his offense accountability requirements) under the D.C. Parole Board's guidelines as of July, 2004, Defendants denied Mr. Swinton's request for parole. Defendants based their denial on the fact that Mr. Swinton's crime involved three victims and Mr. Swinton allegedly had a propensity to possess weapons. Defendants did not cite a single one of these reasons at Mr. Swinton's initial parole hearing.

13. Under the D.C. Parole Board's statutes, regulations, guidelines, policies, and practices, Mr. Swinton had served the "minimum sentence" for his offenses when he became eligible for parole after serving 80 months. The "minimum sentence" represented the period that Mr. Swinton needed to serve to satisfy his accountability for the offense itself.

14. Under the guidelines Defendants applied at Mr. Swinton's parole hearings, Defendants take the offender's minimum sentence – the period before the offender is eligible for parole – and add a "Base Point Score Guideline Range," which under the D.C. Parole Board's statutes, regulations, guidelines, policies, and practices, already has been accounted for in the minimum sentence. Mr. Swinton already has served over two years in excess of his minimum sentence.

5

15. The D.C Parole Board's guidelines also do not provide for increasing an offender's minimum sentence by considering formulaic disciplinary guideline ranges. Thus, where Defendants increased Mr. Swinton's Total Guideline Range by 12-18 months under their guidelines based on disciplinary infractions, the D.C. Parole Board's guidelines would not have considered some of these disciplinary infractions and would not have assigned a period of presumptive additional incarceration needed to address them. Instead, only certain disciplinary infractions are considered for purposes of evaluating an inmate's parole eligibility, and then only for purposes of adding a single point, not a range of months, to the inmate's point score.

## CLAIMS

16. By applying their own guidelines in considering Mr. Swinton's requests for parole, Defendants significantly increased the risk that Mr. Swinton will serve a longer period of incarceration than he would have had Defendants applied the parole statutes, regulations, guidelines, policies, and practices of the D.C. Parole Board. Defendants' actions, therefore, constitute a violation of the Ex Post Facto clause of the United States Constitution.

17. Defendants have significantly increased the risk that Mr. Swinton will serve a longer period of incarceration than he

would have had Defendants' applied the D.C. Parole Board's statutes, regulations, guidelines, policies, and practices by:

    a. increasing the period the D.C. Parole Board considered as satisfying Mr. Swinton's offense accountability; and

    b. increasing Mr. Swinton's guideline ranges by considering disciplinary infractions that the Parole Board would have ignored.

18. By ignoring the Parole Board's statutes, regulations, guidelines, policies, and practices, which consider the Mr. Swinton's minimum sentence as satisfying offense accountability, the Defendants have necessarily significantly increased the risk that Mr. Swinton will be incarcerated longer than he would have been had the D.C. Parole Board's statutes, regulations, guidelines, policies, and practices been applied.

19. Similarly, Defendants necessarily have significantly increased the risk that Mr. Swinton will be incarcerated longer than he would have been had the D.C. Parole Board's guidelines been applied by considering institutional infractions that would not have affected the D.C. Parole Board's consideration of Mr. Swinton's parole applications.

**RELIEF REQUESTED**

Wherefore, Mr. Swinton respectfully requests that this Court:

1. require the Defendants to apply the D.C. Parole Board's statutes, regulations, guidelines, policies, and practices to his requests for parole;

2. deem that his service of his sentence to his parole eligibility date satisfies the offense accountability for parole consideration purposes;

3. order the Defendants to reconsider their decisions on Mr. Swinton's applications for parole based on the existing record in a manner consistent with the D.C. Parole Board guidelines, the other statutes, regulations, guidelines, policies, and practices of the D.C. Parole Board, federal regulations, the Constitution, and all other requirements of law;

4. award Mr. Swinton attorneys fees and litigation expenses; and

5. grant such other and further relief as the Court deems appropriate.

Respectfully Submitted,

*[signature]*
Daru Swinton, Pro se
#48752-053
USP LEWISBURG
P.O. BOX 1000
LEWISBURG, PA  17837

## CERTIFICATE OF SERVICE

I, Daru Swinton, do certify on this ___ day of February 2007, I caused to be served copies of this complaint in intervention by first class mail, postage prepaid, on the parties to this case at the following addresses:

Jason D. Wallach
Dickstein Shapiro LLP
1825 Eye Street, NW
Washington, DC 20006
Attorney for Plaintiffs

Diane M. Sullivan
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, NW
Room E4919
Washington, DC  20530
Attorney for Defendants

*[signature]*
Daru Swinton