UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TONY R. SELLMON, <u>et al.</u>,** | : <br> : <br> : |
| **Plaintiffs,** | : <br> : |
| v. | : Civil Action No. 06-1650 (ESH) <br> : |
| **EDWARD F. REILLY, JR., Chairman of the United States Parole Commission, <u>et al.</u>,** | : <br> : <br> : |
| **Defendants.** | : <br> : <br> : |

## JOINT REPORT UNDER LOCAL CIVIL RULE 16.3

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3, the parties jointly submit the following report regarding scheduling in this case:

1. The parties believe that this case likely will be resolved by dispositive motion. As explained in paragraph 8 below, Plaintiffs believe that limited discovery is necessary to resolve disputed issues of fact.

2. The parties believe that any other party should be joined or the pleadings amended within 45 days after the issuance of the Court's scheduling order. The parties believe that it is possible that some of the factual and legal issues can be agreed upon or narrowed.

3. The parties do not wish to have this case referred to a Magistrate for all purposes.

4. The parties believe that there is no possibility that the case can be settled.

5. The parties do not believe that the Court's alternative dispute resolution procedures will assist the parties in resolving this case.

2213632.01

6. The parties believe that the case likely will be resolved by summary judgment or a motion to dismiss. The parties propose the following schedule: dispositive motions should be filed by July 30, 2007; opposing memoranda should be filed by August 31, 2007; and reply briefs should be filed by September 14, 2007.

7. The parties wish to dispense with the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1).

8. Plaintiffs believe that some discovery is required, and Defendants do not oppose discovery. The parties desire until June 30, 2007, to complete discovery. Plaintiffs believe that the decisions of the Supreme Court of the United States in *Garner v. Jones*, 529 U.S. 244 (2000), and of the United States Court of Appeals for the District of Columbia Circuit in *Fletcher v. Reilly*, 433 F.3d 867 (D.C. Cir. 2006), require "a searching comparison" of the parole regimes of the United States Parole Commission (the "Commission") and the District of Columbia Board of Parole (the "Parole Board") to determine "how the Board or the Commission exercises discretion in practice, and whether differences between the exercise of discretion in two systems actually 'create [] a significant risk of prolonging [an inmate's] incarceration.'" 433 F.3d at 876-77, 879 (alterations in original) (quoting *Garner*, 529 U.S. at 251). As the *Fletcher* court recognized, Plaintiffs can establish their claims in this case either by establishing that there are facial distinctions between the Parole Board's and the Commission's regulations, policies, and procedures that create a significant risk of increasing his incarceration or by presenting "'evidence drawn from the rule's *practical implementation by the agency* charged with exercising discretion, that its retroactive application *will result in a longer period of incarceration than under the earlier rule*.'" *Id.* at 877 (quoting *Garner*, 529 U.S. at 255). Because Defendants have denied many of the alleged policies, practices, and/or actions of the Parole Board and/or the Commission identified in the Amended Complaint, Plaintiffs believe discovery is necessary to identify the manner in which the Parole Board and the Commission exercised discretion and the practical effect of the Commission's use of its parole guidelines

2

instead of the parole guidelines, policies, practices, and procedures of the Parole Board. Although Defendants do not agree with Plaintiffs' characterization of the issues to be addressed by the Court, they do not oppose Plaintiffs' discovery.

9. The parties do not anticipate the use of expert witnesses in this case. The parties, however, reserve the right to name expert witnesses at a later date if the need arises.

10. Not applicable.

11. The parties agree that the trial and discovery should not be bifurcated or managed in phases.

12. The parties agree that the date of the pretrial conference should be 30 days after dispositive motions are decided.

13. The parties agree that the Court should set a firm trial date at the pretrial conference.

Dated:  February 12, 2007

Respectfully submitted,
/s/ Jason D. Wallach
Jason D. Wallach, D.C. Bar No. 456154
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006-5403
(202) 420-2200
Attorneys for Plaintiffs


/s/ Diane M. Sullivan
Diane M. Sullivan, D.C. Bar No. 12765
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, NW
Room E4919
Washington, DC 20530
(202) 514-7205
Attorneys for Defendants