**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| ───────────────────────── | ) | |
| TONY R. SELLMON, <u>et</u> <u>al.</u>, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) Civil Action No. 06-1650(ESH) | |
| | ) | |
| EDWARD F. REILLY, Jr., | ) | |
| Chairman of the United | ) | |
| States Parole Commission, | ) | |
| <u>et</u> <u>al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| ───────────────────────── | ) | |

**DEFENDANTS' OPPOSITION TO THE MOTIONS TO INTERVENE**

**Introduction**

Charles A. Phillips, a <u>pro</u> <u>se</u> prisoner incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania has moved to intervene in this case.  He seeks to intervene "in order to assert claims set forth" in the complaint.  He asserts that he shares common issues of fact and law as the plaintiffs in the present case.[1]

The motion to intervene should be denied because the movant does not qualify for intervention as of right under Rule 24(a) of the Federal Rules of Civil Procedure and because permissive intervention under Rule 24(b) is not warranted.

---

[1] The Court denied Mr. Troy A.X. Martin and Mr. Darus Swinton's motion to intervene by Minute Order on February 6, 2007.  Mr. Martin has noticed an appeal from the Court's Order.

**Argument**

I.   **Standard for Intervention of Right and Permissive Intervention**

An individual shall be permitted to intervene in an action: "(1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest..."  Fed. R. Civ. P. 24(a).  Such intervention of right must be clearly delineated in the law or the facts.

A party may be permitted to intervene under Rule 24(b) if a conditional right is granted to intervene or "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b).  Permissive intervention in this Circuit may lie only where there is "(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." Friends of Animals v. Kempthorne, 452 F.Supp. 2d 64, 68 (D.D.C. 2006).  However, "[a]s its name would suggest, permissive intervention is an inherently discretionary enterprise" Equal Employment Opportunity Comm. v. Nat'l Children's Center, 146 F.3d 1042, 1046 (D.C. Cir. 1998),

citing <u>Hodgson v. United Mine Workers of America</u>, 473 F.2d 118,
125 n. 36 (D.C. Cir. 1972).

Thus, to the extent that the movant does not have a clear
entitlement to intervention under Rule 24(a), this Court
exercises its discretion in determining whether or not to let
movant intervene in this case.

II.   **There Is No Statutory Basis for Intervention of Right
      In this Case**.

In his motion to intervene, movant merely asserts that he
shares "common questions of fact and law" as plaintiffs in the
present case (Motion at page 1).  Even assuming that Mr. Phillips
is a D.C. Code offender who committed his crime(s) before the
Parole Commission assumed the responsibility of making parole
decisions for D.C. Code offenders, movant does not and cannot
establish that he is entitled, as a matter of right, to intervene
in this case.

There is simply no statute or regulation entitling the
movant to intervene as a matter of right, and he fails to
identify a specific interest relating to a specific property or
transaction raised in the instant complaint.  Additionally, as
the named plaintiffs note in their amended complaint, one
component of plaintiffs' claim is the specific factual
circumstances of their particular cases.  Indeed, the named
plaintiffs have specifically alleged in their amended complaint
how they believe their specific factual scenarios are affected by

the actions of the defendants and attempt to illustrate their alleged entitlement to relief.  Movant fails to identify any particulars which would qualify him for specific relief under plaintiffs' theory of the case.  Nor does he allege that he is so situated that the disposition of this action would as a practical matter impede his ability to protect his interests.

Thus, the movant has completely failed to identify a basis for intervention as a matter of right.

### III.  **Permissive Intervention Is Not Warranted.**

Movant appears to argue that, since he is in the same broad "class" of D.C. Code offenders as the named plaintiffs, he should be entitled to intervene.  Under movant's extraordinarily broad view of intervention, virtually any D.C. prisoner who felt aggrieved by a decision from the U.S. Parole Commission would be permitted to intervene in this case.  The logical extension of such a view would lead to automatic permissive intervention by D.C. Code offenders in any case filed against the U.S. Parole Commission.  This broad view of intervention does not serve the public interest or judicial economy.  Each offender has a unique combination of circumstances that pertain to him (or her) and the Commission's application of the laws and regulations to those particular circumstances may justifiably produce different results.  To permit intervention under the circumstances presented here would make this litigation unwieldy and

burdensome, and create undue delay which may prejudice the Court

and all parties to this litigation.

Finally, it is well established that the traditional means

for challenging a parole decision made by the U.S. Parole

Commission is a petition for writ of habeas corpus, brought in

the judicial district in which the prisoner is located. See

Guerra v. Meese, 786 F.2d 414 (D.C. Cir. 1986). Chatman-Bey v.

Thornburgh, 864 F.2d 804 (D.C. Cir. 1988)(en banc).  In this

case, Mr. Phillips is incarcerated in the U.S. Penitentiary in

Lewisburg, Pennsylvania, which is located in the District of

Pennsylvania.  He is free to challenge the Commission's

application of the D.C. parole statute, the regulations of the

D.C. Board of Parole, or the Commission 2000 parole guidelines in

a petition for writ of habeas corpus in his judicial district,

and in any such action, he would not be prejudiced by the factual

findings or legal determinations made in this case.  A finding

that the Parole Commission properly applied the laws and

regulations as to the circumstances of the  named plaintiffs

would not preclude the movant from filing a habeas petition in

his district challenging the Commission's actions as to him.

Similarly, should the Court find that the Commission improperly

applied the laws and regulations, the movant may file a habeas

petition in his district challenging the Commission's actions as

to him.

The movant has failed to demonstrate a basis for the Court to permit intervention.

### Conclusion

The motion to intervene should be denied.

Respectfully submitted,

__/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


__/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


__/s/_____
DIANE M. SULLIVAN, D. C. BAR # 12765
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530
(202) 514-7205


Of Counsel:
DOUGLAS W. THEISSEN
U.S. Parole Commission