UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TONY R. SELLMON, et al.,

       Plaintiffs,

                          :Civil Action No. 06-1650 (ESH)

       v.

EDWARD F. REILLY, JR.,
Chairman of the United
States Parole Commission, et al.,

       Defendants.

### INTERVENOR CHARLES A. PHILLIPS' REPLY TO DEFENDANTS' OPPOSITION TO THE MOTION TO INTERVENE

#### Introduction

    Intervener Charles A. Phillips submits this brief in reply to Defendants' opposition to his motion to intervene in this case. Mr. Phillips' claim against the Defendants with respect to their actions when considering his requests for parole raise the same questions of law and fact as those at issue in this case, and he should be granted leave to intervene.

    In support of their opposition, Defendants note that Mr. Phillips fails to identify any basis for intervention as of right. Mr. Phillips is not seeking intervention as of right. As his motion clearly states, he seeks to intervene "pursuant to Federal Rules of Civil Procedure Rule 24(b) because his claim shares common questions of fact and law with the claims of Plaintiffs in this case.

    Contrary to Defendants' suggestion in their opposition, Mr. Phillips's claim does not only challenge the Defendants' failure

1

to allow him to appeal their parole decisions; rather, Mr. Phillips's claim contends that Defendants violated the Ex Post Facto Clause of the United States Constitution by ignoring the District of Columbia parole statutes, regulations, policies, practices, and procedures that the National Capital Revitalization and Self-Government Improvement Act of 1997 obligated them to apply in Mr. Phillips's parole hearings. Furthermore, Mr. Phillips' complaint in intervention identified the facts and questions of law related to Mr. Phillips's claim that are common with the claims of Plaintiffs in this case.

Defendants also argue that allowing Mr. Phillips to intervene will make this litigation "unwieldy and burdensome, and create undue delay which may prejudice the named plaintiffs." There is no support for Defendants' argument. As the complaint in intervention demonstrates, the issues raised by Plaintiffs are identical to those raised by Mr. Phillips's claim and clearly saves the court's resources by having a judge hear and address the facts and issues she has to address in the Sellmon case, as opposed to clogging the courts by filing another lawsuit.

Finally, Defendants argue that the Court should deny the motion to intervene because Mr. Phillips can file a petition for writ of habeas corpus challenging Defendants' decisions concerning his requests for parole. Mr. Phillips's right to file a habeas petition is not relevant to whether he should be permitted to intervene. See Mass. v. Microsoft Corp., 373 F.3d 1199, 1235 (D.C. Cir. 2004) (rejecting the U.S. government's argument that permissive intervention was inappropriate where the parties seeking to intervene could "protect their rights apart from this proceeding" and stating that "no such policy

2

suggests the would-be-interveners in this case should be limited to another forum for airing their grievances").

Both the Supreme Court of the United States and the United States Court of Appeals for the District of Columbia Circuit have recognized that an inmate can bring a claim under 42 U.S.C. § 1983 challenging the constitutionality of parole procedures and seeking declaratory and injunctive relief regarding such procedures. See Wilkinson v. Dotson, 544 U.S. 74 (2005); Fletcher v. District of Columbia, 370 F.3d 1223 (D.C.Cir.), reversed on other grounds 391 F.3d 250 (D.C. Cir. 2004). Thus, Mr. Phillips could have used more of the limited resources of the clerk's office and this Court by filing his own lawsuit in this Court asserting his claims under 42 U.S.C. § 1983. Instead, he chose to seek permission to intervene in an existing case in which the Court is already addressing the same questions of fact and law that are at issue in his case.

Because the complaint in intervention demonstrates that Mr. Phillips's claim involves questions of law and fact that are raised by Plaintiffs' case, and granting Mr. Phillips intervention will not cause undue delay, the Court should permit Mr. Phillips to intervene.

                                               Respectfully Submitted,

                                               /s/ Charles A. Phillips
                                               Charles A. Phillips, Pro se
                                               #02952-000
                                               USP LEWISBURG
                                               P.O. BOX 1000
                                               LEWISBURG, PA 17837

## CERTIFICATE OF SERVICE

     I Charles A. Phillips, do certify on this \_\_9th\_\_ day of March 2007, I caused to be served copies of this brief by first class mail, postage prepaid, on the parties to this case at the following addresses:

Jason D. Wallach
Dickstein Shapiro LLP
1825 Eye Street, NW
Washington, DC 20006
Attorney for Plaintiffs

Diane M. Sullivan
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, NW
Room E4919
Washington, DC 20530
Attorney for Defendants

_/s/ Charles A. Phillips_
Charles A. Phillips