Received
Mail Room

AUG 13 2007

United States Courts of Appeals
District of Columbia Circuit

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TONY R. SELLMON, ET AL

Plaintiffs

and

CIVIL ACTION NO. 06-1650 (ESH)

JIBRIL L. IBRAHIM

Intervenor/Plaintiff

v.

EDWARD REILLY,JR., ET AL.

Defendants

PRO SE MOTION BY JIBRIL L. IBRAHIM TO INTERVENE

Comes now the Plaintiff, pro se, who submits the instant motion to intervene in the above captioned case, and pursuant to Rule 24(a), Federal Rules of Civil Procedure, and states:

INTRODUCTION

On September 7, 1988, movant was convicted of crimes for violation of District of Columbia law. On October 27, 1988 movant was sentenced to 15 years to life plus forty (40) months to ten (10) years consecutive.

Movant became parole eligible in October 2000, upon completion of 12 consecutive years imprisonment. At movant's initial parole hearing at N.E. Ohio Correction Center, Youngstown, Ohio before Parole Examiner Otis Thomas and he recommended a two-year set-off and no credit for programming, even though the Commission lacked authority to interview the movant who "was not" confined in a District of Columbia Facility (operated by D.C. Officials) nor a Federal Penal Institution, but a privately owned prison operated by Youngstown City Officials. See D.C. Code § 24-209 - Federal Parole Board.

At movant's rehearing at FMC Butner, North Carolina, where he was being treated for cancer, on/in 2001-2002, Parole Examiner Walker interviewed movant and, recommended parole to a D.C. Halfway House, with an award of two-points for Superior Programming. The Commissioners again denied parole after determining that movant had not served the projected amount of months to satisfy their punitive desires due to the nature, circumstances and seriousness of the offense. However, the history of the parole hearings in which the movant has been a participant demonstrates the arbitrariness he has had to endure.

The Commission accepted the notion espoused by its cohorts that movant endure the full brunt of his punishment because of the nature of the crimes, but, however, it is not the responsibility of the Commission, but of the trial court's. A three year (another) set-off was given to mavant.

In October of 2005, upon completion of the two year set-off and three year set-off, Examiner Pacholski saw movant at U.S.P Allenwood, White Deer, Pennsylvania, and again recommended parole with a six month set-off set for June 2006. Nevertheless, movant had more programs and certificates at this hearing than previous hearings, but was not given credit for superior or ordinary programming, but given a 0 - 2 month comeuppance for a 300 Series Disciplinary Infraction for Possession of a mattress assigned to him. The Commission ordered another three year setoff (without a presumptive release date) for October 2008, based on the seriousness of the offense, assault on a police officer with a knife- - not purportedly considered in previous Salient Factor Scores -- and movant was well above or over his minimum sentences eligibility ranges.

Morover, the policy and practice concerning inmates' under the jurisdiction of the District of Columbia does not contain an offense severity component. . . that consideration exists "only" in Federal Parole Guidelines. See Bryson v. U.S. Parole Comm'n. 776 F. Supp. 497. 502 . See also D.C. Code 24-209. Therefore. movant has an 'entitlement' to basic fairness since it helps movant in his successful integration with society under Morrissey v. Brewer, 408 U.S. at 484 , 496 , as well as, the public's interest and , movant's personal interest or property [himself].

MEMORANDUM OF LAW IN SUPPORT

Movant Ibrahim premises for intervention in the instant case are that he has an entitlement and interest in his personal well-being [person/ property] and maintaining his health and well-being because, the Bureau of Prisons 'cannot provide movant with the necessary medical care and treatment for two incurable diseases (Hep C and Prostate Cancer) and, under the Parole Commission's policy, custom or practice, a parole candidate has an entitlement to medical release if he has an uncurable disease in which he acquired during incarceration. The Parole Commission has used movant's medical condition to deny medical release even though movant has served well over his minimum term-12 yr minimum term extended to 19 years presently-satifies accountability for movant's crimes. See Ibrahim v District of Columbia, et al, No. 07-5093 with Ibrahim v. D.C, et al , 463 F.3d 3 (D.C. Cir. 2006)(decided 9/8/06)(rev'd and rem).

Likewise, as particularized in Sellmon, supra, the Commission has further refused and denied movant points for continuous programming [superior or ordinary] since the October 2005 rehearing, but, however, has commeuppanced 0 - 2 months extended period of incarceration for a 300 series Disciplinary Report which would ordinarily not be considered

under the 1987 Parole Guidelines. . . while at USP Allenwood.

