UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| REGINALD S. PUIFORY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1007 (RCL) |
| | ) | |
| EDWARD F. REILLY, Jr. *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

_____ORDER

 Defendants have filed a motion to dismiss or for summary judgment. Plaintiff is
representing himself.

 In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a
district court must take pains to advise *pro se* plaintiffs of the consequences of failing to
respond to a dispositive motion. "That notice . . . should include an explanation that the
failure to respond . . . may result in the district court granting the motion and dismissing the
case." *Id.* at 509. In addition, the Court's local rules state that "[w]ithin 11 days of the date of
service or at such other time as the court may direct, an opposing party shall serve and file
a memorandum of points and authorities in opposition to the motion [or] the court may treat the
motion as conceded." Local Civil Rule 7(b).

 In *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), the Court of Appeals stated that the
district court must inform *pro se* litigants that, on a motion for summary judgment, "any
factual assertions in the movant's affidavits will be accepted as being true unless [the opposing

party] submits his own affidavits or other documentary evidence contradicting the assertion."

*Id.* at 456 (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). Under Rule 56(e) of the Federal Rules of Civil Procedure,

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials in the adverse party's response, but the adverse party's response by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Thus, a party, such as the plaintiff, who is adverse to a motion for summary judgment must rebut the moving party's affidavits with other affidavits or sworn statements; simple allegations that the moving party's affidavits are inaccurate or incorrect are not sufficient. For these purposes, a verified complaint shall serve as an affidavit. *See Neal*, 963 F.2d at 457-58.

In accordance, this Court wishes to advise plaintiff that he must respond to defendants' previously filed motion **within fourteen (14) days of the filing date of this Order**. If plaintiff does not respond, the Court will treat the motion as conceded and may dismiss the case.

SO ORDERED.

_____s/_____
Royce C. Lamberth
United States District Judge

Date: September 19, 2007

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

REGINALD PUIFORY,       )
                          )
      Plaintiff            )
                          )
                          ) Civil Action No. 07-1007 (RCL)
         v.                )
                          )
EDWARD F. REILLY, JR.,        )
      et al.              )
                          )
      Defendants.        )
                          )

## ORDER

UPON CONSIDERATION of the Defendant's Motion To Dismiss Plaintiff's Complaint,

support thereof, the grounds stated therefore and the entire record in this matter, it is by the Court

this _____ day of _____, 2007, hereby

ORDERED that the said motion be and hereby is granted, and

FURTHER ORDERED that this case is dismissed with prejudice.

This is a final and appealable order.

_____
HON. ROYCE C. LAMBERTH, U.S.D.J.

Copies to:

Kenneth Adebonojo
Assistant United States Attorney
555 4th Street, N.W
Washington, D.C. 20530

REGINALD S. PUIFORY
USP – Lewisburg
P.O. Box 1000
Lewisburg, Pa 17837

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

REGINALD PUIFORY,

    Plaintiff

    v.

EDWARD F. REILLY, JR.,
  et al.

    Defendants.

) ) ) ) ) ) Civil Action No. 07-1007 (RCL) ) ) ) ) ) )

## DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Edward F. Reilly, Cranston Mitchell, Patricia K. Cushwa, Deborah Spagnoli, Isaac Fulwood, Jr. ("Defendants"), in their official capacities only, hereby respectfully move, pursuant to Fed. R. Civ. P. 12(b)(3) and (6), for dismissal of this action for improper venue and failure to state a claim upon which relief may be granted.

In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities and to the entire record in this case. A proposed order consistent with the relief sought herein is attached.

*Pro se* plaintiff is hereby advised that failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case. *See Fox v. Strickland*, 837 F.3d 507, 509 (D.C. Cir. 1988).

