UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
OCT 0 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

TONY R. SELLMAN, et al,
    PLAINTIFF's

CASE NO. 1:06-cv-1650
JUDGE ELLEN S. HUVELLE

MELVIN E. THOMAS
USP TERRE HAUTE, IN.
P.O. BOX 33
TERRE HAUTE, INDIANA
    47808
INTERVENER/PLAINTIFF

vs.

EDWARD C. REILLY, JR. et al.
    DEFENDANT'S

MELVIN E. THOMAS' REQUEST TO ALTER OR AMEND OR RECONSIDERATION OF THIS COURTS ORER ON SEPTEMBER 20, 2007: SEE RULE 59 (e) F.R.CIV.P.

NOW COMES Melvin E. Thomas, proposed intervenor requesting that the Court reconsider it's ruling denying intrevention as of right and as of permissive intervention. Thoams makes this request under the applicable Federal Rules of Civil procedure 59(e). In support of his request, he states the following: That he is entitled to intervene here because he has shown a "right to intervene and has met the requirements of the U.S. Court of Appeals for the District of Columbia Circuit to intervene as of right. Thomas also makes a showing that he is entiled to intervene as of permissive intervention under Rule 24 (b). Therefor, his motion qualified under both Rule 24(a) and Rule 24(b). Thomas motion was not time barred by any statue of limitation and he met each requerment to inervene as of right under Rule 24(a). See Memorandum in Support of Motion to Intervene. Thomas also shows that he was entitled to permissive intervention because he can also satisfy the requirements for permissive intervention.

With respect to permissive intervention, Thoamas meets the requirements under Rule 24(b)(2). He submits that [he] has a significant an a long-standing personal intexrest at stake in this litigation and he shows that he has met all requirements to be granted leave to intervene, as of right, or alternatively, taht permissive intervention should be granted. The District of Columbia Circuit has articulated three factors on which permissive intervention is dependant: (1) an independant ground for subject matter jurisdiction; Thomas asserts that the Court has subject matter jurisdiction under 42 U.S.C. § 1983. (2) a timely motion; Thomas asserts that his moyion is timely and that there is no statute of limitation on a request to intervene as long as it is filed within a reasonable time frame. (3) a claim or defence that has a question of law or fact in common with the main action; Thomas aslo shows that he has suffered denial's of his Due Process Right's and that he has been subjected to increaced punishment in violation of the Ex Post Facto Clause.

In conclusion, this Court should reconsider it's denial of Thomas' motion to intervene because he has shown that he meets both requirements under Rule 24(a0 and 24 (b). The granting of his motion will not cause undue delay or confusion because the claims and issues are the exact identicle claims and issues, "the claim or defence have a question of law or fact in common" as required by permissive intervention. See Masseahusetts Scholl of Law at Andover, Inc. (MSL) v. United States, 326 U.S. APP. D.C. 175, 118 F3d 776, 779 (D.C.Cir.1997) See Also Massachusetts v. Micro Soft Corp. 362 U.S. App. D.C. 152 (D.C. Cir.2004) Although the action Thomas seeks to intervene in has at least "five" different plaintiffs located in different prisons, each of whom is a

District of Columbia Code Offender, it is not a class action-eventhough it is addressing a "specific and a unique group of D.C. Code offenders treatment by the Federal Parole Commission". This action meets all requirements of a class action, because the plaintiffs are represented by counsel, Nverthe less, the Court has said this is not a class action But Thomas still should be allowed to intrevene because of the interest he has in the litigation, because he too has been treated unfairly by ]the defendants who systematically violate D.C. Code offenders rights to Due Process of Law and unconstitutionally and continuosly seek out and target D.C. Code offenders for harsher treatment much more sever than the prior D.C. Board of Parole and other state parole counterparts. For the foregoing, Thomas request for reconsideration under Rule 59(e) should be granted, and he request that the Court grant his motion to intervene.

DATE SpT. 27, 2007

Melvin E. Thomas #03584-000
Federal Correctional Complex
P.O. Box 33
Terre Haute, Indiana
47808

-END-

## CERTIFICATE OF SERVICE

I, Melvin E. Thomas due state under perjury that I have placed in the prison mail-box this Rule 59(e) Motion to Reconsider-Alter or Amend judgement on SepT. 27, 2007

Date SepT. 27. 2007

Melvin E. Thomas