UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TONY R. SELLMON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 06-1650(ESH) |
| ) | |
| EDWARD F. REILLY, Jr., ) | |
| Chairman of the United ) | |
| States Parole Commission, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OPPOSITION TO NOTICE OF RELATED CASE**

On September 24, 2007, Plaintiffs filed a Notice of Related Case pursuant to LCvR 40.5(b)(3) with *Puifory v. Reilly*, CA No. 07-1007 (RCL), and requested that both matters be consolidated. *Docket Entry 33*. Defendants oppose said notice on the grounds that Plaintiffs have not carried their burden to show that the matters involve common issues of fact or grow out of the same event or transaction. LCvR 40.5(a)(3). Although plaintiffs in both matters contend that the application of Defendants' regulations, rather than the District of Columbia Board of Parole's in denying them initial parole violated the Ex Post Facto clause of the Constitution, they have not shown that these denials involve common issues of fact or grow out of same event or transaction. Therefore, the matters are not related and Plaintiff's request should be denied.

The general rule governing all new cases filed in this jurisdiction is that they are to be randomly assigned. *Tripp v. Exec. Off. of Pres.*, 196 F.R.D. 201, 202 (D.C.D. 2000). An exception to this general rule is permitted under the related case rule. *Id*. In the civil context, cases are deemed related when they (i) relate to common property; or (ii) involve common issues

of fact; or (iii) grow out of the same event or transaction; or (iv) involve the validity or infringement of the same patent. *Id*. (noting that random assignment is based on considerations of fairness and equal distribution of cases whereas the related case rule is hinged on judicial economy).

In *Assinboine & Sioux Tribe v. Norton*, the court considered whether an individuals' and a tribe's claims regarding defendant's "trust obligations" under the Indian Trust Fund Management Reform Act were related. 211 F.Supp.2d 157, 158 (D.C. 2002). The court concluded that the matters were related because, *inter alia*, funds generated by grazing leases were deposited in one account, defendant handled the trust in the same manner regardless of whether the beneficiaries were individuals or a tribe and some leases included tracts of land where the beneficiaries were both individuals and tribes. *Id*. at 158-59. Accordingly, the matters were deemed related and assigned to the same judge. *Cf, Keepseagle v. Glickman*, 194 F.R.D. 1, 6 (D.C. 2000) (rejecting a related case designation that involved farmers belonging to a protected class who were allegedly affected by defendant's policies because the matters did not involve common facts or arise from the same event or transaction).

In this case, Defendants considered plaintiffs' eligibility for parole based on each individuals' factual situation as a distinct or discrete event or transaction. In *Puifory*, plaintiff was denied parole largely because he was involved in two homicides, the second of which occurred less than a year after he was paroled for the first. Other than a blanket claim that they "believe that their case is related to the Puifory case," Plaintiffs have not carried their burden to show that these matters are indeed related by setting forth common facts or that the matters arise from the same transaction. *John Doe #1 v. Von Eschenback*, 2007 U.S. Dist. Lexis 41221, *3

2

(D.C. 2007).

Under Plaintiffs' tortured interpretation of the related case rule, all inmates who were denied initial parole would have a case related to the within matter. *Tripp*, 196 F.R.D. at 202-03 (noting that one judge could become inundated with cases that have no direct factual nexus but might have only a tangential discovery connection). This result would pervert the related case rule and frustrate the Court's policy favoring random assignment of new cases.

Moreover, these matters are at different procedural junctures. While Plaintiffs' action involves ongoing voluminous discovery, a dispositive motion is pending in the *Puifory* matter. *Docket Entry 8*. Thus, the principles of judicial economy will not be advanced by a designation of these cases as related because such action would postpone a dispositive ruling on a matter that is clearly ripe for such disposition.

## CONCLUSION

Upon the foregoing, Defendants respectfully request that the court reject Plaintiffs' related case designation.

Dated: October 2, 2007                     Respectfully Submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/
KENNETH ADEBONOJO
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 514-7157
kenneth.adebonojo@justice.com

CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that service of the foregoing Opposition to Plaintiffs' Notice of Related Case was sent by e-mail to:

 Jason D. Wallach, Esq.
 DICKSTEIN SHAPIRO, LLP
 1825 Eye Street, NW
 Washington, D.C. 20006

 at wallachj@dicksteinshapiro.com

on this 2nd day of October, 2007.

              /s/
            KENNETH ADEBONOJO
            Assistant United States Attorney
            Judiciary Center Building
            555 4th Street, N.W.,
            Washington, DC  20530
            (202) 514-7157
            kenneth.adebonojo@usdoj.gov