UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DARU SWINTON**, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civil Action No.: 07-CV-1120 (ESH) |
| **EDWARD F. REILLY, Chairman,** **United States Parole Commission, et al.** | ) ) ) ) |
| Defendants. | ) ) |

## ANSWER

### FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

In response to the numbered and unnumbered paragraphs of the Complaint, Defendants respond as follows:

Defendants deny plaintiff's allegations in the unnumbered paragraphs of the caption page.

1.  Defendants admit the substance of this paragraph.

2.  Defendants admit that plaintiff became eligible for parole in July 2004; Defendants admit that the United Stated Parole Commission ("Commission") granted plaintiff an initial parole hearing in December 2003.

3.  The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants acknowledge that in assessing plaintiff's suitability for parole, Defendants considered the Commission's guidelines for D.C. Code offenders.

4. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants admit that the Commission determined plaintiff's salient factor score and base point score to both be 5. Defendants admit that plaintiff's total guideline range of time to be served before a suggested released was 102-112 months. Defendants deny that plaintiff's base point score was wholly based on the violence of his offense of conviction, and Defendants deny that they used plaintiff's base point score to increase the range of months that plaintiff was expected to serve to become eligible for parole.

5. Defendants admit that after plaintiff's initial parole hearing, the Commission added 12-15 months on to plaintiff's total parole guideline range because of plaintiff's institutional misconduct.

6. Defendants admit that the Commission subtracted 0-8 months from plaintiff's total parole guideline range as a result of he Commission's finding that plaintiff had engaged in superior program achievement. Defendants admit that the Commission granted plaintiff an award of superior program achievement for the time period the Commission found that he demonstrated superior programming.

7. Admitted.

8. Defendants admit the first sentence of this paragraph. Defendants admit that plaintiff had served more than two years longer than his minimum sentence under the D.C. Code, as of October 2006.

9. Admitted.

10. Defendants admit that plaintiff received a rehearing with the Commission in October 2006 and that the Commission utilized its guidelines for D.C. Code offenders in assessing plaintiff's parole suitability. Defendants deny the characterization of petitioner's institutional misconduct considered at the hearing. Defendants acknowledge that the Commission considered plaintiff for superior program achievement.

11. Admitted.

12. Defendants admit that the Commission calculated plaintiff's total guideline range to be 98-110 months. Defendants admit that, as of his 2006 hearing, plaintiff met the minimum sentence required by the D.C. Code. Defendants admit that the Commission denied plaintiff parole at this consideration. Defendants admit that, in denying plaintiff parole at this consideration, the Commission went above the guidelines for D.C. Code offenders, and Defendants admit that the Commission exceeded those guideline because the Commission found plaintiff to be a more serious risk than indicated by the guidelines.

13. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is deemed necessary, they are denied.

14. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is deemed necessary, they are denied.

15. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is deemed necessary, they are denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

The remainder of the Complaint is Plaintiff's request for relief. Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

WHEREFORE, it is respectfully requested that the Complaint be dismissed with prejudice and that the Court grant such further relief as it deems appropriate.

Dated: October 26, 2007                    Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
KENNETH ADEBONOJO
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room 4210
Washington, D.C. 20530
(202) 514-7157

COUNSEL FOR DEFENDANTS
