UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TONY R. SELLMON, <u>et al.</u>,<br><br>　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>EDWARD F. REILLY, JR., Chairman of the United States Parole Commission, <u>et al.</u>,<br><br>　　　　　　　Defendants. | Civil Action No. 06-1650 (ESH) |

**NOTICE OF RELATED CASE**

　　　　Pursuant to Local Civil Rule 40.5(b)(3), Plaintiffs submit this Notice of Related Case. Rule 40.5(b)(3) obligates "an attorney for a party in a civil . . . action" who "becomes aware of the existence of a related case or cases" to "immediately notify, in writing, the judges on whose calendars the cases appear" and to serve such notice on counsel for all parties.

　　　　On November 15, 2007, Plaintiffs became aware of the case *Smith v. Reilly*, No. 07-cv-1934, currently pending before Judge Rosemary M. Collyer. For the reasons set forth below, Plaintiffs believe that their case is related to the *Smith* case under Local Civil Rule 40.5.

　　　　The complaint in the *Smith* case asserts the same Ex Post Facto Clause claims as Plaintiffs herein assert based on the Defendants' use of their own parole guidelines as opposed to those of the District of Columbia Board of Parole ("Parole Board"). The legal issues in both cases include whether Defendants significantly increase the risk that an offender will serve a longer period of incarceration by using their parole guidelines to (1) add a period of months to an offender's minimum sentence (i.e., the period of incarceration the offender had to serve before becoming eligible for parole) to establish a new period of incarceration that an offender must serve to be presumed suitable for parole where under the Parole Board's guidelines and

2353300

practices, no such additional period was added; and (2) to increase the period an offender must serve to be presumed suitable for parole using disciplinary infractions that the Parole Board's guidelines and practices did not allow the Parole Board to use. These common legal issues turn, in part, on the Court's resolution of the following two factual issues:

    1. whether, in practice, the Parole Board considered an offender's minimum sentence, i.e., the period of incarceration the offender must serve before becoming eligible for parole, as satisfying offense accountability and, absent certain pre- and post-incarceration conduct and/or unusual circumstances, parole suitability; and

    2. whether the Parole Board used disciplinary infractions older than three years in evaluating an inmate's suitability for parole.

Dated: November 15, 2007

Respectfully submitted,
/s/ Jason D. Wallach
Jason D. Wallach, D.C. Bar No. 456154
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006-5403
(202) 420-2200
Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Notice of Related Case was sent on this 15th day of November, 2007 to

    1.  Kenneth Adebonojo, Counsel for Defendants Edward F. Reilly, Jr., Cranston J. Mitchell, Deborah A. Spagnoli, Patricia K. Cushwa, and Isaac Fulwood, Jr., and for the United States Parole Commission in this case by electronic mail;

    2.  the plaintiff in *Smith v. Reilly* by first class mail; and

    4.  the Honorable Rosemary M. Collery by first class mail.

    /s/ Jason D. Wallach