UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TONY R. SELLMON, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 06-1650(ESH) |
| EDWARD F. REILLY, Jr., Chairman of the United States Parole Commission, et al., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND DISCOVERY AND MOTION TO STAY FURTHER DISCOVERY PENDING RULING ON THE SUMMARY JUDGMENT MOTIONS**

Defendants, by and through the undersigned attorney, hereby oppose Plaintiffs' motion to extend discovery and move to stay discovery until the Court rules on the parties' dispositive motions.

**SUMMARY AND HISTORY OF THE CASE**

Plaintiffs in this case are various D.C. Code offenders convicted of violent offenses who have challenged the U.S. Parole Commission's decisions in their cases. In their original complaint brought pursuant to 42 U.S.C. § 1983, Plaintiffs allege violations of their constitutional rights under the Ex Post Facto Clause of the U.S. Constitution. Specifically, Plaintiffs request that this Court require the U.S. Parole Commission to apply the 1987 guidelines of the D.C. Board of Parole to them in the Commission's discretionary parole decision-making under the D.C. Parole statute and the National Capital Revitalization and Self-Government Improvement Act of 1997. See Amended Complaint at pages 43-44. Defendants

have answered the complaint, and discovery has ensued.  Defendants are presidentially-appointed and United States Senate confirmed sub-cabinet level officers of the United States Department of Justice, named in their official capacities, who are charged with making quasi-judicial parole determinations for all U.S. Code, D.C. Code, and military offenders under their jurisdiction.[1]

The named Plaintiffs in this case are various D.C. Code offenders who committed their crimes over a three-decade era.  Some of the Plaintiffs committed the crimes for which they are incarcerated before the District of Columbia considered any formal criteria for parole-release decision-making and some committed their crimes after the D.C. Board of Parole adopted formal parole guidelines to inform its discretion.  The U.S. Parole Commission considered several of the Plaintiffs under the 1987 guidelines of the D.C. Board of Parole and others under the revised guidelines for D.C. Code offenders, found at 28 C.F.R. § 2.80.  In sum, the Plaintiffs in this case are not a uniform class of individuals, and they all present unique and distinct backgrounds.  To the extent that they can be categorized together in a group, Plaintiffs are violent D.C. Code offenders convicted of multiple crimes such as murder, manslaughter, and rape.

For example Plaintiff, James Gambrell, was first sentenced to 18 years on a conviction for rape, kidnaping and related charges.  Mr. Gambrell was again arrested in 1973 for carrying a firearm.  In 1975, Mr. Gambrell was arrested on a charge of abduction and robbery in Michigan.  Mr. Gambrell is currently incarcerated in Lewisburg, Pennyvania on a conviction of armed robbery that resulted in a homicide.  Another Plaintiff, Charles Phillips, committed two

---

[1] The Parole Commissioners are also responsible for making release date determinations for U.S. citizens who have been convicted of crimes and sentenced in foreign countries and who request transfer to the United States under treaty to serve their foreign sentences.  See 18 U.S.C. § 4106A.

homicides within a six month period in 1977. The lead Plaintiff, Tony Sellmon, was convicted of committing a brutal homicide of a woman. Defendants contend that, because of the nature of their crimes and/or long history of violent criminal conduct, Plaintiffs will be unable to demonstrate that the insignificant change in Parole Board versus Commission guidelines resulted in a significant risk of increased punishment. Garner v. Jones, 529 U.S. 244, 251 (2000). Therefore, this case presents only questions of law that can be resolved on dispositive motions.

## BACKGROUND

### Discovery to Date

Since the filing of this lawsuit, Defendants have maintained that this matter presents only matters of law. Nevertheless, Defendants have worked with Plaintiffs and their attorneys in providing them with the discovery under the Federal Rules of Civil Procedure in order to bring this case to a conclusion. Defendants have responded to Plaintiffs' requests for admissions, provided all documents (to the extent available) under Plaintiffs' request for the production of documents, and have provided three witnesses so far for depositions. Defendants have provided all copies of the named Plaintiffs' parole files, as well as numerous regulations, policy statements, and intra-agency e-mails to Defendants throughout this process. For example, Defendants provided access to copy vendors of Plaintiff for parole files and information of other D.C. Code inmates that are not Plaintiffs in this action.

