## INDEX OF EXHIBITS TO PLAINTIFF
## CURTIS D. EASON'S STATEMENT OF UNDISPUTED MATERIAL FACTS

**EXHIBIT**      **DESCRIPTION**

Exhibit 1        D.C. Super. Ct. Judgment & Commitment/Probation Order of Curtis D. Eason (Nov. 9, 1988)

Exhibit 2        District of Columbia Board of Parole, Parole Determination Record (Mar. 11, 1998)

Exhibit 3        D.C. Bd. Parole Notice of Board Order (Feb. 23, 1998)

Exhibit 4        D.C. Reconsideration Prehearing Assessment (Mar. 9, 1999)

Exhibit 5        D.C. Reconsideration Hearing Summary (Mar. 30, 1999)

Exhibit 6        Notice of Action (Apr. 23, 1999)

Exhibit 7        Hearing Summary (Mar. 2, 2004)

Exhibit 8        Notice of Action (Apr. 1, 2004)

Exhibit 9        Hearing Summary (Mar. 13, 2007)

Exhibit 10       Notice of Action (Mar. 23, 2007)

# Eason

# Exhibit

# 1

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

RETURN TO JAIL

DATE

United States of America
District of Columbia

vs.

_____ D. Eason

Case No. F-14566-87

PDID No. 406-464

OCC-191

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of

I Second Degree Murder while armed

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been

convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _____

Not Less than (14) fourteen years to

Life.

PSI attached

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☒ MANDATORY MINIMUM term does not apply.

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows: _____

☐ Restitution of $ _____ in monthly installments of $ _____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to: _____

☐ _____

Costs in the aggregate amount of $ _____ have been assessed under the Victims of Violent Crime Compensation Act of 1981 and ☐ have ☐ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized officials, and that the copy shall serve as the commitment/order for the defendant.

_____
Date

_____
Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

11-9-88
Date

Claudette _____
Deputy Clerk

# Eason

# Exhibit

# 2

Tape *1A* at *000*

# DISTRICT OF COLUMBIA BOARD OF PAROLE
## PAROLE DETERMINATION RECORD
## PAROLE HEARING
## ADULT

RE: EASON, Curtis _____     231-040     406-964
     Inmate's Name                          DCDC#       PDID#

BIRTHDATE: *9.11.64*     BOP DOCKET # *14802.0036*

LOCATION: *Complex*     CONSIDERATION DATE: *2.20.98*

TYPE OF CONSIDERATION: ☒ Initial     ☒ Reconsideration

LAST BOARD ACTION, DATED___*N/A*___ : _____

ANALYST: _____     PREPARATION DATE: *2.19.98*

HEARING OFFICIALS: ___*Nelson*_____

OTHERS PRESENT: _____

☐ NO DISPOSITION, REASON: _____
    ☐ Reschedule by _____     ☐ Do Not Reschedule

INSTANT OFFENSE AND SENTENCE IMPOSED: _____
*Murder II w/Armed (F14566.87I) 14yrs-Life*

PRIOR OFFENSES: *Trespassing; Rob.; Assault & Battery;*
*Rob.; Rob w/Deadly Weapon; Assault w/I/T*
*Murder*

---

### QUALITY ASSURANCE

ANALYST: _____     DATE: *3.11.98*

1

RE:EASON, Curtis _____    231-040    406-964
     Inmate's Name    DCDC#    PDID#

DATES SENTENCES BEGAN: _____ *11.9.88 (2.9.90)*

FULL TERM DATE: _____ *Life*

MANDATORY RELEASE DATE: _____ *Life*

(PAROLE ELIGIBILITY/RECONSIDERATION DATE: _____ *3.18.98*

CONTINUALLY INCARCERATED SINCE: _____ *11.9.88*

NUMBER OF PAROLE CONSIDERATIONS THIS SENTENCE: _____ *0*

POINT ASSIGNMENT GRID SCORE AT LAST HEARING: _____ *0*

DETAINERS, PENDING CASES, SPLIT OR CONSECUTIVE SENTENCES: *N/A*

INSTITUTIONAL RECOMMENDATION AT THIS CONSIDERATION: *Grant parole*

_ANY SPECIAL INSTRUCTIONS FROM PRIOR CONSIDERATION: *N/A*

_OTHER PROGRAM RECOMMENDATIONS (Note Source): *N/A*

_DESCRIBE PROGRAMMING COMPLETED, OR OTHER COMMENTS: *Group Psycho Therapy; Furniture Repair - Apprentice Prog; AA Degree in Media Technician; CCRP - all levels; ETAP*

_ HO: *Good report from Violent Offenders Therapy Group.*

PDS.200 11/16/94    2

RE:EASON, Curtis                    231-040          406-964
        Inmate's Name               DCDC#            PDID#

FACTS OF INSTANT OFFENSE: _On 5-30-87, July was_
_identified as person who shot victim_
_in the rear of 1210 I St., S.E. during_
_altercation._

HO: Subject states he was buying drugs & got beat up by the dealer when
he questioned their quality. Pointed the perpetrator out to a police
officer, but they did not arrest him. A month later, subject ~~found~~ found
dealer again & shot him.

VICTIM IMPACT REMARKS: _____

FACTS OF NEW CRIMINAL OFFENSES OR DISCIPLINARY REPORTS:
4-22-92 Poss of Contraband - Class II - Guilty
Reprimand & Warning

HO: Found a dollar in some furniture he was repairing & was
going to send it to his son for his birthday.

All urines have been negative.

RE: EASON, Curtis _____     231-040 _____     _____
      Inmate's Name                       DCDC#             PDID#

ANALYSIS OF CRIMINAL HISTORY, SUBSTANCE ABUSE, MENTAL HEALTH
PROBLEMS, AND TREATMENT ATTEMPTS:

Has been known to the criminal justice system
since 1983 with arrests & convictions
for assault, weapon, battery, murder
& robbery offenses. Uses marijuana; PCP
cocaine. Was "high" on PCP the day of
the instant offense. Participated in outpatient

HO: drug program in state of Md as
part of probation requirement.

PERFORMANCE UNDER ANY TYPE OF COMMUNITY SUPERVISION: Subj.
was on parole/probation for state of
Md on robbery & assault w/i murder when
I.O. was committed.

HO: _____

PDS.200 11/16/94                    4

RE: __EASON, Curtis__ _____        __231-040___  _____
       Inmate's Name                          DCDC#             PDID#

## ANALYSIS AND CONCLUSIONS

__REGARDING INMATE'S INSTITUTIONAL ADJUSTMENT AND PAROLE POTENTIAL__

During service of this sentence, subject has made excellent use of his time. He has earned an AA Degree, completed several meaningful programs as well as furniture repair trade. However, subject's actions as regards instant offense coupled with the fact he was on parole/probation for assaultive charges from state, so impfad do not warrant parole at initial Hearing.

HO: A life was lost. Deny Parole is recommended.

Subject states his learned to "control his emotions & swallow his ~~own~~ pride."

Incarcerated since 6/87, first in Maryland for a robbery charge & assault w/ intent to murder (he pulled a knife on the arresting officer as they struggled) Then in DC since 12/89.

Subject's conduct & programming has been excellent during his 11 years' incarceration. He is extremely remorseful for his offense. He appears ~~likely~~ no longer to pose a threat to society. ~~Parole is reco~~ The deliberate nature of his offense does not warrant a grant outside the guidelines. It does, however, justify a guideline set of.

PDS.200 11/16/94         5

DISTRICT OF COLUMBIA _ ARD OF PAROLE                                    page 3

RE:EASON, Curtis                              231-040          406-964
     Inmate's Name                        DCDC#            PDID#

## SALIENT FACTOR SCORE
### Initial Hearing Only

Anl   HO

*0*

**Prior Convictions or Adjudications (Adult or Juvenile):**

| Year | Offense | Sentence |
|------|---------|----------|
| 1. *1983* | *Trespassing* | *Probation* |
| 2. *1983* | *Rob* | *2yrs* |
| 3. *1983* | *Assault + Battery* | *4yrs all susp but 6a* |
| 4. *1985* | *Rob* | *5yrs suspended* |
| 5. *1987* | *Rob w Deadly Weapon* | *10yrs* |

*1 commitment* OTHERS *1987 Assault w/it Murder*

     None..3    One..2    Two-three..1    Four or more..0

*0* **Prior Commitments Longer than Thirty Days (Adult or Juvenile)**
     None..2    One-two..1    Three-four..0    Five or more..0

*0* **Prior Commitments in the Three Years Preceding Current Offense**
     None..1    One or more..0

*0* **Status at Time of (or Included in) Current Offense**
     Not on probation, parole, confinement or escape status..1
     On probation, parole, confinement, or escape status..0

*2* **Age at Current Offense (in Years)**
     26 or more..2    20-25..1    19 or younger..0
     Regardless of age, five or more prior commitments..0

*1* **History of Heroin/Opiate Dependence**
     No..1    Yes..0

*3* **TOTAL SCORE**

| 10-9(Low Risk)= 0 Points | 8-6(Fair Risk)= 1 Point |
|--------------------------|-------------------------|
| 5-4(Moderate)= 2 Points | 3-0(High Risk)= 3 Points |

☐   ☐   **INITIAL POINTS**

## NEGATIVE INSTITUTIONAL BEHAVIOR
### INITIAL

☐  ☐  1 Class I murder, manslaughter, kidnapping, armed robbery
☐  ☐  1 Class offense other than above during last ½ of minimum
     sentence, except not less than 12 months or more than 3 years
     preceding hearing
☐  ☐  2 Class II offenses

### RECONSIDERATION

☐  ☐  1 Class I offense (since last consideration)
☐  ☐  2 Class II offenses (since last consideration)

## SUSTAINED PROGRAM OR WORK ASSIGNMENT ACHIEVEMENT

☒  ☐  1 or 2 educational or vocational programs, or program levels which
     enabled offender to develop an academic or job-related skill, or
     progress to higher level of difficulty or skill in program area
☐  ☐  Received G.E.D.
☒  ☐  Received A.A. or B.A.
☐  ☐  1+ short-term special needs programs for an identified problem
     (e.g., drug treatment, psychological counseling)--not 2-day DAATP
☒  ☐  1+ work details for at least 1/3 of this period of incarceration

RE:EASON, Curtis _____     231-040      406-964
      Inmate's Name                          DCDC#        PDID#

## POINT ASSIGNMENT GRID

| | INITIAL PAROLE HEARING | | | | RECONSIDERATION |
|---|---|---|---|---|---|
| Salient Factor Score | 10-9 | 8-6 | 5-4 | 3-0 | Point Assignment Grid Score Total From Previous Consideration |
| Degree of Risk | +0 Low | (+1)Fair | +2 Mod. | (+3 High) | |
| Current or 2+ Prior Felony Convictions Where Offense Involved Violence, Weapons, or Drug Trafficking | Anl  HO | Anl  HO | Anl  HO | Anl  HO | Anl _____ HO _____ |
| | +1  +1 | (+1)  +1 | +1  +1 | (+1)  +1 | |
| Negative Institutional Behavior | +1  +1 | +1  +1 | +1  +1 | +1  +1 | +1       +1 |
| Sustained Achievement | -1  -1 | -1  -1 | -1  -1 | (-1)-1 | -1       -1 |

TOTAL POINTS THIS CONSIDERATION: _____ *3* _____
                            Analyst            Hearing Official

| | Initial | Reconsideration | DECISION GUIDELINE RECOMMENDATION |
|---|---|---|---|
| ☐ | 0-2 | 0-3 | Grant parole |
| ☑ | 3-5 | 4-5 | Deny parole, schedule reconsideration |

SETOFF GUIDELINE RECOMMENDATION
☐ Less than five years remain    reconsider within 6 mos. of hearing
☐ Five or more years remain      reconsider within 12 mos. of hearing

ANALYST'S RECOMMENDED DISPOSITION: *Deny Parole.*
*Recon - 3·18·2003 (5 yrs)*
    Disposition Codes: *DE-01-6?* _____ - _____

SPECIAL INSTRUCTIONS/CONDITIONS:
    Code: *6*   *Work detail*
    Code: *7*   *No new DR's*
    Code: *3*   *College Courses (BA/BS)*

Disposition is Inside Guidelines    ☒ Yes    ☐ No
Setoff is Inside Guidelines         ☐ Yes    ☒ No
COUNTERVAILING FACTOR CODES: *69*    *63*    *61* _____

SUPPORTING FACTS _____
_____
_____
_____

RE:EASON, Curtis _____     231-040____     406-964____
    Inmate's Name                        DCDC#            PDID#

OTHER REMARKS:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

☐ Subject confirms plan information in progress report

☐ Changes in plan information: _____

_____

PDS.200 11/16/94                    8

RE:EASON, Curtis _____     231-040 ___     406-964 ___
      Inmate's Name     DCDC#     PDID#

## HEARING OFFICIAL'S RECOMMENDATION

☐ ACCEPT ANALYST'S RECOMMENDATION (on Page 7)

☑ OTHER RECOMMENDED DISPOSITION: ~~XXXXXXXXXX~~

_Deny parole; reconsider by_ 3/18/99

Disposition Codes: _DE_ - _01_ - _61_ ____ - ____ - ____

SPECIAL INSTRUCTIONS/CONDITIONS:

    Code: _05_ _____

    Code: _07_ _____

    Others: _____

    Disposition is Inside Guidelines  ☑ Yes  ☐ No
    Setoff is Inside Guidelines  ☑ Yes  ☐ No

COUNTERVAILING FACTOR CODES: _____  _____  _____  _____

STAFF FOLLOWUP ACTIONS: _____

_____

BY: _____  DATE: _2/20/98_
      Hearing Official

CONCURRENCE:  Based on examination of the relevant information in this case,
the Board concurs with the disposition recommended by the Hearing Official, and
hereby orders the issuance of the appropriate implementing documents.

