## INDEX OF EXHIBITS TO PLAINTIFF
## CARLTON MARTIN'S STATEMENT OF UNDISPUTED MATERIAL FACTS

**EXHIBIT**          **DESCRIPTION**

Exhibit 1      Superior Court of the District of Columbia Judgment & Commitment/Probation
               Order of Carlton Martin (Feb. 19, 1992)

Exhibit 2      Sentence Monitoring Computation Data of Carlton Martin at 3 (Feb. 16, 2006)

Exhibit 3      Notice of Action for Carlton Martin (Feb. 13, 2003)

Exhibit 4      D.C. Reconsideration Hearing Summary of Carlton Martin (Mar. 22, 2006)

Exhibit 5      Notice of Action of Carlton Martin (Apr. 12, 2006)

# Martin

# Exhibit

# 1

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

United States of America
District of Columbia

vs.

*Carlton Martin, Jr.*

#87

Case No. F-___-90

PDID No. 402-631

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of ____

*Count "F" Manslaughter While Armed*

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to ____

*On Count F 15 to Life*

*Sentence to run concurrent with*

*F-13712-90*

☒ MANDATORY MINIMUM term of *five years* applies to the sentence imposed.

☐ MANDATORY MINIMUM term does not apply.

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

  ☐ Observe the general conditions of probation listed on the back of this order.

  ☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

  ☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

  ☐ Restitution of $____ in monthly installments of $____ beginning ____ (see reverse side for payment instructions). The Court will distribute monies to ____

  ☐ ____

Costs in the aggregate amount of $____ have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☐ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

2/19/92
Date

Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

2/19/92
Date

Deputy Clerk

Form CD(18)-1040 Aug. 87

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

*#87*

vs.

*Carlton Martin, Jr.*

Case No. _F-13712-90_

PDID No. _402-631_

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of _____
*"D" Possession With Intent To Distribute Cocaine*
*"E" Possession Of a Firearm During Crime Violence*
and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _____
*On Count D 4 to 12 yrs.*
*On Count E 5 to 15 yrs.*
*Sentences to run concurrent with each other and concurrently with any other sentence. RST.*

☒ MANDATORY MINIMUM term of _five years_ applies to the sentence imposed.

☐ MANDATORY MINIMUM term does not apply.

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

  ☐ Observe the general conditions of probation listed on the back of this order.

  ☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

  ☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

  _____

  ☐ Restitution of $_____ in monthly installments of $_____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to _____

  ☐ _____

Costs in the aggregate amount of $_____ have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☐ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

_2/19/92_
Date

_____
Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

_2/19/92_
Date

_____
Deputy Clerk

Form CD(18)-1040 Aug. 87

# Martin

# Exhibit

# 2

```
5H    PAR3D  540*23  *        ~ SENTENCE MONITORING        *    02-16-2006
  PAGE 001         *            COMPUTATION DATA           *    14:58:31
                                 AS OF 02-16-2006


REGNO..: 11400-007 NAME: MARTIN, CARLTON JR


FBI NO...........: 692507WB9          DATE OF BIRTH: 01-28-1974
ARS1.............: LEE/A-DES
UNIT.............: H                   QUARTERS.....: Z03-118U
DETAINERS........: NO                  NOTIFICATIONS: NO

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  LIFE

---------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------

COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F-13712-90
JUDGE...........................: TIGNOR
DATE SENTENCED/PROBATION IMPOSED: 02-19-1992
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 05-21-2002
HOW COMMITTED...................: DC SUPERIOR COURT COMT
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:


RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

----------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....: 620
OFF/CHG: 33-541(A)(1), 22-3204 POSSESSION W/INTENT TO DISTRIBUTE
         COCAINE CT. D

 SENTENCE PROCEDURE.............: DC GTCA ADULT SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    12 YEARS
 MINIMUM TERM...................:     4 YEARS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CC
 DATE OF OFFENSE................: 12-12-1990

 REMARKS.......: CT. D - 4 TO 12 YRS.; CT. E - 5 TO 15 YRS. W/MAND. MIN. 5 YRS
                 TO RUN CC W/EACH OTHER.




G0002      MORE PAGES TO FOLLOW . . .
```

```
5H     PAR3D   540*23  *           SENTENCE MONITORING        *      02-16-2006
PAGE 002          *            COMPUTATION DATA          *      14:58:31
                                 AS OF 02-16-2006
```

REGNO..: 11400-007 NAME: MARTIN, CARLTON JR


------------------------CURRENT OBLIGATION NO: 020 -------------------------
OFFENSE CODE....:  606
OFF/CHG: 22-3204(B) POSSESSION OF A FIREARM DURING CRIM VIOLENCE
        CT. E

 SENTENCE PROCEDURE.............: DC GTCA ADULT SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   15 YEARS
 MINIMUM TERM...................:    5 YEARS
 DC MANDATORY MINIMUM TERM......:    5 YEARS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CC 010
 DATE OF OFFENSE................: 12-12-1990

--------------------CURRENT JUDGMENT/WARRANT NO: 020 ----------------------

COURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER..................: F-4670-90
JUDGE..........................: TIGNOR
DATE SENTENCED/PROBATION IMPOSED: 02-19-1992
DATE WARRANT ISSUED............: N/A
DATE WARRANT EXECUTED..........: N/A
DATE COMMITTED.................: 05-21-2002
HOW COMMITTED..................: DC SUPERIOR COURT COMT
PROBATION IMPOSED..............: NO
SPECIAL PAROLE TERM............:


RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:  622
OFF/CHG: 22-2405, 3202 MANSLAUGHTER WHILE ARMED CT. F

 SENTENCE PROCEDURE.............: DC GTCA ADULT SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.: LIFE
 MINIMUM TERM...................:   15 YEARS
 DC MANDATORY MINIMUM TERM......:    5 YEARS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CC
 DATE OF OFFENSE................: 04-20-1990




5H
G0002      MORE PAGES TO FOLLOW . . .
```

```
5H     PAR3D  540*23 *              SENTENCE MONITORING         *      02-16-2006
PAGE 003          *              COMPUTATION DATA           *      14:58:31
                                 AS OF 02-16-2006

REGNO..: 11400-007 NAME: MARTIN, CARLTON JR


- - - - - - - - - - - - - - - - - -CURRENT COMPUTATION NO: 010 - - - - - - - - - - - - - - - - - - - - - - - -

COMPUTATION 010 WAS LAST UPDATED ON 08-10-2005 AT LEE AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010, 010 020, 020 010

DATE COMPUTATION BEGAN..........: 02-19-1992
AGGREGATED SENTENCE PROCEDURE...: DC GTC ACT ADULT AGGREGATE SENTENCE
TOTAL TERM IN EFFECT............: LIFE
TOTAL TERM IN EFFECT CONVERTED..: LIFE
AGGREGATED MINIMUM TERM.........:     15 YEARS
COMBINED MANDATORY MINIMUM......:      5 YEARS
EARLIEST DATE OF OFFENSE........: 04-20-1990

JAIL CREDIT.....................:    FROM DATE     THRU DATE
                                     12-12-1990    12-17-1990
                                     12-16-1991    02-18-1992

TOTAL JAIL CREDIT TIME..........: 71
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 0
TOTAL SGT POSSIBLE..............: 0
PAROLE ELIGIBILITY..............: 06-14-2003
STATUTORY RELEASE DATE..........: N/A
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: LIFE




G0002       MORE PAGES TO FOLLOW . . .
```

```
5H    PAR3D  540*23 *          SENTENCE MONITORING        *    02-16-2006
PAGE 004 OF 004 *              COMPUTATION DATA           *    14:58:31
                               AS OF 02-16-2006

REGNO..: 11400-007 NAME: MARTIN, CARLTON JR


NEXT PAROLE HEARING DATE........: 01-00-2006
TYPE OF HEARING.................: DC CODE OFFENDER REHEARING

PROJECTED SATISFACTION DATE.....: N/A
PROJECTED SATISFACTION METHOD...: LIFE

REMARKS.......: PAROLE ELIGIBILITY DATE MAY NOT OCCUR PRIOR TO 12-09-1996.
```

```
S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

# Martin

# Exhibit

# 3

U.S. Department of Justice                                  **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

---

Name: MARTIN, Carlton                          Institution:  Lee County USP
Register Number: 11400-007
DCDC No: 248-984                               Date:      February 13, 2003

---

In the case of the above-named, the following parole action was ordered:

Deny parole. Continue to a Three-Year Reconsideration Hearing in January 2006, after the service of 36 from your hearing date of January 21, 2003.

