## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **TONY R. SELLMON, et al.,** | : |
| | : |
| **Plaintiffs,** | : |
| | : |
| **v.** | : **Civil Action No. 06-1650 (ESH)** |
| | : |
| **EDWARD F. REILLY, JR., et al.,** | : |
| | : |
| **Defendants.** | : |
|  | : |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO EXTEND TIME TO FILE A DISPOSITIVE MOTION AND OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs submit this memorandum in opposition to the February 15, 2008 Defendants' Motion to Extend Time to File a Dispositive Motion and Opposition to Plaintiffs' Motion for Summary Judgment ("Defendants' Motion"). Defendants' Motion is the fourth of its kind seeking to extend the original deadline of January 11, 2008 for Defendants to file an opposition to Plaintiffs' motions for summary judgment and cross-move for summary judgment. Because Defendants have no justifiable reason for their ongoing failure to oppose Plaintiffs' motions for summary judgment, the Court should deny the extension and deem the motions conceded.[1]

---

[1] As an initial matter, apparently through an oversight, Defendants' Motion represents that Defendants counsel contacted Plaintiffs counsel by email on February 15, 2008 to seek consent to Defendants' Motion, but had not heard back. In fact, Plaintiffs counsel received an email from Defendants counsel at 6:14 p.m. on the evening of February 15, 2008, and in an email sent at 7:24 p.m., Plaintiffs counsel advised that Plaintiffs opposed Defendants' motion to extend.

## I.        PROCEDURAL BACKGROUND

On January 9, 2008, two days before the January 11, 2008 deadline, Defendants sought and received an extension until January 28, 2008, based on the complexity of the issues involved.  On January 27, 2008, Defendants sought and received an extension until February 13, 2008, based on an adverse ruling Defendants counsel received in an unrelated matter that counsel believed might require an emergency appeal.  On February 13, 2008, less than an hour before Defendants' briefs were due, Defendants sought and received an extension until February 15, 2008, because although the Defendants' briefs were "substantially complete," "a few inquiries to Agency Counsel" remained outstanding.  Finally, yesterday, on February 15, 2008, several hours before Defendants' briefs were due, Defendants again sought a five-day extension because "supervisory review" identified "certain issues" and some records needed to be redacted.

## II.       ARGUMENT

Until the present motion, in the spirit of cooperation, Plaintiffs counsel has consented to Defendants' requests for extensions.  Plaintiffs counsel, however, can no longer agree to allow Defendants to delay further the determination of the issues in this case.  While Defendants have taken their time to respond to Plaintiffs' motions for summary judgment (Defendants have had more than two months to respond to the motions, which Plaintiffs filed on December 14, 2007), Plaintiffs have remained imprisoned while their parole rehearing dates draw closer.  As a result of Defendants' delays, it is possible that the Court will be unable to issue a decision on Plaintiffs' motions for summary judgment before some of Plaintiffs' next parole rehearings and before one of the plaintiffs should be paroled.

For example, pursuant to a March 2007 Notice of Action, Plaintiff Curtis Eason is to receive a parole rehearing in March 2008.  Mr. Eason, however, recently was advised that his parole rehearing would be scheduled for April 14, 2008.  It is unclear why, and under what authority, Defendants have delayed Mr. Eason's parole rehearing by a month, but regardless of the reasons, Defendants' repeated extensions of the briefing deadlines have created a significant risk that the issues in this case and the proper application of the D.C. Board of Parole guidelines will be unresolved by the time of Mr. Eason's parole rehearing.

In Plaintiff Benson West-El's case, the Defendants established a presumptive parole date in January 2009 after Mr. West-El served 312 months.  In November 2007, Plaintiffs pointed out to Defendants that the U.S. Parole Commission had miscalculated the time Mr. West-El had served and that Mr. West-El would have served 312 months as of March 2008.  *See* Joint Motion of Plaintiffs Carlton Martin, Charles Phillips, Tony Sellmon, Darius Smith, Daru Swinton, and Benson West-El for Partial Summary Judgment on Their Ex Post Facto Claims at 38, n.11.  Unless Defendants have agreed that their calculation of Mr. West-El's presumptive parole date is in error and intend to parole Mr. West-El next month, Defendants' request for an extension necessarily will result in Mr. West-El being imprisoned longer.

Significantly, Defendants have provided little justification for their most recent extension.  As of 11:24 p.m. on February 13, 2008, when Defendants sought their third extension of the briefing deadlines, Defendants' opposition and cross-motion was "substantially complete" and the only outstanding issues were "a few inquiries to Agency Counsel."  There is absolutely no excuse for what essentially will be a week extension for "supervisory review."  Any "supervisory review" should have been

accounted for in the 63 days that Defendants already have had to oppose Plaintiffs' motions and cross-move for summary judgment.

## III.     CONCLUSION

For the reasons stated above, Plaintiffs request that the Court deny Defendants' fourth request for an extension of time to oppose Plaintiffs' motions for summary judgment and to cross-move.


Dated:  February 16, 2008                    Respectfully Submitted,


                              By:     /s/ Jason D. Wallach
                                      Jason D. Wallach (Bar No. #456154)
                                      DICKSTEIN SHAPIRO, LLP
                                      1825 Eye Street, NW
                                      Washington, D.C. 20006
                                      (202) 420-2268
                                      (202) 420-2201 facsimile

                                      Attorneys for Plaintiffs