# EASON

# EXHIBIT   B1

```
5H    PAR5D  540*23 *          SENTENCE MONITORING        *    03-07-2007
   PAGE 001        *          COMPUTATION DATA            *    10:02:00
                              AS OF 03-07-2007

REGNO..: 09114-007 NAME: EASON, CURTIS D


FBI NO..........: 764277AA2            DATE OF BIRTH:     1964
ARS1............: LEE/A-DES
UNIT............: A                    QUARTERS.....: A02-206L
DETAINERS.......: NO                   NOTIFICATIONS: NO


THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  LIFE

----------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------

COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F14566-87I
JUDGE...........................: KESSLER
DATE SENTENCED/PROBATION IMPOSED: 11-09-1988
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 02-10-2000
HOW COMMITTED...................: DC SUPERIOR COURT COMT
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:


RESTITUTION...: PROPERTY: NO  SERVICES: NO       AMOUNT: $00.00

----------------------CURRENT OBLIGATION NO: 010 ----------------------
OFFENSE CODE....:   621
OFF/CHG: 22-3202, SECOND DEGREE MURDER WHILE ARMED

 SENTENCE PROCEDURE.............: DC GTCA ADULT SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.: LIFE
 MINIMUM TERM...................:    14 YEARS
 DATE OF OFFENSE................: 05-30-1987

 REMARKS.......: 180 DAY DATE DOES NOT APPLY TO THIS DCC SENTENCE.




G0002      MORE PAGES TO FOLLOW . . .
```


GOVERNMENT EXHIBIT A

```
5H    PAR5D  540*23 *             SENTENCE MONITORING        *    03-07-2007
PAGE 002 OF 002 *                COMPUTATION DATA            *    10:02:00
                                 AS OF 03-07-2007
```

REGNO..: 09114-007 NAME: EASON, CURTIS D

------------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 02-08-2006 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 02-10-2006 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

```
DATE COMPUTATION BEGAN..........: 02-09-1990
TOTAL TERM IN EFFECT............: LIFE
TOTAL TERM IN EFFECT CONVERTED..: LIFE
EARLIEST DATE OF OFFENSE........: 05-30-1987

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 0
TOTAL SGT POSSIBLE..............: 0
PAROLE ELIGIBILITY..............: 09-08-1998
STATUTORY RELEASE DATE..........: N/A
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: LIFE

NEXT PAROLE HEARING DATE........: 03-00-2007
TYPE OF HEARING.................: DC CODE OFFENDER REHEARING

PROJECTED SATISFACTION DATE.....: N/A
PROJECTED SATISFACTION METHOD...: LIFE
```

REMARKS.......: COMP CERTIFIED BY DC RECORD CENTER ON 04/08/04.

S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE

# EASON

# EXHIBIT    B2

231040
occ # 1

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

RETURNED TO JAIL
DATE

United States of America
District of Columbia

vs.

*Curtis D. Eason*

Case No. F14566-87Z

PDID No. 406-967

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☑ Guilty to the Charge(s) of _____ *I' Second Degree Murder While Armed*

and having been found guilty by ☐ Jury ☑ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _____

*Not Less than (14) fourteen years to Life.*

*P.S.I. attached*

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☑ MANDATORY MINIMUM term does not apply.

☑ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

  ☐ Observe the general conditions of probation listed on the back of this order.

  ☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

  ☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

  ☐ Restitution of $_____ in monthly installments of $_____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to _____

  ☐ _____

Costs in the aggregate amount of $_____ have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☐ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

_11-9-88_
Date

_____
Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

_11-9-88_
Date

_____
Deputy Clerk

GOVERNMENT EXHIBIT

Form CTM-Bk-LOAW/June 87

# EASON

# EXHIBIT   B3

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
SOCIAL SERVICES DIVISION - ADULT BRANCH

NOV 7 88

**PRESENTENCE REPORT**

JUDGE GLADYS KESSLER

PDID No.: 406-964
Docket No.: F-14566-87I

Re: Curtis Donnell Eason

Date Referred: 8/18/88

To: The Honorable Gladys M. Kessler

Date Due: 11/7/88

From: Probation Officer Linda R. Mulford

Sentencing Date: 11/9/88

Defendant Information:
True Name: Curtis Donnell Eason

Address: 3024 Brightseat Road,
#304, Lanham, Maryland 20706
Tel. #: 772-8306

Aliases: None known.

Age/Birthdate: ▓▓▓▓ 64    Sex: Male

Birthplace: Washington, DC

Time in D.C. Area: Since 1979

Citizenship: U.S.
Alien No.: N/A

Marital Status: Married    Dependents: 1

Education: High School Graduate

Social Security No.: ▓▓▓▓▓

Permit No.: (MD) - No. unknown.

DCDC No.: 231-040

FBI No.: 764 277 AA2

Offense, Code and Penalty: Murder II while Armed, 22-3202; At Least Five Years,
Up to Life.

Plea: Guilty    Judgment: Guilty

Bond Status: Committed w/o
Bond.

Detainers or Pending Charges: See Probation / Parole Section.

Co-defendants:
None
    (Dkt No.): N/A        (Status): N/A
    (Dkt No.):            (Status):

AUSA: David Saffern

Telephone: 272-9587

Defense Counsel: Shawn Moore

Telephone: 628-1200

"In accordance with the U.S. Parole Commission and Reorganization Act, Public Law
94-233, dated March 15, 1976 this report is disclosable to inmates in federal
institutions for purposes of parole consideration."

Disposition and Date:

GOVERNMENT EXHIBIT

2

CONTACTS:

9/28/88    AUSA David Saffern; telephone.

10/12/88,  Sean Moore, Defense Counsel; telephone.
10/13/88

10/12/88   ████████████  defendant's mother; telephone.

10/14/88   John Eversley, Prince George's County Probation Officer;
           telephone.

OFFICIAL VERSION:

     The following information was extrapolated from the Affidavit in
Support of an Arrest Warrant, as detained in the defendant's Court
file:

     On 5/30/87, at approximately 2:17 a.m., units of the First
District Police Precinct received a radio call for a shooting in the
rear of 1210 I Street, S.E. Upon arriving on the scene, a black male
subject was found laying on the ground suffering from a gunshot wound
to the abdomen. The victim was transported to D.C. General Hospital by
ambulance and the victim was pronounced dead at 2:50 a.m. by Dr. Haley
of the staff. The victim was identified as Richard Alexander, D.O.B.:
7/16/59, of 1812 Chesapeake Street, S.E., Washington, D.C. The
decedent was then transported to the D.C. Medical Examiner's Office,
where an autopsy was performed by Dr. McMahon. The cause of death was
a gunshot wound to the abdomen, and the manner of death is ruled a
homicide.

