UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TONY R. SELLMON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 06-1650(ESH) |
| ) | |
| EDWARD F. REILLY, Jr., ) | |
| Chairman of the United ) | |
| States Parole Commission, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' STATEMENT OF GENUINE ISSUES IN RESPONSE TO
PLAINTIFFS' JOINT STATEMENT OF MATERIAL FACTS**

Edward F. Reilly, Jr., Chairman, United States Parole Commission ("USPC"), Cranston J. Mitchell, Deborah Spagnoli, Patricia Cushwa and Isaac Fulwood, Jr., Commissioners, USPC, in their official capacities (collectively "Defendants"), by and through the undersigned hereby submit this Statement of Genuine Issues in Response to Plaintiffs' Joint Statement of Material Facts ("Joint Statement"). Plaintiffs' joint statement of undisputed facts is based on legal arguments, baseless speculation, and erroneous factual statements that Defendants dispute. The factual assertions in their joint statement of facts do not support Plaintiffs' claim that Defendants consideration of Plaintiffs' parole applications under its own guidelines rather than the defunct District of Columbia Parole Board's resulted in a risk of increased incarceration. Accordingly, Defendants provide the following statements and objections to Plaintiff's joint statement of undisputed facts:

1.    Defendants do not object to paragraphs 1-4 of the joint statement.

2. Defendants do not object to paragraph 5 of the joint statement but note that this paragraph contains a legal conclusion.

3. Defendants do not object to paragraph 6 of Plaintiffs' joint statement.

4. Defendants object to paragraph 7 of Plaintiffs' joint statement because this paragraph calls for a legal conclusion and does not involve issues of fact. Furthermore, this paragraph by its own words incorrectly relies on assumptions and presumptions about D.C. Code Sentencing and Parole Law by assuming.

5. Defendants object to paragraph 8 of Plaintiffs' joint statement because it is a based on speculation about how D.C. Sentencing and Parole Law would be applied to Plaintiffs'. More specifically, it assumes a presumption of parole suitability an that only the only basis to deny suitability would have been a departure from numerical guidelines.

6. Defendants object to paragraph 9 of Plaintiffs' joint statement in that it assumes that the USPC has not used D.C. parole law and regulations, as amended and required by D.C. law, in making parole decisions in their cases. Defendants' Statement of Material Facts ¶ 2 ("SOMF").

7. Defendants object to paragraph 10 of Plaintiffs' joint statement. The USPC has always used D.C. parole law and regulations in making parole determination in all Plaintiffs' cases. SOMF ¶¶ 2, 18, 30, 42, 54-55, 60, 72, 83, 94.

8. Defendants object to paragraph 11 of Plaintiffs' joint statement because this paragraph incorrectly states that the USPC increased the minimum period of incarceration before Plaintiffs could be determined suitable for parole and calls for a legal conclusion of the USPC's regulations and guidelines.

9. Defendants object to paragraph12 of Plaintiffs' joint statement on several grounds. First, the paragraph incorrectly states that the USPC did not apply D.C. parole regulations in making parole determinations in the cases of Plaintiffs Gambrell and Eason. SOMF ¶¶ 18, 30.

10. Defendants object to paragraphs 13-17 of Plaintiffs' joint statement because these paragraphs in large part describe the legal developments regarding the USPC's assumption of D.C. parole responsibilities. Defendants note that the legal authorities speak for themselves. To the extent that these paragraphs recite factual statements, Defendants do not object to the statements that the Commission assumed the responsibility of making parole decision for all eligible D.C. Code offenders on August, 5, 1998; that the Commission previously held parole hearings for D.C. Code offenders in federal custody, and that the Commission applied the 1987 D.C. parole guidelines ("1987 guidelines") to D.C. Code offenders prior to 1998.

11. Defendants object to paragraph 18 Plaintiffs' joint statement because the D.C. Board considered not "used" the 1987 guidelines.

12. Defendants object to paragraphs 19-28 of Plaintiffs' joint statement and note that the referenced D.C. report speaks for itself.

13. Defendants object to paragraph 29 of Plaintiffs' joint statement because this paragraph is purely a conclusion of law and is bereft of facts.

14. Defendants not object to paragraph 30 of Plaintiffs' joint statement.

15. Defendants object to paragraph 31 of Plaintiffs' joint statement because the D.C. Board considered numerous factors beyond those described in considering each individual D.C. Code offender's case. For example, the D.C. Board also relied on departures from its guidelines.

