# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TONY R. SELLMON, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 06-1650(ESH)** |
| ) | |
| **EDWARD F. REILLY, Jr.,** ) | |
| **Chairman of the United** ) | |
| **States Parole Commission,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANTS' STATEMENT OF GENUINE ISSUE IN RESPONSE TO INDIVIDUAL PLAINTIFFS' STATEMENT OF MATERIAL FACTS

Edward F. Reilly, Jr., Chairman, United States Parole Commission ("USPC"), Cranston J. Mitchell, Deborah Spagnoli, Patricia Cushwa and Isaac Fulwood, Jr., Commissioners, USPC, in their official capacities (collectively "Defendants"), by and through the undersigned hereby submit this Statement of Genuine Issues in Response to individual Plaintiffs' Statement of Material Facts. Defendants provide this response to individual Plaintiffs' Statement of Undisputed Facts ("SUF") on the basis of each individual Plaintiffs' case.

Plaintiff Gambrell

    1.    Defendants do not object to paragraph 1 of Plaintiff Gambrell's SUF.

    2.    Defendants object to the facts in paragraph 2 of Plaintiff Gambrell's SUF because this paragraph addresses a question of law.

    3.    Defendants do not object to paragraphs 3-24 of Plaintiff Gambrell's SUF.

    4.    Defendants object to paragraphs 25-26 in that they are not wholly accurate and not supported by the record.

5. Defendants do not object to paragraphs 27-29 of Plaintiff Gambrell's SUF.

**Plaintiff Eason**

6. Defendants do not object to paragraphs 1-8 of Plaintiff Eason's SUF.

7. Defendants object to paragraph 9 of Plaintiff Eason's SUF in that the paragraph mischaracterizes the USPC's recommended reasons for denying Plaintiff Eason parole. The USPC's officially stated reasons for denying Plaintiff Eason parole illustrate that the it considered the seriousness of risk Plaintiff Eason posed, in addition to other factors, in departing from the 1987 guidelines. Defendants' Statement of Material Facts ¶¶31, 35 ("SOMF"); Eason *Ex*. B-7; B-11.

8. Defendants do not object to paragraphs 10-11 of Plaintiff Eason's statement of undisputed material facts, but note that USPC hearing examiners do not make decisions but make recommendations to the U.S. Parole Commissioners.

9. Defendants do not object to paragraph 12 of Plaintiff Eason's SUF but note that the paragraph does not describe all of the reasons the USPC gave for denying Plaintiff Eason parole. SOMF ¶¶31, 35; Eason *Ex*. B-7; B-11.

10. Defendants do not object to paragraphs 13-15 of Plaintiff Eason's SUF.

11. Defendants do not object to paragraph 16 of Plaintiff Eason's SUF but note that the paragraph does not describe all of all the reasons the USPC gave for denying Plaintiff Eason parole. SOMF ¶¶31, 35; Eason *Ex*. B-7; B-11.

12. Defendants object to paragraphs 17-19 of Plaintiff Eason's SUF, noting that these paragraphs mischaracterize the D.C. parole standards and involve legal conclusions.

<u>Plaintiff Phillips</u>

13.     Defendants do not object to paragraph 1 of Plaintiff Phillips' SUF.

14.     Defendants object to paragraph 2 of Plaintiff Phillips' SUF in that this paragraph calls for a conclusion of law.

15.     Defendants do not object to paragraphs 3-4 of Plaintiff Phillips' SUF.

16.     Defendants object to paragraphs 5-6 of Plaintiff Phillips' SUF because these paragraphs do not reflect the fact that the USPC must affirmatively make factual findings prior to computing a D.C. Code inmate's "point score."  28 C.F.R. 2.80(n).

17.     Defendants do not object to the facts in paragraph 7 of Plaintiff Phillips' SUF but object to his characterization of the USPC's decision to deny to him parole and reasons therefore. SOMF ¶44.

18.     Defendants do not object to paragraphs 8-9 of Plaintiff Phillips' SUF.

19.     Defendants object to paragraphs 10-13 of Plaintiff Phillips' SUF because these paragraphs are based upon speculation and are not factually based.

20.     Defendants do not object to the facts outlined in paragraphs 14-17 of Plaintiff Phillips' SUF, but object to the characterization of the reasons for the USPC's hearing examiner's recommendation and the USPC's decision in his case.  SOMF ¶¶42, 43, 44, 45, 46.

21.     Defendants object to paragraphs 18-19 of Plaintiff Phillips' SUF material facts in that these paragraphs are based upon speculation and are not factually based.

**Plaintiff West-El**

22.     Defendants do not object to paragraph 1 of Plaintiff West-El's SUF.

23.     Defendants object to paragraph 2 of Plaintiff West-El's SUF in that this paragraph

involves a conclusion of law.

24.    Defendants do not object to paragraphs 3-4 of Plaintiff West-El's SUF Plaintiff West-El's statement of undisputed material facts.

25.    Defendants object to paragraphs 5-6 of Plaintiff West-El's SUF because these paragraphs are based on pure speculation.

