UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TONY R. SELLMON, et al., | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 06-1650 (ESH) |
| EDWARD F. REILLY, JR., et al., | : |
| Defendants. | : |

MOTION AND MEMORANDUM IN SUPPORT THEREOF OF PLAINTIFFS CHARLES PHILLIPS, TONY SELLMON, AND DARU SWINTON TO RECONSIDER THE COURT'S GRANTS OF JUDGMENT ON THE PLEADINGS AND SUMMARY JUDGMENT

Dated: May 19, 2008

Jason D. Wallach (Bar No. #456154)
Avner E. Mizrahi (Bar No. #500772)
DICKSTEIN SHAPIRO, LLP
1825 Eye Street, NW
Washington, D.C. 20006
(202) 420-2268
(202) 420-2201 facsimile

**Attorneys for Plaintiffs**

Plaintiffs Charles Phillips, Tony Sellmon, and Daru Swinton hereby move the Court to reconsider its May 5, 2008 Memorandum Opinion and Order granting Defendants' motion for judgment on the pleadings as to Mr. Phillips and *sua sponte* entering summary judgment against Plaintiffs Sellmon and Swinton.  Because his *pro se* complaint sufficiently alleged an *Ex Post Facto* Clause violation, Plaintiff Charles Phillips asks the Court to deny Defendants' motion for judgment on the pleadings and to grant him leave to renew his November 16, 2007 motion to extend discovery and to allow him to present evidence regarding the District of Columbia Board of Parole's practices at the time he committed the offense for which he is incarcerated.  Because the Defendants' bases for denying their requests for parole are unclear from the record, Plaintiffs Tony Sellmon and Daru Swinton ask the Court to vacate its *sua sponte* entry of summary judgment against them and to remand their cases to the United States Parole Commission for clarification as to the bases of Defendants' denials.

**I.    BACKGROUND**

In the Court's May 5, 2008 Memorandum Opinion and Order, the Court, among other things, granted Defendants' motion for judgment on the pleadings with respect to the claims of Plaintiff Charles Phillips and *sua sponte* entered summary judgment against Plaintiffs Tony Sellmon and Daru Swinton.  With respect to Charles Phillips, the Court noted that it had no evidence before it demonstrating that the policies and practices of the District of Columbia Board of Parole (the "D.C. Parole Board") under the 1987 Regulations were the same as the policies and practices in effect when Mr. Phillips committed the crimes for which he is incarcerated. Under Defendants' motion for judgment on the pleadings, however, the sole issue was the adequacy of the allegations in Mr. Phillips's *pro se* complaint.  Mr. Phillips's complaint clearly alleges that, under the policies and practices in effect when he committed the crime for which he is incarcerated, the D.C. Parole Board presumed that an inmate satisfied offense accountability

when he or she became eligible for parole, i.e., after he or she served the minimum sentence. As a result, Defendants' motion for judgment on the pleadings has no merit, and the Court should deny Defendants' motion and grant Mr. Phillips leave to renew his motion to extend discovery to allow him to present evidence supporting the allegations of his complaint.

With respect to Tony Sellmon and Daru Swinton, the Court determined that the Defendants denied these Plaintiffs' requests for parole on grounds, i.e., "unusual cruelty to the victim," available under both the Defendants' 2000 Guidelines and the D.C. Parole Board's 1987 Regulations. Defendants, however, never used the phrase "unusual cruelty to the victim" in any of their decisions with respect to Plaintiffs Sellmon and Swinton, even though the 2000 Guidelines specifically identified that ground as a basis for a finding of unusual circumstances justifying denial of parole. Instead, Defendants simply found that Mr. Sellmon's crime was extremely brutal and Mr. Swinton acted with callous disregard to his victims. An extremely brutal crime or one committed with callous disregard for the victims, however, does not necessarily involve unusual cruelty to the victim. Thus, the Court should vacate its entry of summary judgment against Plaintiffs Sellmon and Swinton and remand their cases to the United States Parole Commission for further clarification as to the basis for Defendants' decision.

II.     **PLAINTIFF CHARLES PHILLIPS'S COMPLAINT SUFFICIENTLY PLEADED A CLAIM FOR AN *EX POST FACTO* CLAUSE VIOLATION AND THE COURT SHOULD AFFORD PLAINTIFF PHILLIPS AN OPPORTUNITY TO DEVELOP AND PRESENT EVIDENCE REGARDING THE D.C. PAROLE BOARD'S PRACTICES AT THE TIME HE COMMITTED HIS OFFENSES**

As the Court correctly stated, "a motion for judgment on the pleadings may be granted if the moving party demonstrates that 'no material fact is in dispute and that it is entitled to judgment as a matter of law.'" Memorandum Opinion at 27 (quoting *Peters v. Nat'l R.R. Passenger Corp.* 966 F.2d 1483, 1485 (D.C. Cir. 1992)). As the Court also recognized, the standard for a motion for judgment on the pleadings is the same as that applied to a motion to

3

dismiss under Rule 12(b)(6) – "[t]o defeat a motion to dismiss, plaintiffs' complaint must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order 'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* at 27-28 (citations omitted). Thus, the sole issue on Defendants' motion for judgment on the pleadings is whether Plaintiff Charles Phillips's complaint contained a short and plain statement showing that Mr. Phillips was entitled to relief.

