UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TONY R. SELLMON, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 06-1650 (ESH) <br> ) (ECF) |
| EDWARD F. REILLY, JR., et al., | ) |
| Defendants. | ) |

Pursuant Fed. R. Civ. P. 59(e), Edward F. Reilly, Jr., Chairman, United States Parole Commission ("USPC"), Cranston J. Mitchell, Deborah Spagnoli, Patricia Cushwa and Isaac Fulwood, Jr., Commissioners, USPC, in their official capacities (collectively "Defendants"), by and through the undersigned hereby submit this Motion to Alter or Amend the Court's Judgment in this matter issued on May 5, 2008. Defendants move on the grounds that, as the attached document demonstrates, in determining whether to depart from its guidelines pertaining to reconsiderations, the D.C. Parole Board ("Board") was not limited to factors enumerated in its guidelines. Defendants posit that the Board retained similar discretion to depart from its numerical guidelines governing parole determinations as it does regarding reconsiderations.

In its decision, the Court found that the Board placed self-imposed limitations on its authority to depart from its 1987 guidelines. See Memorandum Opinion at 6, 10-11, 3. In granting partial relief to Plaintiff Carlton Martin, the Court held that the Board limited itself to six factors listed in Appendix 2-1 of the Board's published rules and an additional three factors listed in its 1991 policy guideline. Id. at 47-48. However, a review of a policy guideline issued by the Board in April 1992 shows that the Board did not restrict itself to the nine reasons

identified by the Court in its decision. Ex. A.[1] In a policy guideline entitled "Reconsideration Hearings – Establishing Dates" as amended by the Board on April 27, 1992, the Board revised a policy guideline on the same subject that it had issued on December 16, 1991.[2] As further explained in a cover letter to a former Chair of the U.S. Parole Commission, the amended policy guideline clarified that the "countervailing factors" identified by the Board in support of departures from the guidelines were not exclusive. Factors other than those listed could justify departures. In Section VI, paragraph A.2., the Board states in the policy guideline that: "The Board, in its discretion, may schedule a reconsideration date later than the prescribed set-off if one or more aggravating factors are present. The aggravating factors considered by the Board include but are not limited to the following..." This statement clearly shows that the Board did not intend that its listing of the nine factors excluded consideration of other reasons for departing from the normal reconsideration hearing schedule set by the Board.

Despite the fact that the attached pertains to Board reconsiderations, Defendants nevertheless posit that the same aggravating factor would lead to a departure from both the outcome indicated by the point score governing parole eligibility and the normal reconsideration hearing schedule. The 1992 policy guideline is persuasive evidence of how the Board interpreted the use of unusual circumstances to make both determinations.

A revision of the judgment in this matter should at least relieve the Defendants from any obligation to use only the nine listed factors to depart from the guidelines should Defendants

---

[1] Defendants regret that this Exhibit was not originally included in the record. However, it only serves as additional support for an argument that was already made rather than to support a new argument.

[2] On the same date, the Board issued the policy guideline "Definition of Terms Used in Parole Guidelines" that was discussed in the Court's Memorandum Opinion. This 1991 policy guideline is referenced in the amended April 1992 policy guideline.

consider departures after new hearings for the four plaintiffs who were granted new hearings by the Court.

May 19, 2008                                              Respectfully submitted,

/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7157
(202) 514-8780 (facsimile)
kenneth.adebonojo@justice.com

## CERTIFICATE OF SERVICE

I certify that on this 19th day of May 2008, I caused the foregoing Defendants' Motion to Alter or Amend Judgment to be served on Plaintiff's attorney, Jason D. Wallach, via the Court's Electronic Case Filing system.

                                                                 /s/_____
                                                                 KENNETH ADEBONOJO
                                                                 Assistant United States Attorney
                                                                 Judiciary Center Building
                                                                 555 4th Street, N.W. – Civil Division
                                                                 Washington, D.C.  20530
                                                                 (202) 514-7157
                                                                 (202) 514-8780 (facsimile)
                                                                kenneth.adebonojo@justice.com