

GOVERNMENT OF THE DISTRICT OF COLUMBIA
BOARD OF PAROLE
717-14TH STREET, N.W., SUITE 300
WASHINGTON, D.C. 20005

May 7, 1992

Carol Pavileck Getty, Chair
U.S. Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815

Dear Mrs. Getty:

Enclosed is an amended Policy Guideline on establishing dates for reconsideration hearings that was adopted by the Board at its monthly public meeting on April 27, 1992. This Guideline replaces the policy on the same subject that was adopted by the Board last December.

The Guideline was amended to eliminate any interpretation that the Board is restricted to using the specific aggravating and mitigating factors listed in the document. Specifically, the amendments stipulate that the "factors considered by the Board include but are not limited to..." those listed in the Guideline. The amended language is found in section VI, paragraphs A-2 and A-3, and paragraphs B-2 and B-3.

Please contact me, if you have any questions or need additional information. Thank you for your continuing cooperation and support.

Sincerely,

Erias A. Hyman
Chairman

Enclosure

JR/jr



GOVERNMENT OF THE DISTRICT OF COLUMBIA
BOARD OF PAROLE
717-14TH STREET, N.W., SUITE 300
WASHINGTON, D.C. 20005

**POLICY GUIDELINE**

SUBJECT: Reconsideration Hearings --- Establishing Dates
AS AMENDED BY THE BOARD ON APRIL 27, 1992

I.   **AUTHORITY:** D.C. Code Section 24-201.2 and 28 DCMR Section 104, May 1987.

II.  **PURPOSE:** To ensure consistency and equity in the establishment of parole reconsideration dates.

III. **APPLICABILITY:** An offender who has been denied parole or an offender whose parole has been revoked.

IV.  **REFERENCES:** Board of Parole Policy Guideline, adopted on December 16, 1991, regarding definitions of terms used in Parole Guidelines

V.   **DEFINITIONS:**

   A. RECONSIDERATION HEARING: a hearing conducted by the Board to consider whether an offender should be released on parole after the offender was denied parole, or after the offender was reincarcerated when parole was revoked.

   B. SET-OFF: a period of time ordered by the Board that an offender must remain incarcerated before being reconsidered for parole by the Board.

   C. PRESCRIBED SET-OFFS: a period of time specified in the rules that an offender may remain incarcerated before being considered for parole.

   D. AGGRAVATING FACTOR: factor(s) considered by the Board for guidance in determining whether to establish a reconsideration hearing date later than the prescribed set-off.

   E. MITIGATING FACTOR: factor(s) considered by the Board for guidance in determining whether to establish a reconsideration hearing date earlier than the prescribed set-off.

2

    **F.**  **TECHNICAL VIOLATION:** a violation of parole that is noncriminal in nature, <u>i.e.</u>, that does not consist of new criminal activity or involvement.

## V. RATIONALE:

The rules provide prescribed set-offs for the purpose of establishing reconsideration hearing dates when parole is denied or revoked. The Board, in its discretion, may establish a reconsideration date outside of the prescribed set-offs where certain factors exist.

## VI. POLICY:

### A. Set-offs When Parole is Denied:

**1.** When the Board denies parole for any offender, it shall ordinarily schedule a reconsideration date within the prescribed set-offs unless certain factors support imposition of an alternative set-off. The length of a set-off is based on the term of the sentence imposed by the courts, and may not exceed the date on which release from incarceration becomes mandatory.

**2.** The Board, in its discretion, may schedule a reconsideration date later than the prescribed set-off if one or more aggravating factors are present. The aggravating factors considered by the Board include but are not limited to the following:

    **a.** There has been repeated failure under any form of community supervision (probation, parole, bail, diversion programs).

    **b.** The instant offense involved ongoing criminal behavior or leadership role in an organized, criminal venture (e.g., an organized drug distribution operation).

    **c.** There is a lengthy history of criminally-related alcohol and/or substance abuse.

    **d.** There is a history of repetitive sophisticated, assaultive, or fraudulent criminal behavior (including the current offense).

