UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TONY R. SELLMON, et al.,** | : |
| **Plaintiffs,** | : |
| v. | : Civil Action No. 06-1650 (ESH) |
| **EDWARD F. REILLY, JR., et al.,** | : |
| **Defendants.** | : |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO ALTER OR AMEND THE COURT'S JUDGMENT**

Plaintiffs hereby submit this brief in opposition to Defendants' Motion to Alter or Amend the Court's Judgment ("Defendants' Motion"). Defendants' Motion essentially asks the Court to gut its Memorandum Opinion and Order by ruling that Defendants have unlimited discretion to deny parole for any reason, even when the 1987 Regulations presume a D.C. Code parole candidate is suitable for parole. The Court should deny Defendants' Motion because relief under Federal Rule of Civil Procedure 59 is inappropriate given that Defendants have presented no new evidence, there has been no intervening change in law, and the Court did not commit clear error or cause manifest injustice.

**I.    BACKGROUND**

On May 5, 2008, the Court issued a Memorandum Opinion and an Order granting the motions for summary judgment of Plaintiffs Curtis Eason, James Gambrell, Carlton Martin, and Darius Smith. In its Memorandum Opinion, after considering the entire record, the Court held that the written policies and practices of the D.C. Board of Parole (the "Board") demonstrated that the Board did not consider offense accountability when determining whether to grant parole to a D.C. Code offender whom the 1987 Regulations presumed was suitable for parole. *See*

Mem. Op. at 3-4. The Court held that the Board, instead, applied the factors listed in the appendices to the 1987 Regulations and, after 1991, the factors defined in the 1991 Policy Guideline when making parole decisions. *See id.* at 6-8, 37-38. In making this determination, the Court noted that Defendants had not proven any D.C. Board of Parole practice inconsistent with the Board's written policies that identify the bases on which the Board would depart from the presumption under the 1987 Regulations that a parole candidate was suitable for parole. *See id.* at 41-42. Thus, the Court held that in acting on the parole requests of Plaintiffs Eason, Gambrell, Martin, and Smith, the Defendants had to apply the factors in the 1987 Regulations (and, in some circumstances, in the 1991 Policy Guideline) to determine whether to deny parole. *See id.* at 47-48, 56.

Defendants' Motion now asks the Court to alter or amend its judgment regarding the factors the Defendants can apply at the parole hearings of Plaintiffs Eason, Gambrell, Martin, and Smith. Instead of the factors identified in the 1987 Regulations and/or 1991 Policy Guideline, Defendants ask the Court, as they did in their opposition to Plaintiffs' motions for summary judgment and in support of their motion for judgment on the pleadings, to rule that they may deny these Plaintiffs' requests for parole for any reason whatsoever.

In an attempt to support this argument, Defendants now direct the Court to a 1992 policy guideline adopted by the D.C. Board of Parole in December 1991, when it adopted the 1991 Policy Guideline, and amended in April 1992 (the "1992 Policy Guideline"). Defendants assert that the 1992 Policy Guideline was not in the summary judgment record and offer it to the Court for consideration on their Rule 59 motion. The 1992 Policy Guideline addressed the factors the Board could consider in determining when a parole candidate should receive a parole rehearing. The guideline applied only to those parole candidates whose requests for parole the Board denied, i.e., who were presumed unsuitable for parole under the 1987 Regulations or

whose case the Board determined involved unusual circumstances justifying a denial of parole despite a presumption of parole suitability.  Although the 1992 Policy Guideline clarified that the D.C. Board of Parole could consider factors other than those listed in the 1992 Policy Guideline when deciding when to set a parole candidate's next parole hearing (i.e., in deciding whether the "ordinary" set-off periods under 28 D.C.M.R. §§ 103.1 & 103.2 should apply), it did not address when "unusual circumstances" existed justifying a denial of parole where the 1987 Regulations presumed a parole candidate was suitable for parole.

Defendants now assert that the 1992 Policy Guideline demonstrates that the Board also could consider factors other than those listed in the appendices to the 1987 Regulations and/or in the 1991 Policy Guideline when determining whether to grant parole to a candidate presumed suitable for parole.  As demonstrated below, Defendants "new evidence" of the D.C. Board of Parole's policies and practices with respect to the timing of reconsideration hearings proves absolutely nothing with respect to the written policies and practices of the Board governing whether "unusual circumstances" exist warranting a denial of parole.  Moreover, Defendants' Motion does not, in fact, present "new evidence" and Defendants have not demonstrated any other basis for relief under Rule 59.

