## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————————
|                                      | )  |
| ------------------------------------ | -- |
| **TONY R. SELLMON, et al.,**         | )  |
|                                      | )  |
| **Plaintiffs,**                      | )  |
|                                      | )  |
|                                      | )  **Civil Action No. 06-1650 (ESH)** |
| **v.**                               | )  **(ECF)** |
|                                      | )  |
| **EDWARD F. REILLY, JR., et al.,**   | )  |
|                                      | )  |
| **Defendants.**                      | )  |
———————————————————————

### OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Edward F. Reilly, Jr., Chairman, United States Parole Commission ("USPC"), Cranston J. Mitchell, Deborah Spagnoli, Patricia Cushwa and Isaac Fulwood, Jr., Commissioners, USPC, in their official capacities (collectively "Defendants"), by and through the undersigned counsel, hereby oppose Charles Phillips, Tony Sellmon, and Daru Swinton's (collectively "Plaintiffs") motion for reconsideration of the Court's grant of judgment on the pleadings and summary judgment. Defendants aver that the Court properly granted their motion for judgment on the pleadings as to Plaintiff Phillips and properly entered summary judgment against Plaintiffs Sellmon and Swinton. Plaintiff Phillips' motion to reconsider the Court's ruling against him should be denied because the courts have plainly found that the guidelines in effect prior to 1987 merely formalized the manner in which the D.C. Board of Parole's ("Board") discretion was exercised and because there were in fact other regulations granting the D.C. Board almost unbridled discretion. Plaintiff Swinton and Sellmon's motion to reconsider the court's rulings against them should be denied because the United States Parole Commission ("Commission") denied these Plaintiffs' parole on bases permitted under the Board's 1987 guidelines.

I.    Standard of Review

"While the [C]ourt has considerable discretion in ruling on a Rule 59(e) motion, the

reconsideration and amendment of a previous order is an extraordinary measure." Fresh Kist

Prod., LLC v. Choi Corp., 251 F.Supp.2d 138, 140 (D.D.C. 2003) (citing Firestone v. Firestone,

76 F.3d 1205, 1208 (D.C. Cir. 1996)). The resolution of a motion for reconsideration under Rule

59(e) is a matter of the Court's discretion and "need not be granted unless the [Court] finds that

there is an intervening change of controlling law, the availability of new evidence, or the need to

correct a clear error or prevent manifest injustice." Messina v. Krakower, 439 F.3d 755, 758

(D.C. Cir. 2006). "[A] Rule 59(e) motion to reconsider is not simply an opportunity to reargue

facts and theories upon which a court has already ruled, nor is it a vehicle for presenting theories

or arguments that could have been advanced earlier." Fresh Kist Prod., 251 F. Supp. 2d at 140.

Plaintiffs' motion is inconsistent with the principles governing motions to reconsider under Fed.

R. Civ. P. 59(e).

II.    The Court should deny Plaintiff Phillips' motion to reconsider the Court's ruling
       on Defendants' motion on the pleadings

In his motion for reconsideration, Plaintiff Phillips contends that the Court improperly

granted Defendants' motion because he was not permitted to take sufficient discovery to establish

his ex post facto claim. A motion for reconsideration under Fed. R. Civ. P. 59 is not a proper

vehicle for requesting additional discovery to respond to a motion for summary judgment. Dage

v. Johnson, 537 F.Supp.2d 43 (D.D.C. 2008). In addition, the motion should be denied because

the weight of the authority demonstrates that Plaintiff Phillips has not sufficiently pled an ex post

facto violation and cannot demonstrate that he can do so. In his complaint, Plaintiff Phillips

2

argues that the Board utilized practices that were identical to those utilized by the Board after it instituted the 1987 guidelines.   Plaintiff Phillip's logic is that, because the practice of the Board prior to the institution of the 1987 guidelines was allegedly similar to the Board's post-1987 guideline practice, and because this Court has now found that the Commission's 2000 guidelines substantially risk increasing the punishment of other plaintiffs in this case, his case should be permitted to go forward.  Plaintiff Phillips requests that he be permitted to expand the record to possibly demonstrate that the Board's practice prior to 1987 was the same as after enactment of the 1987 guidelines, so as to permit him to force the Commission to consider him under the 1987 guidelines.

