**FILED**

MAY 29 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Let this be filed
ESH 5/29/08

Judge Huvelle,

My name is Daru Swinton. I am one of the D.C. code offenders who was a part of the recent class action suit against the USPC alleging that they (the USPC) violated the Ex post Facto clause by giving me a parole hearing under the 2000 guidelines.

I recieved the Memorandum Opinion concerning this case on 5/9/08 and upon reading your decision in my respective case, I saw it necessary to address a concern.

You gave me a partial grant and stated that I am correct in my claim of "Ex Post Facto" protection based on the 91 policy guideline". You also acknowledged that "The 2000 plaintiffs have therefore made out a prima facie case that their Ex Post Facto rights have been violated under the new regime." I also took note of the fact that you said "To prevail on an Ex Post Facto claim, therefore, plaintiffs must demonstrate that as applied to their individual cases, 'the practical effect' of the application of the federal parole standards and/or the 2000 guidelines was a substantial risk of lengthier incarceration."

My concern is with the fact that you (Judge) seemed to have only made your Judgement, in my case, based on factors from my rehearing, when in fact the clearest example of how the USPC's application of the 2000 guidelines was a "substantial risk" that I would have a "lengthier incarceration" can be found in the factors from my initial hearing. In the Memorandum Opinion on (pgs. 44-45) it is clear as to my suitability for parole in my initial hearing under the 1987 regulations and 91 policy guidelines. Even still, the defendants (the USPC) gave no reason for a 3 year set-off and actually said in the notice of action of the initial hearing that "after consideration of all factors and information presented, a decision outside the total guideline range at this consideration is not found warranted." That fact also shows how they departed from the boards guidelines and practices because the boards guidelines and practices, for offenders with a sentence of 5 years or more, is that they have a rehearing one year after the last action taken by the board. (see DCMR 28. 103.2 also Micheal Stover Memorandum: exhibit 4 of Plaintiffs statement of Undisputed material facts)

Being as though defendants do not challenge my calculations of this suitability under the 1987 regulations nor state a valid reason for a departure from the guidelines, I ask that you reconsider these issues accordingly.

Dated: May 19, 2008

Respectfully Submitted,

Daru Swinton

Daru Swinton
48752-053
P.O. Box 1000
Lewisburg, P.A. 17837

| | |
|---|---|
| U.S. Department of Justice<br>United States Parole Commission<br>5550 Friendship Boulevard<br>Chevy Chase, Maryland 20815-7201 | **Notice of Action** |

| | |
|---|---|
| Name: SWINTON, Daru<br>Register Number: 48752-053<br>DCDC No: 275-293 | Institution: Lewisburg FPC<br><br>Date:   January 22, 2004 |

In the case of the above-named, the following parole action was ordered:

Deny parole. Continue to a Three-Year Reconsideration Hearing in December 2006.

(NOTE: The U.S. Parole Commission is seeking additional information about the specific details of your offense behavior from the U.S. Attorney's Office. If additional information is received it will be disclosed to you prior to your next hearing.)

REASONS:

Your Total Guideline Range is 102-112 months. See the attached sheet for the components that make up your Total Guideline Range. These components are your Salient Factor Score; Base Point Score; Base Point Score Guideline Range; Months Required to Serve to Parole Eligibility Date; Disciplinary Guidelines (if applicable); and Superior Program Achievement Award (if applicable).

You have been in confinement as a result of your current offense behavior for a total of 73 months as of 12-20-2003.

After consideration of all factors and information presented, a decision outside the Total Guideline Range at this consideration is not found warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    Sharon Barnes-Durbin, SCSA
       CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2149
       Washington, D.C. 20001

GOVERNMENT EXHIBIT 7

### SALIENT FACTOR SCORE (SFS-98)

**Your Pts**   **Salient Factor Score (SFS-98) Item Explanations**

2   A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0

2   B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0

0   C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation)

1   D - Recent commitment free period (three years)
No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0

0   E - Probation/parole/confinement/escape status violator this time
Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

0   F - Older offenders
If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0

5   Salient Factor Score (SFS-98) (sum of items A-F above)

**Your Pts**   **Base Point Score Category Explanations**

2   I - Contribution from Salient Factor Score
10-8 (Very Good Risk) = +0; 7-6 (Good Risk) = +1; 5-4 (Fair Risk) = +2; 3-0 (Poor Risk) = +3

2   II - Current or Prior Violence
Violence in current offense and any felony violence in two or more prior offenses = +4; Violence in current offense and any felony violence in one prior offense = +3; Violence in current offense = +2; No violence in current offense and any felony violence in two or more prior offenses = +2; Possession of firearm in current offense if current offense is not scored as a crime of violence = +2; No violence in current offense and any felony violence in one prior offense = +1

1   III - Death of Victim or High Level Violence (Category III points are added to points scored in Categories I and II)
Current offense was high level or other violence with death of victim resulting = +3; Current offense involved attempted murder or violence in which death of a victim would have been a probable result = +2; Current offense was other high level violence = +1

5   Base Point Score (sum I-III above)

## DISCIPLINARY GUIDELINES

You have behavior that constitutes new criminal conduct in a prison facility or community corrections center which is rated as Category Three severity because it involved possession of a weapon. This requires 12-16 months to be added to your base point score guideline range.

## SUPERIOR PROGRAM ACHIEVEMENT AWARD

You have been granted a reduction of 8 month(s) from your Total Guideline Range for superior program achievement. This was granted because you earned your GED in 1999, completed an Intensive Counseling Program in 12 months called Life Skills, is currently involved in the Code Program and maintains a work assignment.

### TOTAL GUIDELINE RANGE

```
  18 — 24    Base Point Score Guideline Range
  80 — 90    Months Required to Serve to Parole Eligibility Date
  12 — 16    Disciplinary Guideline Range
less 8 — 8   Superior Program Achievement Award (if applicable)
 102- 112    Total Guideline Range
```

| Base Point Score Guideline Range | | Points For Offense | | |
|---|---|---|---|---|
| Base Point Score | Guideline Range | Age | Prior Commitments | |
| 3 or less | 0 months | 26 & Up | 2 | 1 |
| 4 | 12-18 months | | | |
| 5 | 18-24 months | 22-25 | 2 | 1 | 0 |
| 6 | 36-48 months | | | |
| 7 | 54-72 months | 20-21 | 1 | 0 | 0 |
| 8 | 72-96 months | | | |
| 9 | 110-140 months | 0-19 | 0 | 0 | 0 |
| 10 | 136-172 months | | | |

