UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TONY R. SELLMON, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 06-1650 (ESH)<br>) (ECF) |
| EDWARD F. REILLY, JR., et al., | ) |
| Defendants. | ) |

**MEMORANDUM IN REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO ALTER OR AMEND THE COURT'S JUDGMENT**

Edward F. Reilly, Jr., Chairman, United States Parole Commission ("USPC"), Cranston J. Mitchell, Deborah Spagnoli, Patricia Cushwa and Isaac Fulwood, Jr., Commissioners, USPC, in their official capacities (collectively "Defendants"), by and through the undersigned counsel, hereby submit this memorandum in reply to Plaintiffs' opposition and in further support of Defendants' Motion to Alter or Amend the Court's Judgment.

The central question at issue is whether the defunct District of Columbia Board of Parole ("Board") would restrict itself in the selection of "unusual circumstances" for making the parole/no parole decision, and then release these restrictions when it came to deciding on a rehearing date. In Defendants' view, the sensible construction of the interplay between the 1991 and 1992 policy guidelines is that if there were aggravating factors that led the Board to believe that a prisoner was a risk for future violence, the Board could use these factors to both deny parole despite a favorable point score, and set a rehearing date longer than 12 months away. Defendants posit that the 1992 policy guideline shows the Board's intent that the listed countervailing factors are not exclusive of the reasons that may support a departure from either

the "outcome" guidelines or the rehearing schedule.  A contrary holding is inconsistent with Circuit precedent and leads to an illogical result in parole decision-making.

In their opposition, Plaintiffs argue that the Board's 1992 policy guidelines pertained only to scheduling rehearing dates for prisoners denied parole, not to decisions granting or denying parole as indicated by the point score guidelines.  Plaintiffs contend that the Court should adhere to its determination that the Board restricted its departures from the parole outcomes indicated by the point scores to the countervailing factors listed by the Board.

Plaintiffs' position is untenable in light of this Circuit's ruling in Ellis v. District of Columbia, 84 F.3d 1413 (D.C. Cir. 1996).  In Ellis, the Circuit Court held that the Board's guideline regulations did not create a liberty interest in parole release such that parole release procedures were governed by due process protections.  Critical to the court's holding was its "independent review" of the guideline regulations, including the regulations at 28 D.C.M.R. §204.1 and Appendices 2-1 and 2-2, and its determination that the Board was not constrained by the listed mitigating and aggravating countervailing factors in the exercise of its discretion to depart from the release decision indicated by the guidelines.  84 F.3d at 1418-19.  The court pointed out that petitioner Ellis himself had been denied parole by the Board despite a favorable point score for one listed countervailing factor (unusual cruelty to victims) and one unlisted factor (psychological assessment had shown that Ellis was prone to act out with physical aggression).  Id. at 1419.  The court proceeded to find that the D.C. Court of Appeals decision in McRae v. Hyman, 667 A.2d 1356 (D.C. 1995), "ends all doubt about the meaning of the Board's regulations" and that McRae "'made explicit what was implied' in two of its recent parole decisions [footnote omitted] – namely that the statute and the regulations vest substantial

discretion in the Board to grant or deny parole and that the regulations lack the sort of 'mandatory character' needed to support a liberty interest." Id. at 1419-20.

The precedential value of Ellis in the instant case cannot be diminished simply because the case deals with a different constitutional issue, i.e. the application of due process protections to parole release. The lesson of Ellis is that the regulations of the Board did not place absolute limits on the exercise of its discretion to grant or deny parole, whether the issue for resolution is the existence of a liberty interest in parole or the application of the ex post facto clause to parole regulations. Using Ellis as an example, Plaintiffs' narrow application of the 1992 policy guidelines would mean that Ellis could not be denied parole despite his favorable point score of 1 at his initial hearing for the psychological report outlining his aggressive nature, but the Board could have set his rehearing date at 24 months (rather than the usual 12-month continuance) for the same reason. The Board would have been prevented from considering Ellis's psychological condition to set a rehearing date if it were bound to parole him according to his favorable point score and the limited list of countervailing factors in the 1991 policy guidelines. Of course, as noted earlier, the Board did deny Ellis parole despite his point score of 1 for a listed countervailing factor and the psychological report.

The weight of the legal precedent supports Defendants' contention that the same flexibility expressed in the 1992 policy guidelines underlies the 1991 policy guidelines and the Board's application of its regulations on guideline departures – whether the departure is from the parole/no parole outcome indicated by the point score or the normal rehearing schedule. In citing to the decision in McRae, the Ellis court found that "[u]nder §204.22 of the regulations, if the Board wished to disregard the results of the scoring system it merely had to say so in writing."

3

84 F.3d at 1419.

    Finally, Plaintiffs argue that Defendants' motion to alter or amend judgment is procedurally flawed because Defendants are rearguing matters already in the record. After further review of the earlier submissions in this case, it is true that Plaintiffs had submitted the 1992 policy guidelines as one of the joint exhibits in the case. But, in finding that the Commission is restricted to Board-listed countervailing factors for departure from the "outcome" guidelines and the rehearing schedule, Defendants respectfully submit that the Court has committed clear legal error that we ask the Court to remedy by altering or amending its judgment.

June 11, 2008　　　　　　　　　　　　　　Respectfully submitted,

                                                      /s/_____
                                         JEFFREY A. TAYLOR, D.C. BAR # 498610
                                         United States Attorney

                                         /s/_____
                                         RUDOLPH CONTRERAS, D.C. BAR # 434122
                                         Assistant United States Attorney

                                         /s/_____
                                         KENNETH ADEBONOJO
                                         Assistant United States Attorney
                                         Judiciary Center Building
                                         555 4th Street, N.W. – Civil Division
                                         Washington, D.C. 20530
                                         (202) 514-7157
                                         (202) 514-8780 (facsimile)
                                         kenneth.adebonojo@justice.com

## CERTIFICATE OF SERVICE

I certify that on this 11th day of June, 2008, I caused the foregoing Memorandum in Reply to Plaintiffs' Opposition to Defendants' Motion to Amend or Alter Judgment to be served on Plaintiffs' attorney, Jason D. Wallach, Esq. via the Court's Electronic Case Filing system.

    _/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530
(202) 514-7157
(202) 514-8780 (facsimile)
kenneth.adebonojo@justice.com