UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TONY R. SELLMON, et al.,** : | |
| **Plaintiffs,** : | |
| v. : | Civil Action No. 06-1650 (ESH) |
| **EDWARD F. REILLY, JR., et al.,** : | |
| **Defendants.** : | |

**PLAINTIFFS' OPPOSED MOTION TO STRIKE DEFENDANTS' MEMORANDUM
IN REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO ALTER OR AMEND THE COURT'S JUDGMENT AND PLAINTIFFS'
MEMORANDUM IN SUPPORT OF THEIR MOTION TO STRIKE**

Plaintiffs submit this motion (and memorandum in support thereof) to strike the Memorandum in Reply to Plaintiffs' Opposition to Defendants' Motion to Alter or Amend the Court's Judgment ("Defendants' Reply Brief") filed by Defendants on June 11, 2008.[1] In their reply brief, Defendants concede that their initial basis for relief under Federal Rule of Civil Procedure 59 was improper, because the 1992 Policy Guideline did not constitute new evidence. Nevertheless, Defendants argue, for the first time, that they are entitled to relief under Rule 59 because the Court allegedly committed clear error as allegedly demonstrated by the case of *Ellis v. District of Columbia*, 84 F.3d 1413 (D.C. Cir. 1996). Because Defendants never raised the Court's allegedly clear error prior to submitting their reply brief, the Court should strike Defendants' Reply Brief.

Long standing law in this Court and the United States Court of Appeals for the District of Columbia Circuit recognizes that a court "cannot consider arguments that are raised

---

[1] Pursuant to Local Civil Rule 7(m), Plaintiffs' counsel contacted Defendants' counsel to determine whether Defendants opposed the relief sought by Plaintiffs in this motion. Defendants' counsel indicated that Defendants do oppose such relief.

for the first time in a reply." *Nw. Univ. v. USDA*, 403 F.Supp.2d 83, 86 (D.D.C. 2005); *see EchoStar Commc'ns Corp. v. FCC*, 292 F.3d 749, 754 (D.C. Cir. 2002) (arguments that "were raised for the first time in EchoStar's reply brief [] are not properly before the court."). The reason for this rule is that "[c]onsidering an argument for the first time in a reply brief . . . entails the risk of an improvident or ill-advised opinion on the legal issues tendered." *McBride v. Merrell Dow & Pharms., Inc*., 800 F.2d 1208, 1211 (D.C. Cir. 1986).

        Defendants based their motion to alter or amend the judgment on allegedly new evidence that Defendants contended the Court did not have before it when it issued its Memorandum Opinion. *See* Defendants' Reply Brief at 4. Defendants' Reply Brief acknowledges, however, that Defendants had no basis to assert that their evidence was "new" because "Plaintiffs had submitted the 1992 policy guidelines as one of the joint exhibits in the case." *Id.* Accordingly, Defendants had no basis for making their motion to alter or amend.

Nevertheless, Defendants, for the first time, argue in their reply brief that the Court should alter or amend its judgment because "the Court has committed clear legal error." *Id.*. Defendants cannot now raise a new argument to support their motion to alter or amend the judgment. *See Nw. Univ*, 403 F. Supp. 2d at 86. The Court, therefore, should strike Defendants' Reply Brief. *See Power Co. of Am. v. FERC*, 245 F.3d 839, 845 (D.C. Cir. 2001) (granting motion to strike portions of reply brief that raised new argument); *Bradley Mining Co. v. EPA*, 972 F.2d 1356, 1361 (D.C. Cir. 1992) (same).[2]

---

[2] Even if the Court could consider Defendants' new argument, Defendants have not established that the Court committed clear error. As Plaintiffs would have demonstrated had Defendants raised this argument in their opening brief in support of their motion to alter or amend the judgment, Defendants reliance on *Ellis v. District of Columbia*, 84 F.3d 1413 (D.C. Cir. 1996), is misplaced. *Ellis* addressed whether D.C. offenders had a liberty interest under the 1987 guidelines that would support a Due Process claim. *Ellis* did not address whether a change to the D.C. Board of Parole's practices under its parole guidelines created a significant risk of increasing a parole candidate's incarceration, which the Supreme Court and D.C. Circuit have made clear is the test that applies to determine whether a change in parole policies or practices violates the *Ex Post Facto* Clause. *See Fletcher v. Reilly*, 433 F.3d 867, 876-77 (D.C. Cir. 2006) ("The controlling inquiry under *Garner* is how the Board or the Commission exercises discretion in practice and whether differences between the exercise of discretion in two systems actually 'create [] a significant risk of prolonging [an inmate's] incarceration.'" (citation omitted; alterations in original)).

Furthermore, *McRae v. Hyman*, 667 A.2d 1356 (D.C. 1995), on which the *Ellis* court based its conclusions, clearly recognizes precisely what Plaintiffs have argued all along: that, when an inmate was presumed suitable for parole under the numerical guidelines, the D.C. Board of Parole only denied parole in unusual circumstances that demonstrated "that there was no reasonable probability that [a parole candidate] would 'live and remain at liberty without violating the law' or that release would be compatible 'with the welfare of society.'" *Id.* at 1360-61 & n.9 (citations omitted). As the Court properly determined in its Memorandum Opinion, at the time most of the Plaintiffs committed their crimes, the D.C. Board's regulations and guidelines specifically identified the circumstances the Board had identified as "unusual" that justified denying parole. Absent a showing by Defendants that the Board, in practice, regularly identified other factors that, in and of themselves, the Board considered "unusual circumstances" justifying a denial of parole, the Court should not expand the universe of factors that the Board's written policies identified as such. Defendants have not identified any such factors. Nor can they by simply pointing to only two cases in which the Board determined "unusual circumstances" existed based on the presence of both one of the factors listed in its written policies and another factor not listed therein. Defendants cannot prove that, absent its findings that one of the "unusual circumstances" listed in its written policies applied, the Board would have determined that the cases of the inmates in *Ellis* and *McRae* involved "unusual circumstances." For example, Defendants have not offered any evidence that the Board would have found "unusual circumstances" in the *Ellis* case based only on a psychologist's finding that

3

**I.    CONCLUSION**

For the reasons stated above, the Court should strike Defendants' Reply Brief.

Dated:  June 19, 2008                        Respectfully Submitted,

By:    */s/ Jason D. Wallach*
Jason D. Wallach (Bar No. #456154)
Avner E. Mizrahi (Bar No. #500772)
DICKSTEIN SHAPIRO, LLP
1825 Eye Street, NW
Washington, D.C. 20006
(202) 420-2268
(202) 420-2201 facsimile

Attorneys for Plaintiffs

---

the parole candidate was "'impulsive and rebellious with low tolerance for frustration and prone to act out with physical aggression.'"  Defendants have not provided evidence of a single case, let alone a Board practice, in which the Board relied solely on a factor other than those that its written policies deemed to be unusual circumstances.  Thus, Defendants have not demonstrated clear error.

4
DSMDB-2458091v01