A party may be permitted to intervene under Rule 24(a), F.R. Civil Procedure if a conditional right is granted to intervene or "when an applicant's claim or defense and the main action have a question of law or fact in common." Cf. Rule 24(b), F.R. Civ. Pro. Permissive intervention in this Circuit may be only where there is (1) an independent ground for subject matter jurisdiction; (2) a timely motion, and; (3) a claim or defense that has a question of law or fact in common with the main action. Friends of Animals v. Kempthorne, 452 F. Supp.2d 64, 68 (DDC 2006). However, as its name would suggest, permissive intervention (not sought in this case, but intervention) is an inherently discretionary enterprise. EEO Commission v. Nat'l Children Center, 146 F.3d 1042, 1046 (D.C. Cir. 1998) citing Hodgson v. United States Mine Workers of America, 473 F.2d 118, 125 n.6 (D.C. Cir. 1972). Thus, movant Ibrahim claims show he has a clear entitlement to intervention under Rule 24(a), identical to Sellmon supra, as well as, an independent basis for jurisdiction.

Movant's crimes were committed in 1988, well before the U.S. Parole Commission assumed the responsibility for making parole decisions for D.C. Code offenders and, thus establishes an entitlement as a matter of right to intervene in this case.

Despite the fact that movant's convictions and sentences were during the time of the 1987 Guidelines, defendants nevertheless continued to use their 2000 Guidelines in evaluating movant's requests for parole. Under the 2000 Guidelines, movant was a Total Point Score of 7 and Base Point Score of 9. See exhibits 1 - 4 attached. Under the 2000 Guidline version, defendants used movant's Base Point Score also to increase the range

of months that Ibrahim was expected to serve to become parole eligible (not excluding suitable) from the minimum term of 12-years or, 144 months with the goodtime off by the D.C. Superior Court. Under the 1987 Guidelines, statutes, regulations, policies and practices to the minimum term plus an additional 198 - 228 months, thus, defendants use of its 2000 Guidelines increased movant's minimum sentences by 7 to 8 years.

Moreover, movant Ibrahim was likewise **denied** points for ordinary and superior programming at his 2000 (initial hearing) and 2005 rehearing, which would be available under the 1987 Guidelines, but, however, extended periods of incarceration with another 0 - 2 months comeuppance for a 300-Series Disciplinary Infraction Report...a report which ordinarily would not count under the 1987 regulations. Furthermore, movant has terminal illnesses which may be more an adjustment of his Salient Factor Score than a measure of compassion - - because, a terminally ill ex-felon is probably less likely to violate [his/her] parole than healthy one. . . and, there is a statute (independent) regulation or policy entitling Ibrahim to intervene based on his interest, see U.S. Department of Justice, Guideline Application Manual, U.S. Parole Commission Research Unit, Report 16 (Nov. 1977), adopted by the Commission in U.S. Parole Commission Procedure Manual, Appendix 4 (May 1978), Section V.B.III.

Furthermore, Ibrahim is so situated that the disposition of this action would, as a practical matter, impede movant's ability to protect his interest, where the U.S. Attorney's Office Assistant "has not" sought or possibly received permission from the Tort Branch of the Justice Department to represent defendants under Rule 24(b)(Permissive Intervention) because, the U.S. Attorneys Office is unempowered to represent 'agents'

of the District of Columbia sued under 42 U. S.C. § 1983, by virtue of the Revitalization Act, see D.C. Code § 24-1232(g)(1) and (g)(2). See e.g. Settles v. D.C., 429 F.3d at 1104 (D.C. Cir. 2004). Ibrahim's motion does not seek to expand any scope of relief sought by the originally named plaintiffs in Sellmon, supra; Ibrahim seeks the same relief as the plaintiffs, that is, injunctive and declaratory relief, attorney fees and equitable relief, fair and just.

Similarly, the traditional means for challenging the application of the improper parole laws is mandamus [instead of habeas corpus] because, movant Ibrahim does not or, has no entitlement to release nor, a liberty interest to parole, see Mc Rae v. Hyman, 677 A.2d 1350, 1361 (D.C. App. 1995) anent unmistakable mandatory language in the statute [shall, will or must], Hewitt v. Helm, 459 U.S. 460, 471 (1983): Abdullah v. Roach, 668 A.2d at 806 (D.C. App. 1995) and Exportal Ltd. v. U.S., 902 F.2d 45 (D.C Cir. 1990). Any adverse decision or factual finding in this case would certainly prejudice Ibrahim under well settled doctrines of 'res judicata' or 'collateral estoppel'. But see Winsett v. Mc Ginnes, 617 F.2d 996, 1006-1007 (3rd Cir. 1980).