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
555 Fourth Street, N.W., Room 4210
Washington, D.C. 20530
(202) 514-7157 (telephone)
(202) 514-8780 (facsimile)

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REGINALD PUIFORY,                          )
                                           )
        Plaintiff                          )
                                           )
                                           )
                                           ) Civil Action No. 07-1007 (RCL)
        v.                                 )
                                           )
EDWARD F. REILLY, JR.,                     )
        et al.                             )
                                           )
        Defendants.                        )
                                           )
_____   )

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Edward F. Reilly, Cranston Mitchell, Patricia K. Cushwa, Deborah Spagnoli, Isaac
Fulwood, Jr. ("Defendants"), in their official capacities only, hereby submit this memorandum of
points and authorities in support of their motion to dismiss.[1]  Specifically, Defendants move to
dismiss this complaint pursuant to Fed. R. Civ. P. 12(b)(3) and (6).  For the reasons set forth
below, the Defendants respectfully request that the Court dismiss this matter in its entirety.

### BACKGROUND

Reginald S. Puifory, *pro se* ("Plaintiff"), Register Number 10595-007, is an inmate
currently housed at Unites States Penitentiary, Lewisburg, Pennsylvania.  Compl. at 1, ¶5.  On
March 10, 1978, Plaintiff was sentenced to twenty-five years to life for felony murder while
armed and burglary while armed.  Compl. at 1, ¶12.  Plaintiff's conviction and sentence arose

---

[1]     Records of the United States Parole Commission indicate that Defendants were
not served in accordance with Fed. R. Civ. P. 4(i)(2)(A).  Nevertheless, Defendants acknowledge
the provisions of Fed. R. Civ. P. 4(i)(3)(A).

from a homicide that occurred on August 29, 1977. On that day, Plaintiff engaged in an argument with the victim that became physical. *Exhibit 1*, United States Parole Commission, Notice of Action, dated December 26, 2000 ("USPC, NOA"). Plaintiff became very angry, returned home to retrieve a shotgun, which he brought back to the scene of altercation wrapped in a towel and shot the victim. The incident on August 29, 1977, occurred within nine months of Plaintiff's release on parole arising from an earlier homicide on April 6, 1975. Plaintiff stabbed the victim because he made threatening moves towards himself and his cousin who had been involved in a relationship with the victim. Exhibit 2, USPC NOA dated August 9, 2007. Plaintiff was sentenced to three years for manslaughter.

Plaintiff was eligible for initial parole on September 7, 2000 and a hearing was conducted on November 9, 2000. The USPC denied parole because Plaintiff fell within the numerical guidelines for parole denial. Subsequent rehearings were conducted in 2002 and 2004 but parole was denied there for the same reasons.[2] However, in 2004, Plaintiff was determined to be eligible for a presumptive release date within three years pursuant to 28 C.F.R. 2.75 and continued for a rehearing in 2006. In 2006, the USPC amended its 2004 order by continuing Plaintiff's hearing until August 2007.[3] Plaintiff contends that consideration of his parole under

---

[2]     Plaintiff's initial hearing was reviewed under the Commission's original 1998 guidelines for D.C. Code offenders. The Commission subsequently determined that the 2000 guidelines for D.C. Code offenders should apply to all D.C. Code offenders who received their initial hearings before the Commission. See 28 C.F.R. § 2.80(a)(2003). Accordingly, Plaintiff's rehearings were conducted pursuant to the updated guidelines, which are currently found at 28 C.F.R. § 2.80 (2006).

[3]     On August 9, 2007, the USPC denied parole and continued a rehearing until July 2010. The USPC added that a departure from the numerical guidelines was warranted by Plaintiff's involvement in two homicides.

2

the United States Parole Commission's regulations and guidelines rather than the D.C. Parole Board's ("Parole Board's") is a violation of the ex post facto clause of the Constitution.

The genesis of this and several other similar pending actions is the transfer of paroling authority from the Parole Board (abolished August 5, 2000) to the USPC under the 1997 National Capital Revitalization and Self-Government Improvement Act of 1997 ("Revitalization Act"), Pub.L. 105-33, 111 Stat. 712; *see Franklin v. District of Columbia*, 163 F.3d 625, 632 (D.C. Cir. 1998). The Revitalization Act required the USPC to exercise its authority "pursuant to the parole laws and regulations of the District of Columbia," but also gave the USPC "... exclusive authority to amend or supplement any regulation interpreting or implementing the parole laws of the District of Columbia with respect to felons...." *See* D.C. Code § 24-1231(a)(1) and (c)(1999), *recodified as* D.C. Code § 24-131(a)(1) and (c) (2001).