Defendants have also indicated to Plaintiffs that, to the extent they are immediately unable to respond to Plaintiffs' requests, Defendants will continue to search for documents and information and provide such as it becomes available. Defendants continue to search their documents, files, and computer systems to access information responsive to Plaintiffs' requests.

Defendants, who lead a staff of less than ninety individuals, have utilized their Office of General Counsel, Office of Case Operations, and Executive Office staff in responding to Plaintiffs' numerous discovery demands, and they continue to release new discoverable information to Plaintiffs as it becomes available. One example is Plaintiffs' request for copies of audio tapes from Plaintiffs' numerous parole hearings. Defendants are currently attempting to obtain copies of these tapes from the National Records Center, where such tapes are archived.

Prior to formal discovery in this case, Defendants granted Plaintiffs unlimited access to all of the discoverable materials in Fletcher v. Reilly, Civ. Act. No. 01-0601, a prior similar case challenging the Commission's re-parole guidelines under the Ex Post Facto Clause and permitted Plaintiffs to view and copy all of the documents disclosed to Plaintiff Fletcher (through the Public Defender Service for the District of Columbia). Such materials included many of the documents also specifically disclosed to Plaintiffs in this action, as well as copies of transcripts of numerous depositions of Commission staff and former staff and members of the D.C. Board of Parole and case files of other District of Columbia offenders. Defendants initially believed that disclosure of this information would satisfy Plaintiffs' discovery requests, but Plaintiffs insisted that additional discovery was necessary. Defendants acceded to this request, subsequently providing documents, answers to interrogatories, etc. to Plaintiffs.

During the course of this discovery, Defendants have provided three deposition witnesses requested by Plaintiffs. Among the deposition witnesses provided by Defendants, in their official capacity were a Commission hearing examiner, the Commission's General Counsel,[2] and the

---

[2] Although Defendants had reservations about permitting this individual to be submitted to deposition on attorney-client privilege grounds, in the interest of permitting Plaintiffs the fullest amount of discovery, Defendants acceded to Plaintiffs' request to depose this witness.

4

Commission's Case Operations Administrator.[3] Defendants, who are quasi-judicial decision makers, employ a staff of under ninety individuals who assist them in their official decision making duties regarding all parole-eligible D.C. Code offenders, U.S. Code offenders, and military offenders incarcerated in federal custody, have provided as much information, documents, and deposition testimony as feasibly possible to date. With the full knowledge of Defendants' limited staff resources, Plaintiffs nevertheless questioned Defendants' witnesses on numerous topics unrelated to the issues raised in the complaint and amended complaint. Plaintiffs now seek to extend the discovery in this case and seek to burden Defendants with additional depositions of high level government officials and the actual quasi-judicial decision-makers themselves.

In short, Defendants have already provided all information and documents relevant to the issues in this case and that are immediately available and have, to the best of their ability, provided Plaintiffs with the discovery they have requested.

Proposed Additional Discovery

Notwithstanding Defendants' discovery production and availability so far, Plaintiffs seek to depose additional Commission staff and the actual U.S. Parole Commissioners for discovery. Among the proposed deposition witnesses are more Commission hearing examiners and the

---

This witness testified extensively about parole practice procedures under the D.C. Board of Parole, Commission's parole practices under the National Capital and Self Government and Improvement Act of 1997, and the Commission's current parole practice under the Commission's guidelines for D.C. Code offenders.

[3] The Commission's Case Operations Administrator functions as the Commission's Executive Hearing Examiner and is the supervisor of the Commission's corps of hearing examiners, individuals who make official recommendations to the U.S. Parole Commissioners.

quasi-judicial decision makers themselves, the named Defendants in this case. Plaintiffs have now indicated that they desire to extend discovery further - more than one year after the initial filing of this action - to ascertain additional "unknown" information which Defendants believe is not relevant to the issues currently before the Court.   Specifically, Plaintiffs apparently seek to probe the minds of these quasi-judicial decision makers (Presidentially appointed and United States Senate confirmed Parole Commissioners, sub-cabinet level officers) and inquire why the Commissioners decided Plaintiffs' cases in the manner they did.

<u>Defendants Do Not Object to Extension of Time for Dispositive Motions</u>

Defendants do not object to Plaintiffs' motion to extend the time for the filing of dispositive motions.  Defendants believe that, given the current procedural posture of this case, an extension of time to brief the legal issues in this case is warranted, and that the Court would benefit from Plaintiffs' and Defendants' additional preparation and presentation of the legal issues in this case.  However, Defendants do object to the extension of time for additional discovery and do move that the Court stay any additional discovery pending summary judgment resolution because such additional discovery would not aid the Court in the resolution of the legal issues currently before the Court.