Board Member: _____  Date: _8/20/98_

Board Member: _____  Date: _2/23/98_

Board Member: _____  Date: _____

## NONCONCURRENCE--See Attached Form BOP.902

☐ Erias Hyman  ☐ Donald Streater  ☐ Polly Nelson

☐ Margaret Quick  ☐ Marcelino Cruces

# Eason

# Exhibit

# 3

  

# The Board of Parole
## of the
## District of Columbia

### NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

DCDC 231-040        **NAME** CURTIS D EASON

DOB 09/11/1964       SSN 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     **LOCATION** COMPLEX

DOCKET H9802-0036     **CONSIDERATION TYPE** H:INITIAL

The District of Columbia Board of Parole issues the following **ORDER:**

    DENY PAROLE; RECONSIDER FOR PAROLE BY 03/18/1999

Implementation of this Order shall include the following:
Special Instructions for Reconsideration

    PROGRAM PARTICIPATION
    NO NEW DISCP. REPORTS

Remarks:

02/23/1998
_____
Date

_Margaret Quick_

_____
Chairman
on behalf of the Board of Parole

A TRUE COPY
TEST

_Michael Green_

Director, Michael Green
Parole Determination
D.C. Board of Parole

[ Institution ]

# Eason

# Exhibit

# 4

## D.C. RECONSIDERATION PREHEARING ASSESSMENT

**Hearing Type:** DC Reconsideration

**Name:**        EASON, Curtis

**D.C. No:**      00231-040

**Date Dictated:** 3/9/99

*Offense: Murder II*

**Institution:** Central Facility

**Short Term Date:** Life

**Full Term Date:** Life

**Fines/Restitution/Court Assessment:** No

**Reviewer:**    Jacqueline R. Wynn

I.    PREVIOUS PAROLE BOARD ACTION:

The previously computed point score was 3 with the subject having a SFS of 3. He was denied parole by the DC Board of Parole on 2/23/98 and given a 1 year rehearing date. Both the disposition to deny and the established rehearing date were within the policy guidelines of the DC Board of Parole.

The special instructions for reconsideration were program participation and no new disciplinary reports.

II.   INSTITUTIONAL ADJUSTMENT AND RELEASE PLANS:

The subject has not suffered any incidents throughout the service of this sentence. During this rehearing period he has also remained incident free.

The subject continues to work in the Industries (Furniture Repair). He has held this assignment since 1991. He received excellent work reports from his detail supervisor.

Prior to his Initial Hearing the subject earned his AA Degree in Media Technology from the University of the District of Columbia. There is no indication that he is still involved in the college program.

The subject completed all levels of CCRP and the Employment Technique Awareness Program prior to his Initial Hearing.

Upon release the subject plans to reside with his mother in Upper Marlboro, Maryland. He also has an employment prospects.

The subject has no pending charges or detainers filed against him.

III.  MISCONDUCT DETAILS:  (rescission consideration):

None

GRID SCORE:

Salient Factor Score:

EASON.231                                            Page 1 of 3

```
A  = 1
B  = 1
C  = 2
D  = 1
E  = 1
F  = 0

Total = 6
```

Point Assignment Score:  2

The subject is being credited with program achievement reducing his point assignment from a 3 to a 2.

## IV.  CODEFENDANTS:

No new information.

## V.  RISK: Is this offender a more serious risk ?  If so, describe.

The subject is a more serious risk then his SFS would indicate.  At the time of his arrest on the current offense the subject had a similar charge pending in the state of Maryland in 6/87 he was arrested for Robbery With a Deadly Weapon; Assault with the Intent to Murder.  He was sentenced to 20 years, all, but, 10 years suspended with 5 years probation.  That probation was revoked and a 10 year sentence was imposed.

The subject was transferred from Maryland to Washington, DC under writ, received the current conviction and transferred back to Maryland.  He was sentenced to the 14 year to Life term in the DC Superior Court on 11/9/88 and was delivered to begin service of this sentence on 2/9/90.  In addition to these 2 violence offenses, the subject had previous convictions of Robbery, Assault and Battery and Robbery.  All of which he received convictions for in the state of Maryland.  Based on the subject's prior conviction record, it is clear that he is a more serious risk than his SFS would indicate.

## VI.  EVALUATION:

The subject is appearing for reconsideration on the 14 year to Life sentence.  On 11/9/88, he was sentenced to 14 years to Life for the offense of Murder II While Armed.  The subject was originally indicted for Murder I While Armed, Felony Murder, Assault With a Dangerous Weapon (Pistol) and Armed Robbery.  He was allowed to plead guilty to a lesser offense resulting in the conviction for Murder II While Armed.  According to the Pre-Sentence Report the subject on 5/30/87 shot and killed the victim during a robbery.  A witness to the crime indicated that he heard what sounded like fire crackers.  He turned around and saw two men confronting each other.  The witness then saw one of the men take something off of the victim's wrist and the man placed a gun in the victim's stomach and shot him.  The victim fell to the ground and the man ran from the parking lot and fired two or three gun shots as he was running.

EASON.231                                                      Page 2 of 3

Two other witnesses gave statements to the police.  They all identified the subject from an array of photos.

The subject has been continually in custody almost 11 years.  In 10/87, his probation was revoked in the state of Maryland for Robbery With a Deadly Weapon; Assault With the Intent to Murder.  He has remained in continuous custody since that time.  The issue is whether or not the subject should be considered for parole at this Reconsideration Hearing.

The subject is now within the parolable guidelines with a total point score of 2.  The issue is whether or not 11 years in custody is adequate accountability for the taking of a life during a robbery offense.

GTT
March 17, 199

# Eason

# Exhibit

# 5

## D.C. RECONSIDERATION HEARING

| | | | |
|---|---|---|---|
| **Hearing Type:** | DC Reconsideration | **Institution:** | DC/DC Central |
| **Name:** | EASON, Curtis | **Mandatory Release/Short Term Date:** | Life |
| **D.C./Reg. No:** | 00231-040 | **Full Term Date:** | Life |
| **Hearing Date:** | 3-30-1999 | **Fines/Restitution/Court Assessment:** | None |
| **Date of Birth:** | | **Months in Custody:** | |
| | | **Reviewer:** | Samuel R. Robertson |

**Recommended Release:**

---

I.  **PREVIOUS PAROLE BOARD ACTION:**

See prehearing assessment dated 3-9-1999.

II.  **CODEFENDANTS:**

No information available.

III.  **INSTITUTIONAL ADJUSTMENT AND RELEASE PLANS:**

See prehearing assessment dated 3-9-1999.

This examiner confirmed at today's hearing through an interview with the prisoner and also through a review of the prisoner's institutional file that he has done an exemplary job in terms of adjustment and programming. The prisoner continues to remain assigned to the institution industries (furniture repair) where he has worked since 1991. He receives superior work reports in this capacity.

Regarding programming, the prisoner has earned his associate's degree in Media Technology from the University of DC while confined. At today's hearing, he indicated that he is continuing to pursue his college program and has approximately six additional courses to obtain his bachelor's degree.

In addition to the college program, the prisoner has apparently earned a vocational training certificate from industries in furniture repair and upholstery. It appears that the program is an 8,000 hour VT course.

The prisoner has also completed the five levels of CCRP and ETAP.

EASON.231                                               Page 1 of 3

The prisoner is apparently in good health, maintaining regular duty and housing assignments.

Upon release, he indicates that he intends to reside in Maryland with his mother. He offered at today's hearing that he has an offer of employment from Demo Refuse Removal in Washington, DC. There appear to be no detainers lodged or charges pending in this case.

Misconduct Details: None.

Grid Score: The prisoner had a computed DC grid score of 3 points subsequent to his last hearing which occurred in March of 1998. Inasmuch as the prisoner has not sustained any new misconducts and has continued to program, this examiner agreed with the prereviewer that one point should be deducted for programming which would give the prisoner a total point score of 2 at today's hearing.

Salient Factor Score:

A = 1
B = 1
C = 2
D = 1
E = 1
F = 0

6  = Total Score

IV.   **FINES/RESTITUTION/COURT ASSESSMENT:**

V.   **REPRESENTATIVE:**

VI.   **RISK: Is this offender a more serious risk?**

This examiner believes that the prisoner would indeed be a more serious risk than the salient factor score would indicate. A review of the prisoner's prior offense history indicates that he has sustained the following convictions: 3-14-1983 - Assault and Battery and Robbery; 12-16-1985 - Robbery and 6-16-1987 - Robbery With Deadly Weapon and Assault With Intent to Murder. Moreover, while on probation from the 1987 robbery with deadly weapon and assault with intent to murder offense, the prisoner was involved in the instant conduct involving an armed robbery in which he shot his victim to death and which did result in the instant DC sentence of Life. This examiner would conclude that the fact that the prisoner has been involved in four consecutive violent or assaultive offenses is not adequately addressed by the DC grid total point score.

VII.   **EVALUATION:**

The prisoner is serving a 14-year to Life DCA sentence for Murder II While Armed. It is noted that the prisoner was allowed to plead to a lesser offense inasmuch as he was originally charged

EASON.231                                                              Page 2 of 3

with First Degree... It appears that the prisoner has been in continuous creditable custody according to the DC computation since 2-9-1990. It should be noted however, that the prisoner has actually been in continuous custody from at least 11-9-1988, however, that custody was apparently in Maryland.

In this regard, it is noted that the prisoner had apparently been writted from Maryland to DC receiving the instant 14 year to Life sentence on 11-9-1988 and subsequent to the DC sentencing was returned to Maryland to complete his sentence there. Subsequently, he was then returned to DC on or around 2-9-1990 and commenced the actual service of the instant sentence.

As noted at today's hearing, the prisoner would have a DC grid score of 2 points which would indicate under the DC procedures that normally parole would be granted at the rehearing. However, this examiner believes that the prisoner is a more serious risk than the salient factor score would indicate based on his prior offense history reflecting consecutive convictions for violent or assaultive offenses. The prisoner certainly is doing extremely well in terms of programming and conduct, however, in this examiner's opinion, the prisoner's favorable institutional adjustment does not outweigh the issues of risk or accountability. This examiner would believe that for the nature of the prisoner's instant offense some minimal sentence service of up to 20 years would be indicated or possibly even more. It appears that the prisoner has served between 10 and 11 years in continuous custody at this juncture and again in this examiner's opinion, it simply would not be sufficient for purposes of accountability not to mention the issue of risk.

This examiner will recommend that the DC grid score recommendation be overridden based on the issues of accountability and more serious risk and that the prisoner receive a rehearing in approximately 60 months.

## VIII.    RECOMMENDATION:

Deny parole. Continue for rehearing in March 2004.

## IX.    REASONS:

CLW
April 9, 1999

EASON.231                                                Page 3 of 3

## U.S. PAROLE COMMISSION
## D.C. POINT ASSIGNMENT GRID FOR REHEARINGS
### NOT PAROLE VIOLATORS – OLD D.C. POINT SCORE

NAME _Eason Curtis_    REG. NO./D.C. NO. _60281+04_ ELIGIBILITY _kes 3-18-9?_

INSTITUTION _Central_    HEARING TYPE _Rehearing_    DATE _3-18-99_

---

### Point Score

1. **Points From Previous Hearing**          _3_          (Pre-August 5, 1998 Decisions only)

---

2. **Negative Institutional Behavior Since Last Consideration**          +1

---

3. **Program Achievement Since Last Consideration**          (-1)

---

**Total Points** _2_

IF POINTS = 0-3: Parole shall be granted at this rehearing with highest level of supervision required.

IF POINTS = 4-5: Parole shall be denied and a rehearing date scheduled.

Findings                                                                         Yes          No

A.    **INSTITUTIONAL ADJUSTMENT**
      Has this offender committed serious infractions (ad-
      judicated under Department of Corrections due process
      procedures)?                                                         ____        ✓

B.    **INSTITUTIONAL PROGRAM PARTICIPATION**
      Has this offender demonstrated sustained achievement in
      the area of prison programs, industries or work assignment
      during this period of incarceration?                                 ✓          ____

---

Revised 10/20/1998

Examiners Initials _SRP_
Reviewers Initials _____

WORKSHEET FOR D.C. ADULT OFFENDERS
Reasons For Decision

NAME *Eason Curtis*                          NUMBER *00231-040*

[NO DEPARTURE FROM DECISION SUGGESTED BY POINT SCORE]

1.