**REASONS**:

Your Total Guideline Range is 192-212 month(s). See the attached sheet for the components that make up your Total Guideline Range. These components are your Salient Factor Score; Base Point Score; Base Point Score Guideline Range; Months Required to Serve to Parole Eligibility Date; Disciplinary Guidelines (if applicable); and Superior Program Achievement Award (if applicable).

You have been in confinement as a result of your current offense behavior for a total of 133 months as of January 10, 2003.

After consideration of all factors and information presented, a decision outside the Total Guideline Range at this consideration is not found warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer.  In certain cases, copies may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.

cc:     Sharon Barnes-Durbin, SCSA
        CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2149
        Washington, D.C. 20001

---

## SALIENT FACTOR SCORE (SFS-98)

**Your Pts**   _Salient Factor Score (SFS-98) Item Explanations_

2   **A** - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0

2   **B** - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0

0   **C** - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation)

1   **D** - Recent commitment free period (three years)
No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0

0   **E** - Probation/parole/confinement/escape status violator this time
Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

0   **F** - Older offenders
If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0

5   **Salient Factor Score (SFS-98) (sum of points for A-F above)**

## BASE POINT SCORE

**Your Pts**   _Base Point Score Category Explanations_

2   **I** - Contribution from Salient Factor Score
10-8 (Very Good Risk) = +0; 7-6 (Good Risk) = +1; 5-4 (Fair Risk) = +2; 3-0 (Poor Risk) = +3

2   **II** - Current or Prior Violence
Violence in current offense and any felony violence in two or more prior offenses = +4; Violence in current offense and any felony violence in one prior offense = +3; Violence in current offense = +2; No violence in current offense and any felony violence in two or more prior offenses = +2; Possession of firearm in current offense if current offense is not scored as a crime of violence = +2; No violence in current offense and any felony violence in one prior offense = +1

3   **III** - Death of Victim or High Level Violence (Category III points are added to points scored in Categories I and II)
Current offense was high level or other violence with death of victim resulting = +3; Current offense involved attempted murder or violence in which death of a victim would have been a probable result = +2; Current offense was other high level violence = +1

7   **Base Point Score (sum I-III above)**

## DISCIPLINARY GUIDELINES

You have 1 non-drug related infraction(s) [0-2 months each], which requires 0-2 months to be added to your base point score guideline range.

You have an aggregate disciplinary guideline range of 0-2 months, which is to be added to your base point score guideline range.

## SUPERIOR PROGRAM ACHIEVEMENT AWARD

**Not Applicable**

## TOTAL GUIDELINE RANGE

| | |
|---|---|
| 54 —– 72 | Base Point Score Guideline Range |
| 138 - 138 | Months Required to Serve to Parole Eligibility Date |
| 0 —– 2 | Disciplinary Guideline Range |
| less   0 —– 0 | Superior Program Achievement Award (if applicable) |

**192 - 212   Total Guideline Range**

| Base Point Score Guideline Range | | Points For SFS Item C | | | |
|---|---|---|---|---|---|
| Base Point Score | Guideline Range | Age | Prior Commitments | | |
| | | | 0-3 | 4 | 5+ |
| 3 or less | 0 months | 26 & Up | 3 | 2 | 1 |
| 4 | 12-18 months | | | | |
| 5 | 18-24 months | 22-25 | 2 | 1 | 0 |
| 6 | 36-48 months | | | | |
| 7 | 54-72 months | 20-21 | 1 | 0 | 0 |
| 8 | 72-96 months | | | | |
| 9 | 110-140 months | 0-19 | 0 | 0 | 0 |
| 10 | 136-172 months | | | | |

**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

## D.C. ORDER
### INITIAL HEARING/RECONSIDERATION HEARING

MARTIN CARLTON     11400-007     **001**

Name:_____            PC009379                    _____

Reg.No:____DC INITIAL    LEE 01/20/2003     _____

In the case of the above-named, the Commission has carefully examined all the information at its disposal and the following action with regard to parole, parole status, or mandatory release status is hereby ordered:

Parole effective _____OR Continue to a presumptive parole_____ after the service of _____months (with the special condition for): _____Drug Aftercare _____Alcohol Aftercare   (Other - specify)_____

Continue to expiration (with the special condition for): _____Drug Aftercare _____Alcohol Aftercare (Other - specify)_____

1. *Deny Parole*

2. Continue for a reconsideration hearing in _January 2006_ after service of _36_ months from your hearing date of _1-21-03_.

_R Waller 1-21-03_

_Shelly L. Wilensley_ _2/5/03_

_Edward Gray_ _2/7/03_

_Jim R. Simpson_ _2/11/2003_

District of Release: _____DC ___MD ____VAE _____Other (specify)_____

Revised: May 1, 2001

# Martin

# Exhibit

# 4

## HEARING SUMMARY

**Name:  Martin, Carlton**                                   Reg No:  **11400-007**

### Hearing Parameters

Hearing Format ............................: **In Person**
Hearing Type ...............................: **Reconsideration**
Hearing Date ...............................: March 22, 2006
Examiner.....................................: Rob Haworth
Institution ....................................: Lee County USP

### Sentence Parameters

Sentence Type...............................: **DC Parole Eligible**
MR/Statutory Release ..................: None
Full Term Date ............................: Life
Months in Custody........................: 171 as of 3/10/2006
Fines/Restitution/Assessment ......: None
Detainer........................................: None

**Additional text regarding the above parameters:**  None

---

### Prior Action & Institutional Factors

**Prior Action:**  There is no current Prehearing Assessment in this case.

This prisoner is serving 4-12 years for Possession with Intent to Distribute Cocaine, 5-15 years for Possession of a Firearm during a Crime of Violence and 15 years to life for Manslaughter while Armed. The subject had an Initial Hearing 1/21/2003. During that hearing he admitted that he shot another man following an argument. He claimed the other man assaulted him first.

The subject was sent a NOA dated 2/13/2003 that denied parole and ordered a 3-Year Rehearing in January of 2006. The subject's total guideline range was computed to be 192-212 months. He had been in custody approximately 133 months at the time of his Initial Hearing.

**Codefendants:**  None.

**Representative & Representative's Statement:**  The subject was represented by Attorney Jason Wallach, 2101 L Street NW, Washington, DC 20037.

Mr. Wallach emphasized the prisoner's program accomplishments since the last hearing and suggested that he feels subject qualifies for Superior Program Achievement.
Mr. Wallach stated that he is familiar with a recent court decision from January, 2006. Fletcher v. US Parole Commission was decided by the court and shows that there is an expo facto issue in applying federal guidelines

**Martin, Carlton, Reg. No. 11400-007**                     **Page 1 of 4**

to DC Cases. Attorney Wallach stated that this particular case dealt with applying the federal reparole guidelines to a parole violator but he believes that the implications will carry over into other cases. He feels that if this subject had been considered under the DC Board of Parole guidelines he would have had a Point Score of 2 at his Initial Hearing and a Point Score of 1 at his Rehearing. Attorney Wallach believes that applying the federal DC guidelines to this subject does create a situation that is detrimental to the prisoner.

Attorney Wallach stated that DC Parole Law is setup so that the minimum term ordered by the court is considered to be appropriate accountability for the offense. Attorney Wallach stated that he realizes that the Parole Commission can consider other factors and go beyond the minimum term but he feels it is double counting to take the same factors that were considered by judge, put those factors into a Base Point Score and SFS come up with guidelines that are greater than the minimum term. Attorney Wallach believes that all of these things are unfairly detrimental to this subject.

Attorney Wallach emphasized subject's hard work in prison and believes that he has proven he is worthy of release. Parole was recommended by Attorney Wallach.

**Prisoner's Statement:**  The subject expressed remorse for his mistakes in the past and indicated that he has tried to show what kind of person he is by his performance in prison. The subject feels ready for release and is very hopeful that he will be paroled.

**Discipline:**  None.

**Program Achievement:**  It was noted from the summary of the last hearing that this subject has been very active in programs almost his entire incarceration. That has continued in a significant way since his last hearing that was held on 1/21/2003. Since that hearing the subject has completed the following:

The subject completed the CODE Program 2/12/04. The CODE Program involves numerous Sub Programs and lasted for approximately 2 years.

The subject also completed Typing 4/2/04, Principles of Marketing and Economics 9/21/04, Introduction to Photography 9/22/04, Introduction to Spanish 6/29/04, Computer Technology 6/17/04, Seven Habits of Highly Affective People 2/4/04, Relapse Prevention 2/4/04, Principles of Real Estate 10/28/03, Corporate Law 10/27/03, Anger Management 10/6/03, Victim Impact 11/6/03, Criminal Lifestyles 11/1/03, Rationale Emotive Behavior 11/10/03, 40-Hour Drug Program 11/4/03, Breaking Barriers 5/15/03 and Psychology Group 12/16/03, 8/4/03 and 10/15/03.