     W-1 was interviewed and related that he was in the rear of the
1200 block of I Street, S.E., when he heard what sounded like a
firecracker. The witness turned around and saw two men confronting
each other. The witness then saw one of the men take something off the
victim's wrist and the man placed a gun in the victim's stomach and
shot him. The victim fell to the ground and the man ran from the
parking lot and fired two to three gunshots as he was running.

     W-2 was interviewed and related that while in the area of the
shooting, a subject approached the witness and asked the witness who
Earl was. The witness told the subject that she did not know anyone by
the name of Earl. The subject pulled out a gun and told the witness
that she had two minutes to tell him who Earl was. The witness then
ran to a friend's house that was nearby and then came back outside a
few minutes later and heard gunshots coming from the rear of the 1210 I
Street, S.E., where the victim was found.

     W-3 was interviewed and observed the subject approach W-2 and
asked the witness about Earl. W-3 also observed the subject pull the
gun on W-2.

3

**OFFICIAL VERSION:** (continued)

W-3 then stated that the subject walked into the parking lot in the rear of 1210 I Street, S.E. and heard gunshots coming from the parking lot. The witness then ran into the parking lot and observed the victim laying on the ground. All witnesses described the subject as a black male, 23 years old, 5'5" to 5'7", 160 to 165 pounds, dark complexion, wearing a red jogging suit and red cap. W-2 and W-3 were shown an photo array and identified the defendant, Curtis Donnell Eason, as the subject with the gun wearing the red jogging suit and red cap. Based on the above investigation, a Superior Court Arrest Warrant was requested for Curtis Donnell Eason.

**DEFENDANT'S VERSION:**

When asked about the circumstances surrounding the commission of the present offense, the defendant stated, "This is what happened. Back in May, I had got drunk. That's when they had robbed me of some money, my watch and my ring. Basically, I was going back for revenge. I knew the guy's face. I told the cops I had gotten jumped. I got my car and rode over by Morton's on Pennsylvania Avenue. Pumping gas...I flagged down an officer to tell them I had gotten jumped at Potomac Gardens. We had got out of the car and walked around the complex. I was in pain...bleeding and limping. It seem that the D.C. cop was scared himself. That's when he took my name down. We left the scene and rode back to where my car was parked. I went back home in Maryland. That next month, I was riding around with a friend. I was messing with this lady in Southwest. She asked me to stay the night. I was bringing my friend back to Maryland and when going through Potomac Gardens, that's when I did it. I was smoking some of that stuff that night...a good five or six joints (PCP).

**PRIOR CRIMINAL RECORD:**

**Adult:**
**Landover, Maryland:**

| | | | |
|---|---|---|---|
| 1/26/83 | Theft | Unable to ascertain. | FBI, PG CO. PROB. |
| 3/5/83 | Trespassing (85059) | Probation before judgment 3/28/83. | " |
| 3/14/83 | Robbery (CT-83-624) | 2 Years 10/31/83. | " |
| | Assault and Battery (CT-83-625) | 4 Years, all but 6 months suspended. | " |
| 12/16/85 | Robbery (CT-86-0148) | 5 Years suspended, 10/21/87. | " |

4

**PRIOR CRIMINAL RECORD:** (continued)

| Date | Offense | Disposition | Source |
|---|---|---|---|
| 5/22/86 | Unlawful Manufacturing; Distribution of CDS (Marijuana laced with PCP) (CT-86-0938) | Nolle Prosequi 7/15/86. | FBI, PG CO. PROB. |
| 4/17/87 | Theft less than $300 (44145E3) | Not Guilty 7/13/87. | " |
| 6/16/87 | Robbery with Deadly Weapon; Assault with Intent to Murder (CT-87-1204) | 20 Years, all but 10 Years suspended, 5 Years Probation 7/14/87; revoked 10/21/87, 10 years imposed. | " |

**Washington, D.C.:**

| Date | Offense | Disposition | Source |
|---|---|---|---|
| 5/30/87 | Murder I while Armed (F-14566-87A) | No Papered 12/29/87. | DCSC |
| | Felony Murder (Ct. B) | Indicted 4/21/88; Closed. | " |
| | Assault with a Dangerous Weapon - Pistol; Armed Robbery (2 cts. - C-E) | To be dismissed at sentencing. | " |
| | Murder I While Armed (Ct. F) | PLIO 8/18/88. | " |
| | Assault with a Dangerous Weapon - Pistol; Carrying a Pistol without a License (Cts. G,H) | To be dismissed at sentencing. | " |
| | Murder II while Armed (Ct. I) | INSTANT OFFENSE | " |

**PROBATION/PAROLE/PRE-DISPOSITION ADJUSTMENT:**

As is evident from the defendant's criminal record, he previously placed on a five year term of probation in DKT. #: CT87-1204, for the convictions of Robbery with a Deadly Weapon and Assault with Intent to Murder. He was on probation supervision with Vanessa McHenry, Landover Office; as Ms. McHenry has subsequently left this office, this officer spoke with Probation Officer John Eversley, 386-4690. Mr. Eversley advised that violation of probation was instituted, and the defendant on 10/21/87, was sentenced to ten years. At this juncture, the defendant is on a writ from Hagerstown, Maryland and being

5

PROBATION/PAROLE/PRE-DISPOSITION ADJUSTMENT: (continued)

incarcerated at D.C. Detention, Occoquan #1, Lorton, Virginia.

EMPLOYMENT HISTORY:

The defendant stated that since 1983, on a sporadic basis, he was employed by Volkswagen of America, 9300 George Palmer Highway, Lanham, Maryland. Contact with Ms. Pat Cook, Personnel, 459-7000, 386-6202, reveals the defendant was in the warehouse "picking and packing parts" earning $10.10 per hour. Specifically, Mr. Eason, according to Ms. Cook, worked on four separate occasions, to include: 7/12/82 through 9/24/82; 5/29/84 through 11/2/84; 5/13/85 through 8/30/85; and 8/20/86 through 1/16/87. At this juncture, Ms. Cook could not confirm that Mr. Eason would be able to return to his employment, as this company is now using a regular temporary agency to supply part-time help. To this officer's knowledge, this comprises the defendant's only formal employment of recent vintage, while he indicates a desire he would like to return to this employment if released from incarceration.

SOCIAL HISTORY:
Source(s) of Verification:

FAMILY HISTORY:

Curtis D. Eason was born on ██████54, in Washington, D.C., to ████████████████████. He is the second of two children born to this union, having a brother, Douglas Eason, age 25, who currently resides in Hyattsville, Maryland. The defendant stated his parents separated when he was approximately 13 years old, and presently, his father resides at ████████████ Uniondale, New York 11553 (telephone disconnected). The defendant stated that subsequent to his parents' separation, he was raised by his mother and resided with her. The defendant stated that his father had a "drinking problem", and this impacted on his parents' relationship.