16. Defendants do not object to paragraph 32-34 of Plaintiffs' joint statement but note that the D.C. Board was not prohibited from considering offense conduct in determining the relative risk that an offender presented to the community.

17. Defendants object to paragraphs 35-41 of Plaintiffs' joint statement in that these paragraphs do not describe facts. To the extent that paragraphs purport to explain the D.C. Board's regulations, Defendants note that these regulations speak for themselves. However, paragraphs 35-41 merely describe the regulations and do not explain how the D.C. Board actually determined degree of risk, weighed various factors, and arrived at a customary degree of risk for D.C. Code offenders.

18. Defendants object to paragraphs 42-46 of Plaintiffs' joint statement. Again, these paragraphs merely purport to recite the D.C. parole guidelines, but such paragraphs do not describe any facts regarding the D.C. Board's actual practice under the guidelines. Defendants affirm that the regulations speak for themselves and involve legal questions, but do not state what the D.C. Board did or did not do in specific cases. Accordingly, Defendants object.

19. Defendants object to paragraphs 47-50 of Plaintiffs' joint statement of on similar grounds. These paragraphs do not provide documentation for actual Board practice regarding institutional adjustment.

20. Defendants object to paragraphs 51-54 of Plaintiffs' joint statement in that such paragraphs merely reference D.C. Board regulations, which do not support the factual allegations in these paragraphs regarding program achievement. Indeed, under the D.C. Board's regulations, it retained the discretion to disregard program achievement.

21.     Defendants object to paragraphs 55-57 of Plaintiffs' joint statement because these paragraphs merely recite the D.C. Board's regulations and do not involve any issues of fact. To the extent that these paragraphs purport to state facts, Defendants object, noting that there is no factual basis for their assertions. Plaintiffs' speculation only takes into consideration decisions made within the guidelines but not decisions made when a case merits departure therefrom.

22.     Defendants do not object to the statement in paragraph 58 of Plaintiffs' joint statement of undisputed facts that the Board recognized that it had plenary discretion to make a parole decision apart from the 1987 guidelines. Defendants object to the statement that the Board only considered specific aggravating or mitigating factors in making parole decisions outside of the 1987 guidelines.

23.     Defendants object to paragraphs 59-63 of Plaintiffs' joint statement because these paragraphs merely describe the D.C. Board's guidelines and do not state any facts. To the extent these paragraphs make factual assertions regarding D.C. Board practice, Defendants note that these allegations are not supported by any documentation, other than reference to the Board's 1987 guidelines and descriptions thereof. This paragraph does not take into consideration the D.C. Boards' plenary discretion over parole decisions.

24.     Defendants object to paragraph 64 of Plaintiffs' joint statement because there is no documentation of the D.C. Board's practice under the 1987 guidelines regarding consideration of offense behavior, and such statement is therefore not supported by the record and is based on pure speculation. The paragraph clearly ignores legal precedent showing that the D.C. Parole Board had plenary discretion to take any factor into consideration to the extend that release is incompatible with the good of society.

25. Defendants do not object to paragraphs 65-67 of Plaintiffs' joint statement.

26. Defendants object to paragraphs 68-80 of Plaintiffs' joint statement because these paragraphs do not state any facts, other than alleging that the D.C. Board issued a policy guideline in 1991. Defendants do not object to that statement. Defendants aver that the 1991 policy guidelines, an unpublished document, speaks for themselves. Defendants object to Plaintiffs' patently incorrect statement that the 1991 policy guidelines limited the D.C. Board's discretion to make factual findings and predictive judgments. In any event, since these are legal issues for the Court's review, Defendants object to these paragraphs on that basis.

27. Defendants do not object to paragraphs 80-81 of Plaintiffs' joint statement but note that these paragraphs merely relate to congressional legislative action.

28. Defendants object to paragraph 83 of Plaintiffs' joint statement because this paragraph purports to describe the nature of the USPC's revised guidelines for D.C. Code offenders. These are legal considerations, not factual statements, to which no response is required. To the extent a response is required, Defendants assert that the revised guidelines were identical to the defunct D.C. Board parole practices.

29. Defendants do not object to paragraphs 84-85 of Plaintiffs' joint statement.

30. Defendants object to paragraphs 86-88 of Plaintiffs' joint statement in that these paragraphs merely describe the Commission issuance of a regulations. As the Federal Register document referenced in these paragraphs is an official federal regulation, with supporting reasons for its issuance, Defendants refer the Court to that document for legal determination. Defendants believe the Federal Register document speaks for itself.