26.    Defendants do not object to paragraphs 7-10 of Plaintiff West-El's SUF.

27.    Defendants object to paragraphs 11-15 of Plaintiff West-El's SUF  because these paragraphs are based upon speculation and are not supported by facts.

28.    Defendants object to paragraph 16 of Plaintiff West-El's SUF.

29.    Defendants object to paragraph 17 of Plaintiff West-El's SUF because this paragraph is based upon speculation and is not supported by facts.

30.    Defendants do not object to the facts outlined in paragraph 18 of Plaintiff West-El's SUF but object to the statement that the USPC increased his parole eligibility, an item determined by statute and sentence length.  28 D.C. Mun. Regs. §204.1-204.18.

31.    Defendants object to paragraphs 19-20 of Plaintiff West-El's SUF because these paragraphs mischaracterize the USPC's hearing examiner's recommendation and the USPC's decision.  SOMF ¶50.

32.    Defendants object to paragraphs 21-24 of Plaintiff Phillips' SUF in that these paragraphs are based on speculation.

**Plaintiff Sellmon**

33.    Defendants do not object to paragraph one of Plaintiff Sellmon's SUF.

34.    Defendants object to paragraph 2 of Plaintiff Sellmon's SUF in that this paragraph

calls for a conclusion of law.

35.     Defendants do not object to paragraphs 3-12 of Plaintiff Sellmon's SUF.

36.     Defendants object to paragraph 13 of Plaintiff Sellmon's SUF because it involves an issue of law.

37.     Defendants object to paragraphs 14-16 of Plaintiff Sellmon's SUF because these paragraphs based on speculation and not facts.

38.     Defendants do not object to paragraphs 17-19 of Plaintiff Sellmon's SUF but object to the characterization of the USPC's reasons for parole denial in paragraphs 18-19. SOMF 61, *Ex.* E-6, Notice of Action.

39.     Defendants object to paragraphs 19-21 of Plaintiff Sellmon's SUF because these paragraphs are based on speculation and not facts.

**Plaintiff Martin**

40.     Defendants do not object to paragraphs 1-4 of Plaintiff Martin's SUF.

41.     Defendants object to paragraph 5 of Plaintiff Martin's SUF because this paragraph mischaracterizes the USPC's fact finding function regarding D.C. Code inmates.  SOMF ¶76.

42.     Defendants do not object to paragraphs 6-8 of Plaintiff Martin's SUF.

43.     Defendants object to paragraph 9 of Plaintiff Martin's SUF because it is based on pure speculation and not facts.

44.     Defendants object to paragraph 10 of Plaintiff Martin's SUF.

45.     Defendants object to paragraphs 11-14 of Plaintiff Martin's SUF because they are based on speculation and not facts.

46.     Defendants admit the factual statements in paragraphs 15-21 of Plaintiff Martin's

statement of undisputed material facts but object to the characterization of the USPC's reasons for parole denial and note that these paragraphs involve issue of law.  SOMF ¶76.

47.     Defendants object to paragraphs 22-23 of Plaintiff Martin's SUF in that these paragraphs are based on speculation and not facts.

**Plaintiff Swinton**

48.     Defendants do not object to paragraph 1 of Plaintiff Swinton's SUF.

49.     Defendants object to paragraph 2 of Plaintiff Swinton's SUF because this paragraph involves an issue of law.

50.     Defendants do not object to paragraphs 2-4 of Plaintiff Swinton's SUF.

51.     Defendants do not object to the facts outlined in paragraph 5 of Plaintiff Swinton's SUF but note that this paragraph does not adequately characterize the USPC's fact finding responsibilities regarding the D.C. guidelines.  SOMF ¶90.

52.     Defendants do not object to paragraphs 6-7 of Plaintiff Swinton's SUF.

53.     Defendants object to paragraphs 8-10 of Plaintiff Swinton's SUF because these paragraphs are based on speculation and not facts.

54.     Defendants do not object to paragraphs 11-14 of Plaintiff Swinton's statement of undisputed material facts but object to Plaintiff Swinton's characterization of the reasons for the USPC's denial of parole in his case.  SOMF ¶90.

55.     Defendants object to paragraphs 15-18 of Plaintiff Swinton's SUF because these paragraphs  are speculative and are not based in fact.

**Plaintiff Smith**

56.     Defendants do not object to paragraphs 1-9 of Plaintiff Smith's SUF.

6

57.    Defendants object to paragraphs 10- 16 of Plaintiff Smith's statement of undisputed

material facts because these paragraphs are based on speculation and not facts.

February 21, 2008                              Respectfully Submitted,


                                               _/s/_____
                                               JEFFREY A. TAYLOR, D.C. BAR # 498610
                                               United States Attorney


                                               _/s/_____
                                               RUDOLPH CONTRERAS, D.C. BAR #434122
                                               Assistant United States Attorney


                                                /s/_____
                                               KENNETH ADEBONOJO
                                               Assistant United States Attorney
                                               555 Fourth Street, N.W.
                                               Washington, D.C.  20530
                                               (202) 514-7157
                                               kenneth.adebonojo@justice.com