As Plaintiff Phillips's *pro se* Complaint alleges, Phillips Compl. ¶¶ 24, 26, 44, 64, 73, at the time Mr. Phillips committed his offenses, the D.C. Parole Board's policy and practice was to consider offense accountability as satisfied by an inmate's service of his or her minimum sentence and not as a proper consideration in determining the inmate's suitability for parole:

> 24. At the time that Plaintiff committed the crimes for which he is currently incarcerated, . . . the Parole Board administered the[] parole hearings and proceedings for D.C. Code violators in the custody of the District of Columbia.
>
> . . .
>
> 26. Under the Parole Board's statutes, . . . policies, practices, and customs, the "minimum sentence" for a crime, i.e., the period that an inmate must serve before he or she is eligible for parole, satisfied the inmate's accountability for the offenses of conviction.
>
> . . .
>
> 44. Unlike the Parole Board Guidelines, practices, policies and customs, the Commission's 2000 Guidelines and parole eligibility criteria do not consider the completion of a prisoner's "minimum sentence" as satisfying accountability. Instead, the Commission and its designees have repeatedly denied D.C. inmate's requests for parole, including those of plaintiff, on the ground that they believe plaintiff has not served enough time for his offenses.
>
> . . .
>
> 64. Under the Parole scheme of the Parole Board's regulations, practices and guidelines, plaintiff satisfied the accountability factors for his offenses

4

> after serving 300 months and therefore [was] eligible for parole, as of November 2002.
>
> . . .
>
> 73. Furthermore, by ignoring the Parole Board's policy and practice of considering plaintiff's parole eligibility date, November 2002, as satisfying plaintiff's accountability for his offense, the Defendants have necessarily significantly increased the risk that plaintiff will be incarcerated longer than he would have been had the Parole Board's regulations and practices been applied.

Under the Defendants' 2000 Guidelines, however, as Mr. Phillips's Complaint alleges, the Defendants denied Mr. Phillips's request for parole on the ground that they believed he needed to serve a longer prison sentence to satisfy his accountability for his offense. *See id.* ¶¶ 59-60, 73.

The Court's Memorandum Opinion recognizes that a facial distinction exists between the alleged policies and practices of the D.C. Parole Board and those of the Defendants under the 2000 Guidelines and that their practical effects establish an *Ex Post Facto* Clause violation. Thus, Plaintiff Phillips's complaint contains sufficient allegations to defeat a motion to dismiss under Rule 12(b)(6) and a motion for judgment on the pleadings.[1]

Although the Court indicated that there was "no evidence before the Court" that the practices before and after 1987 were the same, that finding is not determinative of the Defendants' motion for judgment on the pleadings. Rather, the allegations of Plaintiff Phillips's complaint control, and on a motion for judgment on the pleadings, the Court takes Plaintiff Phillips's allegations as true. *See* 5C Charles Alan Wright, Arthur R. Miller, Federal Practice and Procedure § 1370 (2007) (noting that for the purposes of a judgment on the pleadings the moving party "impliedly admits the truth of its adversary's allegations and the falsity of its own assertions that have been denied by that adversary"). Here, the allegations in Charles Phillips's

---

[1] On a motion for judgment on the pleadings, like on a motion to dismiss, the Court should construe the complaint liberally, "particularly a complaint filed by a pro se prisoner." *Fletcher v. Dist. of Columbia*, 370 F.3d 1223, 1227 n.* (D.C. Cir. 2004) (citation omitted).

5

*pro se* complaint, that the Parole Board's practices were the same before and after the 1987 guidelines, are assumed to be true for purposes of Defendants' motion for judgment on the pleadings and establish a clear dispute of material fact.  As a result, Plaintiff Charles Phillips asks the Court to vacate its grant of the Defendants' motion for judgment on the pleadings and to grant him leave to renew his motion to extend discovery so that he may have an opportunity to present evidence to prove the allegations of his complaint.[2]

**III.    DEFENDANTS' PAROLE DECISIONS WITH RESPECT TO PLAINTIFFS TONY SELLMON AND DARU SWINTON DO NOT SUPPORT THE COURT'S FINDING THAT THE BASIS FOR DEFENDANTS' DECISIONS WAS THEIR BELIEF THAT THESE PLAINTIFFS WERE "UNUSUALLY CRUEL" TO THEIR VICTIMS AND THE COURT, THEREFORE, SHOULD REMAND THESE PLAINTIFFS' CASES TO THE UNITED STATES PAROLE COMMISSION FOR A LEGALLY SUFFICIENT STATEMENT OF REASONS**

It was Defendants' responsibility to issue findings sufficiently clear to enable the Court to determine conclusively the basis for Defendants' parole decisions and the merits of Plaintiffs' claims.  *See* 28 D.C.M.R. § 204.22.  Where the agency's reasons for its actions are not sufficiently clear to allow the Court to determine the basis for the agency's decisions, the proper course is for the Court to remand the case to the agency for further determination.  *See Furnari v. Warden, Allenwood Fed. Correctional Inst.,* 218 F.3d 250, 257 (3rd Cir. 2000) ("In reviewing an administrative agency's decision, we do not seek out some hypothetical rational support for the agency's action.  'A court must review the agency's actual on-the-record reasoning process.  Only a formal statement of reasons from the agency can provide this explanation, not a *post hoc* rationalization, or agency counsel's in-court reasoning.'" (citation omitted)).