    **e.** There is an unusually extensive or serious prior record (at least five felony convictions).

 **f.** The instant offense involved unusual cruelty to victim(s) or involved especially vulnerable victims (<u>e.g.</u>, children or elderly victims of assaultive or fraudulent behavior).

 **g.** There has been repeated or extremely serious negative institutional behavior.

 **h.** There has been opportunity but little/no effort made toward rehabilitation/preparation for remaining crime-free if returned to the community.

 **i.** The offender poses a serious threat to self or others and adequate resources are not available in the community.

3. The Board, in its discretion, may schedule a reconsideration hearing date prior to the prescribed set-off if one or more mitigating factors are present. The mitigating factors considered by the Board include but are not limited to the following:

 **a.** There has been exceptional program achievement.

 **b.** There is a record of exclusively trivial offenses.

 **c.** There has been a substantial crime-free period since the last offense.

 **d.** There has been a substantial previous period in custody on other sentence(s) or the prisoner faces a substantial period of time on additional committed sentences.

 **e.** There has been substantial cooperation with the Government that has not been otherwise rewarded.

 **f.** There has been a change in the availability of community resources leading to better parole prognosis or the prisoner has exceptional community resources available.

 **g.** There is a poor medical prognosis.

 **h.** There have been other changes in circumstances.

 **i.** The offender has put forth maximum effort to participate in assigned programs, but opportunities for programming were not available.

4

B. **Set-offs When Parole is Revoked**

1. When the Board revokes parole for any offender due to a noncriminal parole violation, or a new misdemeanor charge or conviction, or a new felony charge or conviction, a reconsideration hearing date shall ordinarily be set within the prescribed set-offs unless certain factors support imposition of an alternative set-off. The set-off is based on the nature of the violation(s) (noncriminal parole violation, new misdemeanor charge or conviction, or new felony charge or conviction), and the number of years remaining on the maximum sentence for the offense(s) on which parole was granted, provided the set-off does not exceed the date on which release from incarceration becomes mandatory.

2. The Board, in its discretion, may schedule a reconsideration date later than the prescribed set-off for a violation of parole if one or more aggravating factors are present. The aggravating factors considered by the Board include but are not limited to the following:

   a. There has been repeated failure under parole supervision on this sentence, or a past history of failure under community supervision (probation, parole, bond, diversion programs).

   b. The violation involved ongoing criminal behavior while on parole supervision.

   c. The violation involved unusual cruelty to the victim(s) or involved especially vulnerable victims (e.g., children or elderly victims of assaultive or fraudulent behavior)

   d. The violation involves a history of repetitive sophisticated criminal behavior.

   e. There is an unusually extensive or serious prior record (at least five felony convictions).

   f. The offender poses a serious threat to self or others and adequate resources are not available in the community.

   g. The violation involved serious new felony behavior committed soon after release.

   h. The parolee absconded from supervision for an extended period of time or otherwise frustrated all attempts at meaningful parole supervision.

3.  The Board, in its discretion, may schedule a reconsideration date prior to the prescribed set-off for violation of parole if one or more mitigating factors are present. The mitigating factors considered by the Board include but are not limited to the following:

   a.  There is ongoing and exceptional program participation and/or achievement in the community.

   b.  There has been a substantial violation-free period on parole.

   c.  Community resources leading to a better prognosis are or will be available prior to the end of the prescribed set-off.

   d.  There is a poor medical prognosis.

   e.  The prescribed set-off for noncriminal violation, or a new misdemeanor charge or conviction would terminate otherwise consistently stable community adjustment.

## VII. PROCEDURES

A.  **Establishing Reconsideration Dates**

1.  Where the Board denies parole and establishes a date for reconsideration that is outside of the prescribed set-offs, each aggravating or mitigating factor applicable to the decision shall be specified in writing.

2.  Where the Board revokes parole and establishes a date for reconsideration that is outside of the prescribed set-offs, each aggravating or mitigating factor applicable to the decision shall be specified in writing.

Adopted by the D.C. Board of Parole on April 27, 1992.

_____
Erias A. Hyman
Chairman