## II.     RULE 59 STANDARD

Rule 59 relief is available only where "there is an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998) (citation omitted) *quoted in Horizon Lines, LLC v. United States*, 429 F. Supp. 2d 92, 96 (D.D.C. 2006).  "Granting such a motion 'is an unusual measure,' that occurs 'only when the moving party establishes extraordinary circumstances.'" *Horizon Lines*, 429 F. Supp. 2d at 96 (quoting *Firestone v.*

*Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam) and *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001)).

Furthermore, a Rule 59 motion "'is not simply an opportunity to reargue facts and theories upon which a court has already ruled.'" *Id.* at 96-97 (quoting *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995). Nor can a party use it to make "arguments that could have been made at an earlier stage in the proceeding." *Oceana, Inc. v. Evans*, 389 F. Supp. 2d 4, 8 (D.D.C. 2005); *see also Gomez v. Dep't of Justice*, No. 06-1346 (ESH), 2007 WL 39401, at *1 (D.D.C. Jan. 8, 2007) ("[T]he Court should not grant a motion for reconsideration if a party is simply attempting to renew factual or legal arguments that it asserted in the original pleadings.").

### III.  ARGUMENT

As demonstrated below, Defendants' Motion fails both procedurally and substantively. Procedurally, Defendants' Motion does nothing more than seek to reargue facts and theories on which the Court already ruled, which is improper on a Rule 59 motion.[1] Even more significant, substantively Defendants' Motion and the attached 1992 Policy Guideline prove nothing with respect to the existence of "unusual circumstances" under 28 D.C.M.R. § 204.22 justifying a departure from a parole candidate's total point score to deny parole.

#### A.  Defendants' Motion Does Not State a Basis for Relief under Rule 59

Defendants appear to present their Rule 59 motion as one based on new evidence. *See* Defendants' Motion at 2 n.1.[2] The 1992 Policy Guideline, however, is not "new evidence"

---

[1] In contrast, the motion for reconsideration of Plaintiffs Charles Phillips, Tony Sellmon, and Daru Swinton demonstrated that the entry of judgment on the pleadings against Plaintiff Phillips, in light of the allegations of his *pro se* complaint, and the *sua sponte* entry of summary judgment against Plaintiffs Sellmon and Swinton in light of the Defendants' choice of words in denying these plaintiffs' requests for parole, were clear errors and would be manifestly unjust.

[2] Defendants' Motion does not mention any intervening change in law, nor does it point to any clear errors in or manifest injustice resulting from the Court's Memorandum Opinion and Order. Instead, Defendants merely argue that the 1992 Policy Guideline allegedly "is persuasive evidence of how the Board interpreted the use of unusual circumstances to make both determinations." Defendants' Motion at 2. As demonstrated below, the premise of Defendants'

4

under Rule 59 for two reasons. First, contrary to the assertions in Defendants' Motion, *see id.*, the 1992 Policy Guideline already is in the Court's record on Plaintiffs' motions for summary judgment. *See* Attachment to Exhibit 3 of Plaintiffs' Joint Statement of Undisputed Material Facts (pages 70 to 75 of Document 46-2 in the Court's docket). Thus, Defendants are simply citing evidence already in the record in support of a proposition on which the Court already ruled against Defendants.

Second, Rule 59 only allows reconsideration based on new evidence that was not available prior to entry of judgment. *See Great Old Broads for Wilderness v. Kempthorne*, 462 F. Supp. 2d 61, 63 (D.D.C. 2006) ("'Rule 59(e) motions may not be used to . . . present evidence that could have been raised prior to the entry of judgment.'" (citation omitted)). Thus, even if the 1992 Policy Guideline was not already in the record, Defendants could not, after judgment, present the guideline to the Court as new evidence because the 1992 Policy Guideline was available to Defendants well before the entry of judgment. Because Defendants have not stated a basis for relief under Rule 59, the Court should deny their motion to alter or amend the Court's May 5, 2008 judgment.

> **B.    The 1992 Policy Guideline's Broader Inquiry with Respect to Departing from the Board's Parole Reconsideration Guidelines Is Not Instructive Regarding the Board's Identification of "Unusual Circumstances" Justifying a Departure from the Presumption of Parole Suitability Established by the 1987 Regulations**

The sole premise of Defendants' Motion is that by adopting the 1992 Policy Guideline, the D.C. Board of Parole necessarily intended to expand the factors that it identified as "unusual circumstances" in the appendices to the 1987 Regulations and in the 1991 Policy Guideline that justified denying an inmate parole even when he/she was presumed suitable for

---

argument (i.e., that the Board's considerations for purposes of determining whether to grant parole were the same as the considerations for purposes of determining the appropriate set-off period) is wrong and, therefore, the 1992 Policy Guideline is evidence of nothing related to the Board's decision to depart from the parole action indicated by its numerical guidelines.