Because after Garner v. Jones, 529 U.S. 244, 255 (2000), and Fletcher v. District of Columbia, 391 F.3d 250 (D.C. Cir. 2004), the inquiry is whether a change in a parole guideline results in a substantial risk of increased punishment, the Commission's application of its 2000 guidelines to Plaintiff Phillips cannot be said to be an ex post facto violation because there were no guidelines - almost limitless factors - in effect when Phillips committed his crime.

Plaintiff's argument is circular and would require this Court to find that an individual who committed an offense before the enactment of the 1987 guidelines is required to be heard under the subsequent guidelines issued by the Board.  Plaintiff's argument is contrary to the very argument that Plaintiff's counsel has put forward in his co-Plaintiffs' cases and the legal principles the Court has followed in analyzing all the other Plaintiffs' cases during the course of this litigation.  Under Plaintiff Phillips' motion, the Court should permit discovery to determine if the Board's practices prior to the 1987 guidelines were the same as after promulgation of them, and then partake in the same analysis it did in other cases.  Because the weight of the law

demonstrates that the Board's discretion was widely exercised without regard to policy or practice prior to enactment of the 1987 guidelines, the Court should deny Plaintiff Phillips' motion.

As the Court noted in its memorandum opinion, "there is simply no evidence before the Court that the Board's practices pre- and post-1987 were similar enough to allow plaintiffs convicted prior to 1987 to rely upon the 1987 Regulation for purposes of arguing an ex post facto violation." See Memorandum Opinion at 33. The Court further noted that, under the regulations in place prior to 1987, the Board had almost unbridled discretion in determining parole suitability and merely considered "broad factors" in making its decision in each unique individual case. Id. at n. 15. In so doing, the Court rightly determined not to permit Plaintiffs to inquire about the practices of a parole board under a truly broad regulation and factors and cabin the Board's discretion based on its prior practices. As the Court ruled, where a parole board has established concrete rules and regulation structuring the discretion its has been afforded, an ex post facto consideration may lie. However, where there is no prior guideline to contrast, an inmate faces an almost insurmountable hurdle to assert any ex post facto violation. See Blair-Bey v. Quick, 151 F.3d 1036 (D.C. Cir. 1998).

Thus, as was the case in Glascoe v. Bezy, 421 F.3d 543 (7th Cir. 2005), where there are broad, non-binding factors to consider for parole decision-making, an ex post facto challenge cannot be brought when no factors governing parole release exist. Indeed, in Fletcher v. Reilly, 433 F.3d 867 (D.C. Cir. 2000), the D.C. Circuit acknowledged that the factors utilized prior to the enactment of the 1987 guidelines did not concretely identify specific items to determine an inmate's suitability for parole. On the basis of the pleadings alone, Plaintiff Phillips' motion for reconsideration should thus be denied. However, on the record already before the Court, as in

Glascoe, supra, Plaintiff Phillips, presents a case where he would be denied parole under either regime - the pre-1987 guidelines regime or the 2000 guidelines. See Fletcher v. Reilly, 433 F.3d at 878 (noting that, where a case presents a denial under either regime, no ex post facto violation), citing Glascoe, 421 F.3d at 549.

Simply put, permitting Plaintiff Phillips to go forward with discovery to allegedly demonstrate that the Board's practices, apart from any formal guidelines at all, were different from the Commission's guidelines under the 2000 guidelines would greatly expand the scope of the ex post facto avenues available to D.C. Code inmates, beyond what the Court has already permitted. The Court was correct in dismissing the Complaint in Plaintiff Phillips' case on the pleadings, or the Court would also be warranted in denying Plaintiff Phillips' motion and entering summary judgment in favor of Defendants.