The movant Ibrahim has candidly demonstrated a basis for this Court to permit intervention. Finally, the U.S. Attorneys failure to seek permission to intervene in this action under 28 C.F.R. § 50.15(a), (a)(1)(requiring permission from the DOJ...) is a basis to allow Ibrahim to intervene to stave-off an improper ruling from an agency not authorized to represent the defendants, U.S. Parole Commissioners. D.C. Code § 24-1232 states, in relevant part: "the District of Columbia shall defend any civil action or proceeding brought in any court...against the District or its officers, employees or agents", ....

Therefore, movant Ibrahim's motion should be granted.

Respectfully Submitted

Jibril L. Ibrahim 08587-007
P.O. Box 12015
Terre Haute, In. 47801

CERTIFICATE OF SERVICE

I, hereby certify that a true copy of the instant motion to Intervene was mailed, first class , postage paid, and attachments, this 9 day of Aug. 2007, properly addressed to: Jason D. Wallach, Esq., Dickstein Shapiro, LLP, 1825 Eye Street N..W, Wash., D.C. 20006; AUSA Diane M. Sullivan, Esq., Judiciary Center Building, 555 Fourth Street N..W, Wash., D.C. 20530, Room E4919.

Jibril L. Ibrahim Pro Se
7003 3110 0006 1305 2567

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

Name: ANDERSON, Grant
AKA: IBRAHIM, Jibmil
Register Number: 08587-007
DCDC No: 166-978

Institution: Butner FMC

Date: January 6, 2003

In the case of the above-named, the following parole action was ordered:

Deny parole. Continue to a Three-Year Reconsideration Hearing in October 2005.

**REASONS:**

Your Current Total Guideline Range is 1[illegible] months. See the attached sheet for the components that make up your Current Total Guideline Range. These components are your Base Point Score; Base Point Score Guideline Range; Months Required to Serve [illegible] Eligibility [illegible] Disciplinary Guidelines (if applicable); and Superior Program Achievement Award (if applicable).

You have been in confinement as a result of your current offense behavior for a total of 172 months as of October 8, 2002.

After consideration of all factors and information presented, a decision above the Current Total Guideline Range is warranted because you are a more [illegible] than indicated by your Base Point Score in that given your history of violent offenses while [illegible] have a prior conviction for armed robbery. Your current offense behavior involved two violent crimes in which you [illegible] a knife (an Assault With Intent to Rape a Burglary Victim and an Assault on a Police Officer). The base point score does not adequately reflect the seriousness of your criminal history since the Assault on a Police Officer With a Dangerous Weapon was not used to determine the score.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc: Sharon Barnes-Durbin, SCSA
CSS Data Management Group
D.C. Court Services & Offender Supervision Agency
300 Indiana Avenue, N.W., Suite 2149
Washington, D.C. 20001

EXHIBIT 7

ANDERSON 08587-007
Queued: 01-06-2003 11:00:55 BOP-Butner FMC | -1- Clerk: MDD

EXHIBIT 1

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

Name: ANDERSON, Grant
AKA IBRAHIM, Jibril Lugman
Register Number: 08587-007

Institution: Allenwood USP
DCDC No.: 166-978

In the case of the above-named, the following parole action was ordered:

**Reopen and Correct Previous Decision Dated November 20, 2000 As Follows:**

Deny parole. Continue for a rehearing in December 2002, after the service of 24 months from your parole eligibility date of December 10, 2000.

**REASONS:**

Base Point Score: 7
Total Point Score: 5

Under the guidelines for D.C. Code offenders at [illegible] your Total Point Score and includes a deduction of -2 points for superior program achievement.

The guidelines for adult offenders at initial hearings indicate that parole should not be granted at this time. After consideration of all factors and information presented, a departure from the guidelines at this consideration is not warranted.