Pursuant to its "amend and supplement" authority, the USPC, effective August 5, 1998, adopted a revised version of the D.C. parole regulations that had been in effect since 1987. See 28 C.F.R. § 2.70 (1999) (the USPC's statement of authority for its revisions to the now-superseded rules of the Parole Board at 28 D.C.M.R. §100, et seq.). The existing parole guidelines of the Parole Board were adopted by the USPC with revisions which: (1) added additional risk factors to the "total point score" by which the suitability of each prisoner for parole was calculated, and (2) substituted, in place of the Parole Board's annual rehearing guideline, variable rehearing guideline ranges according to the Base Point Score (risk level) that is calculated for each prisoner (*e.g.* as in a rehearing range of 12-18 months).

3

The guidelines of the Parole Board, which were in effect from 1987 to 1998, are described in detail in *Ellis v. District of Columbia*, 84 F.3d 1413, 1415-17 (D.C. Cir. 1996). In brief, these guidelines required the calculation of a "Total Point Score" based on the prisoner's Salient Factor Score and additional risk points. The prisoner's Total Point Score indicated the risk level presented by each prisoner. If the Total Point Score was two or less at the initial hearing, the prisoner would ordinarily be granted parole. If the Total Point Score was three or more at the initial hearing, the prisoner would ordinarily be denied parole and the prisoner would be continued for a rehearing. At rehearings, a score of three would indicate that parole should ordinarily be granted. Similarly, under the USPC's 1998 rules,[4] a score of two points or less at an initial hearing, or three points or less at a rehearing, would ordinarily result in a release on parole. 28 C.F.R. Appendix §2.80(j) (2001).

Because points were subtracted from the Total Point Score at rehearings for positive prison programming, a well-behaved prisoner with a high Total Point Score could work his score down to a three after one or more rehearings. In the case where parole was denied, the ordinary continuance to a rehearing would be one year.

However, the Parole Board had plenary discretion to override the guidelines and deny parole notwithstanding a favorable Total Point Score, and to order a rehearing ("set off") after a much longer time than the ordinary one-year requirement. Successive rehearings were no

---

[4] Because the 1998 rule was adopted after July 1, 1998, it does not appear in the 1998 volume of 28 C.F.R. Similarly, the 2000 amendments do not appear until the 2001 volume of the C.F.R. In 2001, the older version of the rule was moved to an appendix to §2.80. Citations, for simplicity's sake, will therefore be to "28 C.F.R. §2.80 (2001)" (the 2000 version of the rule) and "28 C.F.R. Appendix §2.80 (2001)" (the 1998 version of the rule, moved into the Appendix by the 2000 amendment).

4

guarantee that parole would be granted. As explained in *Ellis*, 84 F.3d at 1419, "... under the regulations, a prisoner with a low total point score shall be granted parole unless the Board, in the exercise of its discretion, believes there is some other reason for not granting him parole." Factors to be considered for denial of parole notwithstanding numerical guideline dictates are identical for both the Parole Board and the USPC. Compare D.C. Code 24-204.22 to 28 C.F.R. 2.80(n).

. As stated above, in the USPC's 1998 revisions to this guideline system, it added to the Total Point Score some additional points that reflected the degree of violence in the prisoner's current offense and the number of violent crimes on the prisoner's prior record (i.e. the more violence, the higher the score). The USPC also replaced the annual rehearing guideline with specific guideline ranges to be followed in the case of parole denial. However, the USPC retained the Parole Board's basic guideline for grants and denials of parole, as well as the essential character of the Parole Board's guidelines as a risk-based measure of suitability for parole that applies as soon as a prisoner becomes eligible for parole.