## **DEFENDANTS OBJECT TO FURTHER DISCOVERY**

Defendants object to the extension of discovery in this case and Plaintiffs' request to depose the named Defendants and others on a number of grounds.  Defendants contend that discovery should be stayed because, regardless of the facts, Plaintiffs are unable to demonstrate that the application of the virtually identical Parole Board and Commission guidelines to them significantly increased their risk of punishment.  First, Defendants contend that, because

Plaintiffs have not alleged that there are material facts in issue, there is no need for further discovery. Second, the record is clear that Plaintiff have had sufficient opportunity for discovery, and discovery should be closed. Additionally, the further discovery that Plaintiffs seek - the deposition of the sub-cabinet level U.S. Parole Commissioners in their decision-making capacities - is highly improper and would compromise their status as quasi-judicial officers. Furthermore, additional discovery or depositions in this case would be futile, as illustrated by the previous discovery that has been taken and the lack of merit to Plaintiffs' case.

> **A.    Because Plaintiffs have not alleged that a material issue of fact exists and because Plaintiffs do not argue that additional factual development is necessary, Plaintiffs' motion to extend discovery beyond the proposed summary judgment date should be denied.**

In their complaint and amended complaint, Plaintiffs do not allege that a material issue of fact exists that would warrant continuation of discovery in this case. Plaintiffs argue that Defendants have violated their rights under the United States State Constitution, most notably the Ex Post Facto Clause, and Plaintiffs allege that the United State Parole Commission has incorrectly and unlawfully applied various sets of guidelines to their cases. However, Plaintiffs do not allege that there are any material issues of fact which would warrant further development of the record. The record of the Commission's decision-making is clear and unambiguous and is within the parole determination record of each Plaintiff's case. See e.g. Walker v. Prisoner Review Board, 769 F.2d 396 (7th Cir. 1985)(review of parole denial is limited to officially stated reasons); Solomon v. Elsea, 676 F.2d 1982)(same). See also Castaldo v. U.S. Parole Comm'n, 725 F.2d 94 (10th Cir. 1984). Because Defendants have provided Plaintiffs with the complete parole determination record of Plaintiffs' cases, as well as all of the rules, regulations, and

policies the Commission employs in considering various D.C. Code offenders for parole, no further discovery is necessary. In moving for additional time for discovery, Plaintiffs merely seek to expand the record of parole decision-making in their cases, which is not judicially reviewable. Accordingly, Plaintiffs' request to extend discovery in this regard should be denied.

    **B.    Plaintiffs have had sufficient opportunity for discovery, and discovery should be closed.**

The record in this case shows that the Defendants have provided Plaintiffs with all the documents and discovery necessary to resolve this case. Defendants have provided, inter alia, the complete case files of the Parole Commission's decision making regarding the named Plaintiffs, the Commission's Rules and Procedures regarding D.C. Code offenders such as Plaintiffs, the available internal memoranda and e-mails requested by Plaintiffs, information considered by Defendants in the reports prepared by and for the Parole Commission, and other documents. Defendants have responded to Plaintiffs' request for admissions, interrogatories, and document requests, to the best of their ability. Defendants have provided three deposition witnesses, one of whom is the Commission's General Counsel, its top legal officer, and another of whom is the Commission's chief hearing examiner. Still, Plaintiffs seek additional deposition witnesses of this small federal agency, including almost every federal official who "touched" Plaintiffs' cases. Given that review of Commission decisions is limited to the official record, such proposed discovery is beyond the scope of reason, and therefore, the Court should not permit an extension of discovery.

In sum, Defendants have provided Plaintiffs with a wealth of information and documents and have made numerous other documents available to Plaintiffs for inspection. Defendants

have even made available to Plaintiffs documents from the Fletcher case to which Plaintiffs were not entitled under the Federal Rules of Civil Procedure, as a courtesy. As Plaintiffs note in their motion, there is a need for the Court to resolve this case, and Defendants aver that an expeditious resolution of the case is warranted. Continuing with discovery at this moment, however, will result in a further waste of government and judicial resources. Defendants contend therefore, that Plaintiffs have had an adequate opportunity to discover facts that may be relevant to the issues raised in their complaint (and amended complaint).