You have a total point score of ___ under the guidelines for D.C. Code offenders. (See attached point assignment grid). The guidelines indicate that parole (should not)(should) be granted at this time. After consideration of all factors and information presented, a departure from the guidelines at this consideration is not warranted.

[select one]

_____ Your rehearing date is set according to the time ranges established by the guidelines for the time to rehearing. The range in your case is _____ months.

OR

_____ The guidelines for the time to rehearing indicate that your next hearing should be scheduled within _____ months. A departure from these guidelines is warranted because_____
_____
_____
_____

[DEPARTURE FROM DECISION SUGGESTED BY POINT SCORE]

2.

Your have a total point score of __2__ under the guidelines for D.C. Code offenders. (See attached point assignment grid). The guidelines indicate that parole should be granted at this time. However, a departure from the guidelines at this consideration is found to be warranted because *you are a more serious risk than your DC total point score of 2 indicates. your prior history reflects convictions for Assault + Battery in 1983; Robbery in 1985; Robbery with Deadly Weapon and Assault W Inten*

[select one]

_____ Your rehearing date is set according to the time ranges established by the guidelines for the time to rehearing. The range in your case is __ _____ months:

OR

_____ The guidelines for the time to rehearing indicate that your next hearing should be scheduled within _____ months. A departure from these guidelines is warranted because: _____
_____
_____
_____

*Murder Murder in 1987. Moreover while on prob from the 1987 conviction you committed th instant offense involving Murder while an receiving the life sentence.*

Revised 9/9/98

# SALIENT FACTORS

**Item A. PRIOR CONVICTIONS/ADJUDICATIONS (ADULT OR JUVENILE)** ............... 3 ........ [1]

None=3; One=2; Two or three=1; Four or more=0

**Item B. PRIOR COMMITMENT(S) OF MORE THAN 30 DAYS *(ADULT/ JUVENILE)*** ................. [1]

None=2; One or two=1; Three or more=0

**Item C. AGE AT CURRENT OFFENSE/PRIOR COMMITMENTS** ............... [2]

| 26 years or more | + 3 or less prior commitments | = 3 |
| | + 4 prior commitments | = 2 |
| | + 5 or more commitments | = 1 |
| 22-25 years | + 3 or less prior commitments | = 2 |
| | + 4 prior commitments | = 1 |
| | + 5 or more commitments | = 0 |
| 20-21 years | + 3 or less prior commitments | = 1 |
| | + 4 or more prior commitments | = 0 |
| 19 years or less | + any number prior commitments | = 0 |

**Item D. RECENT COMMITMENT FREE PERIOD *(THREE YEARS)*** ............... [1]

No prior commitment of more than 30 days (adult or juvenile) or released to the community from last such commitment at least 3 years prior to the commencement of the current offense =1; Otherwise=0

**Item E. PROBATION/PAROLE/CONFINEMENT/ESCAPE STATUS VIOLATOR THIS TIME**

Neither on probation, parole, confinement, or ................................................... [1]
escape status at the time of the current offense;
nor committed as a probation, parole, confinement,
or escape status violator this time =1; Otherwise =0

**Item F. OLDER OFFENDERS** ................................................................... [0]

If the offender was 41 years of age or more at the commencement of the current offense (and the total score from Items A - E above is 9 or less) =1; Otherwise =0

**TOTAL SCORE** ................................................................................. [0]

# Eason

# Exhibit

# 6

**U.S. Department of Justice**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

Name: EASON, Curtis

Register Number: 00231+040                Institution: Lorton - Central Facility

In the case of the above-named, the following parole action was ordered:

Deny parole. Continue for a rehearing in March, 2004.

THE ABOVE DECISION IS NOT APPEALABLE.

<u>REASONS</u>:

Your previous score under the District of Columbia parole guidelines was 3. With adjustments reflecting your institutional record since your last hearing, your current score is 2. You continue to be scored under the 1987 guidelines of the D.C. Board of Parole. Those guidelines indicate that parole should be granted at this time. After review of all factors and information presented, a departure from the guidelines at this consideration is warranted for the following reasons: You are a more serious risk than indicated by your total point score in that your prior history reflects convictions for assault and battery in 1983; robbery in 1985; robbery with a deadly weapon and assault with intent to murder in 1987. Moreover, while on probation from the 1987 conviction, you committed the instant offense involving murder while armed, receiving a life sentence.

Date: April 23, 1999                                        Clerk: adc

Page 1 of 1                        EASON.231

# Memorandum

Due Date 1-20-99



**Subject Name:** Gason, Curtis

**Reg. No. DCDC#** 00231+ 040

**Date** 4/16/99

**To**

National Commissioners
U.S. Parole Commission

**From** John R. Simpson

John R. Simpson
Regional Commissioner
U.S. Parole Commission

This case is being referred pursuant to the provisions at 28 CFR § 2.24(a) to comply with the District of Columbia Parole Board member quorum requirement applicable to Cosgrove cases. There is no disagreement between the panel or myself in this case.



U.S. Department of Justice
U.S. Parole Commission

## ORDER

080225

Name  *Eason, Curtis*

Register Number  *00231-040*    Institution  *DCDC Central*

In the case of the above-named, the Commission has carefully examined all the information at its disposal and the following action with regard to parole, parole status, or mandatory release status is hereby ordered:

Deny parole. Continue for a rehearing in *March 2004*, ~~after the service~~ ~~of_____ months from your parole eligibility date of_____~~.

Base point score_____

| | | |
|---|---|---|
| ___ | 0-4 | 12-18 |
| ___ | 5 | 18-24 |
| ___ | 6 | 18-24 |
| ___ | 7 | 18-24 |
| ___ | 8 | 18-24 |
| ___ | 9 | 22-28 |
| ___ | 10 | 26-32 |

*Samuel R Robertson*   8-30-99

*J Thompson*   4/16/99

*Jno R Simpson*   4/16/99

*Edward F Reilly*   4/19/99

Date_____

_____

Date_____

_____

*(Date Notice sent)*          *(Region-specify)*

National Appeals Board_____
                    *(check)*

National Commissioners_____
                    *(check)*

Full Commission_____
                *(check)*

PAROLE FORM
A-51

# Eason

# Exhibit

# 7

# HEARING SUMMARY

**Name:  Eason, Curtis**                                    Reg No:  **09114-007**

## Hearing Parameters

Hearing Type ...............................: **Rehearing (Initial Hearing Before 8/5/98)**
Hearing Date ...............................: 3/2/04
Examiner ......................................: Jacqueline R.D. Wynn
Institution .....................................: Lee County USP

## Sentence Parameters

Sentence Type ..............................: **DC Parole Eligible**
MR/Statutory Release .................: Life
Full Term Date .............................: Life
Months in Custody.......................:  as of
Fines/Restitution/Assessment ......: None
Detainer........................................: None

**Additional text regarding the above parameters:  None.**

---

## Prior Action & Institutional Factors

**Prior Action:**  See Prehearing Assessment dated 2/10/04.

**Codefendants:  None.**

**Representative & Representative's Statement:** None.

**Prisoner's Statement:**  The subject admits to the offense behavior, SFS and guideline items.

## Disciplinary Infractions

**No. 1 - BOP Incident Report No. 1036419**
    **Description of Behavior:**  Disruptive Conduct.
    **Prisoner's Response:**  The subject stated that he did make statements to the officer. He indicated that he had a crush on her and that he had been very fond for an extended period of time. The subject was originally charged with sexual proposals. It was found at the DHO hearing that there was no proposal made and he was charged with disruptive behavior.
    **Findings of Fact:**  This examiner finds that the subject violated the rules of the institution as indicated in the above violation.
    **Basis:**  Subject's admission and the DHO finding.
    **Rescission Guideline:  1 point.**

**Program Achievement:**

**Release Plans:**

**Guideline Parameters, Evaluation & Recommendation**

Prior Grid Score: ..................0
Discipline: ........................... +
Program Achievement: ........ -
Current Grid Score: ..............1

**Evaluation:** The subject is appearing for his third parole consideration on this 14 to life term for the offense o Murder II while armed. His parole eligibility date was 9/8/98. He was given a 12-month setoff at his Initial Hearing by the DC Parole Board and a 60-month setoff by the Commission. He has been in continuous custody 168 months on the current offense behavior. Prior to beginning this sentence the subject was in custody in the State of Maryland. He was transferred from the State of Maryland to begin the current sentence.

Since his last appearance the subject suffered one minor disciplinary infraction and has completed the 500-hour Drug Program. This examiner will recommend the subject be considered for parole. If considered for release the subject will live with his mother Josephine Eason in Upper Marlboro, MD. He has been offered employment with the Wine Gardener Chevelot Dealer in Maryland. This examiner would recommend that subject be considered for parole and the special Drug Aftercare condition be imposed.

*172 · RC 4-6-05*

**Recommendation:** Parole effective 6/3/04 after the service of ~~208~~ months.

**Conditions:** Drug Aftercare.

**Statutory Interim Hearing:** None.

**Guideline Use:** A departure from the guidelines at this consideration is not warranted.

**Additional Text:** None.

**Executive Reviewer's Comments:**

JRW/PAH
March 18, 2004

## DC REHEARING WORKSHEET
### (INITIAL HEARING PRIOR TO 08-05-98)

### (ADULT AND YOUTH CASES)

1. NAME (Last, First): _Eason, Curtis_

2. REG. NO: _09114-007_

3. INSTITUTION: _USP Lee_

4. HEARING DATE: _____

---

### GRID SCORE

1. POINTS FROM LAST HEARING: _2_

2. NEGATIVE INSTITUTIONAL
   BEHAVIOR SINCE LAST
   CONSIDERATION                    +1

3. PROGRAM ACHIEVEMENT SINCE
   LAST CONSIDERATION              -1

TOTAL POINTS                    _+_

---

IF POINTS = 0-3:  PAROLE SHALL BE GRANTED AT THIS
                  REHEARING WITH HIGHEST LEVEL OF
                  SUPERVISION REQUIRED.
IF POINTS = 4-5:  PAROLE SHALL BE DENIED AND A
                  REHEARING SCHEDULED

DC FORM – (RHO-W)

# U. S. PAROLE COMMISSION

## Addendum To Hearing Summary For Case Of:

EASON, CURTIS                          09114-007
_Name of Offender_                     _Register No._

The hearing exami. is recommending a parole effective date for this offender and I disagree. A review of file documents reveals that although the offender was permitted to plead to the reduced offense of murder the offense behavior has all of the elements of murder. There was planning, aforethought, etc. The offender brought to the table an serious assault/violent criminal history and must still be considered a threat to the public safety. Although he has made a generally good inst. adjustment, the behavior accentability factor has not been met. In many jurisdictions release for a case of this magnitude would not be seriously considered until, at least, 20 had been served. It is noted also that at the 1999 hearing the USPC imposed the maximum "set-up (5 yrs) and would possibly have made a more lengthy one if permitted. Due primarily to the guidelines and an above the average adjustment I could consider release after he has served ...
... ... ... ...

# Eason

# Exhibit

# 8

U.S. Department of Justice                                   **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: EASON, Curtis                              Institution: Lee County USP
Register Number: 09114-007
DCDC No: 231-040                                 Date:    April 1, 2004

---

In the case of the above-named, the following parole action was ordered:

Deny parole. Continue for a rehearing in March 2007, after the service of 36 months from your last
hearing.

**REASONS:**

Your Grid Score at your last hearing was 2 point(s). You continue to be scored under the 1987 guidelines
of the D.C. Board of Parole.

Under the guidelines for D.C. Code offenders, your current Total Point Score includes -1 point for ordinary
program achievement since your last hearing.

With adjustments reflecting your institutional record since your last hearing, your current Grid Score is 1.
You continue to be scored under the 1987 guidelines of the D.C. Board of Parole. Those guidelines
indicate that parole should be granted at this time. After consideration of all factors and information
presented, a departure from the guidelines at this consideration is warranted because your offense
behavior is more serious than your conviction to Murder II in that the murder was planned and an act of
revenge. Consequently the Commission has determined additional time incarcerated is necessary for
accountability purposes.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies
may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.


cc:    Sharon Barnes-Durbin, SCSA
       CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2149
       Washington, D.C. 20001

---

U.S. Department of Justice
U.S. Parole Commission

EASON, CURTIS                          ORDER

09114-007     PR003437

DC REHEARIN  LEE 3/1/2004 _____ Institution _____

In the case of the above-named, the Commission has carefully examined all the information at its disposal and the following with regard to parole, parole status or mandatory release status is hereby ordered:

Parole effective 6-3-04 special drug aftercare.