In addition to the programs above this subject has consistently received excellent work reports from his job assignment in UNICOR. During the hearing he showed this examiner three letters signed by Warden Johnson commending him for his work in UNICOR and granting him a cash award. Those letters are dated 3/15/04, 11/23/05 and 12/8/05.

During the hearing Case Manager Osteen stated that this subject is a model prisoner. He is never a management problem and is an outstanding performer. Case Manager Osteen recommends parole.

This examiner is recommending Superior Program Achievement. It has been 38 months since the last hearing and this qualifies subject for 13 months of Superior Program Achievement. It is recommended that he receive that award.

**Release Plans:** The subject plans to live at the home of his mother in Washington, DC. He can find employment.

## Guideline Parameters, Evaluation & Recommendation

**Salient Factor Score:**
**Base Point Score:**

Guidelines in Effect: ....................................................192-212
Disciplinary Guideline SINCE Last Hearing:......................0-0
Superior Program Achievement SINCE Last Hearing: ..13-13
Total Guideline Range:................................................179-199

**Evaluation:** This prisoner has maintained an outstanding prison record during his entire incarceration. He has a list of program accomplishments that goes back many years before his Initial Hearing. His performance in prison is likely to be a good indicator that he is now a reduced risk to the community. His accomplishments are worthy of serious consideration.

The subject has served approximately 171 months. This examiner is recommending parole after 189 months, the middle of the guidelines. That should be sufficient accountability and punishment for the offenses and it carries with it recognition of this prisoner's accomplishments in custody.

**Recommendation:** Continue to a presumptive parole on 9/10/2007 after the service of 189 months.

**Conditions:** Special Drug Aftercare.

**Statutory Interim Hearing:** None.

**Guideline Use:** A departure from the guidelines at this consideration is not warranted.

**Additional Text:** There is no information in the Parole Examiner Packet or the Bureau of Prisons file that shows any contact on behalf of the victim.

[Signature]


JRH/PAH
March 26, 2006


**Executive Reviewer's Comments:** Denton 4/3/06

I disagree with setting a release date in this case. Subject was allowed to plead guilty to manslaughter while armed. Subject shot the victim in the head multiple times. There is no indication that they were arguing prior to the shooting. There is no reason given for the shooting in the official version and there is no witness information about what happened prior to the shooting. At the time of the PSI, subject stated that he and the

victim had "words" all week and more words prior to the shooting. He stated that it was the *victim's* gun and that the victim pulled it out after the victim faked an attempt to hit subject with a cane. They began to "tussle" over the gun and the victim was shot. As indicated in previous summaries, since the victim was shot multiple times in the head, it is unlikely that the victim's death was unintentional. In a separate offense/conviction that is being considered at this hearing, subject was found in possession of drugs and a firearm. The examiner is recommending release after approximately 15.5 years. This is not sufficient accountability for the death of the victim in addition to possession of a firearm during a drug offense. It is recommended that subject have a rehearing in 36 months.

## REASONS:

*A decision outside the guidelines is warranted because you are a more serious risk than indicated by the guidelines. You were involved in a shooting that resulted in the death of the victim. Although you stated that death was not the intended result, this is unlikely since the victim was shot multiple times in the head. In addition, while involved in a drug offense, you were in possession of a firearm. The guidelines do not take into consideration your possession of a second weapon. Your propensity to possess and use weapons makes you a serious threat to the community if released.*

**Martin, Carlton, Reg. No. 11400-007**          **Page 4 of 4**

# Martin

# Exhibit

# 5

U.S. Department of Justice                          **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name:  MARTIN, Carlton                              Institution:  Lee County USP
Register Number:  11400-007
DCDC No:  248-984                                   Date:  April 12, 2006

---

As a result of the hearing conducted on March 22, 2006, the following action was ordered:

Deny parole.  Continue to a Three-Year Rehearing in March 2009.


### REASONS:

You have been in confinement as a result of your current offense behavior for a total of 171 months as of March 10, 2006.  Your prior total guideline range is 192-212 months.

You have been granted a reduction of 13 month(s) from your prior total guideline range for superior program achievement.  This was granted because you have completed the following:  CODE Program 02-12-2004, Typing 04-02-2004, Principles of Marketing and Economics 09-21-2004, Introduction to Photography 09-22-2004, Introduction to Spanish 06-29-2004, Computer Technology 06-17-2004, Seven Habits of Highly Affective People 02-04-2004, Relapse Prevention 02-04-2004, Principles of Real Estate 10-28-2003, Corporate Law 10-27-2003, Anger Management 10-06-2003, Victim Impact 11-06-2003, Criminal Lifestyles 11-01-2003, Rationale Emotive Behavior 11-10-2003, 40-Hour Drug Program 11-04-2003, Breaking Barriers 05-15-2003 and Psychology Group 12-16-2003, 08-04-2003 and 10-15-2003.  In addition to the programs above you have consistently received excellent work reports from your job assignment in UNICOR.

Your new total guideline range is 179-199 months.

After consideration of all factors and information presented, a decision above the new total guideline range is warranted because you are a more serious risk than indicated by the guidelines.  You were involved in a shooting that resulted in the death of the victim.  Although you stated that death was not the intended result, this is unlikely since the victim was shot multiple times in the head.  In addition, while involved in a drug offense, you were in possession of a firearm.  The guidelines do not take into consideration your possession of a second weapon.  Your propensity to possess and use weapons makes you a serious threat to the community if released.


THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer.  In certain cases, copies may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.

cc:    CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2070
       Washington, D.C.  20001

---

## Referral to Commissioner(s) for Review of Panel Recommendation

(CORREA)

Name: _Martin, Carlton_

SPLIT

Reg. No: _11400-007_     Date: _3-29-06_

DCDC No: _248-984_

Number of Orders Attached: _1_

☐ Requires 1 Commissioner Signature     Due Date: _4-12-06_

☒ Requires 2 Commissioner Signatures

### Comments by Commissioner

_____
_Commissioner's Signature_                          _Date_

### Comments by Commissioner

_____
_Commissioner's Signature_                          _Date_

## U.S. PARTMENT OF JUSTICE
### United States Parole Commission

MARTIN, CARLTON

RDER
NSIDERATION HEARING
ARY 2, 2001

11400-007   PR012205
DC RECONSID   LEE
Week Beginning 3/20/2006

:ution: _USP Lee Count_

In the case of the above-named, the Commission has carefully examined all the information at its disposal and the following action with regard to parole, parole status, or mandatory release status is hereby ordered:

Parole effective _____ OR Continue to a presumptive parole _September 10, 2007_ after the service of _189_ months (with the special condition for): _X_ Drug Aftercare _____ Alcohol Aftercare   (Other - specify)_____

Continue to expiration (with the special condition for): _____ Drug Aftercare _____ Alcohol Aftercare (Other - specify)_____

Continue for a reconsideration hearing in _____ after service of _____ months from your hearing date of _____

_J Robertson Haworth 3-22-06_

Date: _____

_Continue for a reconsideration hearing in 3/09 after service of 36 months from your hearing date of 3/22/06._

_Patri Menten 4/3/06_
_Stephen A Husk 4/5/06_
_J Cockura 4/6/06_
_Cranston J Mitchell 4-7-06_

District of Release: _____DC _____MD _____VAE _____Other (specify)_____
Revised: May 1, 2001

## INDEX OF EXHIBITS TO PLAINTIFF
## CHARLES PHILLIPS'S STATEMENT OF UNDISPUTED MATERIAL FACTS

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| Exhibit 1 | D.C. Sup. Ct. Judgment & Commitment/Probation Order of Charles Phillips (Oct. 25, 1978) |
| Exhibit 2 | Sentence Monitoring Computation Data of Charles Phillips (Oct. 11, 2005) |
| Exhibit 3 | Hearing Summary of Charles Phillips (Nov. 19, 2002) |
| Exhibit 4 | Notice of Action for Charles Phillips (Dec. 13, 2002) |
| Exhibit 5 | Reconsideration Hearing Summary of Charles Phillips (October 27, 2005) |
| Exhibit 6 | Notice of Action of Charles Phillips (Nov. 18, 2005) |

# Phillips

# Exhibit

# 1

CRIMINAL DIVISION

# JUDGMENT AND COMMITMENT ORDER

Case Number 113774-77CEF

PDID Number 170-430

United States of America

vs

CHARLES A. PHILLIPS

* * * * * *

WHEREAS the above-named defendant having entered a plea of

☒ Not Guilty 0191    ☐ Guilty

to the charges of ⓒ MURDER II w/A   ⓔ CPWUL   ⓕ U/F 269D

and having been found guilty by

☒ Jury    ☐ the Court

and a pre-sentence investigation and report having been

☒ prepared and considered    ☐ not requested

IT IS HEREBY ADJUDGED that the defendant has been convicted of and is guilty of the offense(s) charged.