At this juncture, the defendant's mother resides at ████████ ████████████ Lanham, Maryland, 772-8306. Contact with Ms. Eason reveals verbalization of concern for her son. Specifically, she stated, "Curtis sure has had his share of problems...he grew up in a broken family. He's not a strong person. He's 24, but he's not 24 in mind. He has a child's mind. He's had tough breaks and needs rehabilitation. After that beating he got, everything started going bad...he just wasn't his self." Ms. Eason is referring to an alleged Robbery that was supposedly initiated by individuals connected with the present offense. Ms. Eason stated she never had any problems with her son when he was younger, maintaining that he always was fairly responsible around the home.

6

SOCIAL HISTORY: (continued)

## EDUCATION/TRAINING:

The defendant completed the 1st through the 4th grade at Washington Rose Elementary School, Roosevelt, New York and subsequently the 5th through the 7th grade at Franklin Elementary School, Hemstead, New York. The family then relocated to Maryland, and the defendant completed the 8th grade at Glen Ridge Junior High School, Lanham, Maryland. He completed the 10th grade at Duvall Senior High School, Seabrook, Maryland, and ultimately the 11th and 12th grade at Lanham Vocational School, where he received his high school diploma in 1983. To this officer's knowledge, this comprises the defendant's only formal academic / vocational training.

## MILITARY:

The defendant has never been a member of the U.S. Armed Services. Mr. Eason maintains that he has registered for the draft, thereby placing him in compliance with the Selective Service Act of 1978.

## MARITAL STATUS AND LIVING ARRANGEMENTS:

The defendant's marital status is single, although he has a son, Robert ████████████████ born ████████ to Sharlotte Parris. His son and Ms. Parris reside on East-West Highway in Silver Spring, Maryland ████████████

With regard to living arrangements, since 1979, the defendant has resided with his mother at ████████████████████ Lanham, Maryland, ████████ For the past three years, the defendant maintains that he has been involved in a relationship with ████████████████████ who resides at ████████████████ S.W., Washington, D.C., 488-0560.

## FINANCIAL STATUS:

The defendant has no specific source of income due to his incarcerated status. Mr. Eason stated he has a $400 Visa bill with Chevy Chase Bank, Chevy Chase, Maryland and owes $104 per month in child support. He further maintained that he is $1200 in arrears, through the Court in Upper Marlboro, Maryland. He has no known further assets or liabilities.

## HEALTH:

The defendant maintains his present physical condition is "in great shape", requiring him to take no prescribed medications. It should be noted that the defendant has a speech impediment, where he

7

**SOCIAL HISTORY:** (continued)

has a slight lisp. This officer queried the defendant's mother about this, she was extremely vague about her son and his background. She was reluctant about how or why her son began stuttering. She stated she thought it was because her son was scared of her husband. When asked why Mr. Eason would be "scared", i.e. violent in words or actions, Ms. Eason would not say. She just maintained that her husband drank a lot. This conversation with the defendant's mother left this officer with the impression that perhaps there was some indication of verbal or physical abuse, however, the defendant did not state that, and attributed his stuttering to just "when he became nervous". From what this officer can ascertain, according to the defendant, he maintains fairly regular contact with his father, and this relationship has not proved to be traumatic for him. In the area of mental health, the defendant claims to have had no involvement with any individual, or agency, in a counseling capacity.

## SUBSTANCE USE/ABUSE:

The defendant stated that since 15 years old, he has smoked marijuana and consumed beer. Specifically, more recently, he estimates that he was smoking three joints of marijuana per day, and consuming two beers every other day. When 19 years old, he stated he began using PCP and cocaine, estimating that he was smoking three joints of PCP per day, and once every six months, would "snort a couple hits" of cocaine. He denies the use of any illicit substances, to include, amphetamines, barbituates, heroin, dilaudid or preludin.

With regard to treatment, in 1986, while on a term of probation supervision in Prince George's County, the defendant was required to participate in out-patient group counseling through the Cheverly Clinic, Cheverly, Maryland. This counseling did not last for longer than two months. To this officer's knowledge, this comprises the defendant's only formal alcohol / drug counseling or treatment.

## EVALUATION AND DIAGNOSIS:

Curtis D. Eason is a 24 year old male who stands convicted of Murder I While Armed in D.C. Superior Court. The present offense reflects the defendant's fourth conviction, while a review of his criminal record displays a pattern of serious felony offenses. Mr. Eason was extremely open and honest with this officer in a presentation of himself, personal background, use of alcohol / drugs; and, fairly candid about commission of the present offense. Mr. Eason maintains that his alleged Robbery occurred prior to commission of the present offense. Mr. Eason; however, did not wish to elaborate on the details of the incident itself, but merely wanted to explain circumstances leading up to the incident. Whether this is a means by which the

8

**EVALUATION AND DIAGNOSIS:** (continued)

defendant rationalizes his conduct to himself or others, could be surmised. A theory that could be argued to understand his commission of the present offense, is that the defendant was involved in selling illicit drugs and was coming from Maryland into the D.C. area, namely Potomac Gardens area, and was "honing" in on other drug dealers territory. Mr. Eason impresses this writer as a fairly bright young man, who has chosen to engage in illicit activity, rather than to use his assets to maintain gainful employment, or have stable relationships. It is this officer's impression that familially, the defendant's mother believes her "child" can do no wrong. She, in conversation with this officer, continued to verbalize that her son has had a "hard" life as he came from a broken home. This, in this officer's estimation is lame at best, and it appears that Ms. Eason has no direct knowledge of what her son does or doesn't do on a day to day basis. His parents' separation, in this officer's opinion, had little impact in his involvement with the criminal justice system. Ms. Eason tends to verbalize that her son needs "rehabilitation", although she does not wish to divulge information about her son's background, and it seems she allows her son to do exactly as he pleases, and not be held accountable for his actions. In light of the serious nature of the present offense, his present incarceration for ten years in the State of Maryland, his opportunities for positive adjustment in the community in the past without success, strongly indicate that community supervision is not a viable sentencing alternative, and is most inappropriate.

**TREATMENT PLAN:**

1.    Alcohol / Drug counseling and treatment.

2.    Employment / Vocational training.

9

**RECOMMENDATION:**

Based on the information herein, it is respectfully recommended that the defendant be sentenced to a period of Incarceration. Further, it is suggested that consideration be given for placement at a Federal facility, in an effort to accomodate the defendant's need for drug counseling.

**INTENSIVE PROBATION SUPERVISION ELIGIBILITY:**

The defendant is _not_ eligible for assessment by the Intensive Probation Supervision Program.