31. Defendants do not object to paragraph 89 of Plaintiffs' joint statement.

32. Defendants object to paragraph 90 of Plaintiffs' joint statement. Determination of suitability for parole is identical whether under the defunct guidelines or the USPCs.

33. Defendants object to paragraph 91 of Plaintiffs' joint statement because it is based on rampant speculation and not based in fact.

34. Defendants object to paragraph 92 of Plaintiffs' joint statement of undisputed facts because this paragraph is not supported by factual documentation. None of Plaintiffs' factual documentation relate to the Commission's practices under the 1987 guidelines, other than the factual record of Plaintiffs Gambrell and Eason, which are limited to the unique factual circumstances of these Plaintiffs' individual cases.

35. Defendants object to paragraph 93 of Plaintiffs' joint statement because this paragraph makes a legal conclusion regarding the Commission's revised guidelines for D.C. Code offenders ("the 2000 guidelines"). Defendants find no support for Plaintiffs' claim that these guidelines have increased the period of incarceration of D.C. Code inmates, including Plaintiffs and note that this is not a statement of fact but a claim.

36. Defendants object to paragraphs 94-95 of Plaintiffs' joint statement because these paragraphs do not contains facts but references to the Commission's regulations. Defendants direct the Court to the Commission's regulations at 28 C.F.R. § 2.80.

37. Defendants object to paragraph 96 of Plaintiffs' joint statement because the USPC has not repeatedly denied D.C. Code offenders parole on the basis of offense severity. Defendants note that nothing in the record supports this allegation.

38. Defendants object to paragraphs 97-99 of Plaintiffs' joint statement because these paragraphs are descriptions of USPC and Board regulations and policies and do not involve questions of fact. Defendants direct the Court to these regulations and policies - which are in the record for determination of their content.

39. Defendants object to paragraphs 100-105 of Plaintiffs' joint statement of undisputed facts because these paragraphs again relate to the officially published regulations of the Commission and the Board. The only other support for Plaintiffs' assertion in this regard is a reference to a deposition in which a former member of the D.C. Board of Parole describes what the D.C. Board's 1987 guidelines stated. Plaintiffs have not provided any evidence regarding the D.C. Board's practices regarding offense accountability, and Defendants dispute that the Board never denied parole based upon offense accountability.

40. Although Defendants do not object to paragraphs 106-108 of Plaintiffs' joint statement, Defendants note that these paragraphs do not contain facts but contain references to officially published regulations.

41. Defendants object to paragraphs 109-111 of Plaintiffs' joint statement because these paragraphs provide an analysis of the Commission's regulations regarding D.C. Code offenders and are not factually based.

42. Defendants object to paragraphs 112-126 of Plaintiffs' joint statement because these statements merely purport to summarize the Commission's regulations at 28 C.F.R. § 2.80 and do not contain facts. Defendants disagree with Plaintiffs' characterization of the regulations and direct the Court to the actual text of the regulations.

43. Defendants object to paragraph 127-128 of Plaintiffs' joint statement because these paragraphs involve contain determinations, do not involve facts, and call for speculation.

44. Defendants object to paragraphs 129-135 of Plaintiffs' joint statement because these paragraphs involve a speculative hypothetical that is not based in fact. Furthermore, this hypothetical does not consider the unique factors that are evident in every parole case, the specific factual findings that the D.C. parole authority must make, or the discretion the D.C. paroling authority possesses under the D.C. parole statute. Thus, these paragraphs are not statement of facts which can be either disputed or undisputed.

45. Defendants object to paragraph 136 of Plaintiffs' joint statement because this paragraph does not state a fact and merely references the USPC's official publication of its regulations in 1998. Defendants direct the Court to this document. It speaks for itself.

46. Defendants do not object to paragraph 137 of Plaintiffs' joint statement but note that this paragraph references published parole guidelines, which are plainly evident on their face as having the full force and effect of law.

47. Defendants object to paragraphs 138-140 of Plaintiffs' joint statement because these paragraphs merely purport to summarize the Commission's regulations and the D.C. Board's 1987 guidelines. Defendants deny Plaintiffs' characterization of the guidelines.

48. Defendants object to paragraph 141 of Plaintiffs' joint statement in that this paragraph attempts to describe the effect of the USPC's regulations without regard to facts. Defendants deny that the facts in this case demonstrate that the practices of the D.C. Board would have all factors from being considered and Plaintiffs have not provided any evidence about the D.C. Board's actual practice under the 1987 guidelines other than naked speculation.