---

[2] In its opinion, the Court noted that the pre-1987 D.C. Board of Parole regulations appear to grant significant discretion to grant or deny parole.  Nevertheless, Plaintiff Charles Phillips should be permitted to pursue additional discovery regarding the Parole Board's *practices* under those pre-1987 regulations.

Defendants' stated reason for denying Plaintiff Sellmon's parole request was the allegedly extreme brutality of Mr. Sellmon's crime. *See* Mem. Op. at 49. For Plaintiff Swinton, Defendants noted Mr. Swinton's alleged "callous disregard" for his victims. *See* Mem. Op. at 46. Despite the fact that their own regulations permit Defendants to deny parole in the unusual circumstance where a prisoner's crime involved "unusual cruelty to the victim," 28 C.F.R. § 2.80(n)(2)(ii)(C), nowhere in the records of Defendants' parole decisions with respect to Plaintiffs Sellmon and Swinton do Defendants indicate their belief that these Plaintiffs' crimes were unusually cruel to their victims. *See* Pl. Tony R. Sellmon's Statement of Undisputed Material Facts ¶¶ 6, 10, 11, 18, 19; Pl. Daru Swinton's Statement of Undisputed Material Facts ¶¶ 12, 13.

In its Memorandum Opinion, the Court equated Defendants' use of the phrases "extremely brutal" and "callous disregard" with the phrase "unusual cruelty." Mem. Op. at 46, 49. Defendants, however, did not use the words "unusual cruelty" when they denied parole, and there is no evidence suggesting that they meant to do so, because actions that are "brutal" or performed with "callous disregard" are not on par with "unusually cruel" conduct. A crime can be extremely brutal or committed with callous disregard to the victims yet not involve unusual cruelty to the victim. For example, shooting a victim in the head, thereby causing immediate death, is an extremely brutal crime, yet, aside from the cruelty of death, there is nothing unusually cruel about this method of killing a person, particularly when compared to other methods of killing a person. Hence, there is no basis to, and the Court should not, equate Defendants' denial of Mr. Sellmon's request for parole on the grounds of the allegedly extremely brutal nature of Mr. Sellmon's offense with a finding of "unusual cruelty to the victim."

Moreover, most crimes are committed with "callous disregard" for the victim, particularly kidnapping, which, by definition, requires the seizure of the victim against his or her will. A kidnapper's callous disregard for his or her victims by holding them against their will, however, does not establish that the kidnapper was unusually cruel to the victims.

Had Defendants intended to deny the parole requests of Plaintiffs Sellmon and Swinton on the grounds that these Plaintiffs' crimes involved "unusual cruelty" to their victims, they simply had to cite to their own regulations or those of the D.C. Parole Board, both of which specifically use that phrase. The Court should not accept Defendants' post-hoc explanations of the meaning of the words they chose to use in their decisions. Rather, the Court should remand the case to Defendants to clarify the basis for their parole decisions with respect to Plaintiffs Sellmon and Swinton. *See Furnari*, 218 F.3d at 257 ("'the statute [addressing statements of parole boards] does not authorize the Commission to develop its reasoning in proceedings before the district court, let alone the court of appeals'" (citation omitted)); *see also Bridge v. U.S. Parole Comm'n*, 981 F.2d 97, 105 (3rd Cir. 1992) ("the appropriate judicial remedy when an agency exceeds its discretion is a remand to the agency for further proceedings consistent with the court's opinion" and generally "a district court may only remand a parole petition with instructions for the Parole Board to take action consistent with the court's opinion" rather than reconsidering factual issues itself).

**IV.     CONCLUSION**

For the reasons stated above and in Plaintiffs' memorandum in support of their motions for summary judgment, the Court should vacate its entry of judgment on the pleadings against Plaintiff Charles Phillips and grant Mr. Phillips leave to renew his motion to extend discovery. Furthermore, the Court should vacate its *sua sponte* entry of summary judgment against Plaintiffs Sellmon and Swinton and remand these Plaintiffs' cases to the United States Parole Commission for clarification of Defendants' bases for denying these Plaintiffs' requests for parole.

Dated:  May 19, 2008                                            Respectfully Submitted,


                                                                By:     */s/ Jason D. Wallach*
                                                                        Jason D. Wallach (Bar No. #456154)
                                                                        Avner E. Mizrahi (Bar No. #500772)
                                                                        DICKSTEIN SHAPIRO, LLP
                                                                        1825 Eye Street, NW
                                                                        Washington, D.C. 20006
                                                                        (202) 420-2268
                                                                        (202) 420-2201 facsimile

                                                                        Attorneys for Plaintiffs