5

parole under the 1987 Regulations. Defendants also argue that "the same aggravating factor [under the 1987 Regulations] would lead to a departure from both the outcome indicated by the point score governing parole eligibility and the normal reconsideration hearing schedule" and that the 1992 Policy Guideline "is persuasive evidence of how the Board interpreted the use of unusual circumstances to make both determinations." Defendants' Motion at 2.

The 1992 Policy Guideline, however, says nothing about the D.C. Board of Parole's intent regarding guidelines for making parole suitability determinations and the existence of "unusual circumstances" overcoming a presumption of parole suitability. The 1992 Policy Guideline simply clarified that the Board could look beyond the "unusual circumstances" factors to determine whether to depart *from the presumptive parole rehearing timeframes* in 28 D.C.M.R. §§ 103.1 and 103.2, because the Board's determination as to whether to apply the "normal reconsideration hearing schedule" did not depend on a finding of "unusual circumstances." *See* Defendants' Motion at 2. Therefore, a Board decision to depart from the normal rehearing schedule, where unusual circumstances are not required, is not instructive as to whether the Board would have found that "unusual circumstances" existed under 28 D.C.M.R. § 204.22, and Defendants have presented no evidence demonstrating otherwise.

Although it undoubtedly is true that the Board could use the existence of "unusual circumstances" under 28 D.C.M.R. § 204.22 to depart from the "ordinary" parole rehearing timeframes in 28 D.C.M.R. §§ 103.1 and 103.2, the converse is not true. The 1992 Policy Guidelines applied to all parole candidates whose requests for parole the D.C. Board of Parole chose to deny, regardless of whether the Board denied parole because the candidates were presumed unsuitable for parole under the 1987 Regulations or found that the candidates' cases involved "unusual circumstances" under 28 D.C.M.R. § 204.22. As a result, in many cases, the D.C. Board of Parole would not have made any determination regarding the existence of

"unusual circumstances" under Section 204.22 when deciding when to set a candidate's next parole hearing. The 1992 Policy Guideline simply clarified that the Board could depart from the parole rehearing timeframes under Sections 103.1 and 103.2 even in cases where the Board made no findings under Section 204.22 as to whether "unusual circumstances" existed.[3]

In sum, the 1991 Policy Guideline and the 1992 Policy Guideline address completely different issues. The 1992 Policy Guideline addresses set-offs (the length of time between parole hearings). The 1991 Policy Guideline addresses the definitions of terms used in parole determinations (whether to grant or deny a candidate's request for parole) and in determining set-offs. Though both fall under the general rubric of parole guidelines, they address different parole-related issues. The Court, therefore, should not, as Defendants suggest, equate the two guidelines. The Court should deny Defendants' misguided plea that the 1992 Policy Guideline effectively changed the language of the 1987 Regulations, the language of the 1991 Policy Guideline, and the practices and procedures of the D.C. Board of Parole with respect to how it made parole determinations.

---

[3] For example, where a D.C. parole candidate had a total point score of 3 at his or her initial parole hearing, the D.C. Board of Parole did not need to make a finding under 28 D.C.M.R. § 204.22 as to whether unusual circumstances existed justifying a denial of parole because the 1987 Regulations presumed the candidate was unsuitable for parole. The 1992 Policy Guideline simply clarified that, in such cases, the Board could depart from the ordinary parole rehearing schedule set out in 28 D.C.M.R. §§ 103.1 and 103.2 for reasons other than what the Board had identified as "unusual circumstances" under Section 204.22.

## IV.     CONCLUSION

As the Court properly found in its Memorandum Opinion and Order, Defendants failed to present any evidence demonstrating that the D.C. Board of Parole's policies or practices were inconsistent with the Board's written policies and practices. Defendants' Motion, similarly, proved nothing with respect to the Board's policies and practices, and the Court, therefore, should deny Defendants' motion to alter or amend the judgment.

Dated:  May 30, 2008                                  Respectfully Submitted,

By:     */s/ Jason D. Wallach*
          Jason D. Wallach (Bar No. #456154)
          Avner E. Mizrahi (Bar No. #500772)
          DICKSTEIN SHAPIRO, LLP
          1825 Eye Street, NW
          Washington, D.C. 20006
          (202) 420-2268
          (202) 420-2201 facsimile

          Attorneys for Plaintiffs