III.    The Court should deny Plaintiff Swinton's and Sellmon's motion for reconsideration

Plaintiffs Swinton and Sellmon seek reconsideration of the Court's rulings because they believe the Court impermissibly found that the 2000 guidelines were not valid reasons for departure under the Boards 1987 guidelines. They argue, in essence, that because the Commission did not use the exact same words that the Board had used in its policy guidelines, the cases should be remanded to the Commission for further assessment under the Court's memorandum opinion. Plaintiff Swinton and Sellmon's motion for reconsideration on this basis should be denied because, as the Court has noted, the Commission's officially stated reasons fall well within any ordinary definition of a permissible reason for departure from the 1987 guidelines. Furthermore, because the Court dismissed Plaintiff Swinton and Sellmon's cases on

summary judgment, the voluminous record in their cases illustrates that the Commission's intention regarding these plaintiffs was to depart for "unusual cruelty."

In Plaintiff Swinton's case, the Commission denied his parole after finding that he had "callous disregard" for his victims, holding one of them at gunpoint for over three hours while he forced the victim to withdraw cash from various ATMs, while her two young sons were present. Despite the fact that the Commission failed to use the exact words "unusual cruelty," the Commission demonstrated, in its officially stated reasons, that the unusual nature of the crime illustrates cruelty. Contrary to Plaintiff Swinton's claim, the Commission did not merely rely upon the kidnapping nature of Plaintiff Swinton's offense in finding that he demonstrated "callous regard" but looked to the unique factors of his crime. Accordingly, because the Commission's officially stated reasons and the accompanying record demonstrate "unusual cruelty" to the victims, the Commission's decision in his case cannot be said to exceed the permissible reasons for exceeding the 1987 guidelines or demonstrate a substantial risk of increased punishment. Thus, the Court's summary judgment relating to Plaintiff Swinton must be upheld.

In Plaintiff Sellmon's case, the reasons for departure similarly require a denial of his motion for reconsideration. Regarding Plaintiff Sellmon, the Commission did not explicitly state that his crime exhibited "unusual cruelty" to his victims. But the essence of the Commission's officially stated reasons, as well as the entire record in his case, exhibits that, even under the 1987 guidelines of the Board, a departure from the guideline would have been warranted. Thus Plaintiff Sellmon has failed to show a risk of increased punishment from the application of the 2000 guidelines to him. In Sellmon's case, the Commission made a decision outside of the

guidelines because Sellmon's crime involved massive head trauma upon the victim.  The

Commission found that the manner in which Sellmon committed his crime - repeatedly beating

the victim about the head with a gun - was extremely brutal and cruel, warranting a departure

from the guidelines.  Defendants Motion for Judgment on the Pleadings, Sellmon <u>Ex.</u> L.

     In sum, in asking this Court for reconsideration of their cases, Plaintiffs Swinton and

Sellmon parse the words of the Board and ask this Court to permit no leeway whatsoever in the

language used with regard to their particular cases.  Because in its decision making in Plaintiffs'

cases, the Commission considered the unique nature of their offenses and characteristics and did

not place each plaintiff in a "box" regarding crimes of conviction, the Commission has used

particularized language in describing how each plaintiff's case exhibits unusual cruelty.

According to Plaintiffs' reasoning, however, unless the paroling authority uses the exact

terminology and language as the prior authority in its decision making, the paroling authority

violates the <u>ex post facto</u> Clause.  This Court has already disagreed with such form over

substance reasoning and should follow the Court of Appeals for the D.C. Circuit in continuing to

do so.

June 2, 2008                              Respectfully submitted,

   _/s/_____

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


   /s/_____

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_/s/_____

KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7157
(202) 514-8780 (facsimile)
kenneth.adebonojo@justice.com

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of June, 2008, I caused the foregoing Defendants'

Opposition to Plaintiffs' Motion for Reconsideration to be served on Plaintiffs' attorney, Jason

D. Wallach, Esq. via the Court's Electronic Case Filing system.

_/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7157
(202) 514-8780 (facsimile)
kenneth.adebonojo@justice.com