With your Base Point Score of 7 the rehearing guidelines indicate that you should be scheduled for a rehearing within 18-24 months from your parole eligibility date. After consideration of all factors and information presented, a departure from the rehearing guidelines at this consideration is not warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc: CSS Data Management Group
300 Indiana Avenue, N.W.
Second Floor, Suite 2149
Washington, D.C. 20001
Att: Sharon Barnes-Durbin, SCSA

EXHIBIT 5

Date: June 17, 2002

Clerk: vah

BOP-Allenwood USP

Page 1 of 2

ANDERSON.858

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

Name: IBRAHIM, Jibril
Register Number: 08587-007
DCDC No: 166-978

Institution: Allenwood USP
Date: December 5, 2005

As a result of the hearing conducted on October 25, 2005, the following action was ordered:

Deny parole. Continue to a Three-Year Reconsideration Hearing in October 2008.

NOTE: You have been found eligible for consideration under the Commission's presumptive release date policy at 28 C.F.R. 2.75 (effective [illegible]).

**REASONS:**

Your Current Total Guideline Range is 185-199 [illegible] the attached [illegible] for the components that make up your Current Total Guideline Range [illegible] your Base Point Score; Base Point Score Guideline Range; Months Required to Serve to Parole Eligibility Date; Disciplinary Guidelines (if applicable); and Superior Program Achievement Award (if applicable).

You have been in confinement [illegible] offense behavior for a total of 209 months as of November 21, 2005.

After consideration of all factors and information [illegible], a decision above the Current Total Guideline Range is warranted because you are a more serious risk than indicated by your Base Point Score in that given your history of violent offenses while armed. You have a prior conviction for armed robbery. Your current offense behavior involved two violent crimes in which you possessed a knife (an Assault With Intent to Rape a Burglary Victim and an Assault on a Police Officer). The base point score does not adequately reflect the seriousness of your criminal history since the Assault on a Police Officer With a Dangerous Weapon was not used to determine the score.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc: CSS Data Management Group
D.C. Court Services & Offender Supervision Agency
300 Indiana Avenue, N.W., Suite 2070
Washington, D.C. 20001



EXHIBIT 9

**DISCIPLINARY GUIDELINES**

You have 1 non-drug related infraction(s) [0-2 months each], which requires 0-2 months to be added to your base point score guideline range.

**SUPERIOR PROGRAM ACHIEVEMENT AWARD**

**Not Applicable**

**CURRENT TOTAL GUIDELINE RANGE**

7 — Base Point Score

54—72 Base Point Score Guideline Range
149-149 Months Required to Serve to Parole Eligibility Date (recalculated)
0—0 Disciplinary Guideline Range (previous hearing)
less 18—24 Superior Program Achievement Award (previous hearing)
185-197 Previous Guideline Range Conversion

0—2 Disciplinary Guideline Range
less 0—0 Superior Program Achievement Award (if applicable)

185-199 Current Total Guideline Range

| Base Point Score Guideline Range | |
|---|---|
| Score | Guideline Range |
| [illegible] | 0 months |
| [illegible] | 12-18 months |
| 5 | 18-24 months |
| 6 | 36-48 months |
| 7 | 54-72 months |
| 8 | 72-96 months |
| 9 | 110-140 months |
| 10 | 156-172 months |



EXHIBIT 2

ır Pts **SFS-98 Item Explanation** SALIENT FACTOR SCORE (SFS-98)

..... A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0

..... B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0

..... C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation)

..... D - Recent commitment free period (three years)
No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0

..... E - Probation/parole/confinement/escape status violator this time
Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

..... F - Older offenders
If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0

..... **Salient Factor Score (SFS-98)** (sum of points for A-F above)

ır Pts **Total Point Score Item Explanations** TOTAL POINT SCORE

3.... I - Contribution from Salient Factor Score
10-8 (Very Good Risk) = +0; 7-6 (Good Risk) = +1; 5-4 (Fair Risk) = +2; 3-0 (Poor Risk) = +3

3.... II - Current or Prior Violence
Violence in current offense and any felony violence in two or more prior offenses = +4; Violence in current offense and any felony violence in one prior offense = +3; Violence in current offense = +2; No violence in current offense and any felony violence in two or more prior offenses = +2; Possession of firearm in current offense if current offense is not scored as a crime of violence = +2; No violence in current offense and any felony violence in one prior offense = +1

3.... III - Death of Victim or High Level Violence (Category III points are added to points scored in Categories I and II)
Current offense was high level or other violence with death of victim resulting = +3; Current offense involved attempted murder or violence in which death of a victim would have been a probable result = +2; Current offense was other high level violence = +1