The USPC's revised version of the guidelines described in *Ellis, supra*, effective August 5, 1998, was again revised by the Commission effective December 4, 2000. *See* 28 C.F.R. § 2.80(2001), originally published at 65 Federal Register 70663 (November 27, 2000). The 2000 revision maintained the paroling policies expressed in the 1998 guidelines, but converted the rehearing ranges applicable to each prisoner into a Total Guideline Range to guide the USPC's decisions. The Total Guideline Range is based on the point score calculations contained in the 1998 guidelines, plus the number of rehearings a prisoner would normally expect (after completing his minimum term) if he maintained good behavior. The USPC explicitly stated in

5

promulgating the rule that:

> The revised guidelines convert the rehearing ranges into a single range indicating the total prison time that may be served by the inmate, and authorize the setting of presumptive release dates up to 36 months from the date of the parole hearing. ***However, the Point Assignment Table [contained in the prior rules] remains the basis upon which the guidelines are determined.*** . . . [T]he revised rule contains a presumptive credit for "ordinary program achievement," which currently [i.e., under the prior rule] must be determined on a case-by-case basis, in the guideline range itself. Hence, inmates will now receive the benefit of having their "ordinary program achievement" points credited in advance.
>
> The [rule] eliminates . . . the system of determining at each hearing (based on the Total Point Score) whether the inmate qualifies for parole at that time. It substitutes the following decisionmaking procedure.
>
> Under Step 1, a Base Guideline Range is determined from the Base Point Score. There is no change from the Base Point Score used in [the previous rule]. ***The time expected for the inmate to qualify for parole (assuming no disciplinary infractions and ordinary program achievement) is simply made explicit.***
>
> 65 Fed. Reg. at 70663 (emphasis added).

Plaintiff commenced this 42 U.S.C. 1983 action against Defendants in their official capacities on June 5, 2007. In his complaint, Plaintiff alleges that Defendants' consideration of his parole under the USPC's current regulations and guidelines rather than the defunct D.C. Parole Board's ("Parole Board") abrogated regulations and guidelines violated the ex post facto clause. The gravamen of Plaintiff's complaint is that Defendants denied him parole because the offense accountability period is longer under the USPC's regulations and guidelines than under the Parole Commission. Compl. at ¶¶23 and 60. Plaintiff also alleges that the sentencing court only intended that he serve 25 years or 300 months. *Id.* at ¶61. Indeed, as part of his relief,

6

Plaintiff seeks for the court to "deem that [his] service of this sentence to his parole eligibility date satisfied offense accountability for parole consideration purposes." *Id.* at 21, ¶2.

## ARGUMENT

### A.    Venue Is Improper

28 U.S.C. § 1391(e), which covers the venue provision for lawsuits against employees of the United States acting in their official capacities or any agency of the United States, provides that venue is proper in one of these three districts: (1) where a defendant in the action resides, (2) where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) where the plaintiff resides if no real property is involved in the action.[5]  In this case, Plaintiff sets forth no allegations to establish that venue can be maintained in this judicial district.  Plaintiff does not allege, let alone establish, that any Defendants in this action reside in the District of Columbia. Moreover, Plaintiff received his challenged parole hearing at his place of incarceration in the Western District of Pennsylvania and all decision-making regarding Plaintiff's parole occurred at the Parole Commission office in the District of Maryland. Thus, this compliant must also be dismissed for improper venue.

### B.    Plaintiff Fails to State a Claim Upon Which Relief Can be Granted

In resolving a motion to dismiss, pursuant to Rule 12(b)(6), the court must construe the factual allegations in the complaint in the light most favorable to plaintiff, but need not accept the legal conclusions or allegations without factual support in the allegations made. *Bell Atl.*

---

[5] Plaintiff erroneously states that venue is appropriate pursuant to 28 U.S.C. § 1391(b). Pl. Compl. at 2.  As discussed already, Plaintiff is suing Defendants only in their official capacities.