    **C.**    **Depositions of high level, sub-cabinet level officials Implicates Privileges**

In their motion to extend discovery, Plaintiffs state that they desire to depose the named Defendants in this action, the U.S. Parole Commissioners. Deposition of such individuals, and for the reasons Plaintiffs desire, is highly improper and should not proceed without Plaintiffs making a specific showing. It is hornbook law that, absent extraordinary circumstances, high level officers such as cabinet officers should not be subject to testimony or depositions. See United States v. Morgan, 313 U.S. 409, 422 (1941). The Court of Appeals has affirmed this principle on several occasions. See, e.g. Simplex Time Recorder Co. V. Secretary of Labor, 766 F.2d 575, 586-87 (D.C. Cir. 1985); In re Papendreau, 139 F.3d 247, 253-54 (D.C. Cir. 1998). Plaintiffs have not alleged any reason why the U.S. Parole Commissioners should be subject to deposition other than the fact that the proposed deposition witnesses are the named Defendants, the quasi-judicial decision makers and their assistants, hearing examiners, who take testimony and make recommended findings of fact and decisions. See generally Cavanaugh v. Wainstein, 2007 WL 1601723 (D.D.C. June 4, 2007).

The U.S. Parole Commissioners, identified by Plaintiffs as additional deposition witnesses, are appointed by the President of the United States and confirmed by the United States Senate. See 18 U.S.C. § 4202. Besides their official quasi-judicial decision making duties, the Commissioners also have the power to enact regulations and recommend official budgets to the Office of Management and Budget. See 18 U.S.C. § 4203. One of the Parole Commissioners is designated by the President of the United States as the Commission's Chairman. Under the parole statute, the Chairman of the Commission is charged with additional duties, and, because the Commission is a component of the United States Department of Justice, the Chairman serves as its component head. Additionally, the Chairman of the Commission is an ex officio member of the United States Sentencing Commission. See 18 U.S.C. § 4204. It is clear that under Morgan and the law of this circuit, that the Commissioners qualify as "high-level" government officials who should not be subject to deposition in this case. Permitting the Commissioners to be subject to deposition in this case could lead to subsequent depositions in other cases and set a precedent that would subject them to deposition in any of the hundreds of lawsuits filed by D.C. and U.S. Code offenders under the Commission's jurisdiction in any given year. Therefore, Plaintiffs' claim to extend discovery on this basis should be denied.

      **D.**      **Permitting the deposition of high level officials who are quasi-judicial decision makers would compromise their quasi-judicial status.**

To the extent that Plaintiffs seek to extend discovery to probe the minds of the Parole Commissioners (and their assistants) regarding their thought processes during the quasi-judicial decision making, such extension would be wholly improper and unauthorized. Indeed, the apparent main reason for Plaintiffs' request to extend discovery is that Plaintiffs desire to probe

the minds of the U.S. Parole Commissioners regarding the decisions they made in Plaintiffs' cases. ("Plaintiffs request an extension of discovery ... to allow Plaintiffs to compel the depositions of the additional witnesses they have identified." Plaintiffs' opposed motion to extend discovery at 3). Plaintiffs have asserted that they seek to take this course of action, and the previous depositions that have been taken in this case demonstrate that Plaintiffs have already attempted to probe the mind of one of the Commission's hearing examiners and the Commission's chief hearing examiner.

It is well-established that disgruntled participants in federal agency adjudicatory proceedings are never permitted to probe the decision maker's mental processes. See United States v. Morgan, 313 U.S. 409 (1941). See also San Francisco Mining Exchange, 378 F.2d 162, 168 (5th Cir. 1967)("An inquiry into the state of mind of administrative adjudicators during the decisional process is wholly improper") Plaintiffs' attempt to delve into the process by which hearing examiners make recommendations is therefore prohibited. See Davis v. Braswell Motor Freight Lines, Inc., 363 F.2d 600, 604 (5th Cir. 1966)(rejecting an attempt to "delve into the decision making process of an administrative agency."). As the United States Supreme Court stated in Morgan:

> Over the Government's objection the district court authorized the market agencies to take the deposition of the Secretary [of Agriculture]. He was questioned at length regarding the process by which he reached the conclusion of his order, including the manner and extent of his study of the record and his consultation with subordinates. ...But the short of the business is that the Secretary should never have been subjected to this examination. The proceeding before the Secretary "has a quality resembling that of a judicial proceeding." Such an examination of a judge would be destructive of judicial responsibility ... Just as a judge

> cannot be subjected to such scrutiny,...so the integrity of the administrative process must be equally respected.