_____ Jhy 3/3/04

Date _____

Deny parole and continue for a rehearing in 3/2007 after the service of 36 months from your rehearing date of 3/2/2004

Henry R. Summer (3/21/04)
Stephen High 3/22/04
John R. Simpson 3/23/2004
Cranston J. Ratcliff 3-24-04

Date _____

(Date hour seal)                    (Region specify)

National Appeals Board _____
                                   (check)

National Commissioners _____
                                   (check)

Full Commission _____
                                   (check)

PAROLE FORM H-6
APR. 10

# Eason

# Exhibit

# 9

# HEARING SUMMARY

**Name: Eason, Curtis**

Reg No: **09114-007**

## Hearing Parameters

Hearing Format ............................: **In Person**
Hearing Type ...............................: **Rehearing (Initial Hearing Before 8/5/98)**
Hearing Date ...............................: March 13, 2007
Examiner....................................: Rob Haworth
Institution ....................................: Lee County USP

## Sentence Parameters

Sentence Type .............................: **DC Parole Eligible**
MR/Statutory Release ..................: None
Full Term Date ............................: Life
Months in Custody.......................: 205 as of 3/8/2007
Fines/Restitution/Assessment ......: None
Detainer......................................: None

**Additional text regarding the above parameters:** None

## Prior Action & Institutional Factors

**Prior Action:** There is no current Prehearing Assessment in this case. Documents in the examiner packet shows that this subject killed another man 5/30/1987 in Washington, DC. Police found the victim lying on the ground with a gunshot wound to the abdomen. Witnesses testified that this subject was the individual who shot the victim. The shooting was apparently an act of revenge. The victim and some of his friends had assaulted this subject on an earlier date and subject had made a decision to get even.

The subject was serving a sentence in the State of Maryland at the time he received the current DC term. He was released from Maryland custody to this sentence on 2/9/1990. He has actually been in custody since 1987 but only receives credit on this sentence from 2/9/1990.

The subject had his Initial Hearing before the DC Board in 1998. He was denied parole and he was set off for 1 year. The Commission denied him parole in 1999 and set him off for 5 years. Following his Rehearing in 2004 a Notice of Action dated 4/1/2004 shows that he was denied and set off for 3 years. His Grid Score was 1 at the last hearing which would have allowed parole under normal circumstances. However, a decision was made to go outside the guidelines because subject carried out a planned note that was an act of revenge.

The Notice of Action dated 4/1/2004 does not give any specific reason for going outside the rehearing guidelines. The normal set off in these cases is 12 months.

**Eason, Curtis, Reg. No. 09114-007**                    **Page 1 of 4**

**Codefendants:** None.

**Representative & Representative's Statement:** Jason Wallach, Attorney with the Law Firm of Dickstein Shapiro Law Firm, 1825 I Street, NW, Washington, DC 20006. Telephone number (202) 2668.

Attorney Wallach pointed out that subject satisfied his minimum term as of 9/8/1998. Under the DC Sentencing Laws the minimum term is intended to satisfy accountability for the offense. Attorney Wallach acknowledges the Commission's right to find aggravating features in requiring more than the minimum term but he pointed out it now been 9 years above the minimum term. The subject has consistently received credit for program accomplishments at each hearing. He has kept clear conduct and has never been a management problem for staff. Attorney Wallach urged the Commission to grant parole at this consideration. The minimum term was satisfied in 1998 and subject has served almost 9 additional years.

**Prisoner's Statement:** The subject expressed remorse for his crime. During the hearing he stated several times that he feels extremely remorseful for what he did. He stated that he values human life and he thinks about it every day. He is very, very sorry for what he did.

**Discipline:** None.

**Program Achievement:** The Progress Report dated 1/5/2007 shows that subject has consistently received good work reports from his job assignment in the Main Corridor.

Since the last hearing, the subject has completed Stress Management-2/11/04, Pre Release-4/5/04, Microsoft Word Typing-5/27/04, Photography-12/19/04, Weight Management Program-8/5/05, Victim Impact-9/22/05, Advance Level Working-2/6/06, Introduction to Careers-9/22/06, Spanish I-9/25/06, Career Assessment-9/25/06 and Job Fair Interview-12/28/06. The subject is currently participating in Vocational Training in Computers and more Advance Level Working. He showed this examiner a handwritten note from his computer teacher indicating that he will complete that class on 3/21/07.

The file shows that subject completed numerous programs that were considered at earlier hearings. Those programs include the 500-Hour Drug Program at the Butner Institution.

The subject's program accomplishments warrant a reduction of his Point Score. His Score can be reduced 1 Point.

**Release Plans:** During the hearing the subject gave this examiner a letter from his mother. The subject will be living at her residence in Waldorf, MD after release. The subject also presented this examiner with a letter signed by Mr. James Exum showing that subject has a job offer at the Above the Top Barber Shop in Capitol Heights, MD. The subject also presented this examiner with a copy of his resume.

## Guideline Parameters, Evaluation & Recommendation

**Eason, Curtis, Reg. No. 09114-007**                    **Page 2 of 4**

Prior Grid Score: ................1
Discipline: ......................... +
Program Achievement: ......-1
Current Grid Score: ..............0

**Evaluation:** This prisoner has now been in custody approximately 205 months. He has consistentl
maintained an outstanding prison record and has managed to accomplish many significant programs
The previous decision to go outside the guidelines would justify on writing notices. This examiner d
not believe that there is reason to go outside the guidelines at this consideration. It is recommended ti
this prisoner be given a parole date far enough in the future to allow for halfway house placement.

**Recommendation:** Parole effective 8/8/2007.

**Conditions:** Special Drug Aftercare.

**Statutory Interim Hearing:** None.

**Guideline Use:** A departure from the guidelines at this consideration is not warranted.

**Additional Text:** None.

[Signature]


JRH/PAH
March 21, 2007


**Executive Reviewer's Comments:** Kostbar 3/21/07

The subject has met his "old" DC Grid Score guideline for release for the past two hearings. At the last
hearing, as well as this current hearing, the Hearing Examiner has recommended parole.

The subject is serving 14-Life for a second degree murder. While he was convicted of 2nd degree
murder, the specifics of the case indicate that this was a premeditated act of a revenge killing.

After the last hearing, the Commission disagreed with the hearing examiner and ordered a rehearing in
36 months, which is above the normal guideline of 12 months for a rehearing under the "old" DC Grid
system.

The subject will serve 17.5 years if he is released on 8/8/07, as recommended by the hearing examiner.
It would be a decision consistent with the DC Grid Score system.

However, I disagree. This is a highly aggravated case and outside the "heartland" of a 2nd degree
murder case. The case specifics are more closely associated with a 1st degree, premeditated murder.


**Eason, Curtis, Reg. No. 09114-007**                    **Page 3 of 4**

Consequently, I believe that the subject should serve much more time on this term, possibly as lon; 25 – 30 years. A decision less than that, would, in my opinion, depreciate the seriousness of the offi behavior and promote disrespect for the law.

Recommendation:

Deny Parole and schedule for a rehearing in 12 months, 3/08.

A departure above your guidelines in warranted for the following factor of aggravation: your behavior is more serious than your conviction to Murder II in that the murder was planned and an act of revenge. Consequently, the Commission has determined that additional time incarcerated is necessary for accountability purposes.

# Eason

# Exhibit

# 10



U.S. Department of Justice                          **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

| | |
|---|---|
| Name: EASON, Curtis | Institution: Lee County USP |
| Register Number: 09114-007 | |
| DCDC No: 231-040 | Date:    March 23, 2007 |

As a result of the hearing conducted on March 13, 2007, the following action was ordered:

Deny parole. Continue for a rehearing in March 2008, after the service of 12 months from your last hearing.

**REASONS**:

Your Grid Score at your last hearing was 1 point(s). You continue to be scored under the 1987 guidelines of the D.C. Board of Parole.

Under the guidelines for D.C. Code offenders, your current Grid Score includes -1 point for ordinary program achievement since your last hearing.

With adjustments reflecting your institutional record since your last hearing, your current Grid Score is 0. You continue to be scored under the 1987 guidelines of the D.C. Board of Parole. Those guidelines indicate that parole should be granted at this time. After consideration of all factors and information presented, a departure above your guidelines is warranted for the following factor of aggravation: your behavior is more serious than your conviction to Murder II in that the murder was planned and an act of revenge. Consequently, the Commission has determined that additional time incarcerated is necessary for accountability purposes.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2070
       Washington, D.C. 20001

---

# DC Case

## Referral to Commissioner(s) for Review of Panel Recommendation

Name: _Eason, Curtis_

Reg. No: _09114-007_

DCDC No: _231-040_

Date: _3-16-07_

Number of Orders Attached: _____

☑ Requires 1 Commissioner Signature

☐ Requires 2 Commissioner Signatures

Due Date: _4-3-07_

---

### Comments by Commissioner

---

_Commissioner's Signature_                                    _Date_

---

### Comments by Commissioner

---

_Commissioner's Signature_                                    _Date_

# U.S. DEPARTMENT OF JUSTICE
## United States Parole Commission

### D.C. ORDER

EASON, CURTIS

~SIDERATION HEARING
~RY 2, 2001

09114-007    PR016328
DC REHEARIN  LEE
Week Beginning 3/12/2007

ion: _USP Lee County_____

In the case of the above-named, the Commission has carefully examined all the information at its disposal and the following action with regard to parole, parole status, or mandatory release status is hereby ordered:

Parole effective _August 8, 2007_____ OR Continue to a presumptive parole_____ after the service of _210_ months (with the special condition for): _X_ Drug Aftercare _____ Alcohol Aftercare     (Other - specify)_____

Continue to expiration (with the special condition for): _____Drug Aftercare _____ Alcohol Aftercare (Other - specify)_____

Continue for a reconsideration hearing in _____ after service of ____ months from your hearing date of _____.

_J. Roberton Haworth_ 3-13-07

Date:_____    _____

_Deny Parole was scheduled for a rehearing in 12 months, 3/08._

_J. Kroth_ 3/21/07
_Olivia R. Blka_ 3/21/07
_Isaac F. Llune_ 3/22/07

District of Release: _____DC _____MD _____VAE _____Other (specify)_____
Revised: May 1, 2001

## INDEX OF EXHIBITS TO PLAINTIFF
## JAMES GAMBRELL'S STATEMENT OF UNDISPUTED MATERIAL FACTS

| **EXHIBIT** | **DESCRIPTION** |
| --- | --- |
| Exhibit 1 | D.C. Super. Ct. Judgment & Commitment/Probation Order of James Gambrell (Jan. 13, 1991) |
| Exhibit 2 | Sentence Monitoring Computation Data of James Gambrell (Jun. 11. 2007) |
| Exhibit 3 | D.C. Bd. Parole Notice of Board Order of James Gambrell (Jul. 14, 1998) |
| Exhibit 4 | D.C. Reconsideration Prehearing Assessment of James Gambrell (Dec. 9, 1999) |
| Exhibit 5 | D.C. Reconsideration Hearing Summary of James Gambrell (Dec. 14, 1999) |
| Exhibit 6 | Notice of Action of James Gambrell (Apr. 23, 1999) |
| Exhibit 7 | Rehearing Summary of James Gambrell (Jul. 1, 2003) |
| Exhibit 8 | Notice of Action (Jul. 29, 2003) |
| Exhibit 9 | Rehearing Summary of James Gambrell (Jul. 25, 2006) |
| Exhibit 10 | Notice of Action (Aug. 29, 2006) |
| Exhibit 11 | Rehearing Summary of James Gambrell (Jul. 24, 2007) |
| Exhibit 12 | Notice of Action of James Gambrell (Aug 10, 2007) |

# Gambrell

# Exhibit

# 1

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

*P.S.I. Attached*

United States of America
~~District of Columbia~~        *161194*        Case No. *F 1989 89*

vs.                                                              PDID No. *204 851*

*James O. Campbell*

**JUDGMENT AND COMMITMENT/PROBATION ORDER**

The above-named defendant having entered a plea of ☐ Not Guilty ☐ Guilty to the Charge(s) of _____

*"3" Murder II While Armed* _____

and having been found guilty by ☐ Jury ☑ Court, it is hereby ORDERED that the defendant has been
convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _____

*12 years to Life Consecutive* _____

_____

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☑ MANDATORY MINIMUM term does not apply.

☑ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for
the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and super-
vision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code
[Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division,
and it is further ORDERED that while on probation the defendant observe the following marked conditions
of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with
written notice from your Probation Officer.

☐ Treatment for ☐ alcohol ☐ drug ☐ drug dependency or abuse as follows: _____

☐ Restitution of $ _____ in monthly installments of $ _____ beginning
_____ (see reverse side for payment instructions). The Court
will distribute monies to _____

☐ _____

Costs in the aggregate amount of $ _____ have been assessed under the Victims of Violent Crime
Compensation Act of 1981, and ☐ have ☐ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized officials and that the
copy shall serve as the commitment/order for the defendant.