The defendant having been given an opportunity to make a statement in his own behalf, and the government having had the opportunity to reply thereto, it is hereby

ORDERED that the defendant be committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of

ⓒ 15 yrs to life consecutive    ⓔ 1 yr consecutive

ⓕ 6 mos consecutive

Under Tit 23-1328 — 21 mos to 5 years consecutive

This sentence to run consecutive to any sentence now being served

IT IS FURTHER ORDERED that the Clerk or his Deputy deliver a true copy of this order to the United States Marshal and that the copy shall serve as the commitment of the defendant.

October 25, 1978
Date

Judge

A TRUE COPY OF THIS ORDER DELIVERED TO THE U.S. MARSHAL OR HIS DEPUTY.



# Superior Court of the District of Columbia

### CRIMINAL DIVISION

## JUDGMENT AND COMMITMENT ORDER

United States of America

Case Number _____

PDID Number *070-431*

vs.

* * * * * *

*12-22-77*

WHEREAS the above-named defendant having entered a plea of

☐ Not Guilty          ☑ Guilty

to the charge(s) of *(G) Adw 'll Murder w/*

and having been found guilty by

☐ Jury          ☐ the Court

and a pre-sentence investigation and report having been

☑ prepared and considered          ☐ not requested

IT IS HEREBY ADJUDGED that the defendant has been convicted of and is guilty of the offense(s) charged.

The defendant having been given an opportunity to make a statement in his own behalf, and the government having had the opportunity to reply thereto, it is hereby

ORDERED that the defendant be committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of

IT IS FURTHER ORDERED that the Clerk or his Deputy deliver a true copy of this order to the United States Marshal and that the copy shall serve as the commitment of the defendant.

_____          _____
Date          Judge

# Superior Court of the District of Columbia

### CRIMINAL DIVISION

## JUDGMENT AND COMMITMENT ORDER

United States of America

Case Number _113774-77CEF_

vs

PDID Number _170-430_

_Charles A. Phillips_

\* \* \* \* \* \* \*

WHEREAS the above-named defendant having entered a plea of

☒ Not Guilty _0/0/_  ☐ Guilty

to the charge of ⓒ _murder II w/A_ Ⓔ _CPWL_ Ⓔ _U/E 2690_

RECEIVED
OCT 26 12:45 PM '70
SUPERIOR COURT

DETENTION SERVICE

and having been found guilty by

☐ Jury  ☒ the Court

and a pre-sentence investigation and report having been

_12-22-77_

☒ prepared and considered  ☐ not requested

IT IS HEREBY ADJUDGED that the defendant has been convicted of and is guilty of the offense(s) charged.

The defendant having been given an opportunity to make a statement in his own behalf, and the government having had the opportunity to reply thereto, it is hereby

ORDERED that the defendant be committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of

ⓒ _15 yrs. to life consecutive_  Ⓔ _1 yr. consecutive_

Ⓕ _6 mos. consecutive_

_Under Tit. 23-1328 — 20 mos. to 5 years consecutive_

_This sentence to run consecutive to any sentence presently served_

IT IS FURTHER ORDERED that the Clerk or his Deputy deliver a copy of this order to the United States Marshal and that the copy shall serve as the commitment of the defendant.

_October 25, 1977_

Date

Judge

# Phillips

# Exhibit

# 2

```
    PAR2B  540*23 *            SENTENCE MONITORING              10-11-2005
GE 001          *           C MPUTATION DATA         *        12:46:27
                            AS OF 10-11-2005
```

GNO..: 02952-000 NAME: PHILLIPS, CHARLES A


BI NO...........: 160905L11              DATE OF BIRTH: 05-31-1951
RS1.............: LEW/A-DES
JIT.............: UNIT 1                  QUARTERS.....: F03-303U
TAINERS........: NO                      NOTIFICATIONS: NO


IE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
IE INMATE IS PROJECTED FOR RELEASE:  LIFE

------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------------

JRT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
JCKET NUMBER.................: 44975-77GH
JDGE.........................: MOULTRIE
TE SENTENCED/PROBATION IMPOSED: 01-18-1978
TE WARRANT ISSUED............: N/A
TE WARRANT EXECUTED..........: N/A
TE COMMITTED.................: 06-20-2002
JW COMMITTED.................: DC SUPERIOR COURT COMT
ROBATION IMPOSED.............: NO
ECIAL PAROLE TERM............:


STITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00

------------------CURRENT OBLIGATION NO: 010 --------------------------
FENSE CODE....:   621
F/CHG: ASSAULT WITH DEADLY WEAPON - 22 DCC 502; MURDER IN THE SECOND
        DEGREE - 22 DCC 2403

ENTENCE PROCEDURE............: DC CODE ADULT
ENTENCE IMPOSED/TIME TO SERVE.: LIFE
INIMUM TERM..................:     15 YEARS     40 MONTHS
ATE OF OFFENSE...............: 05-28-1977

EMARKS.......: COUNT H - 15 YEARS TO LIFE; COUNT G - 40 MONTHS TO 10 YEARS CS

------------------CURRENT JUDGMENT/WARRANT NO: 020 ------------------------

URT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
     DOCKET NUMBER................: 113774-77CEF
DGE..........................: HESS
TE SENTENCED/PROBATION IMPOSED: 10-25-1978


002      MORE PAGES TO FOLLOW . . .

I     PAR2B   540*23 *              SENTENCE MONITORING            *      10-11-2005
GE 002              *              COMPUTATION DATA        *      12:46:27
                                  AS OF 10-11-2005

GNO..: 02952-000  NAME: PHILLIPS, CHARLES A


TE WARRANT ISSUED.............: N/A
TE WARRANT EXECUTED...........: N/A
TE COMMITTED..................: 06-20-2002
W COMMITTED...................: DC SUPERIOR COURT COMT
ROBATION IMPOSED..............: NO
PECIAL PAROLE TERM............:


ESTITUTION...: PROPERTY: NO  SERVICE: NO        AMOUNT: $00.00

----------------------CURRENT OBLIGATION NO: 010 ---------------------------
FFENSE CODE....: 621
FF/CHG: MURDER II WHILE ARMED - 22 DCC 2403; CARRYING A PISTOL WITHOUT
        A LICENSE - 22 DCC 3204; UNLAWFUL ENTRY - 22 DCC 3102

SENTENCE PROCEDURE............: DC CODE ADULT
SENTENCE IMPOSED/TIME TO SERVE.: LIFE
MINIMUM TERM..................:      15 YEARS      26 MONTHS
RELATIONSHIP OF THIS OBLIGATION
 TO OTHERS FOR THE OFFENDER....: CS
DATE OF OFFENSE...............: 12-22-1977

REMARKS.......: COUNT C - 15 YEARS TO LIFE; COUNT E - 1 YEAR CS; COUNT F -
                6 MONTHS CS; UNDER TITLE 23-1328 - 20 MONTHS TO 5 YEARS CS.
                THIS SENTENCE TO RUN CONSECUTIVE TO ANY SENTENCE NOW BEING
                SERVED.

----------------------CURRENT COMPUTATION NO: 010 ---------------------------

OMPUTATION 010 WAS LAST UPDATED ON 01-13-2003 AT LEW AUTOMATICALLY

HE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
URRENT COMPUTATION 010: 010 010, 020 010




0002      MORE PAGES TO FOLLOW . . .

```
I    PAR2B  540*23 *        SENTENCE MONITORING      *    10-11-2005
AGE 003 OF 003 *            COMPUTATION DATA       *   12:46:27
                            AS OF 10-11-2005


EGNO..: 02952-000 NAME: PHILLIPS, CHARLES A


ATE COMPUTATION BEGAN..........: 01-18-1978
GGREGATED SENTENCE PROCEDURE...: DC CODE ADULT AGGREGATE
OTAL TERM IN EFFECT............: LIFE
OTAL TERM IN EFFECT CONVERTED..: LIFE
GGREGATED MINIMUM TERM.........:     30 YEARS     66 MONTHS
ARLIEST DATE OF OFFENSE........: 05-28-1977

AIL CREDIT.....................:     FROM DATE     THRU DATE
                                   05-29-1977    05-29-1977
                                   12-22-1977    01-17-1978

OTAL JAIL CREDIT TIME..........: 28
OTAL INOPERATIVE TIME..........: 0
TATUTORY GOOD TIME RATE........: 0
OTAL SGT POSSIBLE..............: 0
AROLE ELIGIBILITY..............: 02-08-2003
TATUTORY RELEASE DATE..........: N/A
WO THIRDS DATE.................: N/A
80 DAY DATE....................: N/A
XPIRATION FULL TERM DATE.......: LIFE

EXT PAROLE HEARING DATE........: 11-00-2005
YPE OF HEARING.................: DC CODE OFFENDER REHEARING

ROJECTED SATISFACTION DATE.....: N/A
ROJECTED SATISFACTION METHOD...: LIFE

EMARKS.......: 3143 DAYS DC IGT APPLIED TO PE DATE BASED UPON PORTION OF
               MINIMUM TERM WHICH OVERLAPS INTO GTCA PERIOD.  641 DAYS DC EGT
               ALSO APPLIED TO PE DATE.
```