Respectfully submitted,

Linda R. Mulford
Probation Officer
879-4246

Approved by: _Charles McNeil-Bright_
Supervisory Probation Officer
879-4240

# EASON

# EXHIBIT   B4

Tape *1A* at *000*

# DISTRICT OF COLUMBIA BOARD OF PAROLE
## PAROLE DETERMINATION RECORD
## PAROLE HEARING
### ADULT

RE: EASON, Curtis _____          231-040          406-964
         Inmate's Name                      DCDC#            PDID#

BIRTHDATE: *9.11.64*          BOP DOCKET # *H4802.0036*

LOCATION: *Complex*          CONSIDERATION DATE: *2.20.98*

TYPE OF CONSIDERATION: ☒ Initial      ☐ Reconsideration

LAST BOARD ACTION, DATED *N/A* : _____

ANALYST: _____          PREPARATION DATE: *2.19.98*

HEARING OFFICIALS: *Nelson* _____

OTHERS PRESENT: _____

☐ NO DISPOSITION, REASON: _____
      ☐ Reschedule by _____          ☐ Do Not Reschedule

INSTANT OFFENSE AND SENTENCE IMPOSED: _____
*Murder II w/Armed (F14566.87I) 14yrs-Life*

PRIOR OFFENSES: *Trespassing; Rob.; Assault & Battery;*
*Rob.; Rob. w/Deadly Weapon/Assault w/I/*
*Murder*

### QUALITY ASSURANCE

ANALYST: _____          DATE: *3.11.98*

GOVERNMENT
EXHIBIT
D

RE:EASON, Curtis
          Inmate's Name

231-040                406-964
DCDC#                  PDID#

DATES SENTENCES BEGAN: _____ *11.9.88 (2.9.90)*

FULL TERM DATE: _____ *Life*

MANDATORY RELEASE DATE: _____ *Life*

(PAROLE ELIGIBILITY/RECONSIDERATION DATE: *3.18.98*

CONTINUALLY INCARCERATED SINCE: _____ *11.9.88*

NUMBER OF PAROLE CONSIDERATIONS THIS SENTENCE: *Ø*

POINT ASSIGNMENT GRID SCORE AT LAST HEARING: *Ø*

DETAINERS, PENDING CASES, SPLIT OR CONSECUTIVE SENTENCES: *n/A*

INSTITUTIONAL RECOMMENDATION AT THIS CONSIDERATION: *Grant parole*

_ANY SPECIAL INSTRUCTIONS FROM PRIOR CONSIDERATION: *n/A*

_OTHER PROGRAM RECOMMENDATIONS (Note Source): *n/A*

_DESCRIBE PROGRAMMING COMPLETED, OR OTHER COMMENTS: *Group Psycho therapy; Furniture Repair - Apprenticeship Prog; AA degree in Media Technician; CCRP - all levels; ETA*

_ HO: *Good report from Violent offenders therapy group.*

RE:EASON, Curtis
_____
Inmate's Name

231-040
DCDC#

406-964
PDID#

FACTS OF INSTANT OFFENSE: On 5-30-87, guy was identified as person who shot victim in the rear of 1210 I St., S.E. during altercation.

HO: Subject states he was buying drugs & got beat up by the dealer when he questioned their quality. Pointed the perpetrator out to a police officers but they did not arrest him. A month later, subject found dealer again & shot him.

VICTIM IMPACT REMARKS: _____

FACTS OF NEW CRIMINAL OFFENSES OR DISCIPLINARY REPORTS:
4-22-92 Poss of Contraband — Class II — Guilty
Reprimand & Warning

HO: Found a dollar in some furniture he was repairing & was going to send it to his son for his birthday.

All urines have been negative.

PDS.200 11/16/94                    3

RE: EASON, Curtis                          231-040
         Inmate's Name                     DCDC#            PDID#

ANALYSIS OF CRIMINAL HISTORY, SUBSTANCE ABUSE, MENTAL HEALTH
PROBLEMS, AND TREATMENT ATTEMPTS:

Has been known to the criminal justice system since 1983 with arrests & convictions for assault, weapon, battery, murder & robbery offenses. Uses Marijuana; PCP Cocaine. Was "high" on PCP the day of the instant offense. Participated in outpatient

HO: drug program in state of Md as part of probation requirement.

PERFORMANCE UNDER ANY TYPE OF COMMUNITY SUPERVISION: Subj was on parole/probation for state of Md on Robbery & assault a/t Murder when I.O. was committed.

HO:

PDS.200 11/16/94                    4

RE: __EASON, Curtis__          __231-040__
Inmate's Name              DCDC#            PDID#

## ANALYSIS AND CONCLUSIONS

REGARDING INMATE'S INSTITUTIONAL ADJUSTMENT AND PAROLE POTENTIAL

During service of this sentence, subject has made excellent use of his time. He has earned an AA Degree, completed several meaningful programs as well as furniture repair trade. However, subject's actions as regards instant offense coupled with the fact he was on parole/probation for assaultive charges from State of Maryland do not warrant parole at initial hearing. HO: A life was lost. Deny Parole is recommended.

Subject states he's learned to "control his emotions & swallow his own pride."

Incarcerated since 6/87, first in Maryland for a robbery charge & assault w/ intent to murder (he pulled a knife on the arresting officer as they struggled) Then in DC since 12/89.

Subject's conduct & programming has been excellent during his 14 years of incarceration. He is extremely remorseful for his offense. He appears to no longer to pose a threat to society. The deliberate nature of his offense does not warrant a grant outside the guidelines. He does, however, justify a guideline set off.

PDS.200 11/16/94                    5

DISTRICT OF COLUMBIA BOARD OF PAROLE

page 3

RE: EASON, Curtis
Inmate's Name

231-040
DCDC#

406-964
PDID#

Anl    HO

## SALIENT FACTOR SCORE
### Initial Hearing Only

Prior Convictions or Adjudications (Adult or Juvenile):

| Year | Offense | Sentence |
|------|---------|----------|
| 1. 1983 | Trespassing | Probation |
| 2. 1983 | Rob | 2 yrs |
| 3. 1983 | Assault & Battery | 4 yrs all susp but 6 m |
| 4. 1985 | Rob | 3 yrs suspended |
| 5. 1987 | Rob w Deadly Weapon | 10 yrs |
| OTHERS 1987 | Assault w/i Murder | |

1 commitment

0    ____    Prior Commitments Longer than Thirty Days (Adult or Juvenile)
None..3    One..2    Two-three..1    Four or more..0

0    ____    Prior Commitments in the Three Years Preceding Current Offense
None..2    One-two..1    Three-four..0    Five or more..0

0    ____    Status at Time of (or Included in) Current Offense
None..1    One or more..0
Not on probation, parole, confinement or escape status..1
On probation, parole, confinement, or escape status..0

2    ____    Age at Current Offense (in Years)
26 or more..2    20-25..1    19 or younger..0
Regardless of age, five or more prior commitments..0