49. Defendants object to paragraphs 142-148 because these paragraphs merely purport to summarize published rules and regulations and do not state facts. Defendants direct the Court to the actual text of the regulations for the legal import of these regulations.

50. Defendants object to paragraph 149 of Plaintiffs' joint statement because it mischaracterizes the document referenced in the paragraph. Again, Defendants aver that the document speaks for itself, but the document does not state that the USPC's General Counsel "directed" its staff to take any action; the document was an advisory memorandum. Plaintiffs' Motion for Summary Judgment, *Ex*. 3 1992 Stover memorandum.

51. Defendants object to paragraphs 150-151 because these paragraphs purport to describe published regulations of the USPC and call for legal conclusions about their import.

52. Defendants do not object to paragraph 152 of Plaintiffs' joint statement insofar as the paragraph incorporates Defendants' interrogatory responses. However, Defendants object to Plaintiffs' characterization of those responses and avers that the responses speak for themselves.

53. Defendants do not object to paragraphs 153-156 of Plaintiffs' joint statement.

54. Defendants object to paragraph 157 of Plaintiffs' joint statement because this paragraph attempts to describe a published regulation of the USPC, which speaks for itself.

55. Defendants object to paragraph 158 of Plaintiffs' joint statement in that this paragraph does not accurately portray the USPC's departure from the 2000 guidelines in Plaintiff Martin's case. The record shows that the Commission departed from the guidelines because the Commission found Martin to be a serious parole risk not sufficiently anticipated by the 2000 guidelines and that the Commission made this decision to protect the public safety. SOMF 75-77.

56.     Defendants do not object to the statements in paragraph 159 of Plaintiffs' joint statement but note that this statement is not a complete record of the Executive Reviewer's recommendation or the Commission's.

57.     Defendants object to paragraphs 160-161 of Plaintiffs' joint statement because these paragraphs do not accurately portray the USPC's decision or its staff's recommendations in the case of Plaintiff Sellmon. The Commission denied Plaintiff Sellmon parole for various reasons, including the fact that he had committed a heinous crime, denied his role in the crime and thus showing his unsuitability for release into the community. SOMF ¶¶64-66.

58.     Defendants do not object to paragraphs 162-163 of Plaintiffs' joint statement.

59.     Defendants object to paragraph 164 of Plaintiffs' joint statement because this paragraph does not accurately portray the USPC's reasons for departing from the 1987 guidelines in the cases of Plaintiffs Gambrell and Eason. The Commission's record of decision making in this case is plainly evident from the record itself. SOMF ¶¶23, 31, 35.

60.     Defendants object to paragraphs 165-166 of Plaintiffs' joint statement. The USPC's officially stated reasons for denying Plaintiff Eason parole illustrate that the it considered the seriousness of risk Plaintiff Eason posed, in addition to other factors, in departing from the 1987 guidelines. SOMF ¶¶31, 35; Eason Ex. B-7; B-11. These reasons speak for themselves.

61.     Defendants do not object to paragraphs 167-168 of Plaintiffs' joint statement.

62.     Defendants object to paragraph 169 of Plaintiff's joint statement of undisputed facts in that this paragraph does not accurately portray the USPC's reason for denying Plaintiff Gambrell parole. The record is clear that, most recently, the USPC denied Plaintiff Gambrell

parole because of the risk the it determined he presented to society. SOMF 23; Gambrell *Ex*. A-18 ("Notwithstanding your continued good programming, the Commission continues to believe that the violence you have exhibited through the course of your adult life in the community warrants continued incarceration to protect the community.")

      63.    Defendants object to paragraph 170 of Plaintiff's joint statement because this paragraphs purports to interpret the discretion granted to the D.C. Board and the USPC under the D.C. Parole Statute.

February 21, 2008                                Respectfully Submitted,

                                                                            /s/_____
                                              JEFFREY A. TAYLOR, D.C. BAR # 498610
                                              United States Attorney

                                              /s/_____
                                              RUDOLPH CONTRERAS, D.C. BAR #434122
                                              Assistant United States Attorney

                                              /s/_____
                                              KENNETH ADEBONOJO
                                              Assistant United States Attorney
                                              555 Fourth Street, N.W.
                                              Washington, D.C.  20530
                                              (202) 514-7157
                                              kenneth.adebonojo@justice.com