9.... Base Point Score (sum I-III above)

0.... IV - Negative Institutional Behavior
Negative institutional behavior involving: (1) assault upon a correctional staff member with bodily harm inflicted or threatened; (2) possession of a deadly weapon, (3) setting a fire so as to risk human life, (4) introduction of drugs for purposes of distribution, or (5) participating in a violent demonstration or riot = +2; Other negative institutional behavior = +1

2.... V - Program Achievement
Ordinary program achievement = -1; Superior program achievement = -2

7.... Total Point Score (sum of Base Point Score and points for IV and V above)

| Adult Parole/Supervision Guidelines | | |
|---|---|---|
| Total Point Score | Initial Hearing | Rehearing |
| 0 | Grant Parole Low Supv | Parole With Highest Level of Supervision |
| 1 | Grant Parole High Supv | |
| 2 | Grant Parole Highest Supv | |
| 3 | Deny Parole | |
| 4+ | | Deny Parole |

| Rehearing Guidelines | |
|---|---|
| Base Point Score | Months to Rehearing |
| 0-4 | 12-18 |
| 5-8 | 18-24 |
| 9 | 22-28 |
| 10 | 26-32 |

| Points For SFS Item C | | | |
|---|---|---|---|
| Age | Prior Commitments 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

ıte: November 20, 2000

Clerk: vah



ANDERSON.166

[.S. Department of Justice
nited States Parole Commission
550 Friendship Boulevard
hevy Chase, Maryland 20815-7201

**Notice of Action**

ame: ANDERSON, Grant Institution: Youngstown Facility

egister Number: 00166+978 DCDC No.: 166-978

ı the case of the above-named, the following parole action was ordered:

eny parole. Continue for a rehearing in February 2003, after the service of 28 months from your ırole eligibility date of October 23, 2000.

**OTE:** It is recommended that you participate in a Anger Management program prior to your next earing.

**EASONS:**

ıse Point Score: 9
tal Point Score: 7

ıder the guidelines for D.C. Code offenders at initial hearings, your Total Point Score includes a duction of 2 points for superior program achievement.

e guidelines for adult offenders at initial hearings indicate that parole should not be granted at s time. After consideration of all factors and information presented, a departure from the idelines at this consideration is not warranted.

th your Base Point Score of 9, the rehearing guidelines indicate that you should be scheduled for ehearing within 22-28 months from your parole eligibility date. After consideration of all factors l information presented, a departure from the rehearing guidelines at this consideration is not rranted.

E ABOVE DECISION IS NOT APPEALABLE.

ies of this Notice are sent to your institution and to your Supervision Officer. In certain cases, ies may also be sent to the sentencing court. You are responsible for advising any others you wish ıotify.

the attached sheet for your individual item points and explanations of the Salient Factor Score, e Point Score and Total Point Score. The tables at the bottom of the sheet present the parole and earing guidelines.

EXHIBIT 4

te: November 20, 2000

Clerk: vah VAH



ANDERSON.166

EXHIBIT 3



IBRAHIM, JIBRIL

U.S. DEPARTME 08587-007 PR010648
United States Pa DC RECONSID ALWALP
Week Beginning 10/24/2005

D.C. O

**INITIAL HEARING/RECONSIDERATION HEARING**
**POST JANUARY 2, 2001**

Name:______________________ Institution: ______________________

Reg.No:______________________

In the case of the above-named, the Commission has carefully examined all the information at its disposal and the following action with regard to parole, parole status, or mandatory release status is hereby ordered:

Parole effective 8/21/06 OR Continue to a presumptive parole__________ after the service of 218 months (with the special condition for): ✓ Drug Aftercare ✓ Alcohol Aftercare (Other - specify) Sex Offender aftercare, Anger Mgmt.

Continue to expiration (with the special condition for): _____Drug Aftercare _____Alcohol Aftercare (Other - specify)______________________.

Continue for a reconsideration hearing in ____________ after service of ____ months from your hearing date of ______________.

Joseph M Pushkin 10/25/05
Patricia Denton 11/14/05

Continue for a rehearing in October, 2008, 36 months from your hearing date of 10/25/05

Y.

Use same reasons as last time for SFS risk.

11/30/05
Cushwa 12/1/05

District of Release: _____DC ✓ MD _____VAE _____Other (specify)_____
Revised: May 1, 2001

Exhibit

EXHIBIT 4