7

*Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). The Court is limited to considering facts alleged in the complaint, any documents attached to or incorporated in the complaint, matter of which the court may take judicial notice, and matters of public record. *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

In order to prevail on an *ex post facto* claim such as Plaintiff's, a parolee is required to plead sufficient facts to support his allegation that the application of the USPC's regulations instead of the Parole Board's "created a significant risk of prolonging [the inmate's] incarceration." *Garner v. Jones*, 529 U.S. 244, 251 (2000). This Circuit has already concluded that, with regard to *parole*, the Parole Board and USPC's regulations are virtually identical. *Fletcher v. Reilly*, 433 F.3d 867, 869 (D.C. Cir. 2006) (emphasis in original). Accordingly, Plaintiff cannot meet the standard set forth in *Garner* because the minor differences between the Parole Board's regulations and the USPC's do not create a significant risk of prolonging Plaintiff's incarceration. Indeed, presumably, there are no facts that could be pled that would meet the standard set forth in *Garner*.

In *Garner, supra,* Georgia, amended its parole laws to change the period of time between parole rehearings for inmates serving life sentences from three years to eight years unless either the inmate showed a "change in circumstances" or the "receipt of 'new information'" justified an earlier date. *Id.* at 255. The inmate, who had committed two homicides, brought a 1983 action challenging the change. *Id.* at 248. The District Court denied the inmate's request for discovery and granted summary judgment against him because the change "created 'only the most speculative and attenuated possibility' of increasing the [inmate's] measure of punishment." *Id.* (quoting *California Dep't of Corrections v. Morales*, 514 U.S. 499, 509 (1995)). In reversing the

8

Eleventh Circuit, the Supreme Court agreed that, where the inmate had been serving one life sentence and escaped only to commit another murder, the decision not to rehear the inmate's parole for the maximum eight years did not "increase[] the risk of his serving a longer time...." *Id.* at 254-55. Similarly, in *Morales*, where California changed the frequency of parole rehearings from one year to three for inmates convicted of more than one homicide, the Supreme Court noted that "not every retroactive procedural change creating a risk of affecting an inmate's terms and condition of confinement is prohibited." 514 U.S. 499 at 508-09. "The question is "a matter of degree." *Garner*, 529 U.S. at 250 (quoting *Morales*, 514 U.S. at 509).

Plaintiff's complaint should be dismissed because his allegation that he was denied parole because the Parole Board's and the USPC's offense accountability periods differ is not supported by the records. Rather, the reason Plaintiff was denied parole initially is because he did not even fall within the numerical categories where parole is permitted. Indeed, the real reason Plaintiff's numbers did not merit parole is because Plaintiff has committed two homicides. That factor alone put Plaintiff outside of parole suitability because it increased both his Salient Factor Score and his Total Point Score. *Exhibit 1.* This is so even though two points were awarded to Plaintiff for superior program achievement. *Id.* The fact of the matter is that the two homicides Plaintiff committed continue to haunt him in his quest for release on parole.

This year, the USPC went outside of the numerical guidelines to deny Plaintiff parole expressly because Plaintiff is "a more serious risk than indicated by [his] guidelines because "[his] involvement in two homicides make [him] a more serious risk than indicated by [his] base point score...." *Exhibit 2.* Notably, in *Garner* and *Morales* the Court noted that "it was not reasonable to expect that parole would be granted during the intervening years" because of the

9

parolees' involvement in more than one homicide. *Garner*, 529 U.S. at 254.

Dismissal is proper here because, unlike *Garner*, Plaintiff cannot even claim that the period between parole hearings has been extended by up to five years. In Plaintiff's case, the USPC has reheard his case every other year since the initial hearing except in 2006, when Plaintiff's rehearing was continued until 2007. In other words, the USPC has had the opportunity to exercise its discretion over Plaintiff's suitability for parole but has denied same because it considers Plaintiff high risk. Plaintiff's case does not come remotely close to satisfying the standard set forth in *Garner*.

Recently, in *Moore v. O'Brien*, 2007 U.S. Dist. Lexis 34381 (W.D. Va 2007), the court dismissed a complaint alleging facts identical to Plaintiff's. *Id.* at 3-6. Relying on the observation that the Parole Board's system and the USPC's for initial and parole rehearings "mirrored" each other, *Fletcher*, 433 F.3d 867 at 869, the court found that application of the USPC's regulations and guidelines did not create a significant risk of prolonged incarceration. *Id.* at 20. After dismissing the complaint because the regulations did not significantly differ facially, the court also preempted any argument that a difference could be shown by the regulation's practical implementation because the plaintiff benefitted from the deductions for superior and ordinary program development. *Moore, supra* at 20, n10.