313 U.S. at 421-22 [emphasis added].

Since the Morgan decision, the federal courts have uniformly rejected attempts like that of Plaintiffs to turn court proceedings into an opportunity for aggrieved litigants to take the depositions of their decision-makers.  The D.C. Circuit has upheld this principle, in order to uphold the integrity of the quasi-judicial process.  See Thomas v. Baker, 921 F.2d 1523, 1525-26 (D.C. Cir. 1991); Montrose Chemical Corp. Of Cal. V. Train, 491 F.2d 63, 69-70 (D.C. Cir. 1974).

Indeed, the D.C. Circuit has indicated that the deposition of members of the U.S. Board of Parole, the Commission's predecessor agency, is wholly improper, absent exceptional circumstances.  Simplex, supra, 766 F.2d at 587, citing United States v. Merhige, 487 F. 2d 25, 29 (4th Cir. ), cert. denied, 417 U.S. 918 (1974).  Because parole board members fall under the Morgan rule, there can also be no justification for permitting their subordinates to be deposed about their role in the decisions those officials make.  As the Eleventh Circuit stated in Porter v. Singletary, 49 F. 3d 1483, 1484 (11th Cir. 1995), "...we do not believe that an attorney conducting a reasonable investigation would consider it appropriate to question a judge, *or the court personnel in the judge's court*, about the judge's lack of impartiality." [Emphasis supplied]. Because Parole Commission decisions under D.C. Code § 24-404 to deny parole are ultimately made by the presidentially-appointed Commissioners, not by hearing examiners, any inquiry into the thought processes of a hearing examiner would also be a breach of the protection afforded to the Commissioners by the Morgan decision.  Plaintiffs have already asked one Commission hearing examiner and the Commission's chief hearing examiner about how much weight those

particular individuals granted, in their discretion, to certain factors in at least two of Plaintiffs' cases. Permitting Plaintiffs to further probe the minds of the Commission's hearing examiners and executive hearing examiners would continue this process, corrupting the independence of the Commission's decision-making ability.

The Court should thus decline to extend discovery so that Plaintiffs will not have additional opportunities to depose the Commissioners and their hearing examiners.

> **E.     The discovery that has already occurred in this case illustrates that additional discovery would be futile.**

Furthermore, the discovery that Defendants have already permitted to go forward shows that any additional discovery would be futile.  As noted above, Defendants have permitted the U.S. Parole Commission's General Counsel, its chief hearing examiner, and another hearing examiner to be deposed. Defendants have, in good faith, given Plaintiffs more than an adequate opportunity beyond a reasonable expectation, to discover facts relevant to their claims about the Commission's procedures for D.C. Code offenders.

Plaintiffs, however, have not used these depositions to discover facts relevant to those claims.  Instead, Plaintiffs have used these depositions primarily to discuss issues that are not relevant to the issue of whether the Commission unconstitutionally applied the revised guidelines for D.C. Code offenders to them, and the discovery that has occurred so far, however, has revealed that Plaintiffs and their counsel are probing beyond the scope of the current litigation and what is permitted under Morgan.  As noted above, Plaintiffs initially filed this action as a civil rights action under 42 U.S.C. § 1983, alleging that Defendants violated their civil rights, most notably under the Ex Post Facto Clause of the United States Constitution.