*1/3/91*
_____        _____
Date                              Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

*1/3/91*
_____        _____
Date                              Deputy Clerk

# Gambrell

# Exhibit

# 2

```
    PAR5C  540*23 *              SENTENCE MONITORING          *      06-11-2007
AGE 001        *             COMPUTATION DATA         *     10:45:42
                             AS OF 06-11-2007

EGNO..: 29898-117 NAME: GAMBRELL, JAMES O


BI NO...........: 607593F              DATE OF BIRTH: 08-22-1949
RS1.............: LEW/A-DES
NIT.............: UNT 2-CODE            QUARTERS.....: E01-107L
ETAINERS........: NO                   NOTIFICATIONS: NO

HE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
HE INMATE IS PROJECTED FOR RELEASE:  LIFE

-------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

OURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
OCKET NUMBER...................: F 1956-68
JDGE...........................: GASCH
ATE SENTENCED/PROBATION IMPOSED: 03-29-1972
ATE WARRANT ISSUED.............: 06-07-1988
ATE WARRANT EXECUTED...........: 02-15-1989
ATE COMMITTED..................: 07-22-2002
OW COMMITTED...................: RETURN OF PAROLE VIOLATOR
ROBATION IMPOSED...............: NO
PECIAL PAROLE TERM.............:


ESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00

-------------------CURRENT OBLIGATION NO: 010 -----------------------
FFENSE CODE....:   641
FF/CHG: 22-2801 RAPE 5 - 18 YEARS; 22-103 ASSAULT WITH DEADLY WEAPON
        3-10 YEARS

ENTENCE PROCEDURE..............: DC CODE ADULT
ENTENCE IMPOSED/TIME TO SERVE.:   18 YEARS
NEW SENTENCE IMPOSED...........:  1446 DAYS
BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
ATE OF OFFENSE.................: 10-25-1968

-------------------CURRENT JUDGMENT/WARRANT NO: 020 -----------------------

OURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
OCKET NUMBER...................: F 1989-89
I  JUDGE.......................: KENNEDY
ATE SENTENCED/PROBATION IMPOSED: 01-03-1991
ATE WARRANT ISSUED.............: N/A



0002     MORE PAGES TO FOLLOW . . .
```

```
5H    PAR5C  540*23 *          SENTENCE MONITORING           *    06-11-2007
PAGE 002         *             COMPUTATION DATA         *    10:45:42
                               AS OF 06-11-2007
```

REGNO..: 29898-117 NAME: GAMBRELL, JAMES O


```
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 07-22-2002
HOW COMMITTED...................: DC SUPERIOR COURT COMT
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:
```


RESTITUTION...:  PROPERTY: NO  SERVICES:  NO       AMOUNT: $00.00

-------------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....: 621
OFF/CHG: 33:3202  MURDER II WHILE ARMED

```
 SENTENCE PROCEDURE.............: DC GTCA ADULT SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.: LIFE
 MINIMUM TERM...................:      12 YEARS
 DC MANDATORY MINIMUM TERM......:       5 YEARS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CS
 DATE OF OFFENSE................: 02-13-1989
```

-------------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 10-11-2002 AT LEW AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010, 020 010