50055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE

# Phillips

# Exhibit

# 3

(INI-S-B)

<SUMCODE-DCINIADN_SUM>

## D.C. ADULT INITIAL HEARING SUMMARY
(INITIAL HEARINGS AFTER 1/2/01 AND CASES ELIGIBLE FOR
(RETROACTIVE CONVERSION TO PRESUMPTIVE DATE PROCEDURES)

**Offense of Conviction - Murder 2nd Degree, Carrying a Pistol Without a License, Unlawful Entry, Assault with a Dangerous Weapon and Murder 2nd Degree**

Name          :PHILLIPS, Charles
Reg. No               :02952-000, DC No. 189+828
Hearing Date :11-19-2002
Institution        :Lewisburg USP
Hearing Examiner :Charles J. Lyons

-----------------------------------------------------------------------------

**Prisoner's Statement:** Subject stated he understood the salient factor score, base point score, and the presumptive format. Initially, subject took issue with the fact that he felt he had his initial hearing under the 1987 guidelines. However, the examiner informed him that he came before the DC Parole Board for a reduction in his minimum sentence. Subject subsequently understood that was not an initial hearing.

The subject did not dispute any of the numbers in terms of time in custody or salient factor scores. It should be noted that subject's parole eligibility was advanced to 02-08-2003 in lieu of 11-11-2004 due to earning educational good time credits.

In regard to the instant offense, subject expressed remorse for his involvement in the instant offense and stated that he was approximately 25 years old at the time he committed the two murders as well as the stabbing of his female friend. Subject stated that he was completely out of control and had used drugs such as PCP during that time. Subject did express what the examiner viewed as some degree of credible remorse in regard to the instant offenses. Subject appeared to accept full responsibility for the murder of two people and the stabbing of one female.

-----------------------------------------------------------------------------
**Institutional Factors**
-----------------------------------------------------------------------------
**Discipline:** Subject received a total of nine disciplinary reports while in the Department of Corrections as noted on the pre-review. Subject admitted to all nine disciplinary reports dating back to 1979 through 1987. Most were Class II or III disciplinary infractions where guidelines call for 0-2 months with the exception of 09-16-87 infraction for lack of cooperation in which he refused to provide a urine sample which calls for 0-8 months to be added on to the guidelines. Subject did not remember the 03-05-79 disciplinary report nor did he remember the 01-10-87 disciplinary report. However, he stated that he probably committed those violations.

His total aggregated guideline range for his administrative violations are 0-24 months, 8 non-drug related infractions and one drug-related infraction.

PHILLIPS.295

(INI-S-B)

**Program Achievement:** Subject has done well in this area in that on 10-15-86 he earned his GED, completed the Computer Trade in 1987, Graphic Arts in 1987, Drug Abuse in 1988, Street Law in 1988, received his Bachelor of Science degree from the University of Wisconsin in 1992, Bachelor of Arts in Urban Studies from the University of the District of Columbia in 1995, and he also completed the Advanced Street Law course in 1995. It should be noted that subject came into the institution without a high school diploma and earned his GED in 1986 and then continued to progress in the educational area as already noted. The examiner would recommend that he be given 24 months superior program achievement for the aforementioned accomplishments.

**Release Plans:** If parole is granted, subject stated that he would reside in the State of New York.

**Representative and Representative's Statement:** Subject had a Mr. Ashford who was the principal of the Lorton academic program at Occoquan facility from 1990-1997. Mr. Ashford came as a representative and Mr. Phillips stated that Mr. Ashford is a father figure to him. Mr. Ashford stated that he has seen tremendous growth in Mr. Phillips over the years and stated that Mr. Phillips worked for him as the lead clerk of the school from 1992 through his retirement in 1997. Overall, Mr. Ashford stated that once the subject is released to the community, he would accept Mr. Phillips into his home and family in the State of New York.

**Guideline Parameters**

**SFS:** 9

**Base Point Score:** 5

Base Guideline Range
302     Months Required to Serve to PE Date
0-24    Disciplinary Guideline Range
8      Superior Program Achievement Award
306-342     Total Guideline Range

**Modifications to Prehearing:** The examiner notes that subject's parole eligibility date changed to 02-08-2003 due to educational good time and therefore months at eligibility was changed to 302 months.

**Overall Evaluation and Recommendation**

**Evaluation:** Subject appears to accept full responsibility for the cold, callous nature of the instant offenses in which he murdered two people and stabbed one woman. Both murders involved the same female companion. The examiner does not want to minimize subject's involvement in the instant offense, however, subject has had an excellent institutional adjustment over the years and has had no disciplinary reports since 1987. The examiner will recommend a 3-year reconsideration hearing in this case.

PHILLIPS.295

(INI-S-B)

**Recommendation:** Continue for a reconsideration hearing 11-19-2005 after the service of 36 months from the hearing date of 11-19-2002.

**Conditions:** ^

**Reason for Departure from Guidelines:** ^

**Addendum:**

^

ALG
November 25, 2002

**December 4, 2002**
**Addendum by EHE Pinner:** At the time of the PHA, the reviewer did not have the details of S's second offense of conviction. The first offense (Docket #F44905-77, which resulted in a conviction for Murder end degree and Assault With a Dangerous Weapon, occurred on 05-28-77 when S. forced his ex-girlfriend to lure her current boyfriend over to her house buy telling him that she was ill and needed a ride to the hospital. When he arrived, S. stabbed him to death and then went into the bedroom, stabbed his ex-girlfriend in her left side and cut her on her left wrist. S. was arrested for this offense on 05-29-77and released the same day.

The second murder committed by S. occurred on 12-27-77 after he broke into his ex-girlfriend's apartment and confronted her and her companion in her bedroom. The victim, a police detective (S. stated in the PSI that he was unaware that the individual was a police officer), was shot by S. and died.

The hearing examiner recommended in this case a total of 24 months SPA, which would indicate that S. had 72 months of Superior Program Achievement. The examiner cites the fact that S. earned his GED while incarcerated. The PSI for the second murder conviction indicates that S. stayed in school until the 12th grade and had earned his high school equivalency diploma. S. has earned two Bachelor's Degrees while incarcerated and this examiner would recommend an SPA award of 16 months, based on 1/3 of the time generally necessary to complete a bachelor degree.

S's Base Point Score of 5 results in a Base Guideline Range of 18-24 months. As noted by the hearing examiner, the number of months to parole eligibility is 302 months. The disciplinary guidelines are 0-24 months and the SPA award is 16 months. The Total Guideline Range is: 304-334 months. S. has been in custody a total of 300 months as of 12-7-02.

I concur with the recommendation for a rehearing in 36 months. At that time, S. will have been in custody 335 months. This is a decision above the guidelines and I recommend the following reasons:

(INI-S-B)

REASONS:  You are a more serious risk than indicated by your Base Point Score of 5.  On 05-28-77, you stabbed an individual to death after luring him to your ex-girlfriend's apartment.  You then seriously assaulted her by stabbing her in the left side and cutting her on the wrist.  After being arrested on this offense and released from custody, you broke into your ex-girlfriend's apartment on 12-22-77, confronted her and her companion, and shot her companion to death after an altercation.  Your Base Point Score of 5 reflects 2 points assessed in Category II for violence and 3 points in Category III for death of a victim.  However, the addition of these points captures only the murder which occurred on 05-28-77;  the stabbing of your ex-girlfriend on 05-28-77, breaking and entering her apartment on 12-22-77 and murdering her companion on the same date are not reflected in the Base Point Score.  The Commission at your next hearing will consider the risk you pose to the community based on your homicidal acts not captured in the Base Point Score.