1    ____    History of Heroin/Opiate Dependence
No..1    Yes..0

3    ____    TOTAL SCORE

| 10-9(Low Risk)= 0 Points | 8-6(Fair Risk)= 1 Point |
|---|---|
| 5-4(Moderate)= 2 Points | 3-0(High Risk)= 3 Points |

☐    ☐    **INITIAL POINTS**

### NEGATIVE INSTITUTIONAL BEHAVIOR
#### INITIAL
☐    ☐    1 Class I murder, manslaughter, kidnapping, armed robbery
☐    ☐    1 Class offense other than above during last ½ of minimum sentence, except not less than 12 months or more than 3 years preceding hearing
☐    ☐    2 Class II offenses
#### RECONSIDERATION
☐    ☐    1 Class I offense (since last consideration)
☐    ☐    2 Class II offenses (since last consideration)

### SUSTAINED PROGRAM OR WORK ASSIGNMENT ACHIEVEMENT
✗    ☐    1 or 2 educational or vocational programs, or program levels which enabled offender to develop an academic or job-related skill, or progress to higher level of difficulty or skill in program area
✗    ☐    Received G.E.D.
✗    ☐    Received A.A. or B.A.
☐    ☐    1+ short-term special needs programs for an identified problem (e.g., drug treatment, psychological counseling)--not 2-day DAATP
✗    ☐    1+ work details for at least 1/3 of this period of incarceration

RE:EASON, Curtis
<u>Inmate's Name</u>

<u>231-040</u>
DCDC#

<u>406-964</u>
PDID#



## POINT ASSIGNMENT GRID

| | INITIAL PAROLE HEARING | | | | RECONSIDERATION | |
|---|---|---|---|---|---|---|
| Salient Factor Score | 10-9 | 8-6 | 5-4 | 3-0 | Point Assignment Grid Score Total From Previous Consideration | |
| Degree of Risk | +0 Low | (+1) Fair | +2 Mod. | +3 High | | |
| Current or 2+ Prior Felony Convictions | Anl   HQ | Anl   HQ | Anl   HQ | Anl   HQ | Anl | HQ |
| Where Offense Involved Violence, Weapons, or Drug Trafficking | +1   +1 | (+1)   +1 | +1   +1 | (+1)   +1 | | |
| Negative Institutional Behavior | +1   +1 | +1   +1 | +1   +1 | +1   +1 | +1 | +1 |
| Sustained Achievement | -1   -1 | -1   -1 | -1   -1 | (-1) | -1 | -1 |

TOTAL POINTS THIS CONSIDERATION:  _3_

_____
Analyst

_____
Hearing Official

| | Initial | Reconsideration |
|---|---|---|
| ☐ | 0-2 | 0-3 |
| ☑ | 3-5 | 4-5 |

**DECISION GUIDELINE RECOMMENDATION**
Grant parole
Deny parole, schedule reconsideration

☐ Less than five years remain
☐ Five or more years remain

**SETOFF GUIDELINE RECOMMENDATION**
reconsider within 6 mos. of hearing
reconsider within 12 mos. of hearing

ANALYST'S RECOMMENDED DISPOSITION: _Deny Parole._
_Recon - 3·18·2003 (5 yrs)_

Disposition Codes: _DE-01-6_ _____  _-_  _-_

SPECIAL INSTRUCTIONS/CONDITIONS:

Code: _6_  _work detail_
Code: _7_  _no new DR's_
Code: _3_  _Colleg Courses (BA/BS)_

Disposition is Inside Guidelines  ☑ Yes  ☒ No
Setoff is Inside Guidelines  ☐ Yes  ☒ No

COUNTERVAILING FACTOR CODES: _69_  _63_  _61_

SUPPORTING FACTS _____

_____

_____

_____

RE:EASON, Curtis
    Inmate's Name

231-040
DCDC#

406-964
PDID#

OTHER REMARKS:

☐ Subject confirms plan information in progress report

☐ Changes in plan information:

PDS.200 11/16/94                    8

RE:EASON, Curtis
_____
Inmate's Name

231-040
DCDC#

406-964
PDID#

## HEARING OFFICIAL'S RECOMMENDATION

☐ ACCEPT ANALYST'S RECOMMENDATION (on Page 7)

☑ OTHER RECOMMENDED DISPOSITION: ~~Deny parole~~

Deny parole; Reconsider by 3/18/99

Disposition Codes: DE-01-61 _____ _____

SPECIAL INSTRUCTIONS/CONDITIONS:

Code: 05 _____

Code: 07 _____

Others: _____

Disposition is Inside Guidelines  ☑ Yes   ☐ No
Setoff is Inside Guidelines        ☑ Yes   ☐ No

COUNTERVAILING FACTOR CODES: _____ _____ _____ _____

STAFF FOLLOWUP ACTIONS: _____
_____
_____

BY: _____        DATE: 2/20/98
    Hearing Official

CONCURRENCE: Based on examination of the relevant information in this case, the Board concurs with the disposition recommended by the Hearing Official, and hereby orders the issuance of the appropriate implementing documents.

Board Member: _____   Date: 2/20/98

Board Member: _____   Date: 2/23/98

Board Member: _____   Date: _____

NONCONCURRENCE--See Attached Form BOP.902

☐ Erias Hyman      ☐ Donald Streater      ☐ Polly Nelson

☐ Margaret Quick   ☐ Marcelino Cruces

# EASON

# EXHIBIT    B5




# The Board of Parole
### of the
## District of Columbia

## NOTICE OF BOARD ORDER

In reference to:                                                          Order # 1 of 1

**DCDC** 231-040                    **NAME** CURTIS D EASON

**DOB** 09/11/1964                  **SSN**                        **LOCATION** COMPLEX

**DOCKET** H9802-0036               **CONSIDERATION TYPE** H:INITIAL

The District of Columbia Board of Parole issues the following **ORDER:**

**DENY PAROLE; RECONSIDER FOR PAROLE BY 03/18/1999**

Implementation of this Order shall include the following:
Special Instructions for Reconsideration

**PROGRAM PARTICIPATION**
**NO NEW DISCP. REPORTS**

Remarks:

02/23/1998
_____
Date

_____
*Margaret Quick*
Chairman
on behalf of the Board of Parole

Seal

NOA Date 3-11-98    by UB                    [ Parole Determinatio




# EASON

# EXHIBIT    B6

# D.C. RECONSIDERATION HEARING

**Hearing Type:**    **DC Reconsideration**

**Name:**    EASON, Curtis

**D.C./Reg. No:**    00231-040

**Hearing Date:**    3-30-1999

**Date of Birth:**

**Recommended Release:**

**Institution:**    DC/DC Central

**Mandatory Release/Short Term Date:**   Life

**Full Term Date:**   Life

**Fines/Restitution/Court Assessment:**   None

**Months in Custody:**

**Reviewer:**    Samuel R. Robertson

---

## I.   PREVIOUS PAROLE BOARD ACTION:

See prehearing assessment dated 3-9-1999.