The inescapable conclusion from the above is that Plaintiff cannot show that a significant risk of prolonged incarceration ensued from the use of the USPC's regulations because they differ insignificantly from the Parole Board's. Therefore, no set of facts could state a claim and Plaintiff's complaint should be dismissed. Dismissal is also appropriate because Plaintiff cannot show that the practical implementation of the USPC's regulations result in a significant risk of

prolonged incarceration.

Moreover, the D.C. parole guidelines are no longer good law. Rather, with the transfer of jurisdiction to the Parole Commission under the Revitalization Act, the relevant regulations are those found in Title 28, Code of Federal Regulations.

Finally, there is no constitutional right to be released on parole under the D.C. parole statute. E.g., *McRae v. Hyman*, 667 A.2d 1356 (D.C. App. 1995) (D.C. parole statute and regulations do not create a liberty interest in parole, and Parole Board has discretion to disregard scoring system). It is further established law that the merits of parole decisions made under the D.C. statute are not reviewable by courts. E.g., *Bennett v. Ridley*, 633 A.2d 824, 826 (D.C. App. 1993) (court does not review merits of parole decision in habeas corpus); *Jones v. Braxton*, 647 A.2d 1116 (D.C. App. 1994)(court refused to review claim that Parole Board based its decision on inaccurate information, because merits of parole decision not reviewable).

## CONCLUSION

For all of the foregoing reasons, this action should be dismissed.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

11

_____/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
555 Fourth Street, N.W., Room 4210
Washington, D.C. 20530
(202) 514-7157 (telephone)
(202) 514-8780 (facsimile)

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of September, 2007, I caused service of the

foregoing **DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE,**

**FOR SUMMARY JUDGMENT** to be made on the *pro se* plaintiff via first class mail:

> **REGINALD S. PUIFORY**
> USP – Lewisburg
> P.O. Box 1000
> Lewisburg, Pa 17837

Respectfully submitted,

_____/s/_____

KENNETH ADEBONOJO
Special Assistant United States Attorney
555 Fourth Street, N.W., Room 4210
Washington, D.C. 20530
(202) 514-7157 (telephone)
(202) 514-8780 (facsimile)

**Full docket text for document 8:**

MOTION for Summary Judgment by EDWARD F. REILLY, JR, CRANSTON J. MITCHELL, DEBORAH A. SPAGNOLI, PATRICIA K. CUSHWA, ISAAC FULWOOD, JR, UNITED STATES PAROLE COMMISSION (tg, ) (See Docket Entry Number [7] to view document)

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 09/24/2007 09:01:41 | | | |
| PACER Login: | pp1948 | Client Code: | |
| Description: | History/Documents | Search Criteria: | 1:07-cv-01007-RCL |
| Billable Pages: | 1 | Cost: | 0.08 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REGINALD S. PUIFORY,    )
                        )
          Plaintiff,    )
                        )
                        )    Civil Action No. 1:07-cv-01007-RCL
                        )
EDWARD F. REILLY, JR., et al.,    )
                        )
          Defendants.    )
                        )

**RECEIVED**

SEP 1 1 2007

**PLAINTIFF'S MOTION TO CONSOLIDATE**
**CIVIL RIGHTS COMPLAINT**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Come now the plaintiff, Reginald S. Puifory, by and through this

pro se motion and pursuant to Federal Rule of Civil Procedures 42(a)

respectfully request leave of this honorable Court to consolidate this

pending Civil Rights Action in <u>Reginald S. Puifory vs. Edward F.</u>

<u>Reilly, Jr., et al.</u>, 1:07-cv-01007-RCL in conjunction with <u>Sellmon vs.</u>

<u>Edward F. Reilly, Jr., et al.</u>, 1:06-cv-01650-ESH.