13

A review of several of the depositions so far demonstrates the futility of further depositions. For example, on November 7, 2007, Plaintiffs conducted a deposition of Paul Howard, a Commission hearing examiner.  Plaintiffs' counsel questioned Mr. Howard extensively about his recommendation to the Commission regarding Plaintiff Gambrell.  The case of Mr. Gambrell is the only case of the named Plaintiffs in which Mr. Howard participated, and it appears that Plaintiffs deposed this witness for that reason alone.  Plaintiff Gambrell's case, however, does not involve the application of a different set of parole guidelines than was utilized prior to the Commission's assumption of D.C. jurisdiction.  See Amended Complaint at ¶ 153-56 (expressing challenging the Commission's discretionary decision above the D.C. Board's guidelines).  Plaintiff Gambrell was initially heard by the D.C. Board of Parole under the 1987 guidelines of the D.C. Board of Parole, and pursuant to its policy at 28 C.F.R. § 2.80(a)(4), the Commission heard Plaintiff Gambrell under those same guidelines.  Despite Plaintiffs' admission in their complaint that the Commission did in fact apply the 1987 guidelines to Plaintiff Gambrell, Plaintiffs' counsel nevertheless deposed Hearing Examiner Howard and questioned him about the application of those exact guidelines to his case.[4]  In essence, Plaintiffs conducted the deposition of Hearing Examiner Howard to "discover" information that was largely irrelevant to Plaintiffs' claim of action under the Ex Post Facto Clause, as stated in their amended complaint.[5]  See Amended Complaint at pages 43-44.

---

[4]  When counsel for Defendants questioned Plaintiffs' counsel about the relevance of this questioning (and indeed the whole deposition), Plaintiffs' counsel stated that Plaintiffs may amend their complaint to include other claims such as vindictiveness.  To date, Plaintiffs have not done so.

[5]  Regardless of the relevance of this deposition to the issues presently before the Court, the deposition record shows that Plaintiffs' counsel sought to probe Mr. Howard's mind on why

Similarly, when Plaintiffs deposed the Commission's Case Operations Administrator Stephen J. Husk on November 20, 2007, Plaintiffs questioned Mr. Husk about his recommendation to the Commission in Plaintiff Carlton Martin's case. Plaintiffs asked Mr. Husk about the substance of his decision and the weight he granted to various factors in Plaintiff Martin's case and questioned Mr. Husk about Mr. Martin's case, where the Commission actually dispensed with those guidelines and exercised its discretion under D.C. Code § 24-404. In their complaint, Plaintiffs admit that the Commission exceeded the guidelines, dispensing with them and exercising their discretion to depart from them. See Amended complaint at ¶¶ 123-30. The extensive questioning regarding Mr. Martin's case about the application of the revised guidelines for D.C. Code offenders, when the Commission actually did not apply those guidelines in Mr. Martin's case, again demonstrates the futility and lack of relevance of this discovery. Plaintiffs' real claim regarding this Plaintiff is actually an "ordinary" claim challenging the Commission's above-the-guidelines decision, which is not appropriate for a constitutional claim under § 1983. See e.g. Ellis v. District of Columbia, 84 F.3d 1413, 1419-20 (D.C. Cir. 1996)(no due process liberty interest in parole under D.C. parole statute); Price v. Barry, 53 F.3d 369 (1995)(same). Accordingly, the deposition of Mr. Husk regarding Plaintiff Martin was futile and not likely to lead to further discoverable information regarding Mr. Martin's claims in this case.

## SUMMARY

The depositions of Hearing Examiner Howard, General Counsel Chickinell, and Case Operations Adminsitrator Husk have granted Plaintiffs sufficient information regarding the

---

he made his recommendation to the Commission, and further, counsel questioned Mr. Howard about his specific interactions and the substance of those conversations with the Parole Commissioners who made the decision in Mr. Gambrell's case.

Commission's application of the 1987 guidelines of the D.C. Board of Parole and the revised guidelines for D.C. Code offenders. Plaintiffs' desire to depose additional Commission staff and Parole Commissioners will not further Plaintiffs' understanding of Commission practice and would only seek to probe the mind of quasi-judicial parole decision makers and their assistants. Given this history of wasted government resources, and now judicial resources, permitting discovery beyond the Court's current briefing schedule would continue a waste of government and judicial resources and would not result in any further development of the record as to issues pertinent to this litigation.

## CONCLUSION

Simply put, the Court should deny the motion to extend discovery and should resolve this case in summary judgment, on the basis of the record, as developed so far.

Dated: December 10, 2007    Respectfully Submitted,

_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 514-7157
kenneth.adebonojo@justice.com

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that service of the foregoing Opposition to Plaintiffs' Notice of Related Case was sent by e-mail to:

Jason D. Wallach, Esq.
DICKSTEIN SHAPIRO, LLP
1825 Eye Street, NW
Washington, D.C. 20006

at wallachj@dicksteinshapiro.com

on this 10th day of December, 2007.

      /s/
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.,
Washington, DC  20530
(202) 514-7157
kenneth.adebonojo@usdoj.gov