G0002      MORE PAGES TO FOLLOW . . .

```
5H     PAR5C  540*23 *            SENTENCE MONITORING           *   *   06-11-2007
PAGE 003 OF 003 *                 COMPUTATION DATA          *      10:45:42
                                  AS OF 06-11-2007

REGNO..: 29898-117 NAME: GAMBRELL, JAMES O


DATE COMPUTATION BEGAN..........: 02-15-1989
AGGREGATED SENTENCE PROCEDURE...: DC CODE OLD LAW / GTCA AGGREGATE
CONTROLLING SENTENCE............: DC OLD LAW
TOTAL TERM IN EFFECT............: LIFE
TOTAL TERM IN EFFECT CONVERTED..: LIFE
AGGREGATED MINIMUM TERM.........:    12 YEARS
COMBINED MANDATORY MINIMUM......:     5 YEARS
EARLIEST DATE OF OFFENSE........: 10-25-1968

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 0
TOTAL SGT POSSIBLE..............: 0
PAROLE ELIGIBILITY..............: 11-26-1999
STATUTORY RELEASE DATE..........: N/A
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: LIFE

NEXT PAROLE HEARING DATE........: 07-00-2007
TYPE OF HEARING.................: DC CODE OFFENDER REHEARING

PROJECTED SATISFACTION DATE.....: N/A
PROJECTED SATISFACTION METHOD...: LIFE

REMARKS.......: PAROLE ELIGIBILITY DATE COMPUTED ON DATE SENTENCE IMPOSED ON
               CONSECUTIVE LIFE SENTENCE.  USPC V NOBLE, 711 A2D 85 REQUIRES
               FORFEITURE OF STREET TIME CREDIT UPON REVOCATION OF PAROLE.






S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

# Gambrell

# Exhibit

# 3



# The Board of Parole
## *of the*
## District of Columbia



## NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

**DCDC** 161-194                    **NAME** JAMES  GAMBRILL

**DOB**  08/22/1949                **SSN**          **LOCATION** COMPLEX

**DOCKET** H9806-0020          **CONSIDERATION TYPE** H:INITIAL

The District of Columbia Board of Parole issues the following **ORDER:**

DENY PAROLE; RECONSIDER FOR PAROLE BY 08/20/1999

Implementation of this Order shall include the following:
Special Instructions for Reconsideration

PROGRAM PARTICIPATION
PSYCHOLOGICAL EVALUATION
WORK TRAINING PROGRAM

Remarks:

06/30/1998
Date

A TRUE COPY
TEST

Director, Michael Green
Parole Determination
D.C. Board of Parole

Seal

Chairman
on behalf of the Board of Parole

[ Parole Supervision ]

# Gambrell

# Exhibit

# 4

JMCODE-DCREHEAR_PRE>
## D.C. REHEARING PREHEARING PREASSESSMENT

ense of Conviction - Murder II While Armed

| me | :GAMBRILL, James | Institution | :Sussex II |
|---|---|---|---|
| **C. No** | :00298+194 | **Short Term Date:** Life | |
| ate Dictated: 12/9/99 | | **Fines/Restitution/Court Assessment:**None | |
| | | **Date of Birth:** 8/22/48 | |
| - | | **Reviewer** | :Thomas C. Kowalski |

### I.    PREVIOUS PAROLE BOARD ACTION:

The juvenile history in this case commences on July 31, 1965 when he was arrested for robbery and assault with a dangerous weapon for which he was placed on probation. On November 3, 1965 he was arrested again for disorderly conduct and fighting. On March 14, 1966 he was arrested and charged with assault with a deadly weapon and at that time the Juvenile Court committed the subject to the National Training School until his 21st birthday. He remained institutionalized until his parole on August 8, 1967.

This man's adult criminal history commenced on 10/3/68 when he was sentenced to 4-18 years in D.C. for Rape and Armed Robbery. He was paroled on 6/30/73 and arrested on 10/4/73 in possession of a .38 caliber pistol (This case was dismissed). He was then committed on 6/21/75 to serve 35 years for armed bank robbery and kidnapping. His parole was revoked because of this new conviction and he was continued to expiration on the violator term. He was subsequently released on parole on 7/16/85 to the Washington Metro area. On 5/1/89 parole was revoked for administrative reasons. He waived his reconsideration hearing date in 12/89 until the outcome of his pending murder charge. On 1/3/91 the subject was sentenced in the murder charge to 12 years to Life. The offense occurred on 2/13/89 when the victim, an employee of Federal Armored Express Company was attempting to leave the hospital at Greater Southeast Community Hospital. He had the cashier's office receipts consisting of cash and checks. The victim was approached by the subject and a struggle ensued The victim began yelling that he was being robbed. During the struggle the victim was shot twice with a .22 caliber automatic pistol. The suspect fled out the front door where he was met by another suspect. The subject states that it was his friend who actually shot the victim but he admits that they were in the hospital for the purpose of robbery.

At his initial hearing in 6/98, parole was denied and he was set for a reconsideration hearing by 8/20/99. The grid point score was 1 with a SFS of 6. The Board overrode the guidelines due to previous failure under community supervision, ongoing and repetitive criminal history, prior record of violence and unusual cruelty to victim. The Board ordered program participation, work training program and a psychological evaluation.

The psychological evaluation was dated 10/14/99 and indicated that the subject has an ability to minimize his role in the crime and although accepting his responsibility in the offense, his attitude was

e of "being in the wrong place at the wrong time" rather than insightful introspection into his history of ultive criminal behavior. He was described as an intelligent person who has potential for a productive . Overall, he was not viewed as demonstrating any psychotic symptoms or thought disorder.

## INSTITUTIONAL ADJUSTMENT AND RELEASE PLANS:

The Progress Report dated 10/28/99 indicates that while at Sussex II he has participated in Culinary ts, worked as a teacher's aide and was involved in graphic arts. He has obtained a certificate from UDC d participated in graphic arts.

The Public Defender Olinda Moyd has provided a packet of supportive materials on behalf of Mr. iambrell. He obtained an AA Degree in Dental Technology at the Federal City College and Williamsport Community College and while at Leavenworth completed a computer training course and worked in the computer department. He also took photography and accounting courses while at Lorton. In addition, he participated in a Substance Abuse Program from June 1992 until March 1993 and received certificates in Communication and conflict resolution and another AA degree in Applied Science in Management Technology from UDC. The packet also indicates considerable community support and potential employment.

**III.   MISCONDUCT DETAILS:  (rescission consideration):**

The Progress Report indicates that there are no misconduct reports on file.

**GRID SCORE: 1**

**Salient Factor Score:  As computed by the D.C. Board in 6/98.**

    A = 1
    B = 1
    C = 1
    D = 0
    E = 2
    F = 1

    Total = 6

**IV.   CODEFENDANTS:**

Regina Nicholson (disposition unknown)
Frederick Miller (disposition unknown)

**V.   RISK: Is this offender a more serious risk ?  If so, describe.**

This man has a juvenile and adult history replete with assaultive and dangerous behavior. He clearly represents a more serious risk.

**VI.   EVALUATION:**

GAMBRILL.298

The subject has been serving on this Murder conviction since 1/3/91 or 107 months as of 12/3/99. The major issued is whether this is sufficient accountability for the murder of an armed guard during a robbery. The history in this case is extremely volatile with numerous incidents of his possession of weapons and assaultive behavior. At his last hearing, the D.C. Parole Board continued the case for all the good reasons but with a relatively lenient decision.

TCK
December 9, 1999

GAMBRILL.298                                              Page 3 of 3

# Gambrell

# Exhibit

# 5

# D.C. REHEARING HEARING SUMMARY

**Offense of Conviction - Murder II While Armed**

| | |
|---|---|
| **Name** :GAMBRILL, James | **Short Term Date:**Life |
| **D.C. No** :00161-194 | **Full Term Date :** |
| **Date Dictated:**12-14-1999 | **Fines/Restitution/Court Assessment:**None |
| **Institution** :Sussex II State Prison | **Date of Birth:**8-22-1948 |
| | **Reviewer** :Thomas C. Kowalski |

## I.    PREVIOUS PAROLE BOARD ACTION:

Please see the prehearing summary completed on 12-9-1999.  Very briefly, the prehearing summary will describe a juvenile history that commences in 1965 and continues on with a series of very serious and assaultive crimes until they culminate in the offense on 2-13-1989 when an Armored Express Company employee was shot to death leaving the Southeast Community Hospital in a robbery attempt.

At his initial hearing in June of 1998, the DC Parole Board denied release and basically continued his case for 1 year.  The grid point score was 1 and at that time, indicated that parole be considered.  The DC Parole Board overrode the point score by indicating the subject's failure under community supervision, his ongoing and repetitive criminal history, his prior record of violence and unusual cruelty to the victim.

## II.    INSTITUTIONAL ADJUSTMENT AND RELEASE PLANS:

The subject has maintained a clear conduct record and has been involved in a considerable number of favorable programming efforts.  He has received Associates degrees in Dental Technology, Management Technology and an Associates degree in Liberal Arts.  He has received computer training while in the federal system and has also completed a substance program.

He arrived at the Sussex facility in January of 1999 and has worked in the commercial arts area as an instructor's aid throughout his period of time at this facility.  He has generated a considerable amount of support from the community and the file would reflect that the public defender has submitted numerous letters from community individuals and programs supporting the subject for release at this time.

## III.    MISCONDUCT DETAILS:  (rescission consideration):

The subject has a clear conduct report.

GAMBRILL.161                                                   Page 1 of 3

**GRID SCORE:** 1

Based upon the subject's achievement in the programming area, he would probably earn an additional one point off of his total grid score which would now provide him with a 0 (zero).

The salient factor score as computed by the DC Parole Board in June of 1998 would reflect the following.

**Salient Factor Score:**

A  = 1
B  = 1
C  = 1
D  = 0
E  = 2
F  = 1

Total  =  6

## IV.    CODEFENDANTS:

Regina Nicholson - The subject states that he she made a deal with the government and never did serve any time for this offense.  Ms. Nicholson was apparently the subject's girlfriend at the time of the original robbery and according to the subject, was the individual who actually suggested the crime.

Frederick Miller - According to the subject this man was acquitted.

## V.    RISK: Is this offender a more serious risk ?  If so, describe.

Based upon the juvenile and adult history as well as the current offense specifics, the subject would surely represent a more serious risk.

## VI.    EVALUATION:

The subject has now served 107 months on this murder conviction since the sentencing date of 1-3-1991.

The grid point score in this case would clearly indicate that parole be recommended, however, a close review of the crime itself as well as the subject's history would suggest that he represents a clear threat to the community and should not be released at this time.

The examiner will recommend that parole be denied and that he be reconsidered for a parole in August of 2003.  This amounts to a 4-year set off and is clearly a departure from the guidelines.

The subject is a more serious risk based upon his juvenile history which involves arrests and

convictions for robbery and assault with a dangerous weapon as well as a commitment to the National Training School for assault with a deadly weapon. As an adult, the subject served for rape and armed robbery and when paroled from this offense was committed to serve an additional 35-year sentence for bank robbery and kidnapping. When on parole for this offense, he was involved in the current murder offense.

## VII.  RECOMMENDATION:

Deny parole. Continue for a rehearing in August 2003.

## VIII. REASONS:


CLW
December 19, 199

# U.S. PAROLE COMMISSION
## D.C. POINT ASSIGNMENT GRID FOR REHEARINGS
### NOT PAROLE VIOLATORS – OLD D.C. POINT SCORE

NAME _Gambrill, James_  REG. NO./D.C. NO. _00161-199_ ELIGIBILITY _____

INSTITUTION _Sussex II_  HEARING TYPE _Rehear_  DATE _____

### Point Score

1. **Points From Previous Hearing** _____1_____  (Pre-August 5, 1998 Decisions only)

2. **Negative Institutional Behavior Since Last Consideration**  +1

3. **Program Achievement Since Last Consideration**  (-1)

**Total Points** _____0_____

IF POINTS = 0-3: Parole shall be granted at this rehearing with highest level of supervision required.

IF POINTS = 4-5: Parole shall be denied and a rehearing date scheduled.

Findings

|  |  | Yes | No |
|---|---|---|---|
| A. | **INSTITUTIONAL ADJUSTMENT** Has this offender committed serious infractions (adjudicated under Department of Corrections due process procedures)? | _____ | _____ |
| B. | **INSTITUTIONAL PROGRAM PARTICIPATION** Has this offender demonstrated sustained achievement in the area of prison programs, industries or work assignment during this period of incarceration? | _____ | _____ |

Revised 10/20/1998

10/98

Examiners Initials _TCP_
Reviewers Initials _EK_

# Gambrell

# Exhibit

# 6

**U.S. Department of Justice**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

**Notice of Action**

---

Name: GAMBRELL, James                    DCDC Number: 161+194

Register Number: 29898-117          Institution: Sussex II

---

In the case of the above-named, the following parole action was ordered:

Deny parole.  Continue for a rehearing in August, 2003.

## REASONS:

Your previous score under the District of Columbia parole guidelines was 1.  With adjustments reflecting your institutional record since your last hearing, your current score is 0.  You continue to be scored under the 1987 guidelines of the D.C. Board of Parole.  Those guidelines indicate that parole should be granted at this time.  After review of all factors and information presented, a departure from the guidelines at this consideration is warranted for the following reasons:  You are a more serious risk than indicated by your point score in that you have a juvenile history which involves arrests and convictions for robbery and assault with a dangerous weapon as well as a commitment to the National Training School for assault with a deadly weapon.  As an adult, you served for rape and armed robbery and when paroled from this offense you were committed to serve an additional 35-year sentence for bank robbery and kidnapping.  When on parole for this offense, you were involved in the current murder offense.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your Supervision Officer.  In certain cases, copies may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.

Date: January 18, 2000                               Clerk: ade

# Memorandum

Due Date _1-4-2000_

Subject
Name _Campbell, James_

Reg. No. _00161 + 194_
DCDC# _29898-117_

Date

_1-11-00_

To

National Commissioners
U.S. Parole Commission

From
_John R. Simpson_
John R. Simpson
Regional Commissioner
U.S. Parole Commission

This case is being referred pursuant to the provisions at 28 CFR § 2.24(a) to comply with the District of Columbia Parole Board member quorum requirement applicable to Cosgrove cases. There is no disagreement between the panel or myself in this case.



U.S. Department of Justice
U.S. Parole Commission

**ORDER**

083245
083245

Name _GAMBRILL, JAMES_

Register Number _00161+194_          Institution _SuSSEX II_

In the case of the above-named, the Commission has carefully examined all the information at its disposal and the following action with regard to parole, parole status, or mandatory release status is hereby ordered:

Deny parole. Continue for a rehearing in _8/2003_, ~~after the service of____ months from your parole eligibility date of____~~

Base point score _0_

| | | |
|---|---|---|
| ____ | 0-4 | 12-18 |
| ____ | 5 | 18-24 |
| ____ | 6 | 18-24 |
| ____ | 7 | 18-24 |
| ____ | 8 | 18-24 |
| ____ | 9 | 22-28 |
| ____ | 10 | 26-32 |

_[signatures]_
1-11-2000
Jon R. Simpson 1/11/2000
1/14/2000

Date _12/14/99_

Date_____

FEB 1 2000

(Date Notice sent)                    (Region-specify)

National Appeals Board _____
                                        (check)

National Commissioners _____
                                        (check)

Full Commission _____
                                        (check)

# Gambrell

# Exhibit

# 7

(RHO-S)

<SUMCODE-DCRERESA_SUM>
## D.C. REHEARING/RESCISSION HEARING SUMMARY
### ADULT AND YOUTH
### (INITIAL HEARING PRIOR TO 8/5/98)

**Offense of Conviction - Murder II While Armed**

| | | | |
|---|---|---|---|
| **Name** | :GAMBRILL, James | **Institution** | :Lewisburg USP |
| **D.C. No** | :29898-117 | **Short Term Date:** Life | |
| **Date of Birth** | :8/22/49 | **Full Term Date:** Life | |
| **Date Dictated** | :7/1/03 | **Fines/Restitution/Court Assessment:** No | |
| | | **Detainer** | :None |
| | | **Reviewer** | :Kathleen A. Pinner |

---

## I. PREVIOUS PAROLE BOARD ACTION:

Please see PHA dated 5/30/2003.

## II. INSTITUTIONAL ADJUSTMENT AND RELEASE PLANS:

Since his last hearing, subject has received outstanding work reports in Food Service. He has been there since July of 2002. He is enrolled in the CODE Program and has completed the first portion of the 12 month program. He also indicated that while he was at Sussex II, he took Graphic Art Design and was Certified in it over a period of 2 years. He is Certified in Photo Shop Screening and Pasting.

He stated that since his incarceration, he has been in contact with youth groups in the DC metropolitan area by writing letters to the youth in the community advising them of what he had done and how to avoid his lifestyle. He has also been involved with Bruce Kline, here at Lewisburg, who is an elder with Jehovah's Witnesses. He completed a Bible Study Course in June of 2004. His release plans are to reside with his wife in MD.

## REPRESENTATIVE:

Subject was represented today by his wife, Greta Gambrill, of Silver Spring, MD. She stated that she is very active in Jehovah's Witnesses and attends 5 meetings a week and that subject has been working with their congregation through the mail. She indicated that subject is trying to make a transition to be ready for the community. She indicated that subject has been in contact with various community groups, including the Alliance of Concerned Men, who forwarded a letter to the Parole Commission on 5/21/03. Also, a letter was forwarded on

(RHO-S)