PINNER

   

## D.C. Adult Initial Hearing Worksheet
### Guideline Summary

Name: _PHILLIPS, CHARLES_    Reg. No. _02952 - 000_

Institution: _USP LEWISBURG_    Hearing Date: _11-19-02_

1. _18 - 24_   Base Point Score Guideline Range
2. _302 - 302_   Months to Eligibility *(Enter same number on both lines)*
3. _0 - 24_   Disciplinary Guidelines *(If none, enter "0" on both lines)*
4. _320 - 350_   Subtotal *(Items 1 through 3)*
5. _-16 - -16_   Superior Program Achievement *(If none, enter "0" on both lines)*
6. _304 - 334_   Total Guideline Range *(Subtract Item 5 from Item 4)*

You have been in confinement as a result of your current offense behavior for a total of ___ months as of _____ *(date)*

After review of all relevant factors and information presented, *(check one of the following:)*

_____ a decision outside the Total Guideline Range at this consideration is not found warranted.

__X__ a decision above the Total Guideline Range is warranted because *(dictate in summary)*

_____ a decision below the Total Guideline Range is warranted because *(dictate in summary)*

### Executive Hearing Examiner's Note to Data Technician:

[X]   Copy reasons from addendum *(instead of hearing summary)*.

| Base Point Score | Base Guideline Range |
|---|---|
| 3 or less | 0 months |
| 4 | 12-18 months |
| 5 | 18-24 months |
| 6 | 36-48 months |
| 7 | 54-72 months |
| 8 | 72-96 months |
| 9 | 110-140 months |
| 10 | 136-172 months |

**Examiner's Initials:**

Primary: _KH_

Secondary: _PM_

Page 1 of 4

 

## D.C. Adult Initial Hearing Worksheet
### Salient Factor Score

Name:_____   Reg. No._____

Item

**A**   **Prior Convictions/Adjudications (Adult or Juvenile)** · · · · · · · · · · · ·   | 3 |

None = 3;   One = 2;   Two or Three = 1;   Four or More = 0

**B**   **Prior Commitment(s) of More Than 30 Days (Adult or Juvenile)** · · ·   | 2 |

None = 2;   One or Two = 1;   Three or More = 0

**C**   **Age at Current Offense/Prior Commitments** · · · · · · · · · · · · · · · · · · · ·   | 2 |

| 26 years or more | Three or fewer prior commitments | = 3 |
| | Four prior commitments | = 2 |
| | Five or more commitments | = 1 |
| 22 - 25 years | Three or fewer prior commitments | = 2 |
| | Four prior commitments | = 1 |
| | Five or more commitments | = 0 |
| 20 - 21 years | Three or fewer prior commitments | = 1 |
| | Four prior commitments | = 0 |
| 19 years or less | Any number of prior commitments | = 0 |

**D**   **Recent Commitment Free Period (Three Years)** · · · · · · · · · · · · · · · ·   | 1 |

No prior commitment of more than 30 days (adult or juvenile) or released to the community from last such commitment at least 3 years prior to the commencement of the current offense = 1; Otherwise = 0.

**E**   **Probation/Parole/Confinement/Escape Status Violator This Time** · ·   | 1 |

Neither on probation, parole, confinement or escape status at the time of the current offense; nor committed as a probation, parole, confinement, or escape status violator this time = 1; Otherwise = 0.

**F**   **Older Offenders** · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·   | 0 |

If the offender was 41 years of age or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0.

**TOTAL SCORE** · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·   | |

# Phillips

# Exhibit

# 4

 

U.S. Department of Justice                                  **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

| | |
|---|---|
| Name: PHILLIPS, Charles | Institution:  Lewisburg USP |
| Register Number: 02952-000 | |
| DCDC No:  189-828 | Date:        December 13, 2002 |

In the case of the above-named, the following parole action was ordered:

Deny parole.  Continue to a Three-Year Reconsideration Hearing in November 2005, after the service of 36 months from your hearing date of November 19, 2002.

**REASONS:**

Your Total Guideline Range is 304-334 month(s).  See the attached sheet for the components that make up your Total Guideline Range.  These components are your Salient Factor Score; Base Point Score; Base Point Score Guideline Range; Months Required to Serve to Parole Eligibility Date; Disciplinary Guidelines (if applicable); and Superior Program Achievement Award (if applicable).

You have been in confinement as a result of your current offense behavior for a total of 300 months as of December 27, 2002.

After consideration of all factors and information presented, a decision above the Total Guideline Range is warranted because you are a more serious risk than indicated by your Base Point Score of 5.  On May 28, 1977, you stabbed an individual to death after luring him to your ex-girlfriend's apartment.  You the seriously assaulted her by stabbing her in the left side and cutting her on the wrist.  After being arrested on this offense and released from custody, you broke into your ex-girlfriend's apartment on December 22, 1977, confronted her and her companion and shot her companion to death after an altercation.  Your Base Point Score of 5 reflects 2 point assessed in Category II for violence and 3 points in Category III for death of a victim.  However, the addition of these points capture only the murder which occurred on May 28, 1977; stabbing of your ex-girlfriend on May 28, 1977, breaking and entering her apartment on December 22, 1977 and murdering her companion on the same date are not reflected in the Base Point Score.  The Commission at your next hearing will consider the risk you pose to the community based on your homicidal acts not captured in the Base Point Score.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer.  In certain cases, copies may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.

cc:    Sharon Barnes-Durbin, SCSA
       CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2149
       Washington, D.C.  20001

## SALIENT FACTOR SCORE (SFS-98)

**Your Pts   Salient Factor Score (SFS-98) Item Explanations**

3     **A** - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0

2     **B** - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0

2     **C** - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation)

1     **D** - Recent commitment free period (three years)
No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0

1     **E** - Probation/parole/confinement/escape status violator this time
Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

0     **F** - Older offenders
If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0

9     **Salient Factor Score (SFS-98)** (sum of points for A-F above)

## BASE POINT SCORE

**Your Pts   Base Point Score Category Explanations**

0     **I** - Contribution from Salient Factor Score
10-8 (Very Good Risk) = +0; 7-6 (Good Risk) = +1; 5-4 (Fair Risk) = +2; 3-0 (Poor Risk) = +3

2     **II** - Current or Prior Violence
Violence in current offense and any felony violence in two or more prior offenses = +4; Violence in current offense and any felony violence in one prior offense = +3; Violence in current offense = +2; No violence in current offense and any felony violence in two or more prior offenses = +2; Possession of firearm in current offense if current offense is not scored as a crime of violence = +2; No violence in current offense and any felony violence in one prior offense = +1

3     **III** - Death of Victim or High Level Violence (Category III points are added to points scored in Categories I and II)
Current offense was high level or other violence with death of victim resulting = +3; Current offense involved attempted murder or violence in which death of a victim would have been a probable result = +2; Current offense was other high level violence = +1

5     **Base Point Score** (sum I-III above)

---



## DISCIPLINARY GUIDELINES

You have 8 non-drug related infraction(s) [0-2 months each], which requires 0-16 months to be added to your base point score guideline range.

You have 1 drug related infraction(s) [0-8 months each], which requires 0-8 months to be added to your base point score guideline range.

You have an aggregate disciplinary guideline range of 0-24 months, which is to be added to your base point score guideline range.

## SUPERIOR PROGRAM ACHIEVEMENT AWARD

You have been granted a reduction of 16 month(s) from your Total Guideline Range for superior program achievement. This was granted because you have completed the Computer Trade Program, Graphic Arts Program, Drug Abuse Program, Street Law Program, and the Advanced Street Law Program. Also, you received a Bachelor of Science Degree from the University of Wisconsin, Bachelor of Arts in Urban Studies from the University of the District of Columbia, and earned your GED.

## TOTAL GUIDELINE RANGE

|  |  |
|---|---|
| 18 — 24 | Base Point Score Guideline Range |
| 302 - 302 | Months Required to Serve to Parole Eligibility Date |
| 0 — 24 | Disciplinary Guideline Range |
| less 16 — 16 | Superior Program Achievement Award (if applicable) |
| 304 - 334 | Total Guideline Range |

| Base Point Score Guideline Range | | Points For SFS Item C | | | |
|---|---|---|---|---|---|
| Base Point Score | Guideline Range | Age | Prior Commitments | | |
|  |  |  | 0-3 | 4 | 5+ |
| 3 or less | 0 months | 26 & Up | 3 | 2 | 1 |
| 4 | 12-18 months | | | | |
| 5 | 18-24 months | 22-25 | 2 | 1 | 0 |
| 6 | 36-48 months | | | | |
| 7 | 54-72 months | 20-21 | 1 | 0 | 0 |
| 8 | 72-96 months | | | | |
| 9 | 110-140 months | 0-19 | 0 | 0 | 0 |
| 10 | 136-172 months | | | | |

# Memorandum 

**Due Date:** *12-10-02*

---

**Subject**
**Name:** *Phillips, Charles*          **Date** *RJF*          *Simpson*
**Reg. No:** *02952-000*
**DCDC No:** *189-828*

---

**To**

National Commissioners
U.S. Parole Commission

**From**
*Jim R Simpson*
Commissioner
U.S. Parole Commission

This case is being referred pursuant to 28 C.F.R. §2.24(a) to comply with the District of Columbia Parole Board member quorum requirements applicable to Cosgrove cases.