## II.   CODEFENDANTS:

No information available.

## III.   INSTITUTIONAL ADJUSTMENT AND RELEASE PLANS:

See prehearing assessment dated 3-9-1999.

This examiner confirmed at today's hearing through an interview with the prisoner and also through a review of the prisoner's institutional file that he has done an exemplary job in terms of adjustment and programming. The prisoner continues to remain assigned to the institution industries (furniture repair) where he has worked since 1991. He receives superior work reports in this capacity.

Regarding programming, the prisoner has earned his associate's degree in Media Technology from the University of DC while confined. At today's hearing, he indicated that he is continuing to pursue his college program and has approximately six additional courses to obtain his bachelor's degree.

In addition to the college program, the prisoner has apparently earned a vocational training certificate from industries in furniture repair and upholstery. It appears that the program is an 8,000 hour VT course.

The prisoner has also completed the five levels of CCRP and ETAP.

EASON.231



Page

The prisoner is apparently in good health, maintaining regular duty and housing assignments.

Upon release, he indicates that he intends to reside in Maryland with his mother. He offered at today's hearing that he has an offer of employment from Demo Refuse Removal in Washington, DC. There appear to be no detainers lodged or charges pending in this case.

Misconduct Details: None.

Grid Score: The prisoner had a computed DC grid score of 3 points subsequent to his last hearing which occurred in March of 1998. Inasmuch as the prisoner has not sustained any new misconducts and has continued to program, this examiner agreed with the prereviewer that one point should be deducted for programming which would give the prisoner a total point score of 2 at today's hearing.

Salient Factor Score:

A = 1
B = 1
C = 2
D = 1
E = 1
F = 0

6 = Total Score

## IV. FINES/RESTITUTION/COURT ASSESSMENT:

## V. REPRESENTATIVE:

## VI. RISK: Is this offender a more serious risk?

This examiner believes that the prisoner would indeed be a more serious risk than the salient factor score would indicate. A review of the prisoner's prior offense history indicates that he has sustained the following convictions: 3-14-1983 - Assault and Battery and Robbery; 12-16-1985 - Robbery and 6-16-1987 - Robbery With Deadly Weapon and Assault With Intent to Murder. Moreover, while on probation from the 1987 robbery with deadly weapon and assault with intent to murder offense, the prisoner was involved in the instant conduct involving an armed robbery in which he shot his victim to death and which did result in the instant DC sentence of Life. This examiner would conclude that the fact that the prisoner has been involved in four consecutive violent or assaultive offenses is not adequately addressed by the DC grid total point score.

## VII. EVALUATION:

The prisoner is serving a 14-year to Life DCA sentence for Murder II While Armed. It is noted that the prisoner was allowed to plead to a lesser offense inasmuch as he was originally charged

EASON.231

with First Degree... It appears that the prisoner has been in continuous creditable custody according to the DC computation since 2-9-1990. It should be noted however, that the prisoner has actually been in continuous custody from at least 11-9-1988, however, that custody was apparently in Maryland.

In this regard, it is noted that the prisoner had apparently been writted from Maryland to DC receiving the instant 14 year to Life sentence on 11-9-1988 and subsequent to the DC sentencing was returned to Maryland to complete his sentence there. Subsequently, he was then returned to DC on or around 2-9-1990 and commenced the actual service of the instant sentence.

As noted at today's hearing, the prisoner would have a DC grid score of 2 points which would indicate under the DC procedures that normally parole would be granted at the rehearing. However, this examiner believes that the prisoner is a more serious risk than the salient factor score would indicate based on his prior offense history reflecting consecutive convictions for violent or assaultive offenses. The prisoner certainly is doing extremely well in terms of programming and conduct, however, in this examiner's opinion, the prisoner's favorable institutional adjustment does not outweigh the issues of risk or accountability. This examiner would believe that for the nature of the prisoner's instant offense some minimal sentence service of up to 20 years would be indicated or possibly even more. It appears that the prisoner has served between 10 and 11 years in continuous custody at this juncture and again in this examiner's opinion, it simply would not be sufficient for purposes of accountability not to mention the issue of risk.

This examiner will recommend that the DC grid score recommendation be overridden based on the issues of accountability and more serious risk and that the prisoner receive a rehearing in approximately 60 months.

## VIII.   RECOMMENDATION:

Deny parole. Continue for rehearing in March 2004.

## IX.   REASONS:

CLW
April 9, 1999

EASON.231

# EASON

# EXHIBIT   B7

**U.S. Department of Justice**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

Name: EASON, Curtis

Register Number: 00231+040          Institution: Lorton - Central Facility

In the case of the above-named, the following parole action was ordered:

Deny parole. Continue for a rehearing in March, 2004.

THE ABOVE DECISION IS NOT APPEALABLE.

**REASONS:**

Your previous score under the District of Columbia parole guidelines was 3. With adjustments reflecting your institutional record since your last hearing, your current score is 2. You continue to be scored under the 1987 guidelines of the D.C. Board of Parole. Those guidelines indicate that parole should be granted at this time. After review of all factors and information presented, a departure from the guidelines at this consideration is warranted for the following reasons: You are a more serious risk than indicated by your total point score in that your prior history reflects convictions for assault and battery in 1983; robbery in 1985; robbery with a deadly weapon and assault with intent to murder in 1987. Moreover, while on probation from the 1987 conviction, you committed the instant offense involving murder while armed, receiving a life sentence.

GOVERNMENT EXHIBIT

Date: April 23, 1999

Clerk: ads

Page 1 of 1                                    EASON.231

# EASON

# EXHIBIT   B8

# HEARING SUMMARY

**Name:  Eason, Curtis**

**Reg No:  09114-007**

## Hearing Parameters

Hearing Type .................................: **Rehearing (Initial Hearing Before 8/5/98)**

Hearing Date ..................................: 3/2/04

Examiner .......................................: Jacqueline R.D. Wynn

Institution .......................................: Lee County USP

## Sentence Parameters

Sentence Type ...............................: **DC Parole Eligible**

MR/Statutory Release ..................: Life

Full Term Date .............................: Life

Months in Custody........................: as of

Fines/Restitution/Assessment ......: None

Detainer.........................................: None

**Additional text regarding the above parameters:**  None.

---

## Prior Action & Institutional Factors

**Prior Action:**  See Prehearing Assessment dated 2/10/04.

**Codefendants:**  None.

**Representative & Representative's Statement:**  None.

**Prisoner's Statement:**  The subject admits to the offense behavior, SFS and guideline items.

## Disciplinary Infractions

**No. 1 - BOP Incident Report No.** 1036419
  **Description of Behavior:**  Disruptive Conduct.
  **Prisoner's Response:**  The subject stated that he did make statements to the officer. He indicated that he had a crush on her and that he had been very fond for an extended period of time. The subject was originally charged with sexual proposals. It was found at the DHO hearing that there was no proposal made and he was charged with disruptive behavior.
  **Findings of Fact:**  This examiner finds that the subject violated the rules of the institution as indicated in the above violation.
  **Basis:**  Subject's admission and the DHO finding.
  **Rescission Guideline:  1 point.**