In support of this motion Mr. Puifory states:

1. Plaintiff Reginald S. Puifory, filed the current pending Civil
   rights Act on date of 06/05/2007. There has been no substantive
   pleadings in this case commenced to dated;

2. The case Titled 1:06-cv-01650-ESH was filed on 09/25/2006. This
   case has not proceeded to trail and remains in the primary
   pleading stage;

3. Because these two cases are [related] and involve the same
   questions pertaining to the application of the U.S. Parole
   Commission Procedures as applied to District of Columbia
   violators, allowing the cases to be consolidated will make
   the best use of the parties' resources and conserve the
   judicial resources of this Court.

Wherefore, for all of the foregoing reasons, Plaintiff Reginald S. Puifory,

respectfully request that this Court grant this Motion to Consolidate

the two pending cases before this Court.

## CERTIFICATE OF SERVICE

I, Reginald S. Puifory, hereby declare under penalty of prejury and in compliance with Title 28 U.S.C. §1746, that I have served a true and correct copy of the foregoing plaintiff's Motion to Consolidate upon the following:

> Kenneth Adebonojo
> U.S. Attorney's Office
> 555 Fourth Street, N.W., RM 4818
> Washington, D.C. 20530

served by first class U.S. mail, postage prepaid on this _____30th_____ day of _____August_____, 2007.

Reginald S. Puifory, pro se
Fed. No. 10597-007
USP Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REGINALD PUIFORY,               )
                                )
              Plaintiff,        )
                                )
        v.                      )        Civil Action No.: 07-cv-1007 (RCL)
                                )
EDWARD F. REILLY, Jr., Chairman, U.S. )
Parole Commission, et al.       )
                                )
              Defendants.       )
_____)

## DEFENDANT'S MOTION FOR AN ENLARGEMENT PURSUANT TO FED. R. CIV. P. 6(b)(2) TO FILE A DISPOSITIVE MOTION IN LIEU OF ANSWER

Pursuant Fed. R. Civ. P. 6(b)(2), Edward F. Reilly, Jr., Chairman, United States Parole Commission ("Defendant") through counsel, respectfully requests an enlargement of time until September 17, 2007, to file dispositive motion in lieu of answer. Plaintiff filed this complaint on June 5, 2007 and perfected service on June 28, 2007. Accordingly, an answer or other response was due yesterday. Defendant's motion should be granted because Defendant failed to file an answer or other response due to excusable neglect. In support of this motion, Defendants state the following:

1.      The complaint was filed on June 5, 2007 and service was perfected on June 28, 2007. Initially, the case was assigned to Assistant United States Attorney Judith Kidwell. However, the matter was recently reassigned to the undersigned along with several other matters challenging Defendant's parole regulations.[1]

_____

[1]     In addition to the within matter, there are four others: Phillips, 07-742; Seilmon, 06-1650; and Swinton, 07-1120, assigned to Ellen S. Huvelle, U.S.D.J. Also, there is Reid, 07-725, before Paul L. Friedman, U.S.D.J.

2.    As in the other matters, Plaintiff contends that Defendant's regulations violate the

Ex Post Facto clause of the United States constitution because the regulations have the effect of

lengthening their sentences.

3.    While there is on going discovery in the matters consolidated before Judge

Huvelle, Defendant takes the position in this matter that Plaintiff's complaint raises only legal

issues that can be adequately addressed in dispositive motions. Accordingly, Defendant seeks

additional time to file a dispositive motion.

4.    Moreover, Defendant's ability to prepare a dispositive motion was hampered by

the fact that Agency counsel was not in the office during the previous week due to sickness.

5.    The definition of excusable neglect "should depend in part upon the importance of

the matter involved and the prejudice, if any, to the other party." Ham v. Smith, 653 F.2d 658,

(D.C. Cir. 1981).

6.    This case presents constitutional claims that are undoubtedly significant. In

addition, Plaintiff is not prejudiced by a slight delay. Accordingly, Defendant respectfully

requests that the court exercise its discretion to extend time to file a dispositive motion.