6/13/03, the Chairman from the Anacostia Mens' Employment Group, which will assist subject in seeking employment. She stated that subject has been actively involved with the youth in the community through his letters, trying to ensure that they do not take the same path that he did. She also indicated that they have a 14 year old son that needs his father's guidance.

Mrs. Gambrill indicated that subject has turned his life around from the second year he was locked up and has done all that he can while he is incarcerated to better himself.

## III.   MISCONDUCT DETAILS:

Not applicable.

## IV.   GRID SCORE:

Subject had a grid score of 0 and it remains 0, as minus 1 is not an option, even though he does receive minus 1 for programming.

## V.   CODEFENDANTS:

No known information available to the examiner.

## VI.   RISK:

Yes - will be described in Evaluation Section.

## VII.   EVALUATION:

The examiner is recommending that subject be denied parole and continued for a hearing in July, 2006. This is outside of the normal Rehearing guideline range of 12 months, which is applicable in this case and is also a departure from the parolable guidelines. The reasons are as follows: You are a more serious risk then indicated by your grid score of zero. You have prior convictions for assaultive behaviors including a 1968 conviction for Rape, Kidnapping, Assault With a Deadly Weapon (Gun). You also have a 1975 conviction which involved Bank Robbery and related charges including Kidnapping and while you were on parole from an Armed Bank Robbery and Kidnapping sentence, you became involved in the instant Murder II conviction While Armed. Not withstanding your programming, the Commission believes that the violence you have exhibited throughout the course of your adult life warrants continued custody in order to protect the community.

## VIII.   RECOMMENDATION:

Deny parole. Continue for a Rehearing in July, 2006.

## IX.   REASONS:

GAMBRILL.298                                                    Page 2 of 5

(RHO-S)

You are a more serious risk then indicated by your grid score of zero. You have prior convictions for assaultive behaviors including a 1968 conviction for Rape, Kidnapping, Assault With a Deadly Weapon (Gun). You also have a 1975 conviction for which involved Bank Robbery and related charges including Kidnapping and while you were on parole from an Armed Bank Robbery and Kidnapping sentence, you became involved in the instant Murder II conviction While Armed. Not withstanding your programming, the Commission believes that the violence you have exhibited throughout the course of your adult life warrants continued custody in order to protect the community.

SDS
July 11, 2003

DC REHEARING WORKSHEET
(INITIAL HEARING PRIOR TO 08-05-98)

(ADULT AND YOUTH CASES)

1.    NAME (Last, First): _Gambrell, James_

2.    REG. NO: _29898-117_

3.    INSTITUTION: _USP Lew_

4.    HEARING DATE: _7-1-03_

---

### GRID SCORE

1.    POINTS FROM LAST HEARING:          _0_

2.    NEGATIVE INSTITUTIONAL
      BEHAVIOR SINCE LAST
      CONSIDERATION                      +1

3.    PROGRAM ACHIEVEMENT SINCE
      LAST CONSIDERATION                 -1

      TOTAL POINTS          _0_

---

IF POINTS = 0-3:  PAROLE SHALL BE GRANTED AT THIS
                  REHEARING WITH HIGHEST LEVEL OF
                  SUPERVISION REQUIRED.
IF POINTS = 4-5:  PAROLE SHALL BE DENIED AND A
                  REHEARING SCHEDULED

DC FORM – (RHO-W)

# Gambrell

# Exhibit

# 8

U.S. Department of Justice                              **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

Name:  GAMBRELL, James                          Institution:  Lewisburg USP
Register Number:  29898-117
DCDC No:  161-194                               Date:      July 29, 2003

In the case of the above-named, the following parole action was ordered:

Deny parole.  Continue for a rehearing in July 2006.

**REASONS**:

Your Grid Score at your last hearing was 0 point(s).  You continue to be scored under the 1987 guidelines
of the D.C. Board of Parole.

Under the guidelines for D.C. Code offenders, your current Total Point Score includes -1 point for ordinary
program achievement since your last hearing.

With adjustments reflecting your institutional record since your last hearing, your current Grid Score is 0.
You continue to be scored under the 1987 guidelines of the D.C. Board of Parole.  Those guidelines
indicate that parole should be granted at this time.  After consideration of all factors and information
presented, a departure from the guidelines at this consideration is warranted because you are a more
serious risk than indicated by your grid score in that you have prior convictions for assaultive behaviors
including a 1968 conviction for Rape, Kidnapping and Assault With a Deadly Weapon (gun).  You also
have a 1975 conviction for which involved Bank Robbery and related charges including Kidnapping and
while you were on parole from an Armed Bank Robbery and Kidnapping sentence, you became involved in
the instant Murder II While Armed conviction.  Not withstanding your programming, the Commission
believes that the violence you have exhibited throughout the course of your adult life warrants continued
custody in order to protect the community.

After consideration of all factors and information presented, a departure above the rehearing guidelines at
this consideration is warranted for the same reasons provided above for denying parole.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer.  In certain cases, copies
may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.

cc:     Sharon Barnes-Durbin, SCSA
        CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2149
        Washington, D.C.  20001

---

GAMBRELL 29898-117                        -1-                    Clerk:  MDD
Queued: 07-29-2003 14:43:58 BOP-Lewisburg USP ]

# Memorandum

Due Date: _1 2?-03_

**Subject**

Name: _Campbell, James D._                    Date

Reg. No: _29898 - 117_

DCDC No: _161 - 194_

**To**

National Commissioners
U.S. Parole Commission

**From**

Commissioner
U.S. Parole Commission

This case is being referred pursuant to 28 C.F.R. §2.24(a) to comply with the District of Columbia Parole Board member quorum requirements applicable to Cosgrove cases.

## Comments by Commissioner

_Commissioner's Signature_                    Date

## Comments by Commissioner

_Commissioner's Signature_                    Date

___ Multiple Orders Attached



**U.S. Department of Justice**
**U.S. Parole Commission**

GAMBRELL JAMES O 29898-117  R

PC011026

*Name* ___

*Register N* DC REHEAR    LEW 06/30/2003    *Institution* _____

In the case of the above-named, the Commission has carefully examined all the information at its disposal and the following action with regard to parole, parole status, or mandatory release status is hereby ordered: *KAP*

~~Deny Parole. Continue for a hearing in~~ July, 2006.

K. A. Pirner  7/8/1/03
Peter Weaton  7/17/03
John R. Simpson  7/21/2003
Branch Mitchell  7-28-03

*Date* _____

*Date* _____

JUL 29 2003

*(Date Notice sent)*                    *(Region-specify)*

National Appeals Board _____
                                              *(check)*

National Commissioners _____
                                              *(check)*

Full Commission _____
                                              *(check)*

PAROLE FORM H-6
APR. 83

# Gambrell

# Exhibit

# 9

# HEARING SUMMARY

**Name: Gambrell, James**                                    Reg No:  29898-117

## Hearing Parameters

Hearing Format ........................... : In Person

Hearing Type............................... : **Rehearing (Initial Hearing Before 8/5/98)**

Hearing Date .............................. : 7/25/2006

Examiner ................................... : Paul R. A. Howard

Institution ................................... : Lewisburg USP

## Sentence Parameters

Sentence Type ............................ : **DC Parole Eligible**

MR/Statutory Release ................ :

Full Term Date ........................... : LIFE

Months in Custody ..................... :  as of

Fines/Restitution/Assessment ..... : $0

Detainer ..................................... : None

**Additional text regarding the above parameters:**  None.

## Prior Action & Institutional Factors

**Prior Action:**  See pre-hearing assessment 7/17/2006.

**Codefendants:**  Regina Nicholson (disposition unknown), Frederick Miller (acquitted).

**Representative & Representative's Statement:**  Jason Wallick, Dickstein Shapiro, Washington, DC. Mr. Wallick stated that he believes the subject is committed to improving himself. He has attained numerous certifications confirming his change in attitude and behavior. Mr. Gambrell has received numerous certificates to confirm his change in behavior, he will be 58 years old next month and is a different person at his current age.

Mr. Wallick submitted letters from a prior inmate, Phillip Scott and his wife Diane Scott. Mr. Scott stated that he has known the subject for 17 years. He learned a lot of positive things from the Mr. Gambrell, and if was not for Mr. Gambrell, he would not be in the position that he is in today. He has been in the community for 18 months and is employed with Metro. If Mr. Gambrel is released he will assist him in finding employment. Mrs. Scott stated that she has known the subject for about 7 years, whom she met through her husband. She has the highest respect for Mr. Gambrell because he had a positive influence on her husband while he was incarcerated. Mr. Gambrell supplied guidance and structure, respect, and in her presence, he always presented himself as a complete gentleman.

Mr. Wallick submitted a second letter from Mr. Al-Malick Farrakhan, Founder/Executive Director, (Cease Fire Don't Smoke the Brothers, Inc.). This is a 501-C3 Non-Profit Organization that promotes a drug-free environment. Farrakhan stated in his letter that his organization works with at risk youth in the community to stop the violence. He is lending support to Mr. Gambrell whom he met 41 years ago. He is very impressed with Mr. Gambrell's growth and positive development and willingness to share his strength with others. Mr. Gambrell is a member/participant in the prison project initiated by his organization that is based in Washington, DC. Mr. Gambrell shared an idea with his organization a few years ago that would expand the organization in working with young men and women who are also ex-offenders and provide personal change/positive development influence. Mr. Farrakhan is prepared assist Mr. Gambrell if he is released by offering him a full-time position as President of the Organization at a salary of $45,000 per year, along with a key leadership position in their staff.

Mr. Wallick submitted a third letter from Tyrone C. Parker, Executive Director of Alliance for Concerned Men based in Washington, DC. Mr. Parker expressed his support for Mr. Gambrell stating that he has a history of working with the programs and has been beneficial and vital in saving lives of at risk youths and hard to serve youths and adults. Mr. Gambrell is a member of the Concerned Father program that gives offenders the opportunity to correspond with children and families while incarcerated. He is committed to helping Mr. Gambrell make a successful re-integration back into the community and will assist him in securing employment and continued efforts to build relations with his family and community.

Finally, Mr. Wallick stated that Mr. Gambrell has not incurred any disciplinary infractions during his 17 years of incarceration and maintained positive programming. His statement that he was shocked into reality was correct and he has now served 5 years over his minimum sentence. He has had three continuances, the last one being three years instead of one year. He believes that his last three year set-off was sufficient and Mr. Gambrell should be considered for parole at this time.

Dr. Douglas Contri, staff psychologist and coordinator with the Challenge Program, spoke on the subject's behalf. Dr. Contri stated that he has been at USP Lewisburg since April 2005. The subject completed the CODE program and was functioning as a mentor in January of 2006, when the CODE Program was changed to the Challenge Program. The subject took a leadership role and has maintained excellent attendance and runs the morning meetings. He has also received two achievement awards for his participation in the program. He is viewed as a leader and has never been a negative influence in the program. He believes that his 17 years of no incident reports is consistent of his desire to change. While in the CODE Program Mr. Gambrell completed the Moral Recognitation Class which is a very vital part of the CODE Program that deals with personal change and motivation.

Case Manager William Wagner stated that he has known the subject for quite some time. Subject has not been a management problem and has been very cordial and polite. His ability to remain incident free for the past 17 years deserves merit, and if it was not for his life sentence, he would be in a less secure facility.

**Prisoner's Statement:** Subject stated that he is 58 years old. He is not proud of his history of violence but he has spent the last 17 years trying to fix his character, and thinking patterns. In doing so, he has complied with everything the Bureau of Prisons and the U.S. Parole Commission have asked of him. This includes educational/vocational programs and classes. He has stayed in contact with community organizations that do youth work. He is not the same person he once was and realizes that taking one's life will either make a person more vicious or get shocked into reality. The Commission should consider

all of the efforts he has made since his incarceration and not just his behavior while he was in the community.

**Discipline:** None

**Program Achievement:** Since his last hearing, that occurred on 7/1/2003, subject has participated in the CODE and Challenge Programs and completed the following educational/vocational classes: Business Law/Newport College 9/19/2005, Real Estate/Newport College 9/19/2005, Marketing/Newport College 9/19/2005. Licenses and Certifications: ACE 6/29/2005, Professional Development/Newport College 6/20/2005, Commercial Housekeeping/Sanitation 4/8/2005, ACE Finance 3/10/2005, Career Safety Skills 1/4/2005, Employment Information Handbook 12/16/2004, Interest Inventory 11/19/2004, Creating Personal Mission 10/28/2004, Customer Maintenance 6/29/2004, Commercial Housekeeping 3/28/2005, General Industry Safety and Health 8/26/2005, Pest Control 2/16/2004, Custodial Entrepreneurship 7/8/2004, Safety and Health 1/3/2005, Career Survival Skills 1/3/2005, Financial Planning Process 3/2/2005, Job Licenses 6/29/2005, Career Expiration Inventory 11/17/2004, Anger Management/Cage or Rage 12/20/2003, Moral Recognitation Therapy 2/27/2006, Communication Skills 4/20/2005, Introduction to Relaxation 12/16/2004, Rational and Motive Behavior Therapy 6/23/2004, Criminal Thinking Errors 3/23/2004, CODE Program 10/1/2003, Problem Solving 9/18/2003, and Wellness 7/2/2003.

Subject is currently employed in the Food Services Division and receives excellent work evaluations at a Grade 2 level.

**Release Plans:** When released, subject will reside with his wife, Greta Gambrell in Temple Hills, MD.

**Guideline Parameters, Evaluation & Recommendation**

Prior Grid Score: ................ 0
Discipline: .......................... 0
Program Achievement:....... -1
Current Grid Score: ............. 0

**Evaluation:** Subject is serving a 12 year to Life term for Murder II while Armed. Subject has been denied parole on three previous occasions. His last hearing was given a three year set-off because he was viewed as more serious risk based on his history of assaultive behaviors.

At today's hearing, the subject was represented by Jason Wallick with Dickstein Shapiro of Washington, DC. Mr. Wallick noted the subject's excellent institutional adjustment during his 17 years of incarceration. He has not incurred and disciplinary infractions and completing numerous educational/vocational programming. Mr. Wallick submitted letters from two community organizations on the subject's behalf. One organization offered the subject a position and a third letter was submitted from a former inmate and his wife regarding the subject's positive impact on the former inmate. Mr. Wallick argued that the subject has already served 5 years over the minimum of sentence of 12 years and believes that his last three-year set-off was sufficient in addressing the offense behavior. The subject has taken the necessary Bureau of Prisons programs to change his behavior and ensure that he will be a positive influence in the community.

Staff Psychologist Dr Contri noted that the subject had successfully completed the CODE Program and has voluntarily participated in the challenge program where he is viewed as a leader and has a very positive impact in the program and the other participants. Subject's Case Manager stated that the subject has not been a management problem and his 17 years without an incident report has merit.

Since the subject's last hearing, he has maintained clear institution conduct and continues to receive outstanding work evaluations. The subject has continued to program and completed numerous education/vocational programs. The subject asked the Commission to take into account his positive institutional programming and not focus entirely on his prior behaviors. He noted that despite his incarceration he has maintained contact with community organizations and it is his desire to work with the youth organizations that deal with the youth in the community when he is released from custody.

In summary, subject has served 17 years on his Life-term. At his last hearing, he was viewed as a more serious risk because of the seriousness of the offense and prior behaviors. Despite the subject's positive programming, he is still viewed as a more serious risk based on the violence he committed in the community warranting his continued custody.

**Recommendation:** Deny Parole. Continue for a rehearing in 7/2007, after the service of 12months from your last hearing.

**Conditions:** None.

**Statutory Interim Hearing:** None.

**Guideline Use:** A decision above the guidelines is warranted because you are a more serious risk than indicated by your Grid Score in that your have prior convictions for assaultive behaviors including a 1968 conviction for Rape, Kidnapping and Assault with a Deadly Weapon (Gun). You also have 1975 conviction involving Bank Robbery and related charges including Kidnapping. While you were on parole from an Armed Robbery and Kidnapping sentence, you became involved in the instant offense involving Murder II While Armed (conviction). Notwithstanding your programming, the Commission believes that the violence you have exhibited through the course of your adult warrants continued custody in order to protect the community.

**Additional Text:** None.

**I certify that I have reviewed this hearing summary.**

*Paul R.A. Howard*