---

### Comments by Commissioner




---

*Commissioner's Signature*                          *Date*

---

### Comments by Commissioner




---

*Commissioner's Signature*                          *Date*

---

____ Multiple Orders Attached

# U.S. DEPARTMENT OF JUSTICE
## United States Parole Commission

## D.C. ORDER
## INITIAL HEARING/RECONSIDERATION HEARING
## POST JANUARY 2, 2001

Name: _Phillips Charles_   Institution: _Lewisburg USP_

Reg. No: _02952-06_

In the case of the above-named, the Commission has carefully examined all the information at its disposal and the following action with regard to parole, parole status, or mandatory release status is hereby ordered:

Parole effective _____ OR Continue to a presumptive parole _____ after the service of _____ months (with the special condition for): ____Drug Aftercare ____Alcohol Aftercare (Other - specify)_____

Continue to expiration (with the special condition for): ____Drug Aftercare ____Alcohol Aftercare (Other - specify)_____

Continue for a reconsideration hearing in _11-19-2005_ after service of _36_ months from your hearing date of _11-19-02_.

PHILLIPS CHARLES 02952-000

    PC009183

DC INITIAL   LEW 11/18/2002
11-19-2002

REASONS: SEE (KAP todavia)

District of Release: ____DC ____MD ____VAE ____Other (specify)_____
Revised: May 1, 2001

# Phillips

# Exhibit

# 5

# HEARING SUMMARY

**Name:  Phillips, Charles**                                      **Reg No:  02952-000**

## Hearing Parameters

Hearing Format .............................: **In Person**
Hearing Type .............................: **Reconsideration**
Hearing Date .................................: 10/27/05
Examiner......................................: Joseph M. Pacholski
Institution ....................................: Lewisburg USP

## Sentence Parameters

Sentence Type..............................: **DC Parole Eligible**
MR/Statutory Release .................: Life
Full Term Date............................: Life
Months in Custody.......................: 334 as of 12/27/05
Fines/Restitution/Assessment ......: None
Detainer.......................................: None noted

**Additional text regarding the above parameters:** None

---

## Prior Action & Institutional Factors

**Prior Action:**  See Pre-review completed by Phyllis Baker dated 10/19/05.

**Codefendants:**  None noted.

**Representative & Representative's Statement:**  None.

**Prisoner's Statement:**  The subject took ownership for what he completed as to his offense. He stated that he was in love with one of his victims and that they were living together. The subject stated that he believed that victim was cheating on him. The subject stated that he was under the influence of PCP at the time of the offense and that he committed two murders and stabbed the woman that he allegedly loved. The subject stated that he is attempted to reconcile with himself his behavior however there is nothing to say. He can say that he is sorry and he is but only through his actions is he able to show that he is a changed person. The subject states that he has been in for over 300 months and has demonstrated that with no violent behavior within the institution and believes that this with his educational background indicates that he can act as a law-abiding citizen with no violent tendencies.

**Discipline:**  None.

**Program Achievement:**  The subject since the last parole hearing only completed one course and that was New Court Business Curriculum and he will receive a certificate at the end of the month.

**Phillips, Charles, Reg. No. 02952-000**                    **Page 1 of 3**

The subject currently works in UNICOR and is an outstanding worker. The subject works 12-hour days.

**Release Plans:** The subject plans to release to his friend in Washington, DC. This friend is an old family friend who he believes will be a good community tie. All of his family has yet moved on or passed away since his incarceration.

The subject indicates that he will be able to receive a management curriculum from the Marriott Hotels if he is released.

## Guideline Parameters, Evaluation & Recommendation

**Salient Factor Score:**   9
**Base Point Score:**   5

Base Point Score Guideline Range: ................................18-24
Months to Parole Eligibility Date: ...............................302-302
Disciplinary Guidelines BEFORE Last Hearing: .............0-24
Converted Guideline Range: ................................................-
Superior Program Achievement BEFORE Last Hearing:16-16
Converted Guideline Range: ................................................-
Guidelines in Effect: ...................................304-334
Disciplinary Guideline SINCE Last Hearing:....................0-0
Superior Program Achievement SINCE Last Hearing: ......0-0
Total Guideline Range: ................................................304-334

**Evaluation:** This examiner would note that the subject has been incarcerated for 334 months as of 12/27/05. This examiner would note that the subject since the last hearing has not demonstrated any violent behavior and has continued to program and work as a part of his therapy. The subject indicated that work has been his way of dealing with his incarceration and to better himself as a person. The subject stated that he has taken a number of courses in the past regarding his therapy for what he has done and that in fact has worked in he is taking as many courses as he possibly can. This examiner believes that the subject should be given a presumptive parole date after the service of 370 months, which will hold him accountable for the two deaths of his victims and the stabbing of the women that he cared for which he has apologized for all of the crimes that he has committed. The subject at no time tried to diminish the seriousness of the offense and in fact added that he has tried to better himself as a person through his actions and work. This examiner believes that the subject is just a hard worker and the subject basically has no prior convictions and that is the reason for his SFS being 9. It is understood at the last hearing in the NOA that the subject was viewed as a more serious risk. This examiner believes the subject is a more serious risk however believes should be given an opportunity for parole and a decision above the guidelines is warranted by 3 years.

**Recommendation:** Continue to a presumptive parole on 12/25/08 after the service of 370 months.

**Conditions:** Drug Aftercare.

**Statutory Interim Hearing:** None.

**Phillips, Charles, Reg. No. 02952-000**                                  **Page 2 of 3**

**Guideline Use:** A decision above the guidelines is warranted because you are a more serious risk than indicated by the guidelines in that you are a more serious risk than indicated by the guideline range in that your offense involved the killing of two victims and the stabbing of a third victim. On 5/28/77 you stabbed an individual to death after luring him into your ex-girlfriend's apartment. You seriously assaulted her by stabbing her in the left side and cutting on her wrist. After being arrested on this offense and released from custody you broke into the ex-girlfriend's apartment on 12/22/77 confronted her and her companion and shot her companion to death after an altercation. Your Base Point Score of 5 reflects 2 points assessed in **Category II** for violence and 3 points in Category III for death of a victim. However, the addition of these points capture only the murder which occurred on 5/28/77 the stabbing of your girlfriend on 5/28/77, Breaking and Entering into her apartment on 12/22/77 and murdering of her companion on the same date are not reflected in the Base Point Score.

**Additional Text:** None.

[Signature]

JMP/PAH
November 1, 2005

**Executive Reviewer's Comments:** Denton  11/15/05

I disagree with setting a release date at this hearing and recommend a reconsideration hearing in 36 months. The examiner is recommending a release date after the service of approximately 31 years. This offense involved two murders and a stabbing. The two murders were the result of subject killing his ex-girlfriend's current boyfriend. In the first murder, he stabbed the victim to death after he had his ex-girlfriend lure the victim to her apartment with a request for the victim to take her to the hospital because she was ill. After he killed the victim, he then stabbed his ex-girlfriend in the side and cut her on the wrist. He was arrested and was released from custody the same day. While out on bond, approximately 7 months later, he broke into the same ex-girlfriend's apartment, confronted her and her companion while they were in the bedroom and shot the companion. The companion died as a result of his wound. It should be noted that the companion/victim was a police officer. Phillips denied knowing the victim was a police officers. The guidelines only take into consideration one murder. As a result, the second murder and assault are not considered in the computation of the guidelines. Phillips guidelines are 304-334 months. At the time of the hearing, he had served 335 months. The difference between the top of the range and the recommendation for a release date made by the examiner is 36 months. Thirty-six months is not sufficient sanction for a second murder and aggravated assault.

agree w/Denton   not sure reasons
provided by HiG Paukolski

[Signature]

## 2.80 Guideline Worksheet

Name: _Charles Phillips_          Reg. No. _02952-000_

Institution: _USP Lewisburg_          Hearing Date: _10/27/05_

Hearing Type: _3 Yr Reconsideration_

### Base Point Score

**Note: If an item *does not apply*, please leave that item blank.**

1. Base Point Score Guideline Range          ~~8~~ - ~~24~~
2. Months to Parole Eligibility          302 - 302
3. Disciplinary Guidelines *(prior to last hearing)*          0    24
4. Superior Program Achievement *(prior to last hearing)*          16 - 16
5. Prior Guideline Range ~~Conversion~~ *from previous* *(Lines 1 + 2 + 3 minus Line 4)* *hearing*          304 - 334
6. Disciplinary Guidelines *(since last hearing)* *(Complete Worksheet on Page 3)*          0 - 0
7. Superior Program Achievement *(since last hearing)* *(Complete Worksheet on Page 3)*          0 - 0
8. Total Guideline Range *(Lines 5 + 6 minus Line 7)*          304 - 334