**Program Achievement:**



Eason, Curtis, Reg. No. 09114-007          **Page 1 of 2**

**Release Plans:**

## Guideline Parameters, Evaluation & Recommendation

Prior Grid Score: .................0
Discipline: .......................... +
Program Achievement: ........ -
Current Grid Score: .............1

**Evaluation:** The subject is appearing for his third parole consideration on this 14 to life term for the offense of Murder II while armed. His parole eligibility date was 9/8/98. He was given a 12-month setoff at his Initial Hearing by the DC Parole Board and a 60-month setoff by the Commission. He has been in continuous custody 168 months on the current offense behavior. Prior to beginning this sentence the subject was in custody in the State of Maryland. He was transferred from the State of Maryland to begin the current sentence.

Since his last appearance the subject suffered one minor disciplinary infraction and has completed the 500-hour Drug Program. This examiner will recommend the subject be considered for parole. If considered for release the subject will live with his mother Josephine Eason in Upper Marlboro, MD. He has been offered employment with the Wine Gardener Chevelot Dealer in Maryland. This examiner would recommend that subject be considered for parole and the special Drug Aftercare condition be imposed.

**Recommendation:** Parole effective 6/3/04 after the service of ~~208~~ *172  RE 4-6-05* months.

**Conditions:** Drug Aftercare.

**Statutory Interim Hearing:** None.

**Guideline Use:** A departure from the guidelines at this consideration is not warranted.

**Additional Text:** None.

**Executive Reviewer's Comments:**

JRW/PAH
March 18, 2004

**Eason, Curtis, Reg. No. 09114-007**                                **Page 2 of 2**

# WORKSHEET FOR D.C. OFFENDERS
### Reasons for Decision

NAME: _____          NUMBER: _____

## NO DEPARTURE FROM THE DECISION SUGGESTED BY THE POINT SCORE

You have a total point score of _____ under the guidelines for D.C. Code offenders.  (See attached point assignment grid.)  The guidelines indicate that parole should be granted at this time.  After review of all factors and information presented, a departure from the guidelines at this consideration is not found warranted.

You have a total point score of _____ under the guidelines for D.C. Code offenders.  (See attached point assignment grid.)  The guidelines indicate that parole should not be granted at this time.  After review of all factors and information presented, a departure from the guidelines at this consideration is not found warranted.

### REHEARING GUIDELINES – NO DEPARTURE

Your rehearing date is set according to the time ranges established by the guidelines for the time to rehearing.  The range in your case is _____ - _____ months.  A departure from these guidelines is not found warranted.

No rehearing date is being set in your case in that your mandatory release date will occur within or below your guideline range of _____ - _____ months.

### REHEARING GUIDELINES – DEPARTURE

The guidelines for the time to rehearing indicate that your next hearing should be scheduled within _____ 12 months.  A departure from these guidelines is found warranted because _your offense_ behavior is more serious than your conviction to murder II in that the murder was planned and an act of revenge. Consequently the Commission has determined more period time

### DEPARTURE FROM DECISION SUGGESTED BY POINT SCORE

You have a total point score of _____ under the guidelines for D.C. Code offenders.  (See attached point assignment grid.)  The guidelines indicate that parole should be granted at this time.  However, a departure from the guidelines at this consideration is found to be warranted because _incarceration is necessary for accountability purposes._

You have a total point score of _____ under the guidelines for D.C. Code offenders.  (See attached point assignment grid.)  The guidelines indicate that you should not be granted parole at this time.  However, a departure from the guidelines at this consideration is found to be warranted because _____

Revised 10/21/99

Examiner's Initials _____

Reviewer's Initials _____

# EASON

# EXHIBIT   B9

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

Name: EASON, Curtis
Register Number: 09114-007
DCDC No: 231-040

Institution: Lee County USP

Date:    April 1, 2004

In the case of the above-named, the following parole action was ordered:

Deny parole. Continue for a rehearing in March 2007, after the service of 36 months from your last hearing.

**REASONS:**

Your Grid Score at your last hearing was 1 point(s). You continue to be scored under the 1987 guidelines of the D.C. Board of Parole.

Under the guidelines for D.C. Code offenders, your current Total Point Score includes -1 point for ordinary program achievement since your last hearing.

With adjustments reflecting your institutional record since your last hearing, your current Grid Score is 1. You continue to be scored under the 1987 guidelines of the D.C. Board of Parole. Those guidelines indicate that parole should be granted at this time. After consideration of all factors and information presented, a departure from the guidelines at this consideration is warranted because your offense behavior is more serious than your conviction for Murder II in that the murder was planned and an act of revenge. Consequently, the Commission has determined additional time incarcerated is necessary for accountability purposes.

**THE ABOVE DECISION IS NOT APPEALABLE.**

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    Sharon Barnes-Durbin, SCSA
       CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2149
       Washington, D.C. 20001

**GOVERNMENT EXHIBIT**

# EASON

# EXHIBIT    B10

# HEARING SUMMARY

**Name: Eason, Curtis**

**Reg No: 09114-007**

## Hearing Parameters

Hearing Format ............................: **In Person**

Hearing Type ...............................: **Rehearing (Initial Hearing Before 8/5/98)**

Hearing Date ................................: March 13, 2007

Examiner.....................................: Rob Haworth

Institution ....................................: Lee County USP

## Sentence Parameters

Sentence Type..............................: **DC Parole Eligible**

MR/Statutory Release .................: None

Full Term Date .............................: Life

Months in Custody.......................: 205 as of 3/8/2007

Fines/Restitution/Assessment ......: None

Detainer.......................................: None

**Additional text regarding the above parameters:** None

## Prior Action & Institutional Factors

**Prior Action:** There is no current Prehearing Assessment in this case. Documents in the examiner packet shows that this subject killed another man 5/30/1987 in Washington, DC. Police found the victim lying on the ground with a gunshot wound to the abdomen. Witnesses testified that this subject was the individual who shot the victim. The shooting was apparently an act of revenge. The victim and some of his friends had assaulted this subject on an earlier date and subject had made a decision to get even.

The subject was serving a sentence in the State of Maryland at the time he received the current DC term. He was released from Maryland custody to this sentence on 2/9/1990. He has actually been in custody since 1987 but only receives credit on this sentence from 2/9/1990.