7.    Since he is incarcerated, it is impracticable for the undersigned to confer with

Plaintiff about the within Motion.[2]

---

[2] Local Civil Rule 7(m) requires "counsel" to discuss nondispositive motions with
"opposing counsel." It does not require counsel to discuss those motions with pro se parties.
Nonetheless, it has been the general practice of this office to attempt to discuss such motions
with nonprisoner pro se parties. This practice is informed by, and consistent with, Local Civil
Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-
and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any *nonprisoner*
pro se party)" to meet and confer prior to a scheduling conference. LCvR 16.3(a) (emphasis
added).

2

Dated: August 27, 2007

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____
KENNETH ADEBONOJO
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7157


COUNSEL FOR DEFENDANT

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REGINALD PUIFORY,                          )
                                           )
                  Plaintiff,               )
                                           )
        v.                                 )        Civil Action No.: 07-cv-1007 (RCL)
                                           )
EDWARD F. REILLY, Jr., Chairman, U.S.      )
Parole Commission, et al.                  )
                                           )
                  Defendants.              )
_____)

## ORDER

        This matter having come before this Court on Defendants' Motion for an Enlargement of

Time to file a dispositive motion, it is hereby

        **ORDERED** that Defendants' motion is **GRANTED**.  It is further

        **ORDERED** that Defendants shall file their dispositive motion on or before September

17, 2007.

        **SO ORDERED** this _____ day of _____, 200__.


                                    _____
                                    United States District Court Judge

Case 1:07-cv-01667-RCL   Document 3   Filed 08/28/2007   Page 5 of 5

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Defendant's Motion for an Enlargement of Time to file

a dispositive motion in respond to Plaintiff's complaint was mailed by depositing a copy of it in

the U.S. Mail, first class postage prepaid, addressed to:


Reginald S. Puifory
R 10597-007
Lewisburg
U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 1000
Lewisburg, PA 17837


on this 28th day of August, 2007

KENNETH ADEBONOJO

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REGINALD S. PUIFORY,                    )
                                        )
            Plaintiff,                  )
                                        )
                                        )    Civil Action No. 1:07-cv-01007-RCL
                                        )
EDWARD F. REILLY, JR., et al.,          )
                                        )    **RECEIVED**
            Defendants.                 )
                                        )    SEP 1 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLAINTIFF'S MOTION TO CONSOLIDATE
## CIVIL RIGHTS COMPLAINT

Come now the plaintiff, Reginald S. Puifory, by and through this pro se motion and pursuant to Federal Rule of Civil Procedures 42(a) respectfully request leave of this honorable Court to consolidate this pending Civil Rights Action in Reginald S. Puifory vs. Edward F. Reilly, Jr., et al., 1:07-cv-01007-RCL in conjunction with Sellmon vs. Edward F. Reilly, Jr., et al., 1:06-cv-01650-ESH.

In support of this motion Mr. Puifory states:

1.  Plaintiff Reginald S. Puifory, filed the current pending Civil rights Act on date of 06/05/2007. There has been no substantive pleadings in this case commenced to dated;

2.  The case Titled 1:06-cv-01650-ESH was filed on 09/25/2006. This case has not proceeded to trail and remains in the primary pleading stage;

3.  Because these two cases are [related] and involve the same questions pertaining to the application of the U.S. Parole Commission Procedures as applied to District of Columbia violators, allowing the cases to be consolidated will make the best use of the parties' resources and conserve the judicial resources of this Court.

Wherefore, for all of the foregoing reasons, Plaintiff Reginald S. Puifory, respectfully request that this Court grant this Motion to Consolidate the two pending cases before this Court.

## CERTIFICATE OF SERVICE

I, Reginald S. Puifory, hereby declare under penalty of prejury and in compliance with Title 28 U.S.C. §1746, that I have served a true and correct copy of the foregoing plaintiff's Motion to Consolidate upon the following:

Kenneth Adebonojo
U.S. Attorney's Office
555 Fourth Street, N.W., RM 4818
Washington, D.C. 20530

served by first class U.S. mail, postage prepaid on this ___30th___ day of ___August___, 2007.

Reginald S. Puifory, pro se
Fed. No. 10597-007
USP Lewisburg
P.O. Box 1000
Lewisburg, PA 17837