Paul R. Howard, Hearing Examiner

PRH/TRW
August 22, 2006

**Executive Reviewer's Comments:**

**Gambrell, James, Reg. No. 29898-117**                    **Page 4 of 5**

# WORKSHEET FOR D.C. OFFENDERS
## Reasons for Decision

NAME: _Gambrell, James_   NUMBER: _29888-117_

## NO DEPARTURE FROM THE DECISION SUGGESTED BY THE POINT SCORE

You have a total point score of _____ under the guidelines for D.C. Code offenders. (See attached point assignment grid.) The guidelines indicate that parole should be granted at this time. After review of all factors and information presented, a departure from the guidelines at this consideration is not found warranted.

You have a total point score of _____ under the guidelines for D.C. Code offenders. (See attached point assignment grid.) The guidelines indicate that parole should not be granted at this time. After review of all factors and information presented, a departure from the guidelines at this consideration is not found warranted.

### REHEARING GUIDELINES – NO DEPARTURE

Your rehearing date is set according to the time ranges established by the guidelines for the time to rehearing. The range in your case is __0__ - __12__ months. A departure from these guidelines is not found warranted.

No rehearing date is being set in your case in that your mandatory release date will occur within or below your guideline range of _____ - _____ months.

### REHEARING GUIDELINES – DEPARTURE

The guidelines for the time to rehearing indicate that your next hearing should be scheduled within _____ - _____ months. A departure from these guidelines is found warranted because _____
_____
_____

## DEPARTURE FROM DECISION SUGGESTED BY POINT SCORE

You have a total point score of _0_ under the guidelines for D. C. Code offenders. (See attached point assignment grid.) The guidelines indicate that parole should be granted at this time. However, a departure from the guidelines at this consideration is found to be warranted because _you are a more serious risk based on Crim History and current offense of Murder II_
_____

You have a total point score of _____ under the guidelines for D.C. Code offenders. (See attached point assignment grid.) The guidelines indicate that you should not be granted parole at this time. However, a departure from the guidelines at this consideration is found to be warranted because _____
_____
_____

Revised 10/21/99

Examiner's Initials _PR AJA_

Reviewer's Initials _____

# Gambrell

# Exhibit

# 10

U.S. Department of Justice                          **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: GAMBRELL, James                              Institution: Lewisburg USP
Register Number: 29898-117
DCDC No: 161-194                                   Date:    August 29, 2006

---

As a result of the hearing conducted on July 25, 2006, the following action was ordered:

Deny parole. Continue for a rehearing in July 2007, after the service of 12 months from your last hearing.

**REASONS**:

Your Grid Score at your last hearing was 0 point(s). You continue to be scored under the 1987 guidelines of the D.C. Board of Parole.

Under the guidelines for D.C. Code offenders, your current Grid Score includes -1 point for ordinary program achievement since your last hearing.

With adjustments reflecting your institutional record since your last hearing, your current Grid Score is 0. You continue to be scored under the 1987 guidelines of the D.C. Board of Parole. Those guidelines indicate that parole should be granted at this time. After consideration of all factors and information presented, a departure from the guidelines at this consideration is warranted because you are a more serious risk than indicated by your grid score in that you have prior convictions for assaultive behaviors including a 1968 conviction for Rape, Kidnapping and Assault with a Deadly Weapon (gun). You also have a 1975 conviction involving Bank Robbery and related charges including Kidnapping. While you were on parole from an Armed Robbery and Kidnapping sentence, you became involved in the instant offense involving Murder II While Armed (conviction). Notwithstanding your programming, the Commission believes that the violence you have exhibited through the course of your adult life warrants continued custody in order to protect the community.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:     CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2070
        Washington, D.C. 20001

---

## Referral to Commissioner(s) for Review of Panel Recommendation

Name: Cambrell, James

Reg. No: 29898-117

DCDC No: 161-194

Date: 8/02/06

Number of Orders Attached: _____

☒ Requires 1 Commissioner Signature

☐ Requires 2 Commissioner Signatures

Due Date: 8/14/06

### Comments by Commissioner

_____

Commissioner's Signature

Date

### Comments by Commissioner

_____

Commissioner's Signature

Date



# U.S. DEPARTMENT OF JUSTICE
## United States Parole Commission

### D.C. ORDER

INITIAL ~~~~~~~~
GAMBRELL, JAMES

Name:_____ 29898-117    PR013736
                       DC REHEARIN  LEWLEW
Reg.No:_____ Week Beginning 7/24/2006

In the case of the above-named, the Commission has carefully examined all the information at its disposal and the following action with regard to parole, parole status, or mandatory release status is hereby ordered:

Parole effective _____OR Continue to a presumptive parole_____ after the service of _____months (with the special condition for): _____Drug Aftercare _____Alcohol Aftercare    (Other - specify)_____.

Continue to expiration (with the special condition for): _____Drug Aftercare _____Alcohol Aftercare (Other - specify)_____

Continue for a reconsideration hearing in    7/08 (2007)    12    JSK    after service of _____ months from your hearing date of 7/25/06.

*Paul R. J. Howard 7/25/06*

*J. Kmr 8/29/06*

*(signature) 8-29-06*

*(signature) 8/29/06*

District of Release: _____DC _____MD _____VAE _____Other (specify)_____
Revised: May 1, 2001

# Gambrell

# Exhibit

# 11

## HEARING SUMMARY

me:  Gambrell, James                                  Reg No:  29898-117

### Hearing Parameters

Hearing Format ............................: **In Person**
Hearing Type ...............................: **Rehearing (Initial Hearing Before 8/5/98)**
Hearing Date ...............................: July 24, 2007
Examiner.....................................: Joseph M. Pacholski
Institution ...................................: Lewisburg USP

### Sentence Parameters

Sentence Type..............................: **DC Parole Eligible**
MR/Statutory Release ..................: Life
Full Term Date...........................: Life
Months in Custody.......................: 222 as of 815/2007
Fines/Restitution/Assessment ......: None
Detainer.......................................: None

**Additional text regarding the above parameters:**  None

### Prior Action & Institutional Factors

**Prior Action:**  See Pre-review completed by Paul Howard dated June 26, 2007. Also Pre-review completed by Joseph M. Pacholski dated July 17, 2006.

**Codefendants:**  See Hearing Summary dated July 25, 2006 from Paul Howard identifies Regina Nicholson (disposition unknown), Frederick Miller (acquitted).

**Representative & Representative's Statement:**  Doug Contri, Challenge Coordinator at USP Lewisburg.

The subject was also represented by Jason Wallech Attorney, at 1825 I Street, NW, Washington, DC 20006.

**Prisoner's Statement:**  The subject stated that he has completed the Challenge Program which was requested of him by the US Parole Commission. The subject has maintained clear conduct and has continued to work while being incarcerated. The subject stated that he has done everything that the Commission has asked and has tried to the best of his ability to improve himself.

**Discipline:**  None.

**·ogram Achievement:** The subject completed the Challenge Program in March of 2007. The subject
so had his Representative Doug Contri, Psychology Coordinator for the Challenge Program speak on
s behalf and explained that the subject is in the Mentoring Program now and has done very well
ιough the program. The subject has been a stabilized force within the program and has identified that
e has completed the program on the higher end of the scale showing that he leadership qualities.

**Release Plans:** The subject plans to release to the Temple Hills area and live with his in-laws. Upon
·elease the subject has two job offers one with Cease Fire the other with Legion of Concerned Men.

## Guideline Parameters, Evaluation & Recommendation

Prior Grid Score: .................0
Discipline: ........................ +
Program Achievement: ........ -
Current Grid Score: .............0

The subject was unable to receive any points due to the fact that he has matched out.

**Evaluation:** This examiner notes that the subject has been in custody for 222 months as of 8/15/2007.
The subject has completed the Challenge Program which is the new and improved CODE Program and
has demonstrated clear conduct during that time period. The subject is remorseful for his instant offense
and has said that he has demonstrated that feeling through his corrective action and programming. This
examiner believes giving the subject a parole date at this juncture is appropriate and would not lessen
the severity of his offense. It would hold him accountable for his actions and the subject has done
everything possible in order for him to succeed. This examiner is recommending a parole date after 228
months which is 6 months from today's date is for an adequate release plan and housing issues can be
resolved. The subject wants to move out of the district and move to Maryland so those issues also have
to be taken into consideration.

This examiner has not recommended a Reentry and Sanction Program for this individual due to the fact
that the subject has already established a release plan which includes a job and a stable residence
according to the testimony provided at today's hearing. This examiner would note that the subject was
represented by Jason Wallech and that Attorney highlighted the subject's achievements. It should be
noted that the subject has had various issues in his past however it does appear that a Mental Health
Aftercare Condition is appropriate in this case and that the recommendation stands to only have the
Drug Aftercare Condition to follow.

**Recommendation:** Parole effective 2/15/2008, after the service of 228 months.

**Conditions:** Drug Aftercare.

**Statutory Interim Hearing:** None.

**Guideline Use:** A departure from the guidelines at this consideration is not warranted.

**Additional Text:** None.

[Signature]

Na'/PAH
gust 2, 2007
r

**Executive Reviewer's Comments:**  Kostbar 8/2/07

The Examiner has recommended a parole of this DC life, murder case based upon his institutional accomplishments and the fact that he will have served 228 months, 19 years, as of 2/15/08.  I disagree.

Our subject, in 1989, robbed an Employee of an Armored Truck service who was in possession of cash. He struggled with the employee and shot him twice, killing him.

While the subject's DC Grid Score is 0 and suggests a parole in this case, I disagree.  This is an exceptional case in which the gravity of the offense is sufficient to warrant an upward departure from the Grid Score.  In addition, the subject's prior record consists of serious and repetitive criminal acts, which were used in the past by the Commission to continue supervision above his guidelines.  I believe that these are still valid in this case.

19 years is simply not enough time for an individual to serve for a crime of this nature and I believe that release at this time, or any time in the near future, would depreciate the seriousness of the offense behavior and promote disrespect for the law.  Consequently, I am recommending a Decision Above the 12 month Rehearing Range AND Above the Grid Score "guideline" of 0.  The recommendation is 60 months for a rehearing.

This will put him around 24 ½ years of custody at the time of his next hearing.

Recommendation:

Deny Parole and continue for a reconsideration hearing in 7/2012 after the service of 60 months from your hearing date of 7/24/07.

The guidelines for the time to a rehearing indicated that your next hearing should be scheduled at 12 months.  You have a total point score of 0 under the guidelines for D.C. Code Offenders.  The guidelines indicate that parole should be granted at this time.  However, a departure from the guidelines is found to be warranted for the following reasons:

You are a more serious risk than indicated by your grid score in that you have a prior record of convictions for assaultive behaviors including a 1968 conviction for Rape, Kidnapping and Assault with a Deadly Weapon (gun).  You also have a 1975 conviction involving Bank Robbery and related charges including Kidnapping.  While you were on parole from an Armed Robbery and Kidnapping sentence, you became involved in the current offense, Murder II While Armed.  In and of itself, your case is of exceptional gravity and warrants and upward departure from your Grid Score.  Notwithstanding your continued good programming, the Commission continues to believe that the violence you have exhibited through the course of your adult life in the community, warrants continued supervision in order to protect the community.

**Gambrell, James, Reg. No. 29898-117**                    **Page 3 of 4**

Gambrell, James, Reg. No. 29898-117

Wallech, Jason
1825 I Street NW
Wash, DC 20006

**DC REHEARING WORKSHEET**
**(INITIAL HEARING PRIOR TO 08-05-98)**

**(ADULT AND YOUTH CASES)**

1.    NAME (Last, First): Gambrell James

2.    REG. NO: 29898-117

3.    INSTITUTION: USP Lewisburg

4.    HEARING DATE: 7/24/07

---

**GRID SCORE**

1.    POINTS FROM LAST HEARING:          0

2.    NEGATIVE INSTITUTIONAL
      BEHAVIOR SINCE LAST
      CONSIDERATION                    +1

3.    PROGRAM ACHIEVEMENT SINCE
      LAST CONSIDERATION               -1

      TOTAL POINTS                      0

---

IF POINTS = 0-3:  PAROLE SHALL BE GRANTED AT THIS
                  REHEARING WITH HIGHEST LEVEL OF
                  SUPERVISION REQUIRED.
IF POINTS = 4-5:  PAROLE SHALL BE DENIED AND A
                  REHEARING SCHEDULED

                              DC FORM – (RHO-W)

# Gambrell

# Exhibit

# 12

U.S. Department of Justice                                    **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

| | | | |
|---|---|---|---|
| Name: GAMBRELL, James | | Institution: | Lewisburg USP |
| Register Number: 29898-117 | | | |
| DCDC No: 161-194 | | Date: | August 10, 2007 |

As a result of the hearing conducted on July 24, 2007, the following action was ordered:

Deny parole. Continue for a rehearing in July 2012, after the service of 60 months from your last hearing date of July 24, 2007.

**REASONS**:

Your Grid Score at your last hearing was 0 point(s). You continue to be scored under the 1987 guidelines of the D.C. Board of Parole.

With adjustments reflecting your institutional record since your last hearing, your current Grid Score is 0. You continue to be scored under the 1987 guidelines of the D.C. Board of Parole. Those guidelines indicate that parole should be granted at this time. After consideration of all factors and information presented, a departure from the guidelines at this consideration is warranted because you are a more serious risk than indicated by your grid score in that you are a more serious risk than indicated by your grid score in that you have a prior record of convictions for assaultive behaviors including a 1968 conviction for Rape, Kidnapping and Assault with a Deadly Weapon (gun). You also have a 1975 conviction involving Bank Robbery and related charges including Kidnapping. While you were on parole from an Armed Robbery and Kidnapping sentence, you became involved in the current offense, Murder II While Armed. In and of itself, your case is of exceptional gravity and warrants and upward departure from your Grid Score. Notwithstanding your continued good programming, the Commission continues to believe that the violence you have exhibited through the course of your adult life in the community warrants continued incarceration in order to protect the community.

After consideration of all factors and information presented, a departure above the rehearing guidelines at this consideration is warranted for the same reasons provided above for denying parole.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:     CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2070
        Washington, D.C. 20001

**Referral to Commissioner(s) for Review of a final Account...**

Fulwod

**Name:** Gambrell, James

**Reg. No:** 298-98-117      **Date:** 7-27-07

**DCDC No:** 161-194

**Number of Orders Attached:** 1

☐ **Requires 1 Commissioner Signature**      **Due Date:** 8-14-07

☑ **Requires 2 Commissioner Signatures**

## Comments by Commissioner

_____
_Commissioner's Signature_                        _Date_

## Comments by Commissioner

_____
_Commissioner's Signature_                        _Date_

U.S. D  'ARTMENT OF JUSTICE
United States Parole Com·· ·

GAMBRELL, JAMES

**D.C. ORDER**
INITIAL HEARING/RECONSIDER/29898-117    PR017275
POST JANUARY 2, 2 STATUTORY I    LEWLEW
Week Beginning 7/23/2007

Name:_____ Institution:_____

Reg.No:_____

In the case of the above-named, the Commission has carefully examined all the
information at its disposal and the following action with regard to parole,
parole status, or mandatory release status is hereby ordered:

Parole effective _2/15/08_____OR Continue to a presumptive parole_____ after the service of
_228____ months (with the special condition for): _√_Drug Aftercare ____Alcohol Aftercare    (Other -
specify)_____.

Continue to expiration (with the special condition for): _____Drug Aftercare ____Alcohol Aftercare
(Other - specify)_____.

·ontinue for a reconsideration hearing in _____after service of ____ months from your hearing
..ate of _____.

_Joseph M Pichel___ 7/24/07

_____

_____

_____

_July 9, 2012_

_Continue for a reconsideration hearing in_
_after the service of 60 months from your_
_hearing date of 7/24/07_

_2/15 both 8/2/07_
_Steven A Huhn 8/2/07_
_Jessie John 8/3/07_
_Cranston Mitchell 8-3-07_

District of Release: _____DC _√_MD ____VAE ____Other (specify)_____
Revised: May 1, 2001