**Disciplinary Infractions.** If the prisoner had 1 additional point added to the point score for disciplinary infractions, use (a) 1 x the applicable rehearing range; or (b) the guideline range from Section 2.36, whichever is less. If the prisoner had 2 additional points added to the point score for disciplinary infractions, use (a) 2 x the applicable rehearing range, or (b) the guideline range from Section 2.36, whichever is less. **Superior Program Achievement.** If the prisoner received a 2 point reduction for SPA (not ordinary program achievement), subtract 1 x the applicable rehearing range.

| Base Point Score | Base Point Score Guideline Range |
|---|---|
| 3 or less | 0-0 months |
| 4 | 12-18 months |
| 5 | 18-24 months |
| 6 | 36-48 months |
| 7 | 54-72 months |
| 8 | 72-96 months |
| 9 | 110-140 months |
| 10 | 156-192 months |

| Base Point Score | Rehearing Range |
|---|---|
| 0-4 | 12-18 months |
| 5-8 | 18-24 months |
| 9 | 22-28 months |
| 10 | 26-32 months |

## 2.80 Guideline Worksheet
## Institutional Behavior

Name:_____   Reg. No._____

### Disciplinary Guidelines
**Note: Include only behavior that has occurred *since the last hearing* or
has not previously been considered by the Commission**

1.  You have _____ **non-drug** related infraction(s) *[0-2 months each]*, which require(s) _____ - _____ months to be added to your base point score guideline range.

2.  You have _____ **drug** related infraction(s) *[0-8 months each]*, which require(s) _____ - _____ months to be added to your base point score guideline range.

3a. You have committed behavior that constitutes new criminal conduct in a prison facility or community corrections center which is rated as Category _____ severity because it involved _____
_____
_____

   This requires _____ - _____ months to be added to your base point score guideline range. *(If additional criminal conduct in a prison facility, use Page 4.)*

4.  You escaped or attempted to escape from **non-secure custody with voluntary return in 6 days or less** on _____ occasion(s) *[0-6 months each]*, which requires _____ - _____ months to be added to your base point score guideline range.

5.  You escaped or attempted to escape from **secure custody/non-secure custody without prompt voluntary return** on _____ occasion(s) *[8-16 months each]*, which requires _____ - _____ months to be added to your base point score guideline range.

6.  You have committed behavior that constitutes new criminal conduct |that extends into the community| |in the community while on|        |pass from a community corrections center|        |furlough| |work release|        |escape|   which is rated as Category _____ severity because it involved
_____
_____

   Your new salient factor score (SFS-98) is _____. Commission guidelines which consider the above factors require _____ - _____ months to be added to your base point score guideline range.

7.  You have an aggregate disciplinary guideline range of _____ - _____ months, which is to be added to your base point score guideline range. *(Use this only if two or more of the above paragraphs apply.)*

### Superior Program Achievement Award
**Note: Include only Program Achievement *since the last hearing***

You have been granted a reduction of _____ months from your Total Guideline Range for superior program achievement. This was granted because: *(dictate the reasons for granting SPA in the Addendum Section at the end of the hearing summary using appropriate wording to appear on the Notice of Action).*

## 2.80 Guideline Worksheet
## Salient Factor Score
## (SFS-98)

**Name:** *Charles Phillips*                **Reg. No.** *02952 - 000*

**Item**

**A**   **Prior Convictions/Adjudications (Adult or Juvenile)** . . . . . . . . . . . . . . . .   $\boxed{3}$

  None = 3;  One = 2;  Two or Three = 1;  Four or More = 0

**B**   **Prior Commitment(s) of More Than 30 Days (Adult or Juvenile)** . . . . . . .   $\boxed{2}$

  None = 2;  One or Two = 1;  Three or More = 0

**C**   **Age at Current Offense/Prior Commitments** . . . . . . . . . . . . . . . . . . . . .   $\boxed{2}$

| 26 years or more | Three or fewer prior commitments | = 3 |
| | Four prior commitments | = 2 |
| | Five or more commitments | = 1 |
| 22 - 25 years | Three or fewer prior commitments | = 2 |
| | Four prior commitments | = 1 |
| 20 - 21 years | Five or more prior commitments | = 0 |
| | Three or fewer prior commitments | = 1 |
| 19 years or less | Four prior commitments | = 0 |
| | Any number of prior commitments | = 0 |

**D**   **Recent Commitment Free Period (Three Years)** . . . . . . . . . . . . . . . . . . .   $\boxed{1}$
No prior commitment of more than 30 days (adult or juvenile) or released to the
community from last such commitment at least 3 years
prior to the commencement of the current offense = 1; Otherwise  = 0.

**E**   **Probation/Parole/Confinement/Escape Status Violator This Time** . . . . .   $\boxed{1}$
Neither on probation, parole, confinement or escape status at the
time of the current offense; nor committed as a probation, parole,
confinement, or escape status violator this time =1; Otherwise =0 .

**F**   **Older Offenders** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   $\boxed{0}$
If the offender was 41 years of age or more at the commencement
of the current offense (and the total score from Items A-E above is
9 or less) = 1; Otherwise = 0.

**TOTAL SCORE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   $\boxed{9}$

# Phillips

# Exhibit

# 6

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

Name: PHILLIPS, Charles
Register Number: 02952-000
DCDC No: 189-828

Institution: Lewisburg USP

Date:       November 18, 2005

As a result of the hearing conducted on October 27, 2005 the following action was ordered:

Deny parole. Continue to a Three-Year Rehearing in October 2008.

## REASONS:

You have been in confinement as a result of your current offense behavior for a total of 334 months as of October 27, 2005. Your prior total guideline range is 304-334 months.

Your new total guideline range is 304-334 months.

After consideration of all factors and information presented, a decision above the new total guideline range is warranted because you are a more serious risk than indicated by the guidelines in that you are a more serious risk than indicated by the guideline range in that your offense involved the killing of two victims and the stabbing of a third victim. On 5/28/77 you stabbed an individual to death after luring him into your ex-girlfriend's apartment. You seriously assaulted her by stabbing her in the left side and cutting on her wrist. After being arrested on this offense and released from custody you broke into the ex-girlfriend's apartment on 12/22/77 confronted her and her companion and shot her companion to death after an altercation. Your Base Point Score of 5 reflects 2 points assessed in Category II for violence and 3 points in Category III for death of a victim. However, the addition of these points capture only the murder which occurred on 5/28/77 the stabbing of your girlfriend on 5/28/77, Breaking and Entering into her apartment on 12/22/77 and murdering of her companion on the same date are not reflected in the Base Point Score.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:     CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2070
        Washington, D.C. 20001

*SRM*



# DC Case

## Referral to Commissioner(s) for Review of Panel Recommendation

Name: _ph.llips, Charles_          ⬭ S P L I T

Reg. No: _02952-000_          Date: _10-28-05_

DCDC No: _189-828_

Number of Orders Attached: ___1___

☐ Requires 1 Commissioner Signature          Due Date: _11-17-05_

☒ Requires 2 Commissioner Signatures

### Comments by Commissioner

_PC_

_____          _____

*Commissioner's Signature*          *Date*

_____

### Comments by Commissioner

_____          _____

*Commissioner's Signature*          *Date*



**. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

### D.C. ORDER PHILLIPS, CHARLES
### INITIAL HEARING/RECONSIDE
### POST JANUARY 2,

```
02952-000      PR010835
DC RECONSID   LEWLEW
Week Beginning 10/24/2005
```

Name:_____   Institution:—

Reg.No:_____

In the case of the above-named, the Commission has carefully examined all the information at its disposal and the following action with regard to parole, parole status, or mandatory release status is hereby ordered:

Parole effective _____ OR Continue to a presumptive parole 12/26/08 after the service of _370_ months (with the special condition for): ___Drug Aftercare ___Alcohol Aftercare    (Other - specify)_____.

Continue to expiration (with the special condition for): ____Drug Aftercare ____Alcohol Aftercare    (Other - specify)_____

Continue for a reconsideration hearing in _____ after service of ____ months from your hearing date of _____.

*Josph M Pinphli 10/27/05*

*Continue to a reconsideration hearing in October 2008 after service of 36 months from your hearing date of 10/27/05.*

*[signature] 11/15/05*
*Stephen J. Hash 11/17/05*
*[signature] 11/17/05*
*[signature] 11-17-05*

District of Release: ___DC ___MD ___VAE ___Other (specify)_____

Revised: May 1, 2001