The subject had his Initial Hearing before the DC Board in 1998. He was denied parole and he was set off for 1 year. The Commission denied him parole in 1999 and set him off for 5 years. Following his Rehearing in 2004 a Notice of Action dated 4/1/2004 shows that he was denied and set off for 3 years. His Grid Score was 1 at the last hearing which would have allowed parole under normal circumstances. However, a decision was made to go outside the guidelines because subject carried out a planned note that was an act of revenge.

The Notice of Action dated 4/1/2004 does not give any specific reason for going outside the rehearing guidelines. The normal set off in these cases is 12 months.

**Eason, Curtis, Reg. No. 09114-007**          **Page 1 of 4**

GOVERNMENT EXHIBIT 5

**Codefendants:** None.

**Representative & Representative's Statement:** Jason Wallach, Attorney with the Law Firm of Dickstein Shapiro Law Firm, 1825 I Street, NW, Washington, DC 20006. Telephone number (202) 420-2668.

Attorney Wallach pointed out that subject satisfied his minimum term as of 9/8/1998. Under the DC Sentencing Laws the minimum term is intended to satisfy accountability for the offense. Attorney Wallach acknowledges the Commission's right to find aggravating features in requiring more than the minimum term but he pointed out it now been 9 years above the minimum term. The subject has consistently received credit for program accomplishments at each hearing. He has kept clear conduct and has never been a management problem for staff. Attorney Wallach urged the Commission to grant parole at this consideration. The minimum term was satisfied in 1998 and subject has served almost 9 additional years.

**Prisoner's Statement:** The subject expressed remorse for his crime. During the hearing he stated several times that he feels extremely remorseful for what he did. He stated that he values human life and he thinks about it every day. He is very, very sorry for what he did.

**Discipline:** None.

**Program Achievement:** The Progress Report dated 1/5/2007 shows that subject has consistently received good work reports from his job assignment in the Main Corridor.

Since the last hearing, the subject has completed Stress Management-2/11/04, Pre Release-4/5/04, Microsoft Word Typing-5/27/04, Photography-12/19/04, Weight Management Program-8/5/05, Victim Impact-9/22/05, Advance Level Working-2/6/06, Introduction to Careers-9/22/06, Spanish I-9/25/06, Career Assessment-9/25/06 and Job Fair Interview-12/28/06. The subject is currently participating in Vocational Training in Computers and more Advance Level Working. He showed this examiner a handwritten note from his computer teacher indicating that he will complete that class on 3/21/07.

The file shows that subject completed numerous programs that were considered at earlier hearings. Those programs include the 500-Hour Drug Program at the Butner Institution.

The subject's program accomplishments warrant a reduction of his Point Score. His Score can be reduced 1 Point.

**Release Plans:** During the hearing the subject gave this examiner a letter from his mother. The subject will be living at her residence in Waldorf, MD after release. The subject also presented this examiner with a letter signed by Mr. James Exum showing that subject has a job offer at the Above the Top Barber Shop in Capitol Heights, MD. The subject also presented this examiner with a copy of his resume.

## Guideline Parameters, Evaluation & Recommendation

**Eason, Curtis, Reg. No. 09114-007**                    **Page 2 of 4**

Prior Grid Score: ..................1
Discipline: .......................... +
Program Achievement: ...... -1
Current Grid Score:..............0

**Evaluation:** This prisoner has now been in custody approximately 205 months. He has consistently maintained an outstanding prison record and has managed to accomplish many significant programs. The previous decision to go outside the guidelines would justify on writing notices. This examiner does not believe that there is reason to go outside the guidelines at this consideration. It is recommended that this prisoner be given a parole date far enough in the future to allow for halfway house placement.

**Recommendation:** Parole effective 8/8/2007.

**Conditions:** Special Drug Aftercare.

**Statutory Interim Hearing:** None.

**Guideline Use:** A departure from the guidelines at this consideration is not warranted.

**Additional Text:** None.

[Signature]


JRH/PAH
March 21, 2007


**Executive Reviewer's Comments:** Kostbar 3/21/07

The subject has met his "old" DC Grid Score guideline for release for the past two hearings. At the last hearing, as well as this current hearing, the Hearing Examiner has recommended parole.

The subject is serving 14-Life for a second degree murder. While he was convicted of 2nd degree murder, the specifics of the case indicate that this was a premeditated act of a revenge killing.

After the last hearing, the Commission disagreed with the hearing examiner and ordered a rehearing in 36 months, which is above the normal guideline of 12 months for a rehearing under the "old" DC Grid system.

The subject will serve 17.5 years if he is released on 8/8/07, as recommended by the hearing examiner. It would be a decision consistent with the DC Grid Score system.

However, I disagree. This is a highly aggravated case and outside the "heartland" of a 2nd degree murder case. The case specifics are more closely associated with a 1st degree, premeditated murder.

**Eason, Curtis, Reg. No. 09114-007**          **Page 3 of 4**

Consequently, I believe that the subject should serve much more time on this term, possibly as long as 25 – 30 years. A decision less than that, would, in my opinion, depreciate the seriousness of the offense behavior and promote disrespect for the law.

Recommendation:

Deny Parole and schedule for a rehearing in 12 months, 3/08.

A departure above your guidelines in warranted for the following factor of aggravation: your behavior is more serious than your conviction to Murder II in that the murder was planned and an act of revenge. Consequently, the Commission has determined that additional time incarcerated is necessary for accountability purposes.

**Eason, Curtis, Reg. No. 09114-007**          **Page 4 of 4**

# EASON

# EXHIBIT    B11

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

| | |
|---|---|
| Name: EASON, Curtis | Institution: Lee County USP |
| Register Number: 09114-007 | |
| DCDC No: 231-040 | Date:    March 23, 2007 |

As a result of the hearing conducted on March 13, 2007, the following action was ordered:

Deny parole. Continue for a rehearing in March 2008, after the service of 12 months from your last hearing.

**REASONS:**

Your Grid Score at your last hearing was 1 point(s). You continue to be scored under the 1987 guidelines of the D.C. Board of Parole.

Under the guidelines for D.C. Code offenders, your current Grid Score includes 1 point for ordinary program achievement since your last hearing.

With adjustments reflecting your institutional record since your last hearing, your current Grid Score is 0. You continue to be scored under the 1987 guidelines of the D.C. Board of Parole. Those guidelines indicate that parole should be granted at this time. After consideration of all factors and information presented, a departure above your guidelines is warranted for the following factor of aggravation: your behavior is more serious than your conviction for Murder II in that the murder was planned and an act of revenge. Consequently, the Commission has determined that additional time incarcerated is necessary for accountability purposes.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    CSS Data Management Group
      D.C. Court Services & Offender Supervision Agency
      300 Indiana Avenue, N.W., Suite 2070
      